PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>QUALYS INC., a Delaware Corporation,<br><br>        Defendant. | Case No.: 4:18-cv-07229-YGR<br><br>**PLAINTIFF FINJAN, INC.'S ANSWER TO DEFENDANT QUALYS, INC.'S COUNTERCLAIMS** |

Plaintiff Finjan, Inc. ("Plaintiff" or "Finjan") hereby answers the counterclaims by Defendant Qualys, Inc. ("Qualys") set forth in Qualys' Answer to Complaint and Counterclaims filed on January 23, 2019 (the "Counterclaims") as follows:

## QUALYS' COUNTERCLAIMS

### THE PARTIES

296.   Finjan admits that Qualys is a corporation organized and existing under the laws of Delaware, and upon information and belief, that Qualys has its principal place of business at 919 E. Hillsdale Boulevard, 4th Floor, Foster City, California 94404.

297.   Admitted.

### JURISDICTION AND VENUE

298.   Finjan admits that this Court has subject matter jurisdiction over the matters pleaded in this action pursuant to 28 U.S.C. §§ 1331, 1338.  Finjan admits that some of the Counterclaims purport to raise claims that would be within the Court's jurisdiction under the Federal Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*).  To the extent not expressly admitted, Finjan denies the allegations in paragraph 298 of the Counterclaims.

299.   Finjan admits that this Court has personal jurisdiction over Finjan.  To the extent not expressly admitted, Finjan denies the allegations in paragraph 299 of the Counterclaims.

300.   Finjan admits that venue is appropriate in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).  To the extent not expressly admitted, Finjan denies the allegations in paragraph 300 of the Counterclaims.

### CLAIMS FOR RELIEF

### FIRST COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,154,844)

301.   Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

302.   Admitted.

303.   Admitted.

304.  Finjan admits that Qualys purports to deny that it has been or is infringing, directly or indirectly, any of the claims of the '844 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 304 of the Counterclaims.

305.  Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '844 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 305 of the Counterclaims.

306.  Denied.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,154,844)

307.  Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

308.  Admitted.

309.  Denied.

310.  Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '844 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in paragraph 310 of the Counterclaims.

311.  Denied.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,677,494)

312.  Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

313.  Admitted.

314.  Admitted.

315.  Finjan admits that Qualys purports to deny that it has been or is infringing, either directly or indirectly, any of the claims of the '494 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 315 of the Counterclaims.

316. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '494 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 316 of the Counterclaims.

317. Denied.

## FOURTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,677,494)**

318. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

319. Admitted.

320. Denied.

321. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '494 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in paragraph 321 of the Counterclaims.

322. Denied.

## FIFTH COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,975,305)**

323. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

324. Admitted.

325. Admitted.

326. Finjan admits that Qualys purports to deny that it has been or is infringing, either directly or indirectly, any of the claims of the '305 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 326 of the Counterclaims.

327. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '305 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 327 of the Counterclaims.

328. Denied.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,975,305)

329. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

330. Admitted.

331. Denied.

332. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '305 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in paragraph 332 of the Counterclaims.

333. Denied.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,225,408)

334. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

335. Admitted.

336. Admitted.

337. Finjan admits that Qualys purports to deny that is has been or is infringing, directly or indirectly, any of the claims of the '408 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 337 of the Counterclaims.

338. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '408 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 338 of the Counterclaims.

339. Denied.

## EIGTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,225,408)

340. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

341. Admitted.

342. Denied.

343. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '408 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in paragraph 343 of the Counterclaims.

344. Denied.

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,954,968)

345. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

346. Admitted.

347. Admitted.

348. Finjan admits that Qualys purports to deny that is has been or is infringing, directly or indirectly, any of the claims of the '968 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 348 of the Counterclaims.

349. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '968 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 349 of the Counterclaims.

350. Denied.

## TENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,954,968)

351. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

352. Admitted.

353. Denied.

354. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '968 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in paragraph 354 of the Counterclaims.

355. Denied.

## ELEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,418,731)

356. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

357. Admitted.

358. Admitted.

359. Finjan admits that Qualys purports to deny that it has been or is infringing, directly or indirectly, any of the claims of the '731 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 359 of the Counterclaims.

360. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '731 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 360 of the Counterclaims.

361. Denied.

## TWELFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,418,731)

362. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

363. Admitted.

364. Denied.

365. Finjan admits that there is an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '731 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in paragraph 365 of the Counterclaims.

366. Denied.

## THIRTEENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,141,154)

367. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

368. Admitted.

369. Admitted.

370. Finjan admits that Qualys purports to deny that it has been or is infringing, directly or indirectly, any of the claims of the '154 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 370 of the Counterclaims.

371. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '154 Patent. To the extent not expressly admitted, Finjan denies the allegations in paragraph 371 of the Counterclaims.

372. Denied.

## FOURTEENTH COUNTERCLAIM
(Declaratory Judgment of Invalidity of U.S. Patent No. 8,141,154)

373. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

374. Admitted.

375. Denied.

376. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '154 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in paragraph 376 of the Counterclaims.

377. Denied.

## FIFTEENTH COUNTERCLAIM
(Declaratory Judgment of Unenforceability of
U.S. Patent No. 8,677,494 Due to Inequitable Conduct)

378. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

379. Admitted.

380. Finjan admits that Qualys purports to deny that the '494 Patent is enforceable and contends that it is unenforceable on the grounds of inequitable conduct. To the extent not expressly admitted, Finjan denies the allegations in paragraph 380 of the Counterclaims.

381. Denied.

382. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '494 Patent is enforceable. To the extent not expressly admitted, Finjan denies the allegations in paragraph 382 of the Counterclaims.

383. Denied.

**SIXTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of**
**U.S. Patent No. 7,975,305 Due to Inequitable Conduct)**

384. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

385. Admitted.

386. Finjan admits that Qualys purports to deny that the '305 Patent is enforceable and contends that it is unenforceable on the grounds of inequitable conduct. To the extent not expressly admitted, Finjan denies the allegations in paragraph 386 of the Counterclaims.

387. Denied.

388. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '305 Patent is enforceable. To the extent not expressly admitted, Finjan denies the allegations in paragraph 388 of the Counterclaims.

389. Denied.

**SEVENTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of**
**U.S. Patent Nos. 8,677,494 and 8,141,154 Due to Unclean Hands)**

390. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

391. Admitted.

392. Finjan admits that Qualys purports to deny that the '494 and '154 Patents are enforceable and contends that they are unenforceable on the grounds of unclean hands. To the extent not expressly admitted, Finjan denies the allegations in paragraph 392 of the Counterclaims.

393. Denied.

394. Finjan admits that there exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '494 and '154 Patents are enforceable. To the extent not expressly admitted, Finjan denies the allegations in paragraph 394 of the Counterclaims.

395. Denied.

## JURY DEMAND

396. Finjan has demanded a jury trial on all issues so triable and admits that Qualys purports to join in this demand.

## QUALYS' PRAYER FOR RELIEF

Finjan denies that Qualys is entitled to any relief, and specifically denies the allegations and requests for relief set forth in paragraphs A-E under the heading "PRAYER FOR RELIEF" in the Counterclaims.

## FINJAN'S AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, and without waiver, limitation or prejudice, Finjan hereby asserts the following affirmative defenses:

### Finjan's First Affirmative Defense
**(Failure to State Claim)**

1. Finjan realleges and incorporates by reference all the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

2. Counterclaims 1-17 fail to state a cause of action upon which relief may be granted. Counterclaims 1-14 are conclusory and fail to allege any facts to support the assertions of non-infringement or invalidity, and thus they fail to provide fair notice of the basis for the claims.

3. Counterclaims 15-17 each fail to state plausible claims upon which relief may be granted, as none of these Counterclaims, taking all factual allegations as true and ignoring the unsupported legal conclusions, state sufficient grounds to find that any of the Patents-in-Suit are unenforceable. The Counterclaims are deficient in many respects, including regarding purported allegations of deceit before the Patent and Trademark Office ("PTO") and there is no allegation to

support that the "single most reasonable inference" of the alleged facts is an intent to deceive the PTO. Therefore, there is no proper claim for declaratory relief and Qualys' Counterclaims 1-17 fail to state a claim.

### Finjan's Second Affirmative Defense
### (Good Faith)

4. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

5. Counterclaims 15-17 are barred, in whole or in part, because Finjan's actions were taken in good faith, with the absence of malicious intent, and constituted and constitute lawful, proper, and justified means to accomplish legitimate business objectives.

### Finjan's Third Affirmative Defense
### (Equitable Estoppel)

6. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

7. Counterclaims 15-17 are barred, in whole or in part, by the doctrine of equitable estoppel.

### Finjan's Fourth Affirmative Defense
### (Unclean Hands)

8. Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

9. Counterclaims 15-17 are barred, in whole or in part, by the doctrine of unclean hands.

### Finjan's Reservation of Defenses

10. Finjan's investigation of its defenses is ongoing. Finjan reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

**FINJAN'S PRAYER FOR RELIEF**

WHEREFORE, Finjan prays for relief against the Counterclaimant as follows:

A. That each of the Counterclaims be dismissed with prejudice;

B. For an entry of judgment that Qualys is not entitled to the relief sought, or any other relief, on the Counterclaims;

C. That the Court award Finjan the relief sought in its Complaint;

D. For an entry of judgment declaring that Qualys infringes all claims of the asserted patents;

E. For an entry of judgment declaring that each and every claim of the asserted patents is valid and enforceable;

F. For a determination that Qualys' infringement has been willful, wanton and deliberate and that Finjan is entitled to up to treble damages on this basis;

G. For a finding that this case is "exceptional" and an award to Finjan of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285; and

H. That Finjan be granted all further and other relief as the Court may deem proper and just.

Respectfully submitted,

DATED:  February 13, 2019

By: /s/ Lisa Kobialka
Paul J. Andre (State Bar. No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.