PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (SBN 228382)
okim@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2901
Facsimile:  (866) 974-7329

RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER D. MAYS (SBN 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811

*Attorneys for Defendant*
QUALYS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>QUALYS INC.,<br><br>    Defendant. | Case No.: 4:18-cv-07229-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:     March 4, 2019<br>Time:    2:00 p.m.<br>Location: Courtroom 1, 4th Floor<br><br>Date Complaint Filed: November 29, 2018<br><br>Trial Date: None Set |

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER

CASE NO: 4:18-cv-07229-YGR

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Judge Rogers's Standing Order in Civil Cases, and the January 3, 2019 Clerk's Notice Setting Case Management Conference (Dkt. No. 16), the parties to the above-titled action, Plaintiff Finjan, Inc. ("Finjan") and Defendant Qualys, Inc. ("Defendant" or "Qualys"), jointly submit this Case Management Statement and Proposed Order.

**1. Jurisdiction and Service**

This is an action for patent infringement arising under 35 U.S.C. § 101 *et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338(a).

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b). No issues exist regarding personal jurisdiction, venue or service.

**2. Facts**

Finjan filed its complaint (the "Complaint") in this action on November 29, 2018. Finjan alleges that Qualys has directly infringed the following U.S. Patents: No. 6,154,844 (the "'844 Patent"); No. 8,677,494 (the "'494 Patent"); No. 8,141,154 (the "'154 Patent"); No. 7,975,305 (the "'305 Patent"); No. 8,225,408 (the "'408 Patent"); No. 6,965,968 (the "'968 Patent"); and No. 7,418,731 (the "'731 Patent") (collectively the "Patents-in-Suit") by making, using, selling, offering for sale and/or importing its products and services that utilize the accused technologies that are found in Qualys' Vulnerability Management, Threat Protection, Continuous Monitoring, Indicators of Compromise, Container Security, Web App Firewall, Web App Scanning, and Compliance Monitoring, including Qualys Cloud Platform products. The accused technologies in the foregoing products and services are collectively referred to herein as the "Accused Products." Finjan also alleges that Qualys continues to infringe the '305, '408, '968, '731, and '154 Patents by making, using, selling, offering for sale and/or importing the Accused Products.

Finjan additionally alleges that Qualys has induced infringement of the '844, '494, '305, '408, '968, and '731 Patents, and continues to induce infringement of the '305, '408, '968, and '731 Patents by instructing, directing, and/or requiring others to perform all or some of the steps of method claims

of the Patents-in-Suit. Finjan further alleges that Qualys' infringement is willful. Finjan holds all rights, title, and interest in the Patents-in-Suit. Finjan seeks damages and injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

Counsel for Qualys contacted Finjan on December 7, 2018, requesting an extension of Qualys's time to respond to the Complaint. The parties filed a joint stipulation on December 11, 2018, extending the time for Qualys to respond until January 23, 2019.

Qualys filed its Answer to Complaint and Counterclaims on January 23, 2019 (Dkt. No. 17). Qualys denies that it has infringed—directly or indirectly—any of the Patents-in-Suit. Qualys also denies that it has willfully infringed. Qualys further denies that Finjan is entitled to any remedy, including any damages or injunctive relief. In addition, Qualys asserts that the Patents-in-Suit are invalid and unenforceable. Qualys seeks an entry of judgment that this case is exceptional and an award of reasonable attorney's fees, expenses, and costs.

**3.    Legal Issues**

The principal disputed legal issues are:

- Whether Qualys infringes any or all of the Patents-in-Suit, either directly (35 U.S.C. § 271(a)) or indirectly (35 U.S.C. § 271(b));

- Whether Finjan is entitled to damages as a result of the alleged infringement of any or all of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

- Whether Finjan is entitled to injunctive relief to prevent alleged irreparable harm as a result of the alleged continuing infringement of any or all of the Patents-in-Suit (35 U.S.C. § 283);

- Whether Qualys's alleged infringement is willful;

- Whether the Patents-in-Suit are invalid (35 U.S.C. §§ 101, 102, 103, and/or 112);

- Whether the '494 and '305 Patents are unenforceable due to inequitable conduct;

- Whether the '494 and '154 Patents are unenforceable due to unclean hands;

- Whether this case is exceptional (35 U.S.C. § 285).

**4. Motions and/or Pending Matters**

    (a)    <u>Pending Motions</u>

There are currently no pending motions.

    (b)    <u>Anticipated Motions</u>

Finjan and Qualys anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate, as the case progresses.

**5. Amendment of Pleadings**

The parties agree that the deadline for joining parties and amending the pleadings without leave of the Court is June 7, 2019, and that otherwise the parties may only amend the pleadings upon a showing of good cause, or upon being granted leave to amend by the Court.

**6. Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the parties have met and conferred regarding evidence preservation.

Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

Further agreement regarding ESI preservation will be addressed in the parties' Stipulated Order Regarding Discovery of ESI ("ESI Order").

**7. Initial Disclosures**

The parties agree to exchange initial disclosures pursuant to Rule 26(a) on March 22, 2019.

**8. Discovery**

No discovery has been taken to date.

Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan:

      **(a)** **Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties' proposals regarding the timing for expert disclosures under Rule 26(a)(2) and pretrial disclosures under Rule 26(a)(3) are set forth in the proposed schedule at Section 17 (Appendix A) below.

      **(b)** **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters.  The parties' proposals regarding when discovery should be completed are set forth in the proposed schedule in Section 17 (Appendix A) below.

      **(c)** **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties discussed discovery of ESI during their Rule 26(f) conference.  The parties intend to file a proposed stipulated ESI Order to address discovery of ESI, including the particular topics set forth in the Northern District of California's Guidelines for the Discovery of ESI and Checklist for Rule 26(f) Meet and Confer Regarding ESI.  The parties will continue to meet and confer in good faith to reach agreement on the terms of the ESI Order and will advise the Court if they are unable to resolve any disputed issues.  The parties intend to file the stipulated ESI Order (with competing provisions if necessary) by March 22, 2019.

      **(d)** **Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.**

The parties agree that neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the November 29, 2018 filing date of the Complaint. Additionally, neither party need produce nor list on any privilege log any item protected by any privilege, immunity, or protection created by or exchanged with counsel retained for purposes of this litigation, the dispute between Finjan and Qualys or negotiations between Finjan and Qualys.

Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 and the Protective Order and/or ESI Order to be entered in this action.

      **(e)** **Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure, Local Rules of this Court and the ESI Order and Protective Order to be entered in this action. If a party requests discovery that exceeds any of the limitations set forth below, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention of the Court. If the parties are unable to reach agreement, a party may seek leave from the Court for the additional discovery.

      **(i)** **Requests for Production of Documents and Things**

The parties agree that there is no limit on the number of requests for production of documents and things that each side may serve, consistent with the Federal Rules of Civil Procedure.

### **(ii)** **Interrogatories**

The parties agree that each side may serve up to 25 Interrogatories. The parties may not serve interrogatories directed to infringement, invalidity and damages contentions, which will be disclosed pursuant to the schedule for this case.

### **(iii)** **Request for Admissions**

The parties agree that each side may serve up to 25 requests for admission. Requests for admission related to the authentication and business record nature of documents are exempt from this limitation.

### **(iv)** **Depositions**

*Fact Depositions:*

The parties agree that individual depositions will be subject to the limits contained in the Federal Rules of Civil Procedure. The parties further agree that the 7 hours total per witness limit does not apply to Rule 30(b)(6) witnesses, but that each deposition day for a Rule 30(b)(6) witnesses will still be limited to 7 hours and no individual witness designated under Rule 30(b)(6) may be deposed for more than two days without agreement between the parties or leave from the Court. Unless otherwise agreed, depositions will be held at a location within 50 miles of where a witness resides or works.

*Expert Depositions:*

The parties agree that an expert witness may be deposed for up to 7 hours for each primary issue (e.g., infringement, invalidity) on which that expert has provided an opinion. Thus, if an expert provides an opinion regarding infringement as well as an opinion regarding invalidity, then that expert may be deposed for up to 7 hours regarding infringement and for up to 7 hours regarding invalidity, for a maximum total of 14 hours of deposition time.

### **(f)** **Protective Order**

The parties will be producing confidential information requiring entry of a protective order in this action. Any confidential information produced prior to entry of a protective order is subject to the

Northern District of California Model Protective Order for Litigation Involving Patents (pursuant to Patent Local Rule 2-2).

The parties intend to meet and confer in good faith to reach agreement on the terms of a stipulated Protective Order, taking into consideration the Northern District of California model protective order for litigation involving patents, and will advise the Court if they are unable to resolve any disputed issues. The parties shall file the stipulated Protective Order (with competing provisions if necessary) by March 22, 2019.

### (g) Discovery from Experts

The parties agree that the Federal Rules of Civil Procedure (*e.g.*, Rule 26(b)(4)) and the Local Rules of this Court govern discovery from experts in this case. For experts and consultants retained in anticipation of or in connection with this Action, documents constituting drafts of expert reports and declarations and documents constituting notes created by or for an expert in connection with this Action are not discoverable, and need not be preserved. Conversations or communications between counsel and expert or consultant shall not be discoverable, except to the extent such conversations or communications are relied upon by the expert.

### (h) Service

The parties agree that service via email is acceptable pursuant to Rule 5(b)(2)(E).

### 9. Class Actions

Not applicable.

### 10. Related Pending Cases

Information concerning other pending litigations involving the Patents-in-Suit is provided in Finjan's Amended Notice of Pendency of Other Action Involving Same Patent (Dkt. No. 10).

### 11. Relief

Finjan seeks entry of judgment finding that Qualys has infringed and is infringing the Patents-in-Suit. Finjan also seeks injunctive relief, including an injunction against Qualys from infringing the Patents-in-Suit. Finjan also seeks monetary damages, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty. Finjan further seeks a finding that Qualys has

willfully infringed the Patents-in-Suit and all damages-related remedies available to Finjan for Qualys's willful infringement. Finjan further seeks a judgment that this case is exceptional and an award of Finjan's costs and reasonable attorneys' fees. Finjan also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest. Finjan seeks any other relief available under applicable law.

Qualys seeks a declaration that Qualys does not infringe, directly or indirectly, literally or by doctrine of equivalents, any valid enforceable claims of the Patents-in-Suit. Qualys also seeks a declaration that each and every claim of the Patents-in-Suit is invalid. Qualys further seeks a declaration that the '494, '305, and '154 Patents are unenforceable due to inequitable conduct and/or unclean hands. In addition, Qualys seeks an entry of judgment that this case is exceptional and an award of reasonable attorney's fees, expenses, and costs.

### 12. Settlement and ADR

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure. Finjan proposes private mediation and Qualys proposes a Settlement Conference pursuant to ADR L.R. 7. The parties are continuing to confer regarding the appropriate ADR procedure for this matter.

### 13. Consent to Magistrate Judge

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. Other references

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.

### 16. Expedited Trial Procedure

The parties do not propose that this case proceed under the Expedited Trial Procedure of

General Order 64 Attachment A.

**17.  Scheduling**

The parties' scheduling proposals are set forth in the chart attached hereto as Appendix A.

**18.  Trial**

The parties have requested trial by jury.  The parties expect that the trial will require approximately ten (10) full court days.

**19.  Disclosure of Non-party Interested Entities or Persons.**

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-16.

Finjan certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Finjan, Inc. is a wholly owned subsidiary of Finjan Holdings, Inc. Additionally, CybeRisk Security Solutions, Inc., Finjan Blue, Inc., and Finjan Mobile, Inc. are also wholly owned subsidiaries of Finjan Holdings, Inc.  No other entities have a financial interest in the subject matter in controversy or Finjan, Inc., or a non-financial interest in that subject matter or Finjan, Inc. that could be substantially affected by the outcome of this proceeding.

Qualys certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

BlackRock, Inc. owns more than 10% of the stock of Qualys.

**20.  Professional Conduct**

The attorneys of record confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the following additional matters:

**(1)    Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

The parties do not propose any modifications to the obligations or deadlines set forth in the Patent Local Rules, other than those set forth in the scheduling proposals in Appendix A and above.

**(2)    The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the court) and damages discovery**

The parties' proposed schedule (Appendix A) addresses timing of fact discovery (including damages discovery), as well as the timing of claim construction and damages–related disclosures and discovery required under the Patent Local Rules.  The parties do not currently anticipate a need to limit the scope of such discovery.

**(3)    The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing**

The parties agree that the presentation of argument at the hearing should be in the manner and order that the Court prefers to address the issues, particularly given the nature of the Patents-in-Suit, the technology involved, and the number and nature of claim terms that remain in dispute at the time of the hearing.  The parties may seek to present live expert witness testimony at the claim construction hearing and any tutorial, and will confer regarding this issue closer to the date of the hearing.

Pursuant to Judge Rogers's Standing Order for Patent Cases, the parties anticipate requesting two (2) to three (3) hours for the Claim Construction Hearing, with each side entitled to half of the total time permitted.

**(4)    How the parties intend to educate the court on the technology at issue**

The parties propose providing the Court with a tutorial regarding the technology at issue prior to the claim construction hearing.  Pursuant to Judge Rogers's Standing Order for Patent Cases, the parties anticipate requesting two (2) hours for the tutorial, with each side entitled to one (1) hour.

**(5)   Non-binding, good-faith estimate of the damages range**

Pursuant to Patent Local Rule 2-1(b), Finjan makes the following statement:

Finjan seeks all damages to which it is entitled under U.S. patent laws, including 35 U.S.C. § 284, arising from Defendant's infringement.  Finjan seeks damages in an amount adequate to compensate for Defendant's infringement, which includes, but is not limited to, no less than a reasonable royalty for the manufacture, use, offer for sale, sale, and/or importation of the invention.  A non-binding, good-faith estimate of the reasonable royalty range expected for the case is approximately $100-120 million.

This non-binding estimate is based on a range of factors and the information available to Finjan, including when Finjan put Defendant on notice of the Asserted Patents, the different expiration dates for the Asserted Patents, the publicly available information regarding Defendant's revenues and extent of use for the Accused Products, Finjan's established licensing practices and royalty rates applied to a royalty base, the benefits and advantages of Finjan's patented technology, and Defendant's convoyed sales.  Finjan anticipates that additional confidential information from Defendant, such as specific revenue data, estimated profits, the number of users of Defendant's products, and other confidential financial and technical information from Defendant will also inform Finjan's damages for infringement.

Finjan also seeks interest and costs fixed by the Court, as well as an accounting of all infringing sales and revenues by Defendant.  Finjan also seeks an award of attorneys' fees, expenses, and costs associated with the present action under 35 U.S.C. § 285, as well as enhanced damages under 35 U.S.C. § 284.  Such fees, costs, and expenses cannot be computed at the present time and depend on a variety of factors, such as the length and intensity of the litigation and the positions that Defendant takes.

Pursuant to Patent Local Rule 2-1(b), Qualys makes the following statement:

Pursuant to 35 U.S.C. § 285, Qualys seeks reimbursement of all costs and expenses, including reasonable attorneys' fees, incurred as a result of this action.  Such costs and expenses continue to accrue, and therefore, a computation thereof cannot be performed at this time.

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 | DATED:  February 14, 2019 | By: */s/ Lisa Kobialka* |

Paul Andre (State Bar. No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

Respectfully submitted,

DATED:  February 14, 2019        By: */s/ Ryan R. Smith*

EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (SBN 228382)
okim@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2901
Facsimile:  (866) 974-7329

RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER D. MAYS (SBN 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811

*Attorneys for Defendant*
QUALYS INC.

## **ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

                                        */s/ Lisa Kobialka*
                                    Lisa Kobialka (State Bar No. 191404)

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER      CASE NO: 4:18-cv-07229-YGR

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case and the parties shall comply with its provisions.

**IT IS SO ORDERED.**

DATED: _____     _____
UNITED STATES DISTRICT JUDGE
THE HONORABLE YVONNE GONZALEZ ROGERS

## Appendix A

| Event | Agreed Proposed Date/Deadline |
|---|---|
| Initial Case Management Conference | 3/4/19, 2:00 p.m. (Dkt. No. 16) |
| Submit Protective Order and ESI Order | 3/22/19 |
| Initial Disclosures | 3/22/19 |
| Disclosure of Asserted Claims and Infringement Contentions; Document Production Accompanying Disclosure | 4/19/19 |
| Last day to join parties or amend the pleadings without leave of Court | 6/7/19 |
| Invalidity Contentions; Document Production Accompanying Invalidity Contentions | 6/21/19 |
| Exchange of Proposed Terms for Construction | 8/2/19 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 8/23/19 |
| Damages Contentions | 8/30/19 |
| Joint Claim Construction and Prehearing Statement | 10/4/19 |
| Responsive Damages Contentions | 10/18/19 |
| Completion of Claim Construction Discovery | 11/1/19 |
| Claim Construction Briefs – opening brief | 12/6/19 |
| Claim Construction Briefs – responsive brief | 1/17/20 |
| Claim Construction Briefs – reply brief | 2/7/20 |

| Event | Agreed Proposed Date/Deadline |
|---|---|
| Claim Construction Tutorial | 3/4/20 (subject to the Court's availability) |
| Claim Construction Hearing | 3/18/20 (subject to the Court's availability) |
| Close of fact discovery | 10/16/20 |
| Opening expert reports | 12/18/20 |
| Rebuttal expert reports | 2/12/21 |
| Close of expert discovery | 3/12/21 |
| Opening summary judgment briefs | 4/16/21 |
| Responsive summary judgment briefs | 5/21/21 |
| Reply summary judgment briefs | 6/11/21 |
| Summary judgment hearing | 7/13/21 |
| Final Pretrial Conference | 11/12/21 (subject to the Court's availability) |
| Trial | 12/6/21 (subject to the Court's availability) |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER            CASE NO: 4:18-cv-07229-YGR