PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (SBN 228382)
okim@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2901
Facsimile:  (866) 974-7329

RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER D. MAYS (SBN 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811

*Attorneys for Defendant*
QUALYS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

FINJAN, INC.,

              Plaintiff,

        v.

QUALYS INC.,

              Defendant.

Case No.: 4:18-cv-07229-YGR

**JOINT CLAIM CONSTRUCTION AND PRE-HEARING STATEMENT**

Pursuant to the Court's Scheduling Order (Dkt. 39) and Patent L.R. 4-3, Plaintiff Finjan, Inc. ("Finjan") and Defendant Qualys, Inc. ("Qualys") hereby submit this Joint Claim Construction and Pre-Hearing Statement.

# I.      PATENT L.R. 4-3(a):  PROPOSED CONSTRUCTION OF EACH AGREED TERM.

The parties' agreed constructions are provided below.

| Patent | Term | Agreed Construction |
|---|---|---|
| 6,154,844 8,677,494 | "downloadable" | an executable application program, which is downloaded from a source computer and run on the destination computer |
| 6,154,844 | "means for receiving a Downloadable" | Function: receiving a Downloadable<br>Structure: Downloadable file interceptor |
| 6,154,844 | "means for generating a first Downloadable security profile that identifies suspicious code in the received Downloadable" | Function: generating a first Downloadable security profile that identifies suspicious code in the received Downloadable<br><br>Structure: content inspection engine programmed to perform the algorithm disclosed at Col. 8, lines 51-60 of the '844 Patent |
| 6,154,844 | "means for linking the first Downloadable security profile to the Downloadable before a web server makes the Downloadable available to web clients" | Function: linking the first Downloadable security profile to the Downloadable before a web server makes the Downloadable available to web clients<br><br>Structure: content inspection engine programmed to perform the algorithm of step 630 disclosed at FIG. 6, Col. 8, lines 65-67 and Col. 6, lines 13-24 of the '844 Patent |
| 6,154,844 | "means for comparing the first downloadable security profile against the security policy if the first downloadable security profile is trustworthy"[1] | Function: comparing the first downloadable security profile against the security policy if the first downloadable security profile is trustworthy<br><br>Structure: network protection engine or computer protection engine |
| 6,154,844 | "means for determining whether | Function: determining whether to trust the first downloadable security profile |

---

[1] In light of the Court's ten-term limit, Qualys does not dispute Finjan's proposed construction, but reserves the right to seek clarification of the construction should the need arise.  Finjan disagrees that Qualys may dispute these terms later, after it has already agreed to their construction here.

1

| Patent | Term | Agreed Construction |
|---|---|---|
| | to trust the first Downloadable security profile"[1] | Structure: network protection engine or computer protection engine |
| 7,975,305 8,677,494 | "database" | a collection of interrelated data organized according to a database schema to serve one or more applications |
| 8,225,408 | "parse tree" | a hierarchical structure of interconnected nodes built from scanned content |

## II.      PATENT L.R. 4-3(b):  PROPOSED CONSTRUCTION OF EACH DISPUTED TERM.

The parties' proposed additional claim constructions are provided below.  All supporting evidence for the parties' claim constructions is provided in Exhibit A.  The parties reserve their rights to cite additional supporting evidence based on arguments raised in the claim construction briefs.

| U.S. Patent No. 6,154,844 | | |
|---|---|---|
| Claim Term | Finjan's Proposed Construction | Qualys's Proposed Construction |
| "web client" | No construction necessary – plain and ordinary meaning. | an application on the end-user's computer that requests a downloadable from the web server |

| U.S. Patent No. 6,965,968 | | |
|---|---|---|
| Claim Term | Finjan's Proposed Construction | Defendants' Proposed Construction |
| "receiver" | No construction necessary – plain and ordinary meaning. | Governed by 35 U.S.C. § 112(6) without corresponding structure |
| "transmitter" | No construction necessary – plain and ordinary meaning. | Governed by 35 U.S.C. § 112(6) without corresponding structure |
| "dynamically generating a policy index" | No construction necessary – plain and ordinary meaning. | creating or updating a policy index in response to user requests for cached or non-cached content |
| "known to be allowable relative to a given policy" / "allowable relative to a given policy" | No construction necessary – plain and ordinary meaning. | Whether the given digital content may be sent to the web client |
| "memory storing a cache of digital content" | No construction necessary – plain and ordinary meaning. | a memory storing [memory for storing] a collection of digital content previously requested and retrieved for a web client |

JOINT CLAIM CONSTRUCTION                                  CASE NO.: 4:18-cv-07229-YGR
AND PRE-HEARING STATEMENT

**U.S. Patent No. 7,418,731**

| Claim Term | Finjan's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| "incoming files from the Internet" | No construction necessary – Plain and ordinary meaning | Internet files requested by an intranet computer |

**U.S. Patent No. 8,141,154**

| Claim Term | Finjan's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| "a content processor"[2] | No construction necessary – plain and ordinary meaning. | a processor that processes modified content; the content processor is part of the computer being protected from dynamically generated malicious content |
| "receiver" | No construction necessary – plain and ordinary meaning. | Governed by 35 U.S.C. § 112(6) without corresponding structure |
| "transmitter" | No construction necessary – plain and ordinary meaning. | Governed by 35 U.S.C. § 112(6) without corresponding structure |
| "security computer" | No construction necessary – plain and ordinary meaning. | a computer that determines whether the content received by the content processor is malicious |

**U.S. Patent No. 8,225,408**

| Claim Term | Finjan's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| "instantiating, by the computer, a scanner for the specific programming language" | No construction necessary – plain and ordinary meaning. | substituting specific data, instructions, or both into a scanner to make it usable for scanning the specific programming language |

**U.S. Patent No. 8,677,494**

| Claim Term | Finjan's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| "receiver" | No construction necessary – plain and ordinary meaning. | Governed by 35 U.S.C. § 112(6) without corresponding structure |

---

[2] Given the Court's ten-term limit, Qualys is not seeking a construction of "process content" as it appears in the '154 patent, but reserves the right to argue that it is, in effect, synonymous with "a content processor." Finjan disagrees that Qualys may reserve the right to dispute this term later.

3

JOINT CLAIM CONSTRUCTION
AND PRE-HEARING STATEMENT

CASE NO.: 4:18-cv-07229-YGR

III.    **PATENT L.R. 4-3(c): IDENTIFICATION OF 10 TERMS, THE CONSTRUCTION OF WHICH WILL BE MOST SIGNIFICANT TO RESOLUTION OF THE CASE.**

**Finjan's Statement:**

Qualys is playing games with the Patent Local Rules.  At 1:00 p.m. on the day this Joint Claim Construction Statement was due, Qualys informed Finjan for the first time that it would agree to Finjan's construction of four of the five terms that Finjan identified as most significant under Patent Local Rule 4-3(c).  Qualys did so even though the disputes over these terms had existed for months and moreover Finjan emailed Qualys on October 30th asking whether Qualys would agree to Finjan's constructions of these terms.  Qualys waited to respond until 1:00 p.m. on the due date, December 4th, so that it could significantly narrow the disputed terms at the last second and thereby attempt to select nearly all of the ten terms itself that the parties were supposed to *jointly* identify for construction.

Further, Qualys actually identifies *fifteen* total terms for construction below, instead of the ten total terms allowed under the Patent Local Rules and this Court's Standing Order for Patent Cases. Namely, Qualys combines the terms "receiver" and "transmitter" from three different patents into just two terms.  The reality is that these six terms are used in three different patents and will require separate arguments and analyses.  This is especially true considering Qualys' contention that all six of these terms are indefinite, which will require Finjan to rebut those six contentions by going through each patent individually and identifying the support in each patent that provides the structure for each of these six terms.  These are three different patents, with different specifications, from different families, with different inventors, and will, therefore, require different analyses for each of the different patents.  Thus, Qualys's proposal does not "group" any issues, because they are not related.

Lumping these six terms across three patents into two total terms below will also prejudice Finjan during claim construction due to page-limit constraints, and will increase the burden on Finjan and the Court beyond that provided for in the Patent Local Rules and this Court's Standing Order for Patent Cases.  Finjan asked Qualys to cut its list of terms for construction down to five pursuant to the local rules.  Qualys refused.  Thus, Finjan requests that the Court order Qulays to choose five terms for construction instead of the fifteen it has chosen below.

JOINT CLAIM CONSTRUCTION                                    CASE NO.: 4:18-cv-07229-YGR
AND PRE-HEARING STATEMENT

For Finjan's part, the five most significant disputed terms per Patent L.R. 4-3(c) are identified below:

| No. | Patent(s) | Term(s) | Identifying Party |
|-----|-----------|---------|-------------------|
| 1 | 8,225,408 | "instantiating, by the computer, a scanner for the specific programming language" | Finjan |
| 2 | 8,677,494 | "receiver" | Finjan |
| 3 | 6,965,968 | "receiver" | Finjan |
| 4 | 8,141,154 | "receiver" | Finjan |
| 5 | 6,965,968 | "transmitter" | Finjan |

Finjan does not consider any of the disputed terms case dispositive.

**Qualys's Statement:**

Finjan is, in essence, complaining about Qualys' efforts to reduce the number of disputed claim terms to ten, as is required by the Court's Standing Order for Patent Cases. Given that Finjan is asserting nearly *eighty* claims across seven patents, that has proven a tall order. Nonetheless, on October 29, 2019, Qualys initiated meet and confer efforts to reduce the number of asserted claim terms by providing Finjan a narrowed list of claim terms for construction. Through that process, Qualys had agreed to Finjan's construction for two of the four means-plus-function terms from the '844 patent and it was unclear if there was a material dispute as to the others. Qualys realized there was still a potential dispute for the two remaining terms upon receipt of Finjan's draft claim construction chart at 9:19pm on December 2. As part of a continuing effort to reduce the number of disputed terms to ten, and to avoid an impasse, Qualys agreed to the other two means-plus-function terms on December 4 and immediately communicated its agreement to Finjan.

Finjan also contends that the two terms "receiver" and transmitter" are actually six different terms because those terms appear in three of the seven asserted patents. However, when asked to provide authority for its interpretation of the Court's Standing Order for Patent Cases, Finjan could provide no such authority. As reflected by the parties' respective claim construction proposals, the issue is identical across the three patents. Specifically, Finjan contends that the terms "receiver" and "transmitter" need not be construed at all, while Qualys contends that the two terms are indefinite for lack of structure. To treat this common claim construction dispute concerning the very same claim

terms as distinct makes no sense.  Further, the Court's Standing Order for Patent Cases contemplates "grouping of claims by issues presented" as an alternative to seeking leave to increase the number of terms above ten.  Qualys has, if anything, grouped the claims to present the same claim construction issue through the terms "receiver" and transmitter."

The following table illustrates that based on Qualys's agreement to adopt certain of Finjan's proposed constructions, there are now ten claim terms for construction in accordance with the Court's Standing Order for Patent Cases.

| No. | Patent(s) | Term(s) |
|---|---|---|
| 1 | 8,225,408 | "instantiating, by the computer, a scanner for the specific programming language" |
| 2 | 8,677,494<br>6,965,968<br>8,141,154 | "receiver" |
| 3 | 8,677,494<br>6,965,968<br>8,141,154 | "transmitter" |
| 4 | 6,965,968 | "dynamically generating a policy index" |
| 5 | 6,965,968 | "known to be allowable to a given policy" / "allowable relative to a given policy" |
| 6 | 6,965,968 | "memory storing a cache of digital content" |
| 7 | 7,418,731 | "incoming files from the internet" |
| 8 | 8,141,154 | "a content processor" |
| 9 | 6,154,844 | "web client" |
| 10 | 8,141,154 | "security computer" |

Qualys is of the view that each proposed term will impact either the infringement or the validity of the asserted claims in which the term appears.

## IV.   PATENT L.R. 4-3(d): TIME FOR CLAIM CONSTRUCTION HEARING.

The parties anticipate that they will not require more than three (3) hours for the entire claim construction hearing.

## V.   PATENT L.R. 4-3(e): WITNESSES AT CLAIM CONSTRUCTION HEARING.

### Finjan's Statement:

Finjan does not believe expert testimony is required at the *Markman* hearing.  However, to the extent Qualys submits expert claim construction testimony, Finjan intends to offer a declaration and

6

may present live witness testimony from Dr. Michael Goodrich, Distinguished Professor at the Department of Computer Science at U.C. Irvine, regarding the scope of the asserted patents and the relevant technology, and the proper construction and/or plain and ordinary meaning of the disputed terms or any term for which Qualys offers expert testimony.  Furthermore, Dr. Goodrich will rebut any testimony or opinions offered by Qualys's expert witness.[3]

**Qualys's Statement:**

Qualys agrees that live expert testimony at the *Markman* hearing is not required.  However, Qualys intends to offer a declaration and, to the extent requested by the Court, may present live witness testimony from Dr. Aviel Rubin, Professor at the Department of Computer Science at Johns Hopkins University and Technical Director of the Johns Hopkins University Information Security Institute, regarding the scope of the asserted patents and the relevant technology, and the proper construction and/or plain and ordinary meaning of the disputed terms. Further, Dr. Rubin will rebut any testimony or opinions offered by Finjan's expert witness.[4]

## VI.   PATENT L.R. 4-3(F): REQUESTED FACTUAL FINDINGS.

No party requests any factual findings from the Court related to claim construction other than those submitted with any expert declaration that may accompany the claim construction briefing.

---

[3] Qualys' footnote below is inaccurate and baseless.  Finjan properly identified its expert testimony under Patent Local Rule 4-2.  Qualys' footnote also misleadingly omits the bulk of Finjan's descriptions of its expert testimony.

[4] Qualys objects to Finjan's witness statement because it violates Patent L.R. 4-2(b). Patent L.R. 4-2(b) provides that "[w]ith respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction." Finjan's Amended Preliminary Claim Constructions and Evidentiary Support Pursuant to Patent Local Rule 4-2, served November 12, 2019, identifies expert testimony as extrinsic evidence, but does not disclose the scope or substance of that witness's proposed testimony. A representative and exemplary disclosure states: "Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions." Finjan's disclosures do not satisfy the requirements of Patent L.R. 4-2(b).

JOINT CLAIM CONSTRUCTION                                    CASE NO.: 4:18-cv-07229-YGR
AND PRE-HEARING STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  December 4, 2019

By:  _/s/ James Hannah_____
Paul J. Andre (State Bar No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
Austin Manes (State Bar No. 284065)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
amanes@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

Respectfully submitted,

Dated:  December 4, 2019

By:  _/s/ Ryan R. Smith_____
Ryan R. Smith

*Attorneys for Defendant*
QUALYS INC.

8

JOINT CLAIM CONSTRUCTION
AND PRE-HEARING STATEMENT

CASE NO.: 4:18-cv-07229-YGR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.


                                             */s/ James Hannah*
                                             James Hannah

JOINT CLAIM CONSTRUCTION
AND PRE-HEARING STATEMENT

CASE NO.: 4:18-cv-07229-YGR

**EXHIBIT A**

**I.    U.S. Patent No. 6,154,844**

| U.S. Patent No. 6,154,844 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction and Support** | **Qualys's Proposed Construction and Support** |
| "web client"<br><br>Claims 1-44 of the '844 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Title;<br>Abstract;<br>Figs. 1-8 (Fig. 1 showing content inspection engine);<br>Claims 1-21, 41, 43;<br>Col. 1, ll. 37-59, 62-67;<br>Col. 2, ll. 1-67;<br>Col. 3, ll. 32-65;<br>Col. 4, ll. 1-67;<br>Col. 5, ll. 1-13, 48-67;<br>Col. 6, ll. 1-24, 66-67;<br>Col. 7, ll. 1-67;<br>Col. 8, ll. 1-5, 36-67; and<br>Col. 9, ll. 1-53;<br><br>U.S. Pat. No. 6,092,194, including:<br>Figs. 1-5;<br>Col. 1, ll. 60-67;<br>Col. 2, ll. 1-36; 65-67;<br>Col. 3, ll. 1-67;<br>Col. 4, ll. 1-67;<br>Col. 5, ll. 1-3; 15-67;<br>Col. 6, ll. 1-67;<br>Col. 7, ll. 1-6;<br>Col. 9, ll. 24 – 28, 34 – 42, 57-67; | "an application on the computer of an end-user that requests a downloadable from the web server"<br><br>Intrinsic Evidence<br>'844 Patent: Claims 1, 15, 22, 23, 32, 41, 42, 43, 44; 2:3-19; 3:32-52; 4:65-5:13; 5:14-19; 5:28-33; 6:2-17; 7:6-8:4; 8:17-36; 8:49-51; 8:65-67; 9:13-18; 9:19-21; 9:63-10:13; Figs. 1 and 7.<br><br>Extrinsic Evidence<br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 170 (N.D. Cal. Feb. 10, 2017) (claim construction order).<br><br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 159 (N.D. Cal. Dec. 20, 2017) (Finjan's reply to Symantec's supplemental claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 154 (N.D. Cal. Dec. 13, 2017) (Symantec's responsive supplemental claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 151 (N.D. Cal. Nov. 29, 2017) (Finjan's supplemental claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 151-1 (N.D. Cal. Nov. 29, 2017) (Declaration of Dr. Nenad Medvidovic). |

| U.S. Patent No. 6,154,844 | |
|---|---|
| **Claim Term** | **Finjan's Proposed Construction and Support** | **Qualys's Proposed Construction and Support** |

| Claim Term | Finjan's Proposed Construction and Support | Qualys's Proposed Construction and Support |
|---|---|---|
| | Col. 10, ll. 1-6.<br><br>'844 Patent File History including:<br>February 8, 2000 Non-Final Rejection;<br>May 16, 2000 Response to Non-Final Action; and July 13, 2000 Notice of Allowance.<br><br>April 21, 2016 Decision Denying<br>Institution of Inter Partes Review – *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00165, Paper No. 7.<br><br>*Symantec Corp. v. Finjan, Inc.*, IPR2015-01894, PTAB Decision Denying Institution<br><br>Extrinsic Evidence<br><br>October 14, 2014, Joint Claim Construction<br>and Pre-Hearing Statement Pursuant to Patent Local Rule 4-3, *Finjan, Inc. v. Sophos Inc.*, Civ. No. 14-cv-01197-WHO.<br><br>April 12, 2016 Summary Judgment Order -<br>*Finjan, Inc. v. Proofpoint, Inc. et al.*, Case No. 3:13-cv-05808-HSG (N.D. Cal.).<br><br>May 24, 2016 Summary Judgment Order<br>*Finjan, Inc. v. Sophos, Inc.*, Case No. 14-cv-01197-WHO (N.D. Cal.).<br><br>July 18, 2016 Post-Trial Order, *Finjan, Inc. v. Blue Coat, Inc.*, Case No. 13-CV-03999-BLF (N.D. Cal.). | *Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 72-1 (N.D. Cal. April 20, 2015) (Declaration of Dr. Nenad Medvidovic).<br><br>*Finjan, Inc. v. Sophos, Inc.*, Civ. No. 3:14-cv-1197-WHO, Dkt. No. 205 (N.D. Cal. May 24, 2016) (order denying Sophos's motion for summary judgment).<br><br>*Finjan, Inc. v. Proofpoint, Inc.*, Civ. No. 4:13-cv-5808-HSG, Dkt. No. 462 (N.D. Cal. May 20, 2016) (Finjan's supplemental claim construction brief).<br><br>*Finjan, Inc. v. Proofpoint, Inc.*, Civ. No. 4:13-cv-5808-HSG, Dkt. No. 321 (N.D. Cal. March 7, 2016) (Finjan's response to Proofpoint's motion for summary judgment).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, Civ. No. 5:13-cv-03999-BLF, Dkt. No. 118 (N.D. Cal. Oct. 20, 2014) (claim construction order).<br><br>*Finjan, Inc. v. ESET, LLC.*, Civ. No. 3:17-cv-0183-CAB-BGS, Dkt. No. 195 (S.D. Cal. Nov. 14, 2017) (claim construction order).<br><br>Microsoft Press Computer Dictionary 64 (1991).<br>Microsoft Press Computer Dictionary 75 (2d ed. 1994). |

| U.S. Patent No. 6,154,844 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction and Support** | **Qualys's Proposed Construction and Support** |
| | February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Inc.*, Civ. No. 3:14-cv-02998-HSG (adopting Finjan's construction).<br><br>March 02, 2015 Claim Construction Order – *Finjan, Inc. v. Sophos Inc.*, Civ. No. 14-cv-01197-WHO.<br><br>October 20, 2014 Claim Construction Order – *Finjan, Inc. v. Blue Coat, Inc.*, Case No. 5:13- cv-03999-BLF (N.D. Cal.).<br><br>December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc.*, et al., 3:13-cv-05808-HSG (N.D. Cal.).<br><br>February 2, 2019 Order Construing Additional Claims – *Finjan, Inc. v. Cisco Systems Inc.*, Civ. No. 17-cv-00072-BLF.<br><br>July 23, 2018, Claim Construction Order – *Finjan, Inc. v. Cisco Systems Inc.*, Civ. No. 17-cv-00072-BLF.<br><br>Dictionary/Treatise Definitions<br>Webster's New World Dictionary of Computer Terms (1997) at 95.<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | |
| **Finjan's Impact Statement** | Under either party's construction the claim is infringed in this case.  Finjan disputes Qualys's claim that this term is indefinite. | |
| **Qualys's Impact Statement** | Qualys believes that there is no infringement under its construction. | |

II.     U.S. Patent No. 6,965,968

| U.S. Patent No. 6,965,968 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| "receiver"<br><br>Claim 7 of the '968 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Abstract;<br>Fig. 2;<br>Col. 1, ll. 10-23;<br>Col. 2, ll. 28-67;<br>Col. 3, ll. 30-45;<br>Col. 4, ll. 1-8;<br>Col. 7, ll. 35-55;<br>Col. 8, ll. 17-45;<br>Claims 1 – 38.<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions. Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not<br>be able to identify corresponding structure for the term 'receiver.'" | This term is governed by 35 U.S.C. § 112(6) without corresponding structure.<br><br>Intrinsic Evidence<br>'154 Patent: Figs. 2-5; 6:60-65, 8:54-60, 15:26-29; claims 1-3<br>'968 Patent: Figs 1-2; 1:10-23; 2:29-37; 3:31-46; 3:62-4:8; 7:35-56; 8:17-47; claims 1, 6, 7, 14, 15.<br>'494 Patent: Abstract; Figs 1a-12b; 3:3-4:4; 4:15-41; 6:7-20; 7:30-8:4; 9:21-10:19; 11:65-12:47; 13:49-14:28; 14:55-15:64; 17:30-47; 18:56-20:31; 20:13-29; 20:64-21:3; claims 1, 10<br><br>Extrinsic Evidence<br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term "receiver." |

| U.S. Patent No. 6,965,968 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| **Finjan's Impact Statement** | Under either party's construction the claim is infringed in this case.  Finjan disputes Qualys's claim that this term is indefinite. | |
| **Qualys's Impact Statement** | Under Qualys's construction, the claim term is indefinite and thus the claim is invalid. | |
| "transmitter"<br><br>Claim 6 of the '968 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Abstract;<br>Fig. 2;<br>Col. 3, ll. 30-61;<br>Col. 5, ll. 38-51;<br>Claims 1 – 38.<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions. Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not<br>be able to identify corresponding structure for the term 'transmitter.'" | This term is governed by 35 U.S.C. § 112(6) without corresponding structure.<br><br>Intrinsic Evidence<br>'154 Patent: Figs. 2-5; 6:60-65, 8:54-60, 15:26-29; claims 1-3<br>'968 Patent: Figs 1-2; 1:1-23; 3:41-61; 5:39-51; claims 1, 6, 7, 14, 15<br><br>Extrinsic Evidence<br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term "transmitter." |
| **Finjan's Impact Statement** | Under either party's construction the claim is infringed in this case.  Finjan disputes Qualys's claim that this term is indefinite. | |
| **Qualys's Impact Statement** | Under Qualys's construction, the claim term is indefinite and thus the claim is invalid. | |

| U.S. Patent No. 6,965,968 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| "dynamically generating a policy index"<br><br>Claims 26-38 of the '968 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Title;<br>Abstract;<br>Claims 1 – 38;<br>Figs. 1, 2, 3;<br>Col. 1, ll. 10-58, 63 - 67;<br>Col. 2, ll. 1 – 67;<br>Col. 3, ll. 16 – 67;<br>Col. 4, ll. 1 – 67;<br>Col. 5, ll. 1 – 67;<br>Col. 6, ll. 1 – 67;<br>Col. 7, ll. 1 – 67;<br>Col. 8, ll. 1 – 67; and<br>Col. 9, ll. 1 – 44.<br><br>'968 Patent File History, including:<br>Notice of Allowance dated June 23, 2005;<br>Office Action Response dated June 6, 2005;<br>Office Action Response dated May 11, 2005;<br>Office Action dated February 9, 2005.<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions. | "creating or updating a policy index in response to user requests for cached or non-cached content"<br><br>Intrinsic Evidence<br>'968 Patent, Abstract; Figure 1; Figure 2; 1:10-30; 1:37-54; 1:63-2:25; 2:28-67; 3:3-11; 3:21-4:8; 4:14-19; 4:20-32; 4:33-41; 4:42-53; 4:54-5:6; 5:15-30; 5:31-51; 5:52-6:6; 6:7-7:2; 7:11-22; 7:35-8:7; 8:8-16; 8:17-32; 8:33-47; 8:48-9:2; 9:9-11; Claims 1-38.<br><br>U.S. Patent No. 6,772,214<br><br>February 9, 2005 Office Action in Application No. 10/376,215<br><br>May 11, 2005 Response to Office Action in Application No. 10/376,215<br><br>May 16, 2016 Decision Denying Institution of IPR<br><br>Extrinsic Evidence<br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018)<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 3630000, at *9 (N.D. Cal. June 2, 2015).<br><br>*Finjan, Inc. v. Sonicwall, Inc.*, No. 17-cv-04467-BLF (March 26, 2019)<br><br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority |

| U.S. Patent No. 6,965,968 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be 'creating or updating a policy index in response to user requests for cached or non-cached content.'" | date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be "creating or updating a policy index in response to user requests for cached or non-cached content." |
| **Finjan's Impact Statement** | Under either party's construction the claim is valid and infringed in this case. | |
| **Qualys's Impact Statement** | Qualys believes that there is no infringement under its construction. | |
| "known to be allowable relative to a given policy" / "allowable relative to a given policy"<br><br>Claims 1-38 of the '968 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Title;<br>Abstract;<br>Claims 1-38;<br>Figs. 1, 2;<br>Col. 2, ll. 3 – 11, 28 – 67;<br>Col. 3, ll. 31 – 40, 62 – 67;<br>Col. 4, ll. 20-63;<br>Col. 5, ll. 15 – 63;<br>Col. 4, ll. 1 – 32;<br>Col. 6, ll. 22 – 54;<br>Col. 7, ll. 11 – 23, 35 – 38; and<br>Col. 8, ll. 18 – 32, 64-67;<br>Col. 9, ll. 3-8.<br><br>'986 Patent File History, including:<br>Notice of Allowance dated June 23, 2005; Office Action Response dated June 6, 2005; Office Action Response dated May 11, 2005; Office Action dated February 9, 2005. | "whether the given digital content may be sent to the web client"<br><br>Intrinsic Evidence<br>'968 Patent, Abstract; Figure 1; Figure 2; 1:10-30; 1:37-54; 1:63-2:25; 2:28-67; 3:3-11; 3:21-4:8; 4:14-19; 4:20-32; 4:33-41; 4:42-53; 4:54-5:6; 5:15-30; 5:31-51; 5:52-6:6; 6:7-7:2; 7:11-22; 7:35-8:7; 8:8-16; 8:17-32; 8:33-47; 8:48-9:2; 9:9-11; Claims 1-38.<br><br>U.S. Patent No. 6,772,214<br><br>February 9, 2005 Office Action in Application No. 10/376,215<br><br>May 11, 2005 Response to Office Action in Application No. 10/376,215<br><br>May 16, 2016 Decision Denying Institution of IPR<br><br>Extrinsic Evidence<br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018) |

| U.S. Patent No. 6,965,968 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Extrinsic Evidence<br><br>October 20, 2014 Claim Construction Order – *Finjan Inc. v. Blue Coat Systems, Inc.*, Civ. No. 5:13-cv-03999-BLF.<br><br>March 26, 2019 Claim Construction Order – *Finjan, Inc. v. SonicWall Inc.*, Civ. No. 17-cv-04467-BLF.<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions. Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the<br>context of this patent to be 'whether the given digital content may be sent to the<br>web client.'" | *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 3630000, at *9 (N.D. Cal. June 2, 2015).<br><br>*Finjan, Inc. v. Sonicwall, Inc.*, No. 17-cv-04467-BLF (March 26, 2019)<br><br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be "whether the given digital content may be sent to the web client." |
| **Finjan's Impact Statement** | Under either party's construction the claim is valid and infringed in this case. | |
| **Qualys's Impact Statement** | Qualys believes that there is no infringement under its construction. | |
| "memory storing a cache of digital content"<br><br>Claims 1-32 of the '968 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Title; | "a memory storing [memory for storing] a collection of digital content previously requested and retrieved for a web client"<br><br>Intrinsic Evidence |

| U.S. Patent No. 6,965,968 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Abstract;<br>Claims 1 – 38;<br>Figs. 1, 2, 3;<br>Col. 1, ll. 10-58, 63 - 67;<br>Col. 2, ll. 1 – 67;<br>Col. 3, ll. 16 – 67;<br>Col. 4, ll. 1 – 67;<br>Col. 5, ll. 1 – 67;<br>Col. 6, ll. 1 – 67;<br>Col. 7, ll. 1 – 67;<br>Col. 8, ll. 1 – 67; and<br>Col. 9, ll. 1 – 44.<br><br>'968 Patent File History, including:<br>Notice of Allowance dated June 23, 2005;<br>Office Action Response dated June 6, 2005;<br>Office Action Response dated May 11, 2005;<br>Office Action dated February 9, 2005.<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions. Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of | '968 Patent, Abstract; Figure 1; Figure 2; 1:10-30; 1:37-54; 1:63-2:25; 2:28-67; 3:3-11; 3:21-4:8; 4:14-19; 4:20-32; 4:33-41; 4:42-53; 4:54-5:6; 5:15-30; 5:31-51; 5:52-6:6; 6:7-7:2; 7:11-22; 7:35-8:7; 8:8-16; 8:17-32; 8:33-47; 8:48-9:2; 9:9-11; Claims 1-38.<br><br>U.S. Patent No. 6,772,214<br><br>February 9, 2005 Office Action in Application No. 10/376,215<br><br>May 11, 2005 Response to Office Action in Application No. 10/376,215<br><br>May 16, 2016 Decision Denying Institution of IPR<br><br>Extrinsic Evidence<br>*Finjan, Inc. v. Blue Coat Sys., Inc*., 879 F.3d 1299 (Fed. Cir. 2018)<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc*., No. 13-CV-03999-BLF, 2015 WL 3630000, at *9 (N.D. Cal. June 2, 2015).<br><br>*Finjan, Inc. v. Sonicwall, Inc*., No. 17-cv-04467-BLF (March 26, 2019)<br><br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be "a memory storing [memory for storing] a |

| U.S. Patent No. 6,965,968 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be 'a memory storing [memory for storing] a collection of digital content previously requested and retrieved for a web client.'" | collection of digital content previously requested and retrieved for a web client." |
| **Finjan's Impact Statement** | Under either party's construction the claim is valid and infringed in this case. | |
| **Qualys's Impact Statement** | Qualys believes that there is no infringement under its construction. | |

### III.   U.S. Patent No. 7,418,731

| U.S. Patent No. 7,418,731 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| "incoming files from the internet"<br><br>Claims 1-6 of the '731 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>'731 patent at:<br>Abstract;<br>Figs. 1–3;<br>Claim 1;<br>Col. 1, ll. 25–67;<br>Col. 2, ll. 1–67;<br>Col. 3, ll. 1–67;<br>Col. 4, ll. 1–67;<br>Col. 5, ll. 19–32, 54–67;<br>Col. 6, ll. 1–24, 54-60;<br>Col. 7, ll. 1–67;<br>Col. 8, ll. 1–67;<br>Col. 9, ll. 1–67;<br>Col. 10, ll. 1–51;<br>Col. 11, ll. 14 – 20; | "Internet files requested by an intranet computer"<br><br>Intrinsic Evidence<br>Figs. 1-3; 2:1-3, 2:58-3:20, 5:63-6:16, 9:61-10:47, claims 1, 6, 7<br><br>Response to office actions 7/23/07, 1/4/08<br><br>Extrinsic Evidence<br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be "Internet files requested by an intranet computer." |

| U.S. Patent No. 7,418,731 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | '731 Patent File History.<br><br>U.S. Pat. No. 6,154,844<br>Abstract;<br>Figs. 1–8;<br>Col. 1, ll. 62–67;<br>Col. 2, ll. 1–67;<br>Col. 3, ll. 33–67;<br>Col. 4, ll. 1–64;<br>Col. 5, ll. 14–67;<br>Col. 6, ll. 1–24;<br>Col. 7, ll. 41–67;<br>Col. 8, ll. 1–67;<br>Col. 9, ll. 1–18, ll. 63–67;<br>Col. 10, ll. 1–67;<br>Col. 11, ll. 1–11.<br><br>U.S. Patent No. 6,965,968<br>Abstract;<br>Figs. 1, 2;<br>Col. 1, ll. 10–67;<br>Col. 2, ll. 1–67;<br>Col. 3, ll. 47–67;<br>Col. 4, ll. 1–13;<br>Col. 6, ll. 27–30;<br>Col. 7, ll. 23–67;<br>Col. 8, ll. 1–67;<br>Col. 9, ll. 1–45.<br><br>U.S. Pat. No. 6,092,194<br>Figs. 1-5;<br>Col. 1, ll. 60–67;<br>Col. 2, ll. 1–36, 65 – 67; | |

| U.S. Patent No. 7,418,731 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Col. 3, ll. 1–67;<br>Col. 4, ll. 1–67<br>Col. 5, ll. 1–67;<br>Col. 6, ll. 1–67;<br>Col. 7, ll. 1–67;<br>Col. 8, ll. 1–67;<br>Col. 9, ll. 57–67;<br>Col 10, ll. 1–6.<br><br>U.S. Patent No. 6,167,520<br>Figs. 1–7;<br>Col. 2, ll. 53 – 67;<br>Col. 3, ll. 1–67;<br>Col. 4, ll. 1–67;<br>Col. 5, ll. 1–67;<br>Col. 6, ll. 1–67.<br><br>U.S. Pat. No. 6,480,962<br>Figs. 1–7;<br>Col. 2, ll. 6–40, 61–67;<br>Col. 3, ll. 1–67;<br>Col. 4, ll. 1–67;<br>Col. 5, ll. ll. 1–23;<br>Col. 6, ll. 60–67;<br>Col. 7, ll. 1–7.<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | |

| U.S. Patent No. 7,418,731 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions. Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be 'Internet files requested by an intranet computer.'" | |
| **Finjan's Impact Statement** | Under either party's construction the claim is valid and infringed in this case. | |
| **Qualys's Impact Statement** | Qualys believes that there is no infringement under its construction. | |

## IV.   U.S. Patent No. 8,141,154

| U.S. Patent No. 8,141,154 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| "a content processor"<br><br>Claims 1-3 and 6-8 of the '154 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Abstract;<br>Figs. 1–5;<br>Claims 1 – 12;<br>Col. 2, ll. 64 – 67 (example of software application running on a computer that process Internet content);<br>Col. 3, ll. 1 – 30;<br>Col. 4, ll. 55 – 67;<br>Col. 5, ll. 4 – 25, 26 – 67;<br>Col. 6, ll. 1 – 67;<br>Col. 7, ll. 20 – 31;<br>Col., 10, ll. 15 – 67 (web browser running on a client computer); | "a processor that processes modified content; the content processor is part of the computer being protected from dynamically generated malicious content"<br><br>"process content" should be construed consisted with a "content processor" to process modified content<br><br>Intrinsic Evidence<br> '154 Patent: Abstract; Claims 1, 6; Figs. 1-5; 2:64-67; 3:1-67; 4:15-26; 4:35-54; 4:55-67; 5:1-67; 6:1-67; 7:1-67; 8:38-67; 9:1-11:4; 11:5-67; 12:1-67; 13:1-67; 14:1-67; 15:1-67; 16:1-67; 17:1-29.<br><br>June 28, 2011 Non-Final Rejection;<br>October 5, 2011 Amendment and Response to Office Action; |

| U.S. Patent No. 8,141,154 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Col. 11, ll. 1–67;<br>Col. 12, ll. 7–67;<br>Col. 13, ll. 1–67;<br>Col. 14, ll. 1–67;<br>Col. 15, ll. 1–67;<br>Col. 16, ll. 1–67;<br>Col. 17, ll. 1–29.<br><br>'154 Patent File History, including:<br>June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance.<br><br>*Symantec Corp. v. Finjan, Inc.*, IPR2015-01547, including Petition to Institute IPR (Paper No. 1), Davidson Declaration (Ex. 1010), Decision Denying Institution (Paper No. 9).<br><br>*Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2015-01979; *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00151; IPR2016-00919; IPR2016-01071.<br><br>Extrinsic Evidence<br><br>March 2, 2015 Claim Construction Order –*Finjan, Inc. v. Sophos, Inc.*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc., et al.,* Case No. 3:13-cv-05808-HSG (N.D. Cal.). | December 22, 2011 Notice of Allowance.<br><br>IPR2015-01979, Record of Oral Hearing (Paper No. 60), at 61:12- 18; 67:17-23; 68:23-69:2; 71:16- 23; Paper 62; Paper 22.<br>IPR2016-00151, Final Written Decision (Paper No. 51), at pp. 17-18; Ex. 1002 (Rubin declaration).<br><br>Extrinsic Evidence<br>*Finjan, Inc. v. Rapid7, Inc.*, Civ. No. 1:18-cv-1519-MN, Dkt. No. 76 (D. Del. Oct. 25, 2019) (joint claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 170 (N.D. Cal. Feb. 10, 2017) (claim construction order).<br><br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 72 (N.D. Cal. April 20, 2015) (Finjan's claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 74 (N.D. Cal. May 4, 2015) (Symantec's responsive claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 77 (N.D. Cal. May 11, 2015) (Finjan's reply claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.*, Civ. No. 4:14-cv-02998-HSG, Dkt. No. 72-1 (N.D. Cal. April 20, 2015) (Declaration of Dr. Nenad Medvidovic). |

| U.S. Patent No. 8,141,154 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.,* Case No. 3:14- cv-02998-HSG (N.D. Cal.)<br><br>March 14, 2017 Order re Post-trial Motions in *Finjan, Inc. v. Sophos, Inc.*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>February 14, 2019 Claim Construction Order – *Finjan, Inc. v. Bitdefender, Inc.* Case No. 17-cv-04790-HSG (N.D. Cal.).<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | *Finjan, Inc. v. Symantec Corp*., Civ. No. 4:14-cv-02998-HSG, Dkt. No. 74-1 (N.D. Cal. May 4, 2015) (Declaration of Dr. Richard Ford).<br><br>*Finjan, Inc. v. Juniper Networks, Inc*., Civ. No. 3:17-cv-05659-WHA, Dkt. No. 491 (N.D. Cal. May 29, 2019) (order on second round of early motions for summary judgment).<br><br>*Finjan, Inc. v. Juniper Networks, Inc*., Civ. No. 3:17-cv-05659-WHA, Dkt. No. 415 (N.D. Cal. April 5, 2019) (Finjan's reply brief for its motion for early summary judgment).<br><br>*Finjan, Inc. v. Juniper Networks, Inc*., Civ. No. 3:17-cv-05659-WHA, Dkt. No. 390 (N.D. Cal. March 14, 2019) (Juniper's responsive brief to Finjan's motion for early summary judgment).<br><br>*Finjan, Inc. v. Juniper Networks, Inc*., Civ. No. 3:17-cv-05659-WHA, Dkt. No. 369 (N.D. Cal. Feb. 14, 2019) (Finjan's second motion for early summary judgment).<br><br>*Finjan, Inc. v. Juniper Networks, Inc*., Civ. No. 3:17-cv-05659-WHA, Dkt. No. 187 (N.D. Cal. Aug. 27, 2018) (Finjan's reply claim construction brief).<br><br>*Finjan, Inc. v. Juniper Networks, Inc*., Civ. No. 3:17-cv-05659-WHA, Dkt. No. 182 (N.D. Cal. Aug. 20, 2018) (Juniper's responsive claim construction brief). |

| U.S. Patent No. 8,141,154 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | | *Finjan, Inc. v. Juniper Networks, Inc.*, Civ. No. 3:17-cv-05659-WHA, Dkt. No. 176 (N.D. Cal. Aug. 6, 2018) (Finjan's opening claim construction brief).<br><br>*Finjan, Inc. v. Proofpoint, Inc.*, Civ. No. 4:13-cv-5808-HSG, Dkt. No. 267 (N.D. Cal. Dec. 3, 2015) (claim construction order).<br><br>Barron's Business Guides Dictionary of Computer and Internet Terms, Eighth Edition at 212. |
| **Finjan's Impact Statement** | Under either party's construction the claim is valid and infringed in this case. | |
| **Qualys's Impact Statement** | Qualys believes that there is no infringement under its construction. | |
| "receiver"<br><br>Claims 1-3 and 6-9 of the '154 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Abstract;<br>Figs. 1–5;<br>Claims 1 – 12;<br>Col. 2, ll. 54 – 67;<br>Col. 3, ll. 1 – 30;<br>Col. 4, ll. 55 – 60<br>Col. 5, ll. 4 – 25, 26 – 67;<br>Col. 6, ll. 1 – 67;<br>Col. 7, ll. 20 – 31, 51-65;<br>Col. 8, ll. 41-60;<br>Col., 10, ll. 15 – 67;<br>Col. 11, ll. 41 – 67;<br>Col. 12, ll. ll. 1–67;<br>Col. 15, ll. 14 – 64.<br><br>'154 Patent File History, including: | This term is governed by 35 U.S.C. § 112(6) without corresponding structure.<br><br>Intrinsic Evidence<br>'154 Patent: Figs. 2-5; 6:60-65, 8:54-60, 15:26-29; claims 1-3<br><br>'968 Patent: Figs 1-2; 1:10-23; 2:29-37; 3:31-46; 3:62-4:8; 7:35-56; 8:17-47; claims 1, 6, 7, 14, 15.<br><br>'494 Patent: Abstract; Figs 1a-12b; 3:3-4:4; 4:15-41; 6:7-20; 7:30-8:4; 9:21-10:19; 11:65-12:47; 13:49-14:28; 14:55-15:64; 17:30-47; 18:56-20:31; 20:13-29; 20:64-21:3; claims 1, 10<br><br>Extrinsic Evidence<br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective |

| U.S. Patent No. 8,141,154 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance.<br><br>*Symantec Corp. v. Finjan, Inc*., IPR2015-01547, including Petition to Institute IPR (Paper No. 1), Davidson Declaration (Ex. 1010), Decision Denying Institution (Paper No. 9).<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions. Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term 'receiver.'" | patents' specifications, would not be able to identify corresponding structure for the term "receiver." |
| **Finjan's Impact Statement** | Under either party's construction the claim is infringed in this case.  Finjan disputes Qualys's claim that this term is indefinite. | |
| **Qualys's Impact Statement** | Qualys believes that the term is indefinite and thus invalid. | |
| "transmitter"<br><br>Claims 1-3 and 6-9 of the '154 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Abstract; | This term is governed by 35 U.S.C. § 112(6) without corresponding structure.<br><br>Intrinsic Evidence<br>'154 Patent: Figs. 2-5; 6:60-65, 8:54-60, 15:26-29; claims 1-3 |

| U.S. Patent No. 8,141,154 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Figs. 1–5;<br>Claims 1 – 12;<br>Col. 2, ll. 54 – 67;<br>Col. 3, ll. 1 – 30;<br>Col. 4, ll. 55 – 60<br>Col. 5, ll. 4 – 25, 26 – 67;<br>Col. 6, ll. 1 – 67;<br>Col. 7, ll. 20 – 31, 51-65;<br>Col. 8, ll. 41-60;<br>Col., 10, ll. 15 – 67;<br>Col. 11, ll. 41 – 67;<br>Col. 12, ll. ll. 1–67;<br>Col. 15, ll. 14 – 64.<br><br>'154 Patent File History, including:<br>June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance.<br><br>*Symantec Corp. v. Finjan, Inc*., IPR2015-01547, including Petition to Institute IPR (Paper No. 1), Davidson Declaration (Ex. 1010), Decision Denying Institution (Paper No. 9).<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | '968 Patent: Figs 1-2; 1:1-23; 3:41-61; 5:39-51; claims 1, 6, 7, 14, 15<br><br>Extrinsic Evidence<br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term "transmitter." |

| U.S. Patent No. 8,141,154 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions. Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term 'transmitter.'" | |
| **Finjan's Impact Statement** | Under either party's construction the claim is infringed in this case.  Finjan disputes Qualys's claim that this term is indefinite. | |
| **Qualys's Impact Statement** | Qualys believes that the term is indefinite and thus invalid. | |
| "security computer" | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Abstract;<br>Figs. 1–5;<br>Claims 1, 2, 3, 4, 6, 7, 9, 11;<br>Col. 1:5-3:13;<br>Col. 3, ll. 30-38-67;<br>Col. 4, ll. 1-26, 30-55;<br>Col. 5, ll. 4-67;<br>Col. 6, ll. 1-67;<br>Col. 7, ll. 1-50;<br>Col. 8:10-67;<br>Col. 9, ll. 1-67;<br>Col. 10, ll. 1-67;<br>Col. 11, ll. 1-67;<br>Col. 12, ll. 1-67;<br>Col. 13, ll. 1-3, 8-67;<br>Col. 14, ll. 1-67;<br>Col. 15, ll. 1-67;<br>Col. 16, ll. 1-67; | "a computer that determines whether the content received by the content processor is malicious"<br><br>Intrinsic Evidence<br>Figs. 2, 3, 1:7-9, 4:35-43, 4:46-5:3, 5:4-25, 5:38-52, 6:13-24-26, 7:12-19, 7:25-31, 8:45-47, 8:51-60, 8:63-66, 9:36-37, 9:55-10:4, Table I, Table III, 10:62-66, 11:5-15, 12:11-24, 12:48-13:3, 13:8-20, 13:29-46, 14:4-15:13, Asserted '154 Claims;<br><br>Extrinsic Evidence<br>*Palo Alto Networks v. Finjan* (Fed. Cir. 2017)<br>*Juniper II*, 387 F.Supp.3d at 1011-1013<br><br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be "a computer that determines whether the content received by the content processor is malicious." |

| U.S. Patent No. 8,141,154 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Col. 17, ll. 1-30;<br>Table I, Table II, Table III.<br><br>'154 Patent File History including: Application No. 12/814,584; Office Action – Non-Final Rejection mailed June 28, 2011; Amendment and Response to Office Action made October 5, 2011; Notice of Allowance mailed December 22, 2011; and Amendment and Applicant Arguments/Remarks Made in an Amendment made October 16, 2013.<br><br>Extrinsic Evidence<br><br>February 14, 2019 Claim Construction Order – *Finjan, Inc. v. Bitdefender, Inc.* Case No. 17-cv-04790-HSG.<br><br>December 3, 2015 Claim Construction Order –*Finjan, Inc. v. Proofpoint, Inc., et al.*, Case No. 13-cv-05808-HSG.<br><br>February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Inc.*, Civ. No. 3:14-cv-02998-HSG.<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions. Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority date of this patent, would | |

| U.S. Patent No. 8,141,154 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | understand the plain and ordinary meaning of this term in the context of this patent to be 'a computer that determines whether the content received by the content processor is malicious.'" | |
| **Finjan's Impact Statement** | Under either party's construction the claim is valid and infringed in this case. | |
| **Qualys's Impact Statement** | Qualys believes there is no infringement under its construction. | |

## V.     U.S. Patent No. 8,225,408

| U.S. Patent No. 8,225,408 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| "instantiating, by the computer, a scanner for the specific programming language"<br><br>Claims 1-8 of the '408 Patent. | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>Title;<br>Abstract;<br>Figs. 1, 2, 5, 6, 7;<br>Claims 1, 8, 9, 22;<br>Col. 1, ll. 65 – 67;<br>Col. 2, ll. 1 – 65;<br>Col. 3, ll. 22 – 45, 59 – 66;<br>Col. 4, ll. 53 – 62;<br>Col. 5, ll. 10 – 42; 55 – 67;<br>Col. 6, ll. 1 – 3, 14 – 59;<br>Col. 7, ll. 28 – 44;<br>Col. 8, ll. 59 – 67;<br>Col. 9, ll. 7 – 18; and<br>Col. 15, ll. 1 – 4; 14 – 67.<br><br>'408 Patent File History including: Office Action – Application No. 10/930,884; Non-Final Rejection mailed | "substituting specific data, instructions, or both into a scanner to make it usable for scanning the specific programming language"<br><br>Intrinsic Evidence<br> '408 Patent: Abstract; Claims 1, 8, 9, 22; Figs. 1, 2, 5, 6, 7; 1:59-2:65; 3:22-45; 3:59-66; 4:53-62; 5:10-42; 5:55-67; 6:1-3; 6:14-59; 7:28-44; 8:7-12; 8:59-67; 9:7-18; 15:1-4; 15: 14-67.<br><br>Office Action – Application No. 10/930,884;<br><br>Non-Final Rejection mailed July 22, 2008; Amendment and Response to Office Action made on November 4, 2008;<br><br>Office Action – Non-Final Rejection mailed January 21, 2009;<br><br>Amendment and Response to Office Action made on April 3,2009; |

| U.S. Patent No. 8,225,408 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | July 22, 2008; Amendment and Response to Office Action made on November 4, 2008; Office Action – Non-Final Rejection mailed January 21, 2009; Amendment and Response to Office Action made on April 3, 2009; Office Action – Final Rejection mailed on July 29, 2009; Response to Final Office Action made on September 23, 2009; Advisory Action mailed on October 13, 2009; Request for Continued Examination made on October 29, 2009; Office Action – Non-Final Rejection mailed on November 10, 2009; Response to Office Action made on February 12, 2010; Office Action – Final Rejection mailed on May 27, 2010; Response to Final Office Action made on August 26, 2010; Advisory Action mailed on September 7, 2010; Submission with Request for Continued Examination Including Response to Office Action made on September 15, 2010; Office Action – Non-Final Rejection mailed on October 7, 2010; Response to Office Action made on November 7, 2010; Office Action – Non-Final Rejection mailed on January 21, 2011; Response to Office Action made on April 13, 2011; Office Action – Final Rejection mailed June 16, 2011; Response to Final Office Action made on July 19, 2011; Advisory Action mailed on July 29, 2011; Submission with Request for Continued Examination & Response to Office Action made on September 13, 2011; Office Action – Non-Final Rejection mailed on October 11, 2011; Response to Office Action made on February 13, 2012; Notice of Allowance, Examiner's Amendment mailed on March 14, 2012 and any relevant IPR or re-examination proceedings. | Office Action – Final Rejection mailed on July 29, 2009; <br><br> Response to Final Office Action made on September 23, 2009; <br><br> Advisory Action mailed on October 13, 2009; <br><br> Request for Continued Examination made on October 29, 2009; <br><br> Office Action – Non-Final Rejection mailed on November 10, 2009; Response to Office Action made on February 12, 2010; <br><br> Office Action – Final Rejection mailed on May 27, 2010; <br><br> Response to Final Office Action made on August 26, 2010; <br><br> Advisory Action mailed on September 7, 2010; <br><br> Submission with Request for Continued Examination Including Response to Office Action made on September 15, 2010; <br><br> Office Action – Non-Final Rejection mailed on October 7, 2010; <br><br> Response to Office Action made on November 7, 2010; |

| U.S. Patent No. 8,225,408 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2015-02001, IPR2016-00157, including Final Written Decision, Paper No. 41.<br><br>*Blue Coat Systems, Inc. v. Finjan, Inc.*, IPR2016-01441, including: Petitioner for IPR, Paper No. 1; Bestavros Decl. (Ex. 1002); PTAB Decision Denying Institution of Inter Partes Review, Paper No. 14.<br><br>*FireEye, Inc. v. Finjan, Inc.*, IPR2017-00157, including: Petition for IPR, Paper No. 1; Bestavros Declaration (Ex. 1002);<br>PTAB Decision Denying Institution of Inter Partes Review, Paper No. 9.<br>August 12, 2016, Joint Claim Construction and Pre-Hearing Statement Pursuant to Patent Local Rule 4-3, *Finjan, Inc. v. Blue Coat Systems LLC*, Civ. No. 15-cv-03295-BLF-SVK.<br>January 31, 2017 Claim Construction Order – *Finjan, Inc. v. Blue Coat Systems LLC*, Civ. No. 15-cv-03295-BLF-SVK.<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | Office Action – Non-Final Rejection mailed on January 21, 2011;<br><br>Response to Office Action made on April 13, 2011;<br><br>Office Action – Final Rejection mailed June 16, 2011;<br><br>Response to Final Office Action made on July 19, 2011;<br><br>Advisory Action mailed on July 29, 2011;<br><br>Submission with Request for Continued Examination & Response to Office Action made on September 13, 2011;<br><br>Office Action – Non-Final Rejection mailed on October 11, 2011;<br><br>Response to Office Action made on February 13, 2012;<br><br>Notice of Allowance, Examiner's Amendment mailed on March 14, 2012.<br><br>Extrinsic Evidence<br>*Palo Alto Networks, Inc. v. Finjan, Inc*., IPR2015-02001, IPR2016-00157, including Institution Decision (Papers 7 and 10) and Final Written Decision, Paper No. 41.<br><br>*Blue Coat Systems, Inc. v. Finjan, Inc*., IPR2016-01441, including: Petitioner for IPR, Paper No. 1; Bestavros Decl. (Ex. 1002); PTAB Decision Denying Institution of Inter Partes Review, Paper No. 14. |

| U.S. Patent No. 8,225,408 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | | *FireEye, Inc. v. Finjan, Inc.*, IPR2017- 00157, including: Petition for IPR, Paper No. 1; Bestavros Declaration (Ex. 1002); PTAB Decision Denying Institution of Inter Partes Review, Paper No. 9.<br><br>*Finjan, Inc. v. Blue Coat Systems LLC*, Civ. No. 15-cv-03295-BLF-SVK, Dkt. No. 79 (N.D. Cal. Aug. 12, 2016) (joint claim construction and pre-hearing statement).<br><br>*Finjan, Inc. v. Blue Coat Systems LLC*, Civ. No. 15-cv-03295-BLF-SVK, Dkt. No. 179 (N.D. Cal. Jan. 31, 2017) (claim construction order).<br><br>*Finjan, Inc. v. Rapid7, Inc.*, Civ. No. 1:18-cv-1519-MN, Dkt. No. 76 (D. Del. Oct. 25, 2019) (joint claim construction brief).<br><br>*Finjan, Inc. v. SonicWall, Inc.*, Civ. No. 5:17-cv-4497-BLF, Dkt. No. 132 (N.D. Cal. March 26, 2019) (claim construction order).<br><br>*Finjan, Inc. v. SonicWall, Inc.*, Civ. No. 5:17-cv-4497-BLF, Dkt. No. 109 (N.D. Cal. Dec. 21, 2018) (SonicWall's responsive claim construction brief).<br><br>IEEE Standard Dictionary of Electrical and Electronic Terms, Sixth Edition (IEEE 1996) "instantiation (software)" |
| **Finjan's Impact Statement** | Under either party's construction the claim is valid and infringed in this case. | |
| **Qualys's Impact Statement** | Qualys believes there is no infringement under its construction. | |

## VI.    U.S. Patent No. 8,677,494

| U.S. Patent No. 8,677,494 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| "receiver"<br><br>Claim 10 of the '494 Patent. | No construction necessary – Plain and ordinary meaning.<br><br>Intrinsic Evidence<br><br>'494 Patent at:<br>Abstract;<br>Figs. 1-12,<br>Col. 3, ll. 3-67;<br>Col. 4, ll. 1-67;<br>Col. 5, ll. 60-67;<br>Col. 6, ll. 7-67;<br>Col. 7, ll. 30-67;<br>Col. 8, ll. 5-24;<br>Col. 9, ll. 20-67;<br>Col. 10, ll. 5-19;<br>Col. 12, ll. 1-47;<br>Col. 14, ll. 5-28;<br>Col. 15, ll. 14-67;<br>Col. 19, ll. 16-31.<br><br>U.S. Patent No. 8,079,086 at:<br>Title;<br>Abstract;<br>Figs. 1-12 (see Figs. 1b, 1c, 3, 4, and 9)<br>Claims 1-42.<br>Col. 1, ll. 40–67;<br>Col. 2, ll. 2-26, 30-67 ("'network servers' (e.g., firewalls, resources, gateways, email relays or other devices/processes that are capable of receiving-and-transferring a | This term is governed by 35 U.S.C. § 112(6) without corresponding structure.<br><br>Intrinsic Evidence<br>'154 Patent: Figs. 2-5;  6:60-65, 8:54-60, 15:26-29; claims 1-3<br>'968 Patent: Figs 1-2; 1:10-23; 2:29-37; 3:31-46; 3:62-4:8; 7:35-56; 8:17-47; claims 1, 6, 7, 14, 15.<br>'494 Patent: Abstract;  Figs 1a-12b;  3:3-4:4;  4:15-41; 6:7-20;  7:30-8:4;  9:21-10:19;  11:65-12:47;  13:49-14:28;  14:55-15:64;  17:30-47;  18:56-20:31;  20:13-29; 20:64-21:3; claims 1, 10<br><br>Extrinsic Evidence<br><br>Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term "receiver." |

| U.S. Patent No. 8,677,494 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Downloadable)); Col. 3, ll. 1-67; Col. 4, ll. 1-52; Col. 5, ll. 45–67; Col. 6, ll. 1-67; Col. 7, ll. 1-67; Col. 8, ll. 1-3; Col. 9, ll. 1-67; Col. 10, ll. 1-67; Col. 11, ll. 1-67; Col. 12, ll. 1-67; Col. 13, ll. 1-67; Col. 14, ll. 1-67; Col. 15, ll. 1-41; Col. 17, ll. 21-34; Col. 18, ll. 32-45, 61-67; Col. 19, ll. 1-24.<br><br>U.S. Pat. No. 6,804,780 at: Abstract; Figs. 1– 8; Col. 5, ll. 45–67; Col. 6, ll. 1-36.<br><br>U.S. Pat. No. 6,092,194 at: Abstract; Figs. 1-7, Col. 6, ll. 5-19 Col. 9, ll. 65-67; Col. 10, ll. 10:1.<br><br>U.S. Provisional 60/030,639, Abstract, pages 10-13, Figs. 1-7. | |

| U.S. Patent No. 8,677,494 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | File History of the '494, '194, '086, and '780 Patents.<br><br>*Symantec Corp. v. Finjan, Inc.*, February 26, 2016 Decision Denying Institution of Inter Partes Review – IPR2015-01895, Paper No. 7.<br><br>*Blue Coat Sys. Inc. v. Finjan, Inc.*, February 16, 2017 Decision Denying Institution of Inter Partes Review –IPR2016-01444, Paper No. 9.<br><br>*Palo Alto Networks v. Finjan, Inc.*, February 9, 2016 Decision Denying Institution of Inter Partes Review – IPR2016-00145, Paper No. 9.<br><br>*Sophos Inc. v. Finjan, Inc.*, September 24, 2015 Decision Denying Institution of Inter Partes Review –IPR2015-00907, Paper No. 8.<br><br>Control No. 90/013,015<br>Control No. 90/013,147<br>Control No. 90/013,654.<br><br>Extrinsic Evidence<br><br>February 14, 2019 Claim Construction Order – *Finjan, Inc. v. Bitdefender, Inc.* Case No. 17-cv-04790-HSG.<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | |

| U.S. Patent No. 8,677,494 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **Qualys's Proposed Construction** |
| | Finjan will offer rebuttal expert testimony for every term for which Qualys offers an expert opinion.  Here, Finjan will offer expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term 'receiver.'" | |
| **Finjan's Impact Statement** | Under either party's construction the claim is infringed in this case.  Finjan disputes Qualys's claim that this term is indefinite. | |
| **Qualys's Impact Statement** | Under Qualys's construction, the claim term is indefinite and thus the claim is invalid. | |