# EXHIBIT J

**Mays, Christopher**

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Friday, January 31, 2020 6:54 AM |
| **To:** | Mays, Christopher |
| **Cc:** | Manes, Austin; Poplawski, Edward; Desai, Neil; Kim, Olivia; Tong, Christina; Cheng, Stephanie; Andre, Paul; Kobialka, Lisa; Hannah, James; Williams, Daniel; Lien, Hien; Gordnia, Talin; Smith, Ryan |
| **Subject:** | RE: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction |

Chris,

That link discloses a single sentence: "Trend Micro partners with Qualys to help customers identify common vulnerabilities they have exposure to and automatically map the security controls required to help alleviate the gaps."

If you can provide information about this relationship (which already should have been produced in discovery), Finjan will consider it.

Regards,
Aaron



Aaron M. Frankel
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.7793  **F** 212.715.8363

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

---

**From:** Mays, Christopher <cmays@wsgr.com>
**Sent:** Friday, January 31, 2020 9:47 AM
**To:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>
**Cc:** Manes, Austin <AManes@KRAMERLEVIN.com>; Poplawski, Edward <epoplawski@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Kim, Olivia <okim@wsgr.com>; Tong, Christina <ctong@wsgr.com>; Cheng, Stephanie <stephanie.cheng@wsgr.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Hannah, James <JHannah@KRAMERLEVIN.com>; Williams, Daniel <DDWilliams@KRAMERLEVIN.com>; Lien, Hien <HLien@KRAMERLEVIN.com>; Gordnia, Talin <tgordnia@wsgr.com>; Smith, Ryan <rsmith@wsgr.com>
**Subject:** Re: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction

Aaron,

1

Thanks for the message.  We understand Finjan will oppose our motion.

As an aside, it is incorrect for you to suggest that Finjan is unaware of the partnership between Qualys and Trend Micro.  As we informed you months ago, the companies' partnership is public and acknowledged by Trend Micro itself.  See https://www.trendmicro.com/en_us/partners/explore-alliance-partners/qualys.html (sent to you several months ago).

Best,

Chris

> On Jan 31, 2020, at 6:19 AM, Frankel, Aaron <AFrankel@kramerlevin.com> wrote:
>
> Chris,
>
> In the absence of a license agreement between Qualys and Trend Micro and in the absence of evidence that Qualys fits within the limited Company Partner definition, Finjan does not consent to the proposed amendment as to a license or implied license defense.  If Qualys provides documents (which already should have been produced in discovery) proving the relationship, Finjan will of course consider them.  Otherwise Finjan does not know how Qualys obtained any source code that it claims is Trend Micro's code.
>
> Finjan also does not agree to the proposed res judicata/collateral estoppel defense which is completely open-ended.  Please let us know if Qualys will limit the scope of that defense to the impact of the Federal Circuit's 2019 decision on the reexamination of the '305 Patent.
>
> Regards,
> Aaron
>
>
>
> Aaron M. Frankel
> Partner
>
> Kramer Levin Naftalis & Frankel LLP
> 1177 Avenue of the Americas, New York, New York 10036
> **T** 212.715.7793   **F** 212.715.8363
>
> This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.
>
> ---
>
> **From:** Mays, Christopher <cmays@wsgr.com>
> **Sent:** Wednesday, January 29, 2020 11:46 AM
> **To:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>; Manes, Austin <AManes@KRAMERLEVIN.com>
> **Cc:** Poplawski, Edward <epoplawski@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Kim, Olivia <okim@wsgr.com>; Tong, Christina <ctong@wsgr.com>; Cheng, Stephanie

<stephanie.cheng@wsgr.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Hannah, James <JHannah@KRAMERLEVIN.com>; Williams, Daniel <DDWilliams@KRAMERLEVIN.com>; Lien, Hien <HLien@KRAMERLEVIN.com>; Gordnia, Talin <tgordnia@wsgr.com>; Smith, Ryan <rsmith@wsgr.com>
**Subject:** RE: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction

Dear Aaron:

Our *res judicata* / collateral estoppel defense includes, but is not necessarily limited to, the Federal Circuit's 2019 decision on the '305 Patent. For example, the Federal Circuit's forthcoming decision on the construction of "content processor" may provide another basis for collateral estoppel. Other factual bases for this defense may also arise from other co-pending cases further along than this case.

Regarding the Trend Micro issue, we currently understand our production to contain all relevant source code files for Qualys's use of the licensed Trend Micro Antivirus software. We, of course, reserve the right to revise our position and supplement our production if we discover at a later time that additional code is relevant. As to any license agreement between Qualys and Trend Micro, we are continuing our search and, to the extent we can locate such an agreement, will produce it. However, we feel that the source code we already produced is sufficient to show our use of licensed Trend Micro software for the purposes of amending our Answer.

Accordingly, please respond by close of business on Thursday, January 30 if Finjan will revise its position and consent to our motion seeking leave to amend our Answer.

Best,

Chris

---

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Friday, January 24, 2020 8:27 PM
**To:** Mays, Christopher; Manes, Austin
**Cc:** Poplawski, Edward; Desai, Neil; Kim, Olivia; Tong, Christina; Cheng, Stephanie; Andre, Paul; Kobialka, Lisa; Hannah, James; Williams, Daniel; Lien, Hien; Gordnia, Talin; Smith, Ryan
**Subject:** RE: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction

Chris,

Finjan does not agree to postpone claim construction in this case.

Please clarify if Qualys is seeking Finjan's agreement to file an amendment to the answer limited to res judicata/collateral estoppel based exclusively on the September 2019 Federal Circuit decision or if the scope of Qualys' proposed amendment goes beyond the alleged impact of that Federal Circuit decision.

Finjan will not, at this time, revise its position on the dates it provided notice of infringement to Qualys.

As to the Trend Micro issue, we will review the source code that Qualys provided. Is that the full extent of the source code of the accused products that Qualys contends originated with Trend Micro? Has Qualys been able to locate a license agreement between it and Trend Micro?

3

Regards,
Aaron


**Aaron M. Frankel**
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.7793   **F** 212.715.8363

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Mays, Christopher <cmays@wsgr.com>
**Sent:** Thursday, January 23, 2020 8:45 AM
**To:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>; Manes, Austin <AManes@KRAMERLEVIN.com>
**Cc:** Poplawski, Edward <epoplawski@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Kim, Olivia <okim@wsgr.com>; Tong, Christina <ctong@wsgr.com>; Cheng, Stephanie <stephanie.cheng@wsgr.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Hannah, James <JHannah@KRAMERLEVIN.com>; Williams, Daniel <DDWilliams@KRAMERLEVIN.com>; Lien, Hien <HLien@KRAMERLEVIN.com>; Gordnia, Talin <tgordnia@wsgr.com>; Smith, Ryan <rsmith@wsgr.com>
**Subject:** RE: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction


Dear Aaron:

Thanks for getting back to me.  I believe we were also waiting on a response from your side on a couple other items raised on our meet and confer:

- The timing of the claim construction schedule given the pending Federal Circuit dispute regarding the construction of the term "content processor."  In light of that pending appeal as well as Judge Gilliam's order yesterday in the *Bitdefender* case regarding further claim construction briefing for this term, we feel it would best serve the parties' and judicial resources (as well as the interests of comity) to stay claim construction in this case until these other courts have weighed in on and/or resolved the issue.  Please let us know Finjan's position on this.

- Whether Finjan will stipulate to the proposed amendment regarding res judicata and/or collateral estoppel as to the remaining asserted claims of the '305 patent in view of the Federal Circuit's affirmance of the *ex parte* reexamination.

- Whether Finjan will revise its position on the dates it contends it provided notice of infringement to Qualys for the respective patents and accused products.

Also, as to your email below regarding our proposed amended Answer, we disagree with Finjan's position:

4

**Qualys' Proposed Amendments Are Timely**.  The subject matter of our proposed new affirmative defenses was not known (or knowable) to Qualys before the agreed-upon June 7, 2019, deadline to amend pleadings.  Once Qualys became aware of this issue, it acted diligently in raising the issue with Finjan and in seeking an amendment.  Any delay in our ability to raise this issue earlier falls on Finjan's shoulders, not Qualys.  For example:

- Finjan was required under the Patent Local Rules to produce the Trend Micro license with its infringement contentions on April 19, 2019, but delayed producing it until September 3, 2019 – over four months late.

- We initiated meet and confer efforts with Finjan to informally resolve this issue almost immediately after the significance of this license to an exhaustion defense became known to us.  As I noted in previous correspondence, on November 4 Finjan requested production of specific source code files that appeared to relate to Trend Micro's software and apprised us that Finjan appears to be accusing Trend Micro's software of infringement.  We raised this issue with you on November 8, four days later.

We do not see how a time period of less than three months under these circumstances constitutes untimeliness, particularly since we have used that time to respond to and comply with Finjan's request to identify and produce further documents on this issue.

**Finjan's Demands for Documents**.  As you know, the alleged failure to provide all discovery relating to the affirmative defense is not a valid basis for refusing to stipulate to the proposed amended Answer.  As I indicated on our January 9 meet and confer, once Finjan requested that we search for and identify relevant technical documents, we immediately began such a search and reported back that Qualys's use of Trend Micro's licensed software can be located in our source code repository (to which Finjan has had access for several months).  At the time I noted that at a minimum a keyword search for "Trend Micro" in Qualys' source code repository could locate the relevant files.  In any event, we continued searching and yesterday produced several source code and other technical files showing Qualys's use of Trend Micro's software.

**Scope of Finjan's Trend Micro License**.  We disagree that Qualys was excluded from any license.  As indicated below, Qualys is protected by the express terms of the license as well as patent exhaustion.  For example:

- Section 3.5(a) of the Trend Micro agreement states that the "Excluded Entities" that qualify as "Company Partners" (i.e. Qualys) have the right to use Trend Micro's licensed software.  *See* FINJAN-QUALYS 044296 at § 3.5(a) ("an Excluded Entity that is a Company Partner [Qualys] **will have the rights** specifically stated in clause (c) below.").  And under §3.5(c), "[t]he license granted under Section 3.2 will **include the right of Company Partners to use** . . . **all Licensed Products** made available or offered by Company or its Licensed Affiliates worldwide, under any brand, including the Company's brand or another Person's brand." (emphasis added); *see also* FINJAN-QUALYS 044291 (defining "Company Partners" to include persons that "use" the Licensed Products).

- In addition to granting a patent license, Finjan also granted a covenant not to sue as to all "Company Partners" (i.e. Qualys) by the express terms of this agreement.  *See* FINJAN-QUALYS 044296 at § 3.5(b) ("***Finjan may not assert a Claim against*** . . . Company Partners [Qualys] that the combined product infringes the Finjan Patent Rights…").  This provision does not carve-out "Excluded Entities."

5

- In any event, Finjan's patent rights exhausted when it granted a license to Trend Micro's software.  *See Impression Products, Inc. v. Lexmark International, Inc.,* 137 S.Ct. 1523, 198 L.Ed.2d 1 (2017).

In light of the above, please advise if Finjan will agree to our amended Answer, and please respond on the other points noted above.

Best,

Chris

Christopher D. Mays | WSGR | 650.849.3088 | cmays@wsgr.com

**From:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>
**Sent:** Monday, January 20, 2020 7:21 PM
**To:** Mays, Christopher <cmays@wsgr.com>; Manes, Austin <AManes@KRAMERLEVIN.com>
**Cc:** Poplawski, Edward <epoplawski@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Kim, Olivia <okim@wsgr.com>; Tong, Christina <ctong@wsgr.com>; Cheng, Stephanie <stephanie.cheng@wsgr.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Hannah, James <JHannah@KRAMERLEVIN.com>; Williams, Daniel <DDWilliams@KRAMERLEVIN.com>; Lien, Hien <HLien@KRAMERLEVIN.com>; Gordnia, Talin <tgordnia@wsgr.com>; Smith, Ryan <rsmith@wsgr.com>
**Subject:** RE: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction

Chris,

Further to our meet and confer, Finjan does not consent to Qualys' proposed Second Amended Answer.

As we discussed during our meet and confer, Qualys did not timely pursue these amendments.  Moreover, Finjan has previously requested that Qualys provide a copy of any license agreement it has with TrendMicro and also requested that Qualys specifically identify the portions of the source code it contends are licensed by TrendMicro.  Qualys has not done so.  Finally, we note that TrendMicro's agreement with Finjan specifically excludes Qualys from any license.

Regards,
Aaron


Aaron M. Frankel
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.7793   **F** 212.715.8363

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Friday, January 10, 2020 2:01 PM
**To:** Mays, Christopher <cmays@wsgr.com>; Manes, Austin <AManes@KRAMERLEVIN.com>
**Cc:** Poplawski, Edward <epoplawski@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Kim, Olivia <okim@wsgr.com>; Tong, Christina <ctong@wsgr.com>; Cheng, Stephanie <stephanie.cheng@wsgr.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Hannah, James <JHannah@KRAMERLEVIN.com>; Williams, Daniel <DDWilliams@KRAMERLEVIN.com>; Lien, Hien <HLien@KRAMERLEVIN.com>; Gordnia, Talin <tgordnia@wsgr.com>; Smith, Ryan <rsmith@wsgr.com>
**Subject:** RE: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction

Counsel:

Please use this dial-in for the meet and confer

Primary Access Number:
   tel://1-719-325-2765
Guest Passcode:
   867 987 0893

Regards,
Aaron

**From:** Mays, Christopher <cmays@wsgr.com>
**Sent:** Wednesday, January 8, 2020 7:15 PM
**To:** Manes, Austin <AManes@KRAMERLEVIN.com>
**Cc:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>; Poplawski, Edward <epoplawski@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Kim, Olivia <okim@wsgr.com>; Tong, Christina <ctong@wsgr.com>; Cheng, Stephanie <stephanie.cheng@wsgr.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Hannah, James <JHannah@KRAMERLEVIN.com>; Williams, Daniel <DDWilliams@KRAMERLEVIN.com>; Lien, Hien <HLien@KRAMERLEVIN.com>; Gordnia, Talin <tgordnia@wsgr.com>; Smith, Ryan <rsmith@wsgr.com>
**Subject:** RE: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction

Dear Austin:

Always happy to meet and confer.  In addition to the issue you raise below, however, Qualys would like to meet and confer on the following:

- Finalization and filing of the parties' stipulation regarding marking (see attached proposed redline to Finjan's draft);
- Whether Finjan will consent to Qualys's proposed Second Amended Answer adding affirmative defenses for exhaustion, implied license, and res judicata/collateral estoppel (see attached redline);
- Timing of the claim construction proceedings in light of Finjan's pending Federal Circuit appeal in the *Juniper* case involving the construction of "content processor"; and
- Confirmation of the parties' agreement regarding fact depositions occurring the production of email/ESI.

We are available to discuss at the times you proposed below, but please confirm that Finjan will be in a position to meaningfully meet and confer regarding the above issues as well. If a time next week works better for you, please propose a day/time.

Best,

Chris

Christopher D. Mays | WSGR | 650.849.3088 | cmays@wsgr.com

---

**From:** Manes, Austin <AManes@KRAMERLEVIN.com>
**Sent:** Wednesday, January 8, 2020 12:11 PM
**To:** Smith, Ryan <rsmith@wsgr.com>
**Cc:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>; Poplawski, Edward <epoplawski@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Kim, Olivia <okim@wsgr.com>; Tong, Christina <ctong@wsgr.com>; Cheng, Stephanie <stephanie.cheng@wsgr.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Hannah, James <JHannah@KRAMERLEVIN.com>; Williams, Daniel <DDWilliams@KRAMERLEVIN.com>; Lien, Hien <HLien@KRAMERLEVIN.com>; Mays, Christopher <cmays@wsgr.com>
**Subject:** RE: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction

Ryan and Chris,

We request a meet and confer on the parties' disagreement over which ten terms to brief for claim construction, including whether the terms "receiver" and "transmitter" should be counted twice or six times. Please let us know when you are available for a call. We are available tomorrow after noon PT, Friday until 1:00 PM PT, and after 11:00 am PT on Monday.

Thanks,
Austin

**Austin Manes**
Associate

Kramer Levin Naftalis & Frankel LLP
990 Marsh Road, Menlo Park, California 94025
**T** 650.752.1718

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

---

**From:** Manes, Austin <AManes@KRAMERLEVIN.com>
**Sent:** Wednesday, December 4, 2019 7:37 PM
**To:** Smith, Ryan <rsmith@wsgr.com>
**Cc:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>; Poplawski, Edward <epoplawski@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Kim, Olivia <okim@wsgr.com>; Tong, Christina <ctong@wsgr.com>; Cheng, Stephanie <stephanie.cheng@wsgr.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka,

Lisa <LKobialka@KRAMERLEVIN.com>; Hannah, James <JHannah@KRAMERLEVIN.com>; Williams, Daniel <DDWilliams@KRAMERLEVIN.com>; Lien, Hien <HLien@KRAMERLEVIN.com>; Mays, Christopher <cmays@wsgr.com>
**Subject:** RE: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction

Thanks Ryan.  We will file.


Austin Manes
Associate

Kramer Levin Naftalis & Frankel LLP
990 Marsh Road, Menlo Park, California 94025
**T** 650.752.1718
amanes@kramerlevin.com

Bio

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Smith, Ryan <rsmith@wsgr.com>
**Sent:** Wednesday, December 4, 2019 7:35 PM
**To:** Manes, Austin <AManes@KRAMERLEVIN.com>
**Cc:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>; Poplawski, Edward <epoplawski@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Kim, Olivia <okim@wsgr.com>; Tong, Christina <ctong@wsgr.com>; Cheng, Stephanie <stephanie.cheng@wsgr.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Hannah, James <JHannah@KRAMERLEVIN.com>; Williams, Daniel <DDWilliams@KRAMERLEVIN.com>; Lien, Hien <HLien@KRAMERLEVIN.com>; Mays, Christopher <cmays@wsgr.com>
**Subject:** Re: [EXTERNAL] RE: Finjan v. Qualys: Claim Construction

Austin,

Please find what is hopefully the final version. I just noticed a typo in the Defendant's section which I corrected.


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.