PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
AUSTIN MANES (State Bar No. 284065)
amanes@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>QUALYS INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 4:18-cv-07229-YGR<br><br>**PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANT QUALYS INC.'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Date:      April 7, 2020<br>Time:      2:00 PM<br>Place:     Courtroom 1, 4th Floor<br>Before:   Hon. Yvonne Gonzalez Rogers |

**REDACTED VERSION OF DOCUMENTS SOUGHT TO BE SEALED**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................................ 1

II.   FACTUAL BACKGROUND .......................................................................................... 2

    A.    Facts Relating to Qualys' Purported Preclusion Defense ................................... 2

    B.    Facts Relating to Qualys' Purported Patent Exhaustion and Implied
       License Defenses ................................................................................................. 3

III.  ARGUMENT ................................................................................................................... 4

    A.    The Court Should Deny Qualys' Motion as to its Proposed Preclusion
       Defense ................................................................................................................ 4

         1.    Qualys' Proposed Preclusion Defense is Futile .................................... 4

         2.    Qualys Unduly Delayed in Seeking to Assert its Proposed
            Preclusion Defense ................................................................................ 6

         3.    Qualys' Belated Assertion of its Proposed Preclusion Defense is
            Prejudicial to Finjan .............................................................................. 7

    B.    The Court Should Deny Qualys' Motion as to its Proposed Patent
       Exhaustion and Implied License Defenses ........................................................ 7

         1.    Qualys' Proposed Patent Exhaustion and Implied License
            Defenses are Futile ................................................................................ 7

         2.    Qualys Unduly Delayed in Seeking to Assert its Proposed Patent
            Exhaustion and Implied License Defenses ............................................ 9

         3.    Qualys' Belated Assertion of its Proposed Patent Exhaustion and
            Implied License Defenses is Prejudicial to Finjan ................................ 9

IV.   CONCLUSION ............................................................................................................. 10

1

## **<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

**Cases**

4

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*,
5    781 F.2d 1393 (9th Cir. 1986) ...................................................................................................6

6
*Avago Techs. U.S. Inc. v. IPtronics Inc.*,
7    No. 5:10-CV-02863-EJD, 2014 WL 12650655 (N.D. Cal. Dec. 10, 2014) ..................................7, 9

8
*Blonder-Tongue Labs., Inc. v. University of Illinois Foundation*,
    402 U.S. 313 (1971)), *report and recommendation adopted*, No. CV 15-1155-RGA-SRF,
9    2017 WL 2569604 (D. Del. June 13, 2017)...................................................................................4

10
*Chodos v. West Publ's Co.*,
    292 F.3d 992 (9th Cir. 2002) ................................................................................................6, 9
11

12
*ChriMar Sys., Inc. v. Cisco Sys., Inc.*,
    No. C 13-01300 JSW, 2014 WL 12628539 (N.D. Cal. Mar. 12, 2014) .......................................4

13
*Edwards Lifesciences LLC v. Cook Inc.*,
14    No. C 03-03817-JSW, 2008 WL 913328 (N.D. Cal. Apr. 2, 2008) ............................................6

15
*Eset, LLC v. Finjan, Inc.*,
    No. IPR2017-01738, Paper 57 (P.T.A.B. Jan. 24, 2019)..............................................................3, 5
16

17
*Hydranautics v. FilmTec Corp.*,
    204 F.3d 880 (9th Cir. 2000) ....................................................................................................4

18
*Lockheed Martin Corp. v. Network Sols., Inc.*,
19    194 F.3d 980 (9th Cir. 1999) ....................................................................................................4

20
*Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*,
    114 F.3d 848, 850 (9th Cir. 1997) ............................................................................................4
21

22
*Outdoor Sys., Inc. v. City of Mesa*,
    997 F.2d 604 (9th Cir. 1993) ....................................................................................................4

23
*Purdue Pharma L.P. v. Mylan Pharm. Inc.*,
24    No. CV 15-1155-RGA-SRF, 2017 WL 784989 (D. Del. Mar. 1, 2017*)* .......................................4, 5

25
*Quanta Comput., Inc. v. LG Elecs., Inc.*,
    553 U.S. 617 (2008)..................................................................................................................8

26

27

28

ii

I.    **INTRODUCTION**

The Court should deny Defendant Qualys' motion for leave to file a Second Amended Answer to assert new defenses because the proposed new defenses are futile, Qualys unduly delayed in presenting them, and injecting these defenses into the case at this stage would be prejudicial to Finjan.

Qualys first seeks permission to assert an open-ended preclusion defense.  Qualys primarily relies on the decision of the United States Patent and Trademark Office ("USPTO") to invalidate certain claims from U.S. Patent No. 7,975,305 ("'305 Patent") to allege that Finjan should be precluded from asserting different claims from the '305 Patent.  Qualys' defense is futile because the claims at issue in this case were not found invalid in the reexamination, the USPTO confirmed the validity of were confirmed valid in subsequent proceedings before the USPTO, and the asserted claims are different in scope from the claims invalidated in the reexamination.

Denial of Qualys' proposed preclusion defense is also warranted because Qualys demonstrated an inexplicable lack of diligence in pleading this defense.  The claim rejections Qualys relies on are from *2016*, more than two years before Finjan filed this suit.  Qualys' extreme delay in presenting this proposed defense is to Finjan's prejudice.  Finjan elected its claims to assert in this case nearly a year ago and, to the extent Qualys believed Finjan is precluded from asserting claims on invalidity grounds, it should have timely made that assertion so Finjan could take it into account in electing its claims.  Thus, leave to add this defense should be denied.

Qualys also seeks leave to amend to include futile and belated patent exhaustion and implied license defenses based on its alleged incorporation of Trend Micro, Inc.'s source code into Qualys' products.  While Trend Micro indeed has a license from Finjan, ████████████████████ ███████████████████ Thus, as a matter of law, Qualys' patent exhaustion and implied license defenses fail.  Moreover, Qualys has been unable to provide any license or evidence supporting its claim that its products incorporate any software validly obtained from Trend Micro.  Additionally, Qualys delayed many months in seeking this amendment.  Accordingly, leave to add these defenses should also be denied.

FINJAN'S OPPOSITION TO MOTION FOR LEAVE TO          CASE NO.: 4:18-cv-07229-YGR
AMEND ANSWER & AFFIRMATIVE DEFENSES

## II.     FACTUAL BACKGROUND

Finjan filed suit against Qualys on November 29, 2018 based on Qualys' willful infringement of seven patents.  Dkt. No. 1.  Qualys filed its initial Answer on January 23, 2019, then successfully moved for leave to file a First Amended Answer on March 6, 2019.  Dkt. Nos. 17, 26.  Qualys' first two answers did not raise defenses of preclusion, patent exhaustion or implied license.  A year after Qualys filed its second Answer, it now seeks leave to assert these defenses in a third Answer.

### A.     Facts Relating to Qualys' Purported Preclusion Defense

Qualys has been on notice of the reexamination invalidity determination that is the basis for its preclusion defense since 2016, two years before Finjan filed this case.  A reexamination request of the '305 Patent was filed on December 11, 2015, challenging the validity of Claims 1, 2, 5, and 16 (the "Reexamination Claims").  Dkt. No. 44-3.  The USPTO issued a final rejection of the Reexamination Claims (and only the Reexamination Claims) on August 24, 2016.  Declaration of Aaron Frankel in Support of Finjan's Opposition ("Frankel Decl.") filed herewith, Ex. 1.[1]  The USPTO did not include Claims 3-4, 6-12, and 14-25 in this or any other reexamination.  Finjan appealed the final rejection of the Reexamination Claims to the USPTO's Patent Trials and Appeal Board ("PTAB") on November 22, 2016.  *Id.*  The PTAB affirmed the invalidation of the Reexamination Claims on July 2, 2018, six months before Qualys filed its first Answer in this action.  *Id.*  Finjan appealed the PTAB's decision to the Federal Circuit on September 4, 2018, which affirmed the PTAB decision on September 6, 2019. *Id.*  With the appeal concluded, on September 6, 2019, the USPTO carried out the ministerial act of publishing the reexamination certificate for the '305 Patent, reflecting the August 24, 2016 invalidation of the Reexamination Claims.  *Id*.

Notwithstanding the invalidation of the Reexamination Claims by the USPTO, the PTAB issued a final written decision in an *inter partes* review (IPR) declaring valid all challenged claims of the '305 Patent, including all of the claims that Finjan is asserting in this action against Qualys: Claims 6-12, 14,

---

[1] Exhibit 1 is the Transaction History from the Reexamination File (Control No. 90/013,660) initiated December 11, 2015 for the '305 Patent, information downloaded from https://portal.uspto.gov/pair/PAIRPrintServlet.

and 17-25 (the "'305 Asserted Claims").  *ESET, LLC v. Finjan, Inc.,* No. IPR2017-01738, Paper 57 (P.T.A.B. Jan. 24, 2019).

**B.    Facts Relating to Qualys' Purported Patent Exhaustion and Implied License Defenses**

Qualys' purported patent exhaustion and implied license defenses are based on an alleged license between Trend Micro and Qualys, Qualys' alleged incorporation of Trend Micro source code into its products under that license, and on Finjan's patent license to Trend Micro (the "Agreement"). Under the Agreement, ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████ ████████. Thus, no product accused in this case can be licensed.

Qualys has long know of the Agreement.  Finjan and Trend Micro executed the Agreement on June 29, 2018.  Dkt. No. 43-4.  Finjan publicly announced the Agreement on July 2, 2018 in a filing with the SEC and a press release that was picked up by major reporting firms.  Frankel Decl., Exs. 2, 3, and 4.  Finjan gave notice to Trend Micro of its intent and requirement to produce the Agreement to Qualys and requested Trend Micro's consent to do so.  On July 19, 2019, Finjan apprised Qualys of Trend Micro's delays in approving production of the Agreement.  *Id.*, Ex. 5.  Finjan put Qualys' counsel in direct contact with Trend Micro's counsel to directly negotiate Trend Micro's concerns regarding production, and then promptly produced the Agreement to Qualys, six months ago, on September 3, 2019 after receiving permission from Trend Micro to do so.

While Qualys recently claimed to Finjan that it is incorporating Trend Micro source code into its products, Qualys has been unable to provide a copy of any license or other agreement between Trend Micro and Qualys authorizing Qualys to use Trend Micro's source code, nor has Qualys produced invoices or any other documentary evidence establishing that it has a commercial relationship with Trend Micro.  Dkt. No. 44-11.

# III.   ARGUMENT

The Court should deny Qualys' motion for leave to amend because its proposed defenses are futile, Qualys unduly delayed in moving for leave to amend, and Qualys' dilatory conduct is prejudicial to Finjan. *ChriMar Sys., Inc. v. Cisco Sys., Inc.,* No. C 13-01300 JSW, 2014 WL 12628539, at *1 (N.D. Cal. Mar. 12, 2014).

## A.   The Court Should Deny Qualys' Motion as to its Proposed Preclusion Defense

### 1.   Qualys' Proposed Preclusion Defense is Futile

The Court should deny Qualys' motion as to its proposed preclusion defense, which is futile because it is based on the fundamentally flawed premise that claims identical to those asserted in this case were found invalid by the USPTO.  The opposite is true.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Outdoor Sys., Inc. v. City of Mesa,* 997 F.2d 604, 614 (9th Cir. 1993) (affirming the denial of a motion for leave to amend because it would be nothing more than an exercise in futility).  As is the case here, "[w]here the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d 980, 986 (9th Cir. 1999).

Qualys alleges that Finjan should be precluded from asserting in the action the Asserted Claims from the '305 Patent because of the invalidation of the Reexamination Claims more than three years ago.  Dkt. No. 44 at 5.  Qualys' preclusion defense requires Qualys to show that the issues in the reexamination were "identical" to the validity issues being litigated in this case and that Finjan, as "the party against whom estoppel is applied had a full and fair opportunity to litigate" the identical issue in the reexamination.  *Purdue Pharma L.P. v. Mylan Pharm. Inc.,* No. CV 15-1155-RGA-SRF, 2017 WL 784989, at *4 (D. Del. Mar. 1, 2017*) (quotation marks and citation omitted) (citing *Blonder-Tongue Labs., Inc. v. University of Illinois Foundation,* 402 U.S. 313 (1971)*), report and recommendation adopted,* No. CV 15-1155-RGA-SRF, 2017 WL 2569604 (D. Del. June 13, 2017).  Qualys "bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 885 (9th Cir. 2000) (quoting *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.,* 114 F.3d 848, 850 (9th Cir. 1997)).

4

1    Qualys cannot make this requisite showing.  The Asserted Claims were not invalidated in the

2    reexamination proceedings upon which Qualys relies.  Thus, the issues are not identical and Finjan did

3    not have "a full and fair opportunity to litigate" the validity of the Asserted Claims.  For this reason

4    alone, the Court should deny Qualys' motion.

5    To try to evade this dispositive fact, Qualys contends that the Asserted Claims are substantially

6    identical to the invalidated Reexamination Claims.  Dkt. No. 44 at 5.  Qualys discusses only one claim

7    as supposedly immaterially different from an invalidated claim, comparing dependent Claim 2 (found

8    invalid in 2016 in the reexamination) against dependent Claim 14 (asserted in this action).  *Id.* at

9    6.  Qualys ignores all of the other Asserted Claims, which vary in scope for the Reexamination Claims.

10   For example, asserted Claims 3 and 15 recite the use of "deterministic finite automata," and Claim 10

11   requires receiving "POP3 content."  These requirements are not recited in any of the Reexmiantion

12   Claims.  Even as to Claim 14, the sole example Qualys relies upon, Qualys glosses over the fact that

13   Claim 14 is dependent upon a different independent claim (Claim 13) than invalidated Claim 2 (which

14   depends from Claim 1) and, thus, the breadth of Claim 2 is different from that of Claim 14.  *Id.*

15   That the USPTO's findings do not imply that the Asserted Claims are invalid is further

16   confirmed by the PTAB's decision in 2017 (after the 2016 invalidation of the Reexamination Claims)

17   to find valid all of the Asserted Claims in an IPR proceeding.  *Eset, LLC v Finjan, Inc.*, IPR2017-

18   01738, Paper 57 at 2 (P.T.A.B. Jan. 24, 2019).  This determination defeats any argument by Qualys that

19   the prior reexamination determination has preclusive effect on the Asserted Claims here.

20   Accordingly, Qualys cannot meet the high bar of showing that Finjan fully litigated and lost the

21   identical issue of validity in the reexamination proceedings, and Qualys' proposed preclusion defense

22   should be denied as futile.

23   Qualys briefly suggests in its motion that Finjan might be precluded from taking certain

24   positions if an appeal in a different case is resolved against Finjan by the Federal Circuit.  This is a

25   hypothetical scenario, so there is no preclusion issue for Qualys to assert at this time.  Moreover,

26   Qualys has not shown that any issues in that appeal are identical to issues in this case, which is required

27   for preclusion to apply.  *Purdue Pharma L.P.,* 2017 WL 784989, at *4.  Finally, to the extent the

28

FINJAN'S OPPOSITION TO MOTION FOR LEAVE TO          CASE NO.: 4:18-cv-07229-YGR
AMEND ANSWER & AFFIRMATIVE DEFENSES

Federal Circuit eventually issues a decision that impacts this action, Qualys does not to have pleaded an open-ended preclusion defense to attempt to rely on that decision. Thus, the Court should deny Qualys' proposed preclusion defense as futile.

### 2. Qualys Unduly Delayed in Seeking to Assert its Proposed Preclusion Defense

Qualys unduly delayed in seeking to assert its proposed preclusion defense. Qualys' preclusion defense is based on the 2016 invalidation of the Reexamination Claims by the USPTO. This decision was two years old when Finjan filed this case and almost three years old when Qualys filed its original Answer. The PTAB confirmed the invalidity of the Reexamination Claims in July 2018, nearly more than a year and a half ago. And the Federal Circuit confirmed the invalidity of the Reexamination Claims six months ago. Qualys does not provide any reason it needed to wait this long to present its belated defense.

Qualys' brief myopically focuses on the USPTO's issuance of the Reexamination Certificate on January 29, 2020 to make it seem as though its defense is based on recent developments. Dkt. No. 44 at 9. To the contrary, it is based on the 2016 invalidation of the Reexamination Claims. Moreover, Qualys undermines its own implication (it does not go as far as to say it could not have earlier asserted the defense) with its statement that "[i]n Patent Law, a final judgment of invalidity in a Patent Office proceeding has an *immediate* issue-preclusive effect on any pending or co-pending actions involving the patent." Dkt. No. 44 at 5 (emphasis added, citations omitted).

Thus, Qualys unreasonably and unduly delayed in presenting its preclusion defense, which is an additional reason that its motion should be denied. *Chodos v. West Publ's Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) (amending the pleading caused undue delay when the party knew of the factual basis for the amendment prior to a previous amendment). *Edwards Lifesciences LLC v. Cook Inc.,* No. C 03-03817-JSW, 2008 WL 913328, at *2 (N.D. Cal. Apr. 2, 2008) ("Courts do not look favorably upon the assertion of new legal theories, when the factual basis of those legal theories was known to the party for a significant amount of time prior to filing a motion for leave to amend."); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986) (holding that "late amendments

FINJAN'S OPPOSITION TO MOTION FOR LEAVE TO
AMEND ANSWER & AFFIRMATIVE DEFENSES

CASE NO.: 4:18-cv-07229-YGR

to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action").

### 3.   Qualys' Belated Assertion of its Proposed Preclusion Defense is Prejudicial to Finjan

A further reason to deny Qualys' motion for leave to assert a preclusion defense is that it will unfairly prejudice Finjan.  Finjan elected its claims and provided infringement contentions nearly a full year ago, on April 19, 2019.  To the extent Qualys intended to argue that Finjan was precluded, as a matter of law, from pursing the Asserted Claims, it was incumbent upon Qualys to timely pursue that theory so that Finjan could take it into account in selecting the claims for this case.  *Avago Techs. U.S. Inc. v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, 2014 WL 12650655, at *7 (N.D. Cal. Dec. 10, 2014) ("The Ninth Circuit has held that permitting a party to amend a pleading to add new claims would unduly prejudice the other party where the new claims 'would have required [the opposing party] to have undertaken, at a late hour, an entirely new course of defense.'") (alteration in original) (citation omitted).

Finjan and Qualys have been engaged in discovery for months operating on the asserted claims and defenses and to allow for a change of course at this stage would be unduly prejudicial to Finjan. Finjan should not bear the prejudice from Qualys dilatory approach to presenting this defense, and the Court should deny Qualys' request for leave.  *Avago Techs.*, 2014 WL 12650655, at *7 (finding unfair prejudice in late amendment three months before the close of fact discovery).

### B.   The Court Should Deny Qualys' Motion as to its Proposed Patent Exhaustion and Implied License Defenses

### 1.   Qualys' Proposed Patent Exhaustion and Implied License Defenses are Futile

The Court should deny as futile Qualys' motion for leave to assert proposed patent exhaustion and implied license defenses.  Qualys' defenses are entirely premised on the Agreement between Trend Micro and Finjan covering Qualys' accused products.  That premise fails as a matter of law, ███████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ to

---

FINJAN'S OPPOSITION TO MOTION FOR LEAVE TO                    CASE NO.: 4:18-cv-07229-YGR
AMEND ANSWER & AFFIRMATIVE DEFENSES



Here, Qualys is infringing by selling its own products.  Dkt. No. 1.  Finjan is not asserting that Qualys infringes by *reselling* or white labelling Trend Micro's products.

Qualys relies on the language in *Quanta Comput., Inc. v. LG Elecs., Inc.,* 553 U.S. 617, 625 (2008), that an authorized sale of a patented item terminates all patent rights to that time.  Dkt. No. 44 at 5.  However, *Quanta* is inapposite because it involved a very different fact pattern.

FINJAN'S OPPOSITION TO MOTION FOR LEAVE TO
AMEND ANSWER & AFFIRMATIVE DEFENSES

CASE NO.: 4:18-cv-07229-YGR

1 ████████████████████████████████████████████████████
2 ████████████████████████████████████████████████████
3 ████████████████████████████. Thus, Finjan's ability to assert its patents against Qualys'
4 products has never been exhausted and █████████████████████████████
5 ████████████████████████████, defeating any implied license defense.

Thus, the Court should deny Qualys' motion for leave to assert patent exhaustion and implied license defenses.

### 2.   Qualys Unduly Delayed in Seeking to Assert its Proposed Patent Exhaustion and Implied License Defenses

Qualys unduly delayed moving for leave to assert its proposed patent exhaustion and implied license defenses. Qualys does not rely on anything specific in the Agreement to support its putative defense (to the contrary, the specifics of the Agreement confirm it does not apply to Qualys). Instead, Qualys' defenses are based on the bare allegations that Trend Micro has a license from Finjan and Qualys has a license from Trend Micro. Dkt. No. 44 at 7. Thus, Qualys could have come forward with this defense at any point after learning of Trend Micro's license with Finjan. As set forth in Section II(B), Finjan's license with Trend Micro has been a matter of public record since July 2018, and Finjan conferred with Qualys regarding the Trend Micro license agreement in July 2019, eight months ago. The Court should, therefore, deny Qualys' motion on the additional ground that Qualys unduly delayed in bringing it. *Chodos*, 292 F.3d at 1003.

### 3.   Qualys' Belated Assertion of its Proposed Patent Exhaustion and Implied License Defenses is Prejudicial to Finjan

Qualys' belated assertion of its proposed patent exhaustion and implied license defenses is prejudicial to Finjan. While Qualys has sat on its hands with its proposed license defense, Finjan has been proceeding with discovery. Finjan elected its asserted claims and served infringement contentions in April 2019, nine months after it publicly announced its license with Trend Micro. If Qualys had diligently pursued and disclosed this defense, Finjan could have taken it into account in selecting its claims and preparing its contentions. Qualys, not Finjan, should bear the consequences of Qualys' dilatory approach, and the Court should deny the motion. *Avago Techs.*, 2014 WL 12650655, at *7.

FINJAN'S OPPOSITION TO MOTION FOR LEAVE TO                    CASE NO.: 4:18-cv-07229-YGR
AMEND ANSWER & AFFIRMATIVE DEFENSES

1

**IV.      CONCLUSION**

2

     For the reasons set forth above, the Court should deny Qualys' Motion for Leave to Amend.

3

4

                           Respectfully submitted,

5

Dated:  March 13, 2020           By:  */s/ James Hannah*
                               Paul J. Andre (State Bar No. 196585)

6

                               Lisa Kobialka (State Bar No. 191404)

7

                               James Hannah (State Bar No. 237978)
                               Austin Manes (State Bar No. 284065)

8

                               KRAMER LEVIN NAFTALIS
                               & FRANKEL LLP

9

                               990 Marsh Road
                               Menlo Park, CA 94025

10

                               Telephone: (650) 752-1700
                               Facsimile: (650) 752-1800

11

                               pandre@kramerlevin.com

12

                               lkobialka@kramerlevin.com
                               jhannah@kramerlevin.com

13

                               amanes@kramerlevin.com

14

                               *Attorneys for Plaintiff*

15

                               FINJAN, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

FINJAN'S OPPOSITION TO MOTION FOR LEAVE TO        CASE NO.: 4:18-cv-07229-YGR
AMEND ANSWER & AFFIRMATIVE DEFENSES