1  EDWARD G. POPLAWSKI (SBN 113590)      RYAN R. SMITH (SBN 229323)
   epoplawski@wsgr.com                    rsmith@wsgr.com
2  OLIVIA M. KIM (SBN 228382)             CHRISTOPHER D. MAYS (SBN 266510)
   okim@wsgr.com                          cmays@wsgr.com
3  WILSON SONSINI GOODRICH &              WILSON SONSINI GOODRICH &
   ROSATI                                 ROSATI
4  Professional Corporation               Professional Corporation
5  633 West Fifth Street, Suite 1550      650 Page Mill Road
   Los Angeles, CA 90071                  Palo Alto, CA 94304-1050
6  Telephone: (323) 210-2900              Telephone:  (650) 493-9300
   Facsimile:  (866) 974-7329             Facsimile:   (650) 493-6811
7
8  *Attorneys for Defendant*
   QUALYS INC.
9

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

13

| | | |
|---|---|---|
| FINJAN, INC., | ) | CASE NO.:  4:18-cv-07229-YGR |
| Plaintiff, | ) ) | **DEFENDANT QUALYS INC.'S** |
| v. | ) ) | **OBJECTION TO UNTIMELY REPLY EVIDENCE UNDER CIVIL L.R. 7-3 AND PATENT L.R. 4-2** |
| QUALYS INC., | ) ) | |
| Defendant. | ) ) | |
| | ) ) | |

Plaintiff Finjan, Inc.'s ("Finjan's") approach to claim construction has been to obfuscate and refuse to take any positions whatsoever.  Not until its Reply Claim Construction Brief (D.I. 59, *et seq.*) did Finjan submit a voluminous expert declaration from Dr. Michael Goodrich (the "Goodrich Declaration") setting forth its position with respect to the "receiver" and "transmitter" claim terms.  This declaration violates Patent L.R. 4-2(b) because it includes opinions that Finjan failed to timely disclose.[1]  Finjan certainly could have (and should have) disclosed Dr. Goodrich's opinions with its Opening Claim Construction Brief.  There is no valid justification for Finjan concealing these opinions until its Reply in violation of both Patent L.R. 4-2 and Civil L.R. 7-3.  Dr. Goodrich's opinions are further excludable because they apply the wrong legal standard.

For similar reasons, Qualys objects to Exhibits 2-4 of the Manes Declaration (D.I. 59-3 through 59-6) ("New Exhibits").  Finjan never disclosed the existence of these exhibits and never produced these exhibits to Qualys as Patent L.R. 4-2 requires.  And, Finjan again withheld this evidence until its Reply when Qualys could not respond to it.

## I.       THE GOODRICH DECLARATION IS UNTIMELY.

Finjan's use of the Goodrich Declaration also violates Patent L.R. 4-2.  That rule required Finjan to identify any opinions that Dr. Goodrich may render regarding claim construction.  *See* Patent L.R. 4-2(b).  Finjan identified a discrete number of topics on which Dr. Goodrich might render opinions:

- the scope of the asserted patents and the relevant technology;
- the proper construction and/or plain and ordinary meaning of the terms [but failed to identify any plain and ordinary meaning for any term]; and
- the understanding of one of skill in the art at the time of the filing of the asserted patents [but did not identify what that understanding is].

---

[1] This is not the first time Finjan has flagrantly violated the Patent Local Rules of this District.  On January 17, 2020, Judge Orrick sanctioned Finjan for failing to provide adequate infringement contentions under the Patent Local Rules.  *See Finjan, Inc. v. Check Point Software, Inc. et al.*, Case No. 3:18-cv-02621-WHO at D.I. 255.

Ex. E at 1.  This generalized list of topics itself violates Patent L.R. 4-2 because Finjan never actually disclosed what Dr. Goodrich's opinions on those topics would be.  *See* Patent L.R. 4-2 ("With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes ***a listing of any opinions to be rendered*** in connection with claim construction.").[2]  But, more critically, Finjan omitted from its disclosure critical topics that Dr. Goodrich ultimately opined on in his declaration.  For example, nowhere in its disclosures did Finjan identify that Dr. Goodrich would opine about whether "the terms receiver and transmitter connote structure" (*see* D.I. 59-1, Goodrich Decl., at ¶¶ 38-43) or whether "the specifications of the '154, '494, and '968 Patents disclose structure for receiver and transmitter" (*see id.* at ¶¶ 44-75).

Finjan's failure to give Qualys notice about the true subject matter of the Goodrich Declaration was intentional.  Finjan knew as early as November 6, 2019—a week before serving its Patent L.R. 4-2 disclosures—that Qualys would be offering expert opinion on these topics. *See* Ex. F, Qualys' 11/6/2019 Patent L.R. 4-2 Disclosures at 10.  Yet, instead of properly preserving its right to offer its own expert opinion on this subject, Finjan remained silent and failed to list either the topics or the specific opinions that Dr. Goodrich would offer.  By failing to identify the topics that Dr. Goodrich would offer in his declaration, Finjan deprived Qualys of the right to depose Dr. Goodrich and solicit from him directly what his opinions would be. Finjan then further compounded the prejudice to Qualys by failing to include Dr. Goodrich's opinions in its Opening Brief so that Qualys and its expert could at least respond to them.  Finjan should not be permitted to gain from its violation of the rules.

Finjan may argue that the Goodrich Declaration is merely a rebuttal to Dr. Rubin's declaration.  Such an argument misses the point.  Rebuttal evidence does not relieve Finjan of its obligations under Patent L.R. 4-2, which makes no exception to expert opinions intended to be used for opinion.  *See* Patent L.R. 4-2 (requiring "listing of ***any*** opinions to be rendered…").  Even if the specific opinions Dr. Goodrich offered in his Declaration were intended simply to

---

[2] Unless stated otherwise, all emphasis in quotes is added.

1    rebut Dr. Rubin, this does not excuse Finjan from failing to disclose that this was a topic about

2    which Dr. Goodrich could opine, which would have enabled Qualys to depose Dr. Goodrich and

3    explore those opinions.   Instead, Finjan served a misleading Patent L.R. 4-2 disclosure that

4    concealed the actual topics that it intended to include in Dr. Goodrich's declaration.   And, in any

5    event, Qualys' own Patent L.R. 4-2 disclosures were sufficient to put both Finjan and Dr.

6    Goodrich on notice of Dr. Rubin's opinions, further undercutting any notion that Finjan was

7    unable to offer Dr. Goodrich's opinions until its Reply brief.   *See Quantum Corp. v. Crossroads*

8    *Sys., Inc.*, No. C 14-04293 WHA, 2015 WL 5693734, at *5 (N.D. Cal. Sept. 29, 2015) ("In his

9    most recent declaration, Dr. Hospodor also offered several arguments rebutting specific

10   constructions proposed by Crossroads . . . the summary of [Crossroad's] expert's claim

11   construction testimony, which it provided to Quantum in advance of Dr. Hospodor's deposition

12   pursuant to Patent Local Rule 4-2, was adequate to put Dr. Hospodor on notice of what Dr. Levy

13   would say.   Quantum's argument that Dr. Hospodor needed to wait until Dr. Levy was deposed

14   to compose his rebuttal arguments is most unpersuasive.").

15        In any event, substantial portions of Dr. Goodrich's declaration cannot fairly be

16   characterized as rebuttal.   Such portions include: a background discussion on distributed

17   computer systems (D.I. 59-1, Goodrich Decl., at ¶¶ 27-28); a synopsis of Dr. Goodrich's book

18   "Introduction to Computer Security" (*id.* at ¶¶ 29-31); and Dr. Goodrich's understanding of the

19   background on each asserted patent (*id.* at ¶¶ 32-37).   Tellingly, at least some of the opinions

20   contained in the Goodrich Declaration are identical to opinions that Dr. Goodrich rendered years

21   ago about these patents.   *Compare Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2015-01979, Ex.

22   2036 (August 2, 2016, declaration involving validity of '154 Patent-in-Suit) at ¶ 11 *with* D.I. 59-

23   1 (Goodrich Declaration) at ¶ 25.

24        As another example, Dr. Goodrich's opinions about the construction of "transmitter" and

25   "receiver" go far beyond merely rebutting Dr. Rubin's limited opinion about whether those terms

26   connote structure in the field of computer software (*see* D.I. 52-6 at ¶ 4).   Dr. Goodrich instead

27   offers a far more sweeping opinion about the plain and ordinary meaning of "transmitter" and

28   "receiver," which Finjan uses to directly support its own claim construction position that the

plain and ordinary meaning of those terms should apply.  *See* D.I. 59 at 13 (*citing* D.I. 59-1, Goodrich Decl., at ¶¶ 27-28, 38-43).  There is no legitimate reason why Finjan withheld such opinions about the supposed plain and ordinary meaning of these terms opinions from both its Patent L.R. 4-2 disclosures and its Opening Brief.[3]

## II.      DR. GOODRICH APPLIES THE WRONG LEGAL STANDARD

The Goodrich Declaration is further objectionable under Fed. R. Evid. 702 because it is not "the product of reliable principles and methods."  Dr. Goodrich bases his opinions on legal standards that the Federal Circuit has specifically overruled.  Such opinions are therefore unhelpful and should not be considered.  *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Civ. No. 11-cv-01846-LHK, 2012 WL 2571332 at *6 (N.D. Cal. June 30, 2012) (striking expert opinion for violating 35 U.S.C. § 289); *Neutrino Dev. Corp. v. Sonosite, Inc.*, 410 F. Supp. 2d 529, 540 (S.D. Tex. 2006) ("Because Mr. Baker's analysis is based on a standard inapplicable to the proper inquiry under § 112, his testimony cannot assist the jury to resolve any fact relevant to Sonosite's enablement defense. The research and development model set forth in Mr. Baker's report simply answers the wrong question and, as such, is inadmissible under Federal Rule of Civil Procedure 402.").

Relying on Dr. Goodrich's opinions, Finjan argues in its Reply that that "receiver" and "transmitter" are not nonce words and therefore means-plus-function claiming standards do not apply.  *See* D.I. 59 at 14 (citing D.I. 59-1, Goodrich Decl., ¶¶ 28-43).  But Dr. Goodrich's opinions are based on erroneous legal standards.  Dr. Goodrich acknowledges that he applied a "strong presumption" against means-plus-function applicability:

> I have been further informed that if a claim element does not use "means for" language, it is ***strongly presumed not to be a mean-plus-function element***.

D.I. 59-1 at ¶ 20.  However, the Federal Circuit expressly overruled this standard in *Williamson v. Citrix Online, LLC*:

---

[3] Alternatively, Qualys requests an opportunity to respond to the Goodrich Declaration by filing a short sur-reply and rebuttal expert declaration of Dr. Rubin.

Our consideration of this case has led us to conclude that such a heightened burden is unjustified and that ***we should abandon characterizing as "strong" the presumption that a limitation lacking the word "means" is not subject to § 112, para. 6***.  That characterization is unwarranted, is uncertain in meaning and application, and has the inappropriate practical effect of placing a thumb on what should otherwise be a balanced analytical scale.  It has shifted the balance struck by Congress in passing § 112, para. 6 and has resulted in a proliferation of functional claiming untethered to § 112, para. 6 and free of the strictures set forth in the statute.

792 F.3d 1339, 1349 (Fed. Cir. 2015).  Here, Dr. Goodrich opined that means-plus-function standards do not apply because "receiver" and "transmitter" connote structure.  *See* D.I. 59-1, Goodrich Decl., at ¶¶ 38-43.  But those opinions are tainted by his erroneous application of the "strong presumption" standard overruled in *Williamson*.  Accordingly, those opinions are inherently suspect, unreliable, and should be excluded.

## III.   FINJAN'S NEW EXHIBITS ARE UNTIMELY

Finjan uses the New Exhibits to specifically support its argument that the plain and ordinary meaning of the terms "receiver" and "transmitter" in the patents-in-suit should be adopted.  *See* D.I. 59 at 13.  But Finjan never identified these exhibits in its Patent L.R. 4-2 disclosures and did not produce them to Qualys.  *See generally* Ex. E, Finjan's 11/12/2019 Patent L.R. 4-2 disclosures.  Instead, as with the Goodrich Declaration, Finjan simply concealed this evidence until its Reply brief in clear violation of both Patent L.R. 4-2 and Civil L.R. 7-3.  Finjan's conduct prevented Qualys and its expert, Dr. Aviel Rubin, from responding to this evidence.

## IV.   CONCLUSION

For the foregoing reasons, Qualys' objections to Manes Declaration Exhibits 2-4 and the Goodrich Declaration should be sustained.  Alternatively, Qualys should be given leave to file a limited sur-reply and rebuttal declaration of Dr. Aviel Rubin responding to this new evidence.

1

2

3  Dated:  April 13, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By:   _/s/ Christopher D. Mays_
       CHRISTOPHER D. MAYS

       _Counsel for Defendant_
       QUALYS INC.