# EXHIBIT E

PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>QUALYS INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 4:18-cv-07229-YGR<br><br>**PLAINTIFF FINJAN, INC.'S AMENDED PRELIMINARY CLAIM CONSTRUCTIONS AND EVIDENTIARY SUPPORT PURSUANT TO PATENT LOCAL RULE 4-2** |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Patent L.R. 4-2 and the parties' agreed modifications regarding exchanging evidence and support, Plaintiff Finjan, Inc. ("Finjan") sets forth below its amended preliminary claim constructions and supporting evidence to Defendant Qualys, Inc. ("Qualys" or "Defendant") for U.S. Patent No. 6,154,844 ("the '844 Patent"), U.S. Patent No. 6,965,968 ("the '968 Patent"), U.S. Patent No. 7,418,731 ("the '731 Patent"), U.S. Patent No. 7,975,305 ("the '305 Patent"), U.S. Patent No. 8,141,154 ("the '154 Patent"), U.S. Patent No. 8,225,408 ("the '408 Patent"); and U.S. Patent No. 8,677,494 ("the '494 Patent") (collectively the "Finjan Patents").  Finjan reserves its right to add, remove or modify any of its proposed claim terms or constructions based on any constructions proposed by Qualys and/or the parties' meet and confer sessions(s) pursuant to Patent L.R. 4-2.  Finjan provides constructions below for all terms that either party identified for construction, and according to Qualys' recently narrowed list of disputed terms, but Finjan reserves the right to argue its position that most of these terms do not need construction and their plain and ordinary meaning should apply because they are easily understandable to a person of ordinary skill in the art.  Finjan reserves its right to rely on any intrinsic or extrinsic evidence cited by Qualys or needed to rebut Qualys' proposed constructions or evidence.

Pursuant to Patent Local Rule 4-2(b), Finjan intends to rely upon the testimony of Dr. Michael Goodrich in support of its claim construction positions.  Finjan expects Dr. Goodrich to testify regarding the scope of the asserted patents and the relevant technology.  Finjan also expects Dr. Goodrich to testify regarding the proper construction and/or plain and ordinary meaning of the terms identified below and any terms for which Qualys may offer expert testimony.  Finjan additionally expects Dr. Goodrich to testify regarding the understanding of one of skill in the art at the time of the filing of the asserted patents.

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

## AGREED CONSTRUCTIONS

| Patent | Term | Proposed Construction |
|---|---|---|
| 6,154,844 8,677,494 | "downloadable" | an executable application program, which is downloaded from a source computer and run on the destination computer |
| 6,154,844 | "means for receiving a Downloadable" | Function: receiving a Downloadable Structure: Downloadable file interceptor |
| 7,975,305 8,677,494 | "database" | a collection of interrelated data organized according to a database schema to serve one or more applications |
| 8,225,408 | "parse tree" | a hierarchical structure of interconnected nodes built from scanned content |

Finjan proposes the following preliminary constructions for the remaining terms identified by the parties as disputed:

## PRELIMINARY CONSTRUCTIONS AND SUPPORT

| '844 Terms For Construction | Citations to Intrinsic Record and Extrinsic Evidence | Proposed Constructions |
|---|---|---|
| "means for generating a first Downloadable security profile that identifies suspicious code in the received Downloadable" | Intrinsic Evidence<br><br>Abstract;<br>Figs. 1-8;<br>Claims 10, 13, 15, 18, 19, 20, 21, 28, 36, 37, 43;<br>Col. 2, ll. 3-60;<br>Col. 4, ll. 4-7; 35-58; 59-64;<br>Col. 5, ll. 48-58;<br>Col. 7, ll. 10-24; 41-67;<br>Col. 8, ll. 1-67;<br>Col. 9, ll. 1-67;<br>Col. 10, ll. 1-24; 66-67; and<br>Col. 11, ll. 1-11.<br>U.S. Pat. No. 6,092,194 at<br>Figs. 1-5;<br>Col. 1, ll. 60-67;<br>Col. 2, ll. 1-36; 65-67;<br>Col. 3, ll. 1-22; 25-67;<br>Col. 4, ll. 1-61;<br>Col. 5, ll. 15-67; | Governed by 35 U.S.C. § 112(6):<br><br>Function: generating a first Downloadable security profile that identifies suspicious code in the received Downloadable<br><br>Structure: content inspection engine programmed to perform the algorithm disclosed at Col. 8, lines 51-60 of the '844 Patent |

2

| '844 Terms For Construction | Citations to Intrinsic Record and Extrinsic Evidence | Proposed Constructions |
|---|---|---|
| | Col. 6, ll. 1-67;<br>Col. 7, ll. 1-6;<br>Col. 9, ll. 57-67;<br>Col. 10, ll. 1-6.<br><br>Extrinsic Evidence<br><br>October 14, 2014, Joint Claim Construction and Pre-Hearing Statement Pursuant to Patent Local Rule 4-3, *Finjan, Inc. v. Sophos Inc.*, Civ. No. 14-cv-01197-WHO.<br><br>February 29, 2012 Claim Construction Order-*Finjan Software, Inc., v. McAfee, Inc. et al*, C.A. No. 10-cv-593.<br><br>October 20, 2014 Claim Construction Order, *Finjan, Inc. v. Blue Coat Systems, Inc.*, Civ. No. 13-cv-03999-BLF.<br><br>December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc., et al.*, Case No. 13-CV-05808-HSG.<br><br>July 23, 2018, Claim Construction Order – *Finjan, Inc. v. Cisco Systems Inc.*, Civ. No. 17-cv-00072-BLF.<br><br>March 02, 2015 Claim Construction Order – *Finjan, Inc. v. Sophos Inc.*, Civ. No. 14-cv-01197-WHO.<br><br>February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Inc.*, Civ. No. 3:14-cv-02998-HSG.<br><br>March 26, 2019 Claim Construction Order – *Finjan, Inc. v. SonicWall Inc.*, Civ. No. 17-cv-04467-BLF.<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '844 Terms For Construction | Citations to Intrinsic Record and Extrinsic Evidence | Proposed Constructions |
|---|---|---|
| "means for linking the first Downloadable security profile to the Downloadable before a web server makes the Downloadable available to web clients" | Intrinsic Evidence<br><br>Abstract;<br>Figs. 1-8;<br>Claims 10, 13, 15, 18, 19, 20, 21, 28, 36, 37, 43;<br>Col. 2, ll. 3-60;<br>Col. 3, ll. 21-23;<br>Col. 4, ll. 1-4; 59-64;<br>Col. 5, ll. 3-5; 48-58;<br>Col. 6, ll. 20-21;<br>Col. 7, ll. 10-24; 41-67;<br>Col. 8, ll. 1-35;<br>Col. 9, ll. 19-67;<br>Col. 10, ll. 1-24, 66-67; and<br>Col. 11, ll. 1-11.<br><br>U.S. Pat. No. 6,092,194 at<br>Figs. 1-5;<br>Col. 1, ll. 60-67;<br>Col. 2, ll. 1-36; 65-67;<br>Col. 3, ll. 1-67;<br>Col. 4, ll. 1-13; 29-67;<br>Col. 5, ll. 1-3; 15-67;<br>Col. 6, ll. 1-67;<br>Col. 7, ll. 1-6;<br>Col. 9, ll. 57-67;<br>Col. 10, ll. 1-6.<br><br>April 21, 2016 Decision Denying Institution of Inter Partes Review – *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00165, Paper No. 7.<br><br>Extrinsic Evidence<br><br>October 14, 2014, Joint Claim Construction and Pre-Hearing Statement Pursuant to Patent Local Rule 4-3, *Finjan, Inc. v. Sophos Inc.*, Civ. No. 14-cv-01197-WHO.<br><br>July 23, 2018, Claim Construction Order – *Finjan, Inc. v. Cisco Systems Inc.*, Civ. No. 17-cv-00072-BLF. | Governed by 35 U.S.C. § 112(6):<br><br>Function: linking the first Downloadable security profile to the Downloadable before a web server makes the Downloadable available to web clients<br><br>Structure: content inspection engine programmed to perform the algorithm of step 630 disclosed at FIG. 6, Col. 8, lines 65-67 and Col. 6, lines 13-24 of the '844 Patent |

| '844 Terms For Construction | Citations to Intrinsic Record and Extrinsic Evidence | Proposed Constructions |
|---|---|---|
| | March 26, 2019 Claim Construction Order – *Finjan, Inc. v. SonicWall Inc*., Civ. No. 17-cv-04467-BLF.<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | |
| "means for comparing the first downloadable security profile against the security policy if the first downloadable security profile is trustworthy" | Intrinsic Evidence<br><br>'844 patent at Abstract; Claim 44; FIGS. 1-8; 2:20-2:60; 3:33-4:58; 5:14-5:47; 7:41-7:48; 8:17-8:36; 10:66-11:11; U.S. Pat. No. 6,092,194, FIGS. 1-5; 1:60-2:36; 2:65-5:3; 5:15-7:6; 9:57-10:6.<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | Governed by 35 U.S.C. § 112(6):<br><br>Function: comparing the first downloadable security profile against the security policy if the first downloadable security profile is trustworthy<br><br>Structure: network protection engine or computer protection engine |
| "means for determining whether to trust the first Downloadable security profile" | Intrinsic Evidence<br><br>'844 patent at Abstract; Claim 44; FIGS. 1-8; 2:20-2:60; 3:33-4:58; 5:14-5:47; 7:41-7:48; 8:17-8:36; 10:66-11:11; U.S. Pat. No. 6,092,194, FIGS. 1-5; 1:60-2:36; 2:65-5:3; 5:15-7:6; 9:57-10:6.<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | Governed by 35 U.S.C. § 112(6):<br><br>Function: determining whether to trust the first downloadable security profile<br><br>Structure: network protection engine or computer protection engine |
| "security context" | This term is not in the asserted claims. | n/a |
| "web client" | Intrinsic Evidence<br><br>Title;<br>Abstract;<br>Figs. 1-8 (Fig. 1 showing content inspection | No construction necessary – plain and ordinary meaning. |

5

| '844 Terms For Construction | Citations to Intrinsic Record and Extrinsic Evidence | Proposed Constructions |
|---|---|---|
| | engine);<br>Claims 1-21, 41, 43;<br>Col. 1, ll. 37-59, 62-67;<br>Col. 2, ll. 1-67;<br>Col. 3, ll. 32-65;<br>Col. 4, ll. 1-67;<br>Col. 5, ll. 1-13, 48-67;<br>Col. 6, ll. 1-24, 66-67;<br>Col. 7, ll. 1-67;<br>Col. 8, ll. 1-5, 36-67; and<br>Col. 9, ll. 1-53;<br><br>U.S. Pat. No. 6,092,194, including:<br>Figs. 1-5;<br>Col. 1, ll. 60-67;<br>Col. 2, ll. 1-36; 65-67;<br>Col. 3, ll. 1-67;<br>Col. 4, ll. 1-67;<br>Col. 5, ll. 1-3; 15-67;<br>Col. 6, ll. 1-67;<br>Col. 7, ll. 1-6;<br>Col. 9, ll. 24 – 28, 34 – 42, 57-67;<br>Col. 10, ll. 1-6.<br><br>'844 Patent File History including:<br>February 8, 2000 Non-Final Rejection;<br>May 16, 2000 Response to Non-Final Action; and July 13, 2000 Notice of Allowance.<br><br>April 21, 2016 Decision Denying Institution of Inter Partes Review – *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00165, Paper No. 7.<br><br>*Symantec Corp. v. Finjan, Inc.*, IPR2015-01894, PTAB Decision Denying Institution<br><br>Extrinsic Evidence<br><br>October 14, 2014, Joint Claim Construction and Pre-Hearing Statement Pursuant to Patent Local Rule 4-3, *Finjan, Inc. v. Sophos Inc.*, Civ. No. 14-cv-01197-WHO. | |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '844 Terms For Construction | Citations to Intrinsic Record and Extrinsic Evidence | Proposed Constructions |
|---|---|---|
| | April 12, 2016 Summary Judgment Order - *Finjan, Inc. v. Proofpoint, Inc. et al.*, Case No. 3:13-cv-05808-HSG (N.D. Cal.).<br><br>May 24, 2016 Summary Judgment Order *Finjan, Inc. v. Sophos, Inc.*, Case No. 14-cv-01197-WHO (N.D. Cal.).<br><br>July 18, 2016 Post-Trial Order, *Finjan, Inc. v. Blue Coat, Inc.*, Case No. 13-CV-03999-BLF (N.D. Cal.).<br><br>February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Inc.*, Civ. No. 3:14-cv-02998-HSG  (adopting  Finjan's construction).<br><br>March 02, 2015 Claim Construction Order – *Finjan, Inc. v. Sophos Inc.*, Civ. No. 14-cv-01197-WHO.<br><br>October 20, 2014 Claim Construction Order – *Finjan, Inc. v. Blue Coat, Inc.*, Case No. 5:13- cv-03999-BLF (N.D. Cal.).<br><br>December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc.*, et al., 3:13-cv-05808-HSG (N.D. Cal.).<br><br>February  2,  2019  Order  Construing Additional Claims – *Finjan, Inc. v. Cisco Systems Inc.*, Civ. No. 17-cv-00072-BLF.<br><br>July 23, 2018, Claim Construction Order – *Finjan, Inc. v. Cisco Systems Inc.*, Civ. No. 17-cv-00072-BLF.<br><br>Dictionary/Treatise Definitions Webster's New World Dictionary of Computer Terms (1997) at 95.<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys. | |

7

| '844 Terms For Construction | Citations to Intrinsic Record and Extrinsic Evidence | Proposed Constructions |
|---|---|---|
| | Qualys' Invalidity Contentions. | |

| '968 Terms For Construction | | Proposed Constructions |
|---|---|---|
| "receiver" | **Intrinsic Evidence**<br><br>Abstract;<br>Fig. 2;<br>Col. 1, ll. 10-23;<br>Col. 2, ll. 28-67;<br>Col. 3, ll. 30-45;<br>Col. 4, ll. 1-8;<br>Col. 7, ll. 35-55;<br>Col. 8, ll. 17-45;<br>Claims 1 – 38.<br><br>**Extrinsic Evidence**<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions.  Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term 'receiver.'" | No construction necessary – plain and ordinary meaning. |
| "transmitter" | **Intrinsic Evidence**<br><br>Abstract;<br>Fig. 2;<br>Col. 3, ll. 30-61;<br>Col. 5, ll. 38-51;<br>Claims 1 – 38.<br><br>**Extrinsic Evidence** | No construction necessary – plain and ordinary meaning. |

8

FINJAN'S AMENDED PRELIMINARY CLAIM                          CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '968 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions.  Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term 'transmitter.'" | |
| "dynamically generating a policy index" | <u>Intrinsic Evidence</u><br><br>Title;<br>Abstract;<br>Claims 1 – 38;<br>Figs. 1, 2, 3;<br>Col. 1, ll. 10-58, 63 - 67;<br>Col. 2, ll. 1 – 67;<br>Col. 3, ll. 16 – 67;<br>Col. 4, ll. 1 – 67;<br>Col. 5, ll. 1 – 67;<br>Col. 6, ll. 1 – 67;<br>Col. 7, ll. 1 – 67;<br>Col. 8, ll. 1 – 67; and<br>Col. 9, ll. 1 – 44.<br><br>'968 Patent File History, including:<br>Notice of Allowance dated June 23, 2005;<br>Office Action Response dated June 6, 2005;<br>Office Action Response dated May 11, 2005;<br>Office Action dated February 9, 2005.<br><br><u>Extrinsic Evidence</u><br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | No construction necessary – plain and ordinary meaning. |

| '968 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions.  Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be 'creating or updating a policy index in response to user requests for cached or non-cached content.'" | |
| "known to be allowable relative to a given policy" / "allowable relative to a given policy" | <u>Intrinsic Evidence</u><br><br>Title;<br>Abstract;<br>Claims 1-38;<br>Figs. 1, 2;<br>Col. 2, ll. 3 – 11, 28 – 67;<br>Col. 3, ll. 31 – 40, 62 – 67;<br>Col. 4, ll. 20-63;<br>Col. 5, ll. 15 – 63;<br>Col. 4, ll. 1 – 32;<br>Col. 6, ll. 22 – 54;<br>Col. 7, ll. 11 – 23, 35 – 38; and<br>Col. 8, ll. 18 – 32, 64-67;<br>Col. 9, ll. 3-8.<br><br>'986 Patent File History, including: Notice of Allowance dated June 23, 2005; Office Action Response dated June 6, 2005; Office Action Response dated May 11, 2005; Office Action dated February 9, 2005.<br><br><u>Extrinsic Evidence</u><br><br>October 20, 2014 Claim Construction Order – *Finjan Inc. v. Blue Coat Systems, Inc.*, Civ. No. 5:13-cv-03999-BLF. | No construction necessary – plain and ordinary meaning. |

| '968 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | March 26, 2019 Claim Construction Order – *Finjan, Inc. v. SonicWall Inc*., Civ. No. 17-cv-04467-BLF.<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions.  Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be 'whether the given digital content may be sent to the web client.'" | |
| "memory storing a cache of digital content" | <u>Intrinsic Evidence</u><br><br>Title;<br>Abstract;<br>Claims 1 – 38;<br>Figs. 1, 2, 3;<br>Col. 1, ll. 10-58, 63 - 67;<br>Col. 2, ll. 1 – 67;<br>Col. 3, ll. 16 – 67;<br>Col. 4, ll. 1 – 67;<br>Col. 5, ll. 1 – 67;<br>Col. 6, ll. 1 – 67;<br>Col. 7, ll. 1 – 67;<br>Col. 8, ll. 1 – 67; and<br>Col. 9, ll. 1 – 44.<br><br>'968 Patent File History, including:<br>Notice of Allowance dated June 23, 2005;<br>Office Action Response dated June 6, 2005;<br>Office Action Response dated May 11, 2005;<br>Office Action dated February 9, 2005. | No construction necessary – plain and ordinary meaning. |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '968 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions.  Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be 'a memory storing [memory for storing] a collection of digital content previously requested and retrieved for a web client.'" | |

| '731 Terms For Construction | | Proposed Constructions |
|---|---|---|
| "incoming files from the Internet" | Intrinsic Evidence<br><br>'731 patent at:<br>Abstract;<br>Figs. 1–3;<br>Claim 1;<br>Col. 1, ll. 25–67;<br>Col. 2, ll. 1–67;<br>Col. 3, ll. 1–67;<br>Col. 4, ll. 1–67;<br>Col. 5, ll. 19–32, 54–67;<br>Col. 6, ll. 1–24, 54-60;<br>Col. 7, ll. 1–67;<br>Col. 8, ll. 1–67;<br>Col. 9, ll. 1–67;<br>Col. 10, ll. 1–51;<br>Col. 11, ll. 14 – 20;<br>'731 Patent File History.<br><br>U.S. Pat. No. 6,154,844 | No construction necessary – plain and ordinary meaning. |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '731 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Abstract; | |
| | Figs. 1–8; | |
| | Col. 1, ll. 62–67; | |
| | Col. 2, ll. 1–67; | |
| | Col. 3, ll. 33–67; | |
| | Col. 4, ll. 1–64; | |
| | Col. 5, ll. 14–67; | |
| | Col. 6, ll. 1–24; | |
| | Col. 7, ll. 41–67; | |
| | Col. 8, ll. 1–67; | |
| | Col. 9, ll. 1–18, ll. 63–67; | |
| | Col. 10, ll. 1–67; | |
| | Col. 11, ll. 1–11. | |
| | | |
| | U.S. Patent No. 6,965,968 | |
| | Abstract; | |
| | Figs. 1, 2; | |
| | Col. 1, ll. 10–67; | |
| | Col. 2, ll. 1–67; | |
| | Col. 3, ll. 47–67; | |
| | Col. 4, ll. 1–13; | |
| | Col. 6, ll. 27–30; | |
| | Col. 7, ll. 23–67; | |
| | Col. 8, ll. 1–67; | |
| | Col. 9, ll. 1–45. | |
| | | |
| | U.S. Pat. No. 6,092,194 | |
| | Figs. 1-5; | |
| | Col. 1, ll. 60–67; | |
| | Col. 2, ll. 1–36, 65 – 67; | |
| | Col. 3, ll. 1–67; | |
| | Col. 4, ll. 1–67 | |
| | Col. 5, ll. 1–67; | |
| | Col. 6, ll. 1–67; | |
| | Col. 7, ll. 1–67; | |
| | Col. 8, ll. 1–67; | |
| | Col. 9, ll. 57–67; | |
| | Col 10, ll. 1–6. | |
| | | |
| | U.S. Patent No. 6,167,520 | |
| | Figs. 1–7; | |
| | Col. 2, ll. 53 – 67; | |
| | Col. 3, ll. 1–67; | |
| | Col. 4, ll. 1–67; | |

FINJAN'S AMENDED PRELIMINARY CLAIM          CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '731 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Col. 5, ll. 1–67; Col. 6, ll. 1–67. <br><br> U.S. Pat. No. 6,480,962 <br> Figs. 1–7; <br> Col. 2, ll. 6–40, 61–67; <br> Col. 3, ll. 1–67; <br> Col. 4, ll. 1–67; <br> Col. 5, ll. ll. 1–23; <br> Col. 6, ll. 60–67; <br> Col. 7, ll. 1–7. <br><br> Extrinsic Evidence <br><br> Any intrinsic and extrinsic evidence relied upon by Qualys. <br><br> Qualys' Invalidity Contentions. <br><br> Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions.  Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be 'Internet files requested by an intranet computer.'" | |

| '154 Terms For Construction | | Proposed Constructions |
|---|---|---|
| "a content processor" | Intrinsic Evidence <br><br> Abstract; <br> Figs. 1–5; <br> Claims 1 – 12; <br> Col. 2, ll. 64 – 67 (example of software application running on a computer that process Internet content); <br> Col. 3, ll. 1 – 30; <br> Col. 4, ll. 55 – 67; | No construction necessary – plain and ordinary meaning. |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '154 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Col. 5, ll. 4 – 25, 26 – 67; Col. 6, ll. 1 – 67; Col. 7, ll. 20 – 31; Col., 10, ll. 15 – 67 (web browser running on a client computer); Col. 11, ll. 1–67; Col. 12, ll. 7–67; Col. 13, ll. 1–67; Col. 14, ll. 1–67; Col. 15, ll. 1–67; Col. 16, ll. 1–67; Col. 17, ll. 1–29. | |
| | '154 Patent File History, including: June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance. | |
| | *Symantec Corp. v. Finjan, Inc.*, IPR2015-01547, including Petition to Institute IPR (Paper No. 1), Davidson Declaration (Ex. 1010), Decision Denying Institution (Paper No. 9). | |
| | *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2015-01979; *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00151; IPR2016-00919; IPR2016-01071. | |
| | Extrinsic Evidence | |
| | March 2, 2015 Claim Construction Order – *Finjan, Inc. v. Sophos, Inc.*, N.D. Cal. Case No. 14-cv-1197-WHO. | |
| | December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc., et al.,* Case No. 3:13-cv-05808-HSG (N.D. Cal.). | |
| | February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.,* Case No. 3:14- cv-02998-HSG (N.D. Cal.) | |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '154 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | March 14, 2017 Order re Post-trial Motions in *Finjan, Inc. v. Sophos, Inc.*, N.D. Cal. Case No. 14-cv-1197-WHO. | |
| | February 14, 2019 Claim Construction Order – *Finjan, Inc. v. Bitdefender, Inc.* Case No. 17-cv-04790-HSG (N.D. Cal.). | |
| | Any intrinsic and extrinsic evidence relied upon by Qualys. | |
| | Qualys' Invalidity Contentions. | |
| "process content" | Intrinsic Evidence<br><br>Abstract;<br>Figs. 1–5;<br>Claims 1 – 12;<br>Col. 2, ll. 64 – 67 (example of software application running on a computer that process Internet content);<br>Col. 3, ll. 1 – 30;<br>Col. 4, ll. 55 – 67;<br>Col. 5, ll. 4 – 25, 26 – 67;<br>Col. 6, ll. 1 – 67;<br>Col. 7, ll. 20 – 31;<br>Col., 10, ll. 15 – 67 (web browser running on a client computer);<br>Col. 11, ll. 1–67;<br>Col. 12, ll. 7–67;<br>Col. 13, ll. 1–67;<br>Col. 14, ll. 1–67;<br>Col. 15, ll. 1–67;<br>Col. 16, ll. 1–67;<br>Col. 17, ll. 1–29.<br><br>'154 Patent File History, including:<br>June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance.<br><br>*Symantec Corp. v. Finjan, Inc*., IPR2015-01547, including Petition to Institute IPR | No construction necessary – plain and ordinary meaning. |

| '154 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | (Paper No. 1), Davidson Declaration (Ex. 1010), Decision Denying Institution (Paper No. 9). | |
| | *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2015-01979; *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00151; IPR2016-00919; IPR2016-01071. | |
| | <u>Extrinsic Evidence</u> | |
| | March 2, 2015 Claim Construction Order – *Finjan, Inc. v. Sophos*, Inc., N.D. Cal. Case No. 14-cv-1197-WHO. | |
| | December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc., et al.,* Case No. 3:13-cv-05808-HSG (N.D. Cal.). | |
| | February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.,* Case No. 3:14- cv-02998-HSG (N.D. Cal.) | |
| | March 14, 2017 Order re Post-trial Motions in *Finjan, Inc. v. Sophos, Inc*., Case No. 14-cv-1197-WHO (N.D. Cal.). | |
| | February 14, 2019 Claim Construction Order – *Finjan, Inc. v. Bitdefender, Inc.* Case No. 17-cv-04790-HSG (N.D. Cal.). | |
| | Any intrinsic and extrinsic evidence relied upon by Qualys. | |
| | Qualys' Invalidity Contentions. | |
| "receiver" | <u>Intrinsic Evidence</u><br><br>Abstract;<br>Figs. 1–5;<br>Claims 1 – 12;<br>Col. 2, ll. 54 – 67;<br>Col. 3, ll. 1 – 30;<br>Col. 4, ll. 55 – 60 | No construction necessary – plain and ordinary meaning. |

17

| '154 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Col. 5, ll. 4 – 25, 26 – 67; Col. 6, ll. 1 – 67; Col. 7, ll. 20 – 31, 51-65; Col. 8, ll. 41-60; Col., 10, ll. 15 – 67; Col. 11, ll. 41 – 67; Col. 12, ll. ll. 1–67; Col. 15, ll. 14 – 64. '154 Patent File History, including: June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance. *Symantec Corp. v. Finjan, Inc.*, IPR2015-01547, including Petition to Institute IPR (Paper No. 1), Davidson Declaration (Ex. 1010), Decision Denying Institution (Paper No. 9). Extrinsic Evidence Any intrinsic and extrinsic evidence relied upon by Qualys. Qualys' Invalidity Contentions. Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions.  Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term 'receiver.'" | |
| "transmitter" | Intrinsic Evidence Abstract; Figs. 1–5; Claims 1 – 12; Col. 2, ll. 54 – 67; | No construction necessary – plain and ordinary meaning. |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '154 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Col. 3, ll. 1 – 30;<br>Col. 4, ll. 55 – 60<br>Col. 5, ll. 4 – 25, 26 – 67;<br>Col. 6, ll. 1 – 67;<br>Col. 7, ll. 20 – 31, 51-65;<br>Col. 8, ll. 41-60;<br>Col., 10, ll. 15 – 67;<br>Col. 11, ll. 41 – 67;<br>Col. 12, ll. ll. 1–67;<br>Col. 15, ll. 14 – 64.<br><br>'154 Patent File History, including:<br>June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance.<br><br>*Symantec Corp. v. Finjan, Inc.*, IPR2015-01547, including Petition to Institute IPR (Paper No. 1), Davidson Declaration (Ex. 1010), Decision Denying Institution (Paper No. 9).<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions.  Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term 'transmitter.'" | |
| "security computer" | Intrinsic Evidence<br><br>Abstract;<br>Figs. 1–5; | No construction necessary – plain and ordinary meaning. |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '154 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Claims 1, 2, 3, 4, 6, 7, 9, 11; Col. 1:5-3:13; Col. 3, ll. 30-38-67; Col. 4, ll. 1-26, 30-55; Col. 5, ll. 4-67; Col. 6, ll. 1-67; Col. 7, ll. 1-50; Col. 8:10-67; Col. 9, ll. 1-67; Col. 10, ll. 1-67; Col. 11, ll. 1-67; Col. 12, ll. 1-67; Col. 13, ll. 1-3, 8-67; Col. 14, ll. 1-67; Col. 15, ll. 1-67; Col. 16, ll. 1-67; Col. 17, ll. 1-30; Table I, Table II, Table III. <br><br> '154 Patent File History including: Application No. 12/814,584; Office Action – Non-Final Rejection mailed June 28, 2011; Amendment and Response to Office Action made October 5, 2011; Notice of Allowance mailed December 22, 2011; and Amendment and Applicant Arguments/Remarks Made in an Amendment made October 16, 2013. <br><br> Extrinsic Evidence <br><br> February 14, 2019 Claim Construction Order – *Finjan, Inc. v. Bitdefender, Inc.* Case No. 17-cv-04790-HSG. <br><br> December 3, 2015 Claim Construction Order –*Finjan, Inc. v. Proofpoint, Inc., et al.*, Case No. 13-cv-05808-HSG. <br><br> February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Inc.*, Civ. No. 3:14-cv-02998-HSG. | |

FINJAN'S AMENDED PRELIMINARY CLAIM
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

CASE NO.: 4:18-cv-07229-YGR

| '154 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions.<br><br>Finjan will rely on expert testimony to rebut any expert opinion that Qualys offers to support its constructions.  Here, Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be 'a computer that determines whether the content received by the content processor is malicious.'" | |

| '408 Terms For Construction | | Proposed Constructions |
|---|---|---|
| "instantiating, by the computer, a scanner for the specific programming language" | Intrinsic Evidence<br><br>Title;<br>Abstract;<br>Figs. 1, 2, 5, 6, 7;<br>Claims 1, 8, 9, 22;<br>Col. 1, ll. 65 – 67;<br>Col. 2, ll. 1 – 65;<br>Col. 3, ll. 22 – 45, 59 – 66;<br>Col. 4, ll. 53 – 62;<br>Col. 5, ll. 10 – 42; 55 – 67;<br>Col. 6, ll. 1 – 3, 14 – 59;<br>Col. 7, ll. 28 – 44;<br>Col. 8, ll. 59 – 67;<br>Col. 9, ll. 7 – 18; and<br>Col. 15, ll. 1 – 4; 14 – 67.<br><br>'408 Patent File History including: Office Action – Application No. 10/930,884; Non-Final Rejection mailed July 22, 2008; Amendment and Response to Office Action made on November 4, 2008; Office Action – Non-Final Rejection mailed January 21, | No construction necessary – plain and ordinary meaning. |

21

| '408 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | 2009; Amendment and Response to Office Action made on April 3, 2009; Office Action – Final Rejection mailed on July 29, 2009; Response to Final Office Action made on September 23, 2009; Advisory Action mailed on October 13, 2009; Request for Continued Examination made on October 29, 2009; Office Action – Non-Final Rejection mailed on November 10, 2009; Response to Office Action made on February 12, 2010; Office Action – Final Rejection mailed on May 27, 2010; Response to Final Office Action made on August 26, 2010; Advisory Action mailed on September 7, 2010; Submission with Request for Continued Examination Including Response to Office Action made on September 15, 2010; Office Action – Non-Final Rejection mailed on October 7, 2010; Response to Office Action made on November 7, 2010; Office Action – Non-Final Rejection mailed on January 21, 2011; Response to Office Action made on April 13, 2011; Office Action – Final Rejection mailed June 16, 2011; Response to Final Office Action made on July 19, 2011; Advisory Action mailed on July 29, 2011; Submission with Request for Continued Examination & Response to Office Action made on September 13, 2011; Office Action – Non-Final Rejection mailed on October 11, 2011; Response to Office Action made on February 13, 2012; Notice of Allowance, Examiner's Amendment mailed on March 14, 2012 and any relevant IPR or re-examination proceedings.<br><br>*Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2015-02001, IPR2016-00157, including Final Written Decision, Paper No. 41.<br><br>*Blue Coat Systems, Inc. v. Finjan, Inc.*, IPR2016-01441, including: Petitioner for IPR, Paper No. 1; Bestavros Decl. (Ex. | |

FINJAN'S AMENDED PRELIMINARY CLAIM
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

CASE NO.: 4:18-cv-07229-YGR

| '408 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | 1002); PTAB Decision Denying Institution of Inter Partes Review, Paper No. 14.<br><br>*FireEye, Inc. v. Finjan, Inc.*, IPR2017-00157, including: Petition for IPR, Paper No. 1; Bestavros Declaration (Ex. 1002); PTAB Decision Denying Institution of Inter Partes Review, Paper No. 9.<br>August 12, 2016, Joint Claim Construction and Pre-Hearing Statement Pursuant to Patent Local Rule 4-3, *Finjan, Inc. v. Blue Coat Systems LLC*, Civ. No. 15-cv-03295-BLF-SVK.<br>January 31, 2017 Claim Construction Order – *Finjan, Inc. v. Blue Coat Systems LLC*, Civ. No. 15-cv-03295-BLF-SVK.<br><br>Extrinsic Evidence<br><br>Any intrinsic and extrinsic evidence relied upon by Qualys.<br><br>Qualys' Invalidity Contentions. | |

| '494 Terms For Construction | | Proposed Constructions |
|---|---|---|
| "receiver" | Intrinsic Evidence<br><br>'494 Patent at:<br>Abstract;<br>Figs. 1-12,<br>Col. 3, ll. 3-67;<br>Col. 4, ll. 1-67;<br>Col. 5, ll. 60-67;<br>Col. 6, ll. 7-67;<br>Col. 7, ll. 30-67;<br>Col. 8, ll. 5-24;<br>Col. 9, ll. 20-67;<br>Col. 10, ll. 5-19;<br>Col. 12, ll. 1-47;<br>Col. 14, ll. 5-28;<br>Col. 15, ll. 14-67;<br>Col. 19, ll. 16-31. | No construction necessary – plain and ordinary meaning. |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '494 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | U.S. Patent No. 8,079,086 at:<br>Title;<br>Abstract;<br>Figs. 1-12 (see Figs. 1b, 1c, 3, 4, and 9)<br>Claims 1-42.<br>Col. 1, ll. 40–67;<br>Col. 2, ll. 2-26, 30-67 ("'network servers' (e.g., firewalls, resources, gateways, email relays or other devices/processes that are capable of receiving-and-transferring a Downloadable));<br>Col. 3, ll. 1-67;<br>Col. 4, ll. 1-52;<br>Col. 5, ll. 45–67;<br>Col. 6, ll. 1-67;<br>Col. 7, ll. 1-67;<br>Col. 8, ll. 1-3;<br>Col. 9, ll. 1-67;<br>Col. 10, ll. 1-67;<br>Col. 11, ll. 1-67;<br>Col. 12, ll. 1-67;<br>Col. 13, ll. 1-67;<br>Col. 14, ll. 1-67;<br>Col. 15, ll. 1-41;<br>Col. 17, ll. 21-34;<br>Col. 18, ll. 32-45, 61-67;<br>Col. 19, ll. 1-24.<br><br>U.S. Pat. No. 6,804,780 at:<br>Abstract;<br>Figs. 1– 8;<br>Col. 5, ll. 45–67;<br>Col. 6, ll. 1-36.<br><br>U.S. Pat. No. 6,092,194 at:<br>Abstract;<br>Figs. 1-7,<br>Col. 6, ll. 5-19<br>Col. 9, ll. 65-67;<br>Col. 10, ll. 10:1.<br><br>U.S. Provisional 60/030,639, Abstract, pages 10-13, Figs. 1-7. | |

FINJAN'S AMENDED PRELIMINARY CLAIM
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

CASE NO.: 4:18-cv-07229-YGR

| '494 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | File History of the '494, '194, '086, and '780 Patents. | |
| | *Symantec Corp. v. Finjan, Inc.*, February 26, 2016 Decision Denying Institution of Inter Partes Review –IPR2015-01895, Paper No. 7. | |
| | *Blue Coat Sys. Inc. v. Finjan, Inc.*, February 16, 2017 Decision Denying Institution of Inter Partes Review –IPR2016-01444, Paper No. 9. | |
| | *Palo Alto Networks v. Finjan, Inc.*, February 9, 2016 Decision Denying Institution of Inter Partes Review –IPR2016-00145, Paper No. 9. | |
| | *Sophos Inc. v. Finjan, Inc.*, September 24, 2015 Decision Denying Institution of Inter Partes Review –IPR2015-00907, Paper No. 8. | |
| | Control No. 90/013,015<br>Control No. 90/013,147<br>Control No. 90/013,654. | |
| | Extrinsic Evidence | |
| | February 14, 2019 Claim Construction Order – *Finjan, Inc. v. Bitdefender, Inc.* Case No. 17-cv-04790-HSG. | |
| | Any intrinsic and extrinsic evidence relied upon by Qualys. | |
| | Qualys' Invalidity Contentions. | |
| | Finjan will offer rebuttal expert testimony for every term for which Qualys offers an expert opinion.  Here, Finjan will offer expert testimony to rebut Qualys' proposed | |

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

| '494 Terms For Construction | | Proposed Constructions |
|---|---|---|
| | expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term 'receiver.'" | |

Dated:  November 12, 2019

By:   /s/ James Hannah
Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

FINJAN'S AMENDED PRELIMINARY CLAIM                 CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2

## PROOF OF SERVICE

I, Sean Robertson, am employed in the Menlo Park, California office of Kramer Levin Naftalis & Frankel LLP.  I am over the age of 18 and not a party to the within action.  My business address is 990 Marsh Road, Menlo Park, California 94025. I am readily familiar with the firm's practice of collecting and processing of mail for mailing with the U.S. Postal Service and overnight delivery services.

On November 12, 2019, I caused the following document to be served:

**FINJAN, INC.'S PRELIMINARY CLAIM CONSTRUCTIONS**
**PURSUANT TO PATENT LOCAL RULE 4-2**

by electronic mail, addressed as follows:

| | |
|---|---|
| Edward G. Poplawski | Ryan R. Smith |
| Olivia M Kim | Christopher Don Mays |
| Wilson Sonsini Goodrich & Rosati, P.C. | Wilson Sonsini Goodrich & Rosati |
| 633 West Fifth Street, Suite 1550 | 650 Page Mill Road |
| Los Angeles, CA 90071 | Palo Alto, CA 94304-1050 |
| epoplawski@wsgr.com | rsmith@wsgr.com |
| okim@wsgr.com | cmays@wsgr.com |

I declare under penalty of perjury under the laws of the State of California and the United States that that the foregoing is true and correct.  Executed on November 12, 2019, in Menlo Park, California.

_____
Sean Robertson

27

FINJAN'S AMENDED PRELIMINARY CLAIM                    CASE NO.: 4:18-cv-07229-YGR
CONSTRUCTIONS PURSUANT TO P.L.R. 4-2