# EXHIBIT F

EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (SBN 228382)
okim@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2901
Facsimile: (866) 974-7329

RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER D. MAYS (SBN 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for Defendant*
QUALYS INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>QUALYS INC., a Delaware Corporation,<br><br>Defendant. | CASE NO.: 4:18-cv-07229-YGR<br><br>**DEFENDANT QUALYS INC.'S PRELIMINARY DISCLOSURE OF INTRINSIC AND EXTRINSIC EVIDENCE**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Patent Local Rule 4-2, the Court's Scheduling Order, and the parties' agreements, Defendant Qualys Inc. ("Qualys") provides its preliminary disclosure of intrinsic and extrinsic evidence attached here as **Exhibit 1**. Qualys notes that discovery is ongoing, including discovery regarding claim construction, and Qualys therefore reserves the right to supplement or amend these disclosures. Qualys further reserves the right to revise these disclosures based on evidence identified by Finjan, including to use any evidence identified by Finjan (in this or any previous matter). For example, Qualys may rely upon the expert testimony of Dr. Aviel Rubin in connection with any or all the claim constructions proposed below.

Respectfully submitted,

DATED: November 6, 2019

By: */s/ Christopher D. Mays*

EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (SBN 228382)
okim@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2901
Facsimile: (866) 974-7329

RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER D. MAYS (SBN 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Counsel for Defendant*
QUALYS INC.

**EXHIBIT 1: QUALYS'S PATENT LR 4-2 DISCLOSURES**

| Pat. | Term | Def. Proposal | Evidence |
|---|---|---|---|
| 844 | "means for comparing the first downloadable security profile against the security policy if the first downloadable security profile is trustworthy" | This term is subject to 35 USC Section 112 Paragraph 6.<br><br>Function: comparing the first downloadable security profile against the security policy if the first downloadable security profile is trustworthy;<br><br>Structure: local security policy analysis engine 530 | '844 Patent at Abstract; Claim 44; Figs. 1-8; 2:20-60; 3:33-4:58; 5:14-47; 7:41-48; 8:6-8; 8:17-36; 9:23-29; 10:2-5; 10:66-11:11.<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 118 (N.D. Cal. Oct. 20, 2014) (claim construction order).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 65 (N.D. Cal. June 16, 2014) (Finjan's opening claim construction brief).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 66 (N.D. Cal. June 30, 2014) (Blue Coat's responsive claim construction brief).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 66-1 (N.D. Cal. June 30, 2014) (Declaration of Dr. Peter Reiher).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 66-8 (N.D. Cal. June 30, 2014) (May 23, 2014 Deposition of Dr. Nenad Medvidovic).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 67 (N.D. Cal. July 4, 2014) (Finjan's reply claim construction brief). |
| 844 | "means for determining whether to trust the first Downloadable security profile" | This term is subject to 35 USC Section 112 Paragraph 6.<br>Function: determining whether to trust the first downloadable security profile<br>Structure: certificate authenticator 515 and downloadable ID verification engine 520 | '844 Patent at Abstract; Claim 44; Figs. 1-8; 2:20-60; 3:33-4:58; 5:14-49; 7:41-67; 8:17-36; 9:23-29; 10:66-11:11.<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 118 (N.D. Cal. Oct. 20, 2014) (claim construction order).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 65 (N.D. Cal. June 16, 2014) (Finjan's opening claim construction brief).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 66 (N.D. Cal. June 30, 2014) (Blue Coat's responsive claim construction brief). |

| | | | |
|---|---|---|---|
| | | | *Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 66-1 (N.D. Cal. June 30, 2014) (Declaration of Dr. Peter Reiher).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 66-8 (N.D. Cal. June 30, 2014) (May 23, 2014 Deposition of Dr. Nenad Medvidovic).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 67 (N.D. Cal. July 4, 2014) (Finjan's reply claim construction brief). |
| 844 | "security context" | an environment in which a software application is run, which may limit resources that the application is permitted to access or operations that the application is permitted to perform | *Finjan, Inc. v. Proofpoint, Inc.,* Civ. No. 4:13-cv-5808-HSG, Dkt. No. 267 (N.D. Cal. Dec. 3, 2015) (claim construction order).<br><br>*Finjan, Inc. v. Proofpoint, Inc.,* Civ. No. 4:13-cv-5808-HSG, Dkt. No. 117 (N.D. Cal. Jan. 26, 2015) (joint claim construction and pre-hearing statement). |
| 844 | "web client" | an application on the computer of an end-user that requests a downloadable from the web server | '844 Patent: Claims 1, 15, 22, 23, 32, 41, 42, 43, 44; 2:3-19; 3:32-52; 4:65-5:13; 5:14-19; 5:28-33; 6:2-17; 7:6-8:4; 8:17-36; 8:49-51; 8:65-67; 9:13-18; 9:19-21; 9:63-10:13; Figs. 1 and 7.<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 170 (N.D. Cal. Feb. 10, 2017) (claim construction order).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 159 (N.D. Cal. Dec. 20, 2017) (Finjan's reply to Symantec's supplemental claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 154 (N.D. Cal. Dec. 13, 2017) (Symantec's responsive supplemental claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 151 (N.D. Cal. Nov. 29, 2017) (Finjan's supplemental claim construction brief). |

| | | | |
|---|---|---|---|
| | | | *Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 151-1 (N.D. Cal. Nov. 29, 2017) (Declaration of Dr. Nenad Medvidovic).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 72-1 (N.D. Cal. April 20, 2015) (Declaration of Dr. Nenad Medvidovic).<br><br>*Finjan, Inc. v. Sophos, Inc.,* Civ. No. 3:14-cv-1197-WHO, Dkt. No. 205 (N.D. Cal. May 24, 2016) (order denying Sophos's motion for summary judgment).<br><br>*Finjan, Inc. v. Proofpoint, Inc.,* Civ. No. 4:13-cv-5808-HSG, Dkt. No. 462 (N.D. Cal. May 20, 2016) (Finjan's supplemental claim construction brief).<br><br>*Finjan, Inc. v. Proofpoint, Inc.,* Civ. No. 4:13-cv-5808-HSG, Dkt. No. 321 (N.D. Cal. March 7, 2016) (Finjan's response to Proofpoint's motion for summary judgment).<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.,* Civ. No. 5:13-cv-03999-BLF, Dkt. No. 118 (N.D. Cal. Oct. 20, 2014) (claim construction order).<br><br>*Finjan, Inc. v. ESET, LLC.,* Civ. No. 3:17-cv-0183-CAB-BGS, Dkt. No. 195 (S.D. Cal. Nov. 14, 2017) (claim construction order).<br><br>Microsoft Press Computer Dictionary 64 (1991).<br>Microsoft Press Computer Dictionary 75 (2d ed. 1994). |
| 154 | "a content processor" / "process content" | a processor that processes modified content; the content processor is part of the computer being protected from dynamically generated malicious content "process content" should be construed | '154 Patent: Abstract; Claims 1, 6; Figs. 1-5; 2:64-67; 3:1-67; 4:15-26; 4:35-54; 4:55-67; 5:1-67; 6:1-67; 7:1-67; 8:38-67; 9:1-11:4; 11:5-67; 12:1-67; 13:1-67; 14:1-67; 15:1-67; 16:1-67; 17:1-29.<br><br>June 28, 2011 Non-Final Rejection<br>October 5, 2011 Amendment and Response to Office Action<br>December 22, 2011 Notice of Allowance<br><br>IPR2015-01979, Record of Oral Hearing (Paper No. 60), at 61:12- 18; 67:17-23; 68:23-69:2; 71:16- 23; Paper 62; Paper 22. |

| | | | |
|---|---|---|---|
| | | consisted with a "content processor" to process modified content | IPR2016-00151, Final Written Decision (Paper No. 51), at pp. 17-18; Ex. 1002 (Rubin declaration).<br><br>*Finjan, Inc. v. Rapid7, Inc.,* Civ. No. 1:18-cv-1519-MN, Dkt. No. 76 (D. Del. Oct. 25, 2019) (joint claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 170 (N.D. Cal. Feb. 10, 2017) (claim construction order).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 72 (N.D. Cal. April 20, 2015) (Finjan's claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 74 (N.D. Cal. May 4, 2015) (Symantec's responsive claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 77 (N.D. Cal. May 11, 2015) (Finjan's reply claim construction brief).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 72-1 (N.D. Cal. April 20, 2015) (Declaration of Dr. Nenad Medvidovic).<br><br>*Finjan, Inc. v. Symantec Corp.,* Civ. No. 4:14-cv-02998-HSG, Dkt. No. 74-1 (N.D. Cal. May 4, 2015) (Declaration of Dr. Richard Ford).<br><br>*Finjan, Inc. v. Juniper Networks, Inc.,* Civ. No. 3:17-cv-05659-WHA, Dkt. No. 491 (N.D. Cal. May 29, 2019) (order on second round of early motions for summary judgment).<br><br>*Finjan, Inc. v. Juniper Networks, Inc.,* Civ. No. 3:17-cv-05659-WHA, Dkt. No. 415 (N.D. Cal. April 5, 2019) (Finjan's reply brief for its motion for early summary judgment).<br><br>*Finjan, Inc. v. Juniper Networks, Inc.,* Civ. No. 3:17-cv-05659-WHA, Dkt. No. 390 (N.D. Cal. March 14, 2019) (Juniper's responsive brief to Finjan's motion for early summary judgment). |

| | | | |
|---|---|---|---|
| | | | *Finjan, Inc. v. Juniper Networks, Inc.,* Civ. No. 3:17-cv-05659-WHA, Dkt. No. 369 (N.D. Cal. Feb. 14, 2019) (Finjan's second motion for early summary judgment).<br><br>*Finjan, Inc. v. Juniper Networks, Inc.,* Civ. No. 3:17-cv-05659-WHA, Dkt. No. 187 (N.D. Cal. Aug. 27, 2018) (Finjan's reply claim construction brief).<br><br>*Finjan, Inc. v. Juniper Networks, Inc.,* Civ. No. 3:17-cv-05659-WHA, Dkt. No. 182 (N.D. Cal. Aug. 20, 2018) (Juniper's responsive claim construction brief).<br><br>*Finjan, Inc. v. Juniper Networks, Inc.,* Civ. No. 3:17-cv-05659-WHA, Dkt. No. 176 (N.D. Cal. Aug. 6, 2018) (Finjan's opening claim construction brief).<br><br>*Finjan, Inc. v. Proofpoint, Inc.,* Civ. No. 4:13-cv-5808-HSG, Dkt. No. 267 (N.D. Cal. Dec. 3, 2015) (claim construction order).<br><br>Barron's Business Guides Dictionary of Computer and Internet Terms, Eighth Edition at 212. |
| 408 | "instantiating, by the computer, a scanner for the specific programming language" | substituting specific data, instructions, or both into a scanner to make it usable for scanning the specific programming language | '408 Patent: Abstract; Claims 1, 8, 9, 22; Figs. 1, 2, 5, 6, 7; 1:59-2:65; 3:22-45; 3:59-66; 4:53-62; 5:10-42; 5:55-67; 6:1-3; 6:14-59; 7:28-44; 8:7-12; 8:59-67; 9:7-18; 15:1-4; 15: 14-67.<br><br>Office Action – Application No. 10/930,884<br><br>Non-Final Rejection mailed July 22, 2008; Amendment and Response to Office Action made on November 4, 2008<br><br>Office Action – Non-Final Rejection mailed January 21, 2009<br><br>Amendment and Response to Office Action made on April 3,2009<br><br>Office Action – Final Rejection mailed on July 29, 2009<br><br>Response to Final Office Action made on September 23, 2009 |

| | | | |
|---|---|---|---|
| | | | Advisory Action mailed on October 13, 2009;<br><br>Request for Continued Examination made on October 29, 2009<br><br>Office Action – Non-Final Rejection mailed on November 10, 2009; Response to Office Action made on February 12, 2010<br><br>Office Action – Final Rejection mailed on May 27, 2010<br><br>Response to Final Office Action made on August 26, 2010<br><br>Advisory Action mailed on September 7, 2010<br><br>Submission with Request for Continued Examination Including Response to Office Action made on September 15, 2010<br><br>Office Action – Non-Final Rejection mailed on October 7, 2010<br><br>Response to Office Action made on November 7, 2010<br><br>Office Action – Non-Final Rejection mailed on January 21, 2011<br><br>Response to Office Action made on April 13, 2011<br><br>Office Action – Final Rejection mailed June 16, 2011<br><br>Response to Final Office Action made on July 19, 2011<br><br>Advisory Action mailed on July 29, 2011<br><br>Submission with Request for Continued Examination & Response to Office Action made on September 13, 2011<br><br>Office Action – Non-Final Rejection mailed on October 11, 2011 |

| | | | |
|---|---|---|---|
| | | | Response to Office Action made on February 13, 2012<br><br>Notice of Allowance, Examiner's Amendment mailed on March 14, 2012.<br><br>*Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2015-02001, IPR2016-00157, including Institution Decision (Papers 7 and 10) and Final Written Decision, Paper No. 41.<br><br>*Blue Coat Systems, Inc. v. Finjan, Inc.*, IPR2016-01441, including: Petitioner for IPR, Paper No. 1; Bestavros Decl. (Ex. 1002); PTAB Decision Denying Institution of Inter Partes Review, Paper No. 14.<br><br>*FireEye, Inc. v. Finjan, Inc.*, IPR2017- 00157, including: Petition for IPR, Paper No. 1; Bestavros Declaration (Ex. 1002); PTAB Decision Denying Institution of Inter Partes Review, Paper No. 9.<br><br>*Finjan, Inc. v. Blue Coat Systems LLC*, Civ. No. 15-cv-03295-BLF-SVK, Dkt. No. 79 (N.D. Cal. Aug. 12, 2016) (joint claim construction and pre-hearing statement).<br><br>*Finjan, Inc. v. Blue Coat Systems LLC*, Civ. No. 15-cv-03295-BLF-SVK, Dkt. No. 179 (N.D. Cal. Jan. 31, 2017) (claim construction order).<br><br>*Finjan, Inc. v. Rapid7, Inc.,* Civ. No. 1:18-cv-1519-MN, Dkt. No. 76 (D. Del. Oct. 25, 2019) (joint claim construction brief).<br><br>*Finjan, Inc. v. SonicWall, Inc.,* Civ. No. 5:17-cv-4497-BLF, Dkt. No. 132 (N.D. Cal. March 26, 2019) (claim construction order).<br><br>*Finjan, Inc. v. SonicWall, Inc.,* Civ. No. 5:17-cv-4497-BLF, Dkt. No. 109 (N.D. Cal. Dec. 21, 2018) (SonicWall's responsive claim construction brief).<br><br>IEEE Standard Dictionary of Electrical and Electronic Terms, Sixth Edition (IEEE 1996) "instantiation (software)" |

| | | | |
|---|---|---|---|
| 968<br>494<br>154 | "receiver" | This term is subject to 35 USC Section 112 Paragraph 6 without corresponding structure | '154 Patent: Figs. 2-5; 6:60-65, 8:54-60, 15:26-29; claims 1-3<br>'968 Patent: Figs 1-2; 1:10-23; 2:29-37; 3:31-46; 3:62-4:8; 7:35-56; 8:17-47; claims 1, 6, 7, 14, 15.<br>'494 Patent: Abstract; Figs 1a-12b; 3:3-4:4; 4:15-41; 6:7-20; 7:30-8:4; 9:21-10:19; 11:65-12:47; 13:49-14:28; 14:55-15:64; 17:30-47; 18:56-20:31; 20:13-29; 20:64-21:3; claims 1, 10<br><br>Expert testimony that a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term "receiver." |
| 968<br>154 | "transmitter" | This term is subject to 35 USC Section 112 Paragraph 6 without corresponding structure | '154 Patent: Figs. 2-5; 6:60-65, 8:54-60, 15:26-29; claims 1-3<br>'968 Patent: Figs 1-2; 1:1-23; 3:41-61; 5:39-51; claims 1, 6, 7, 14, 15<br><br>Expert testimony that a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term "transmitter." |
| 968 | "known to be allowable relative to a given policy" / "allowable relative to a given policy" | Whether the given digital content may be sent to the web client | '968 Patent, Abstract; Figure 1; Figure 2; 1:10-30; 1:37-54; 1:63-2:25; 2:28-67; 3:3-11; 3:21-4:8; 4:14-19; 4:20-32; 4:33-41; 4:42-53; 4:54-5:6; 5:15-30; 5:31-51; 5:52-6:6; 6:7-7:2; 7:11-22; 7:35-8:7; 8:8-16; 8:17-32; 8:33-47; 8:48-9:2; 9:9-11; Claims 1-38.<br><br>U.S. Patent No. 6,772,214<br><br>February 9, 2005 Office Action in Application No. 10/376,215<br><br>May 11, 2005 Response to Office Action in Application No. 10/376,215<br><br>May 16, 2016 Decision Denying Institution of IPR<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018)<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 3630000, at *9 (N.D. Cal. June 2, 2015).<br><br>*Finjan, Inc. v. Sonicwall, Inc.*, No. 17-cv-04467-BLF (March 26, 2019) |

| | | | |
|---|---|---|---|
| | | | Expert testimony that a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be "whether the given digital content may be sent to the web client." |
| 968 | "a memory storing [memory for storing] a cache of digital content" | a memory storing [memory for storing] a collection of digital content previously requested and retrieved for a web client | '968 Patent, Abstract; Figure 1; Figure 2; 1:10-30; 1:37-54; 1:63-2:25; 2:28-67; 3:3-11; 3:21-4:8; 4:14-19; 4:20-32; 4:33-41; 4:42-53; 4:54-5:6; 5:15-30; 5:31-51; 5:52-6:6; 6:7-7:2; 7:11-22; 7:35-8:7; 8:8-16; 8:17-32; 8:33-47; 8:48-9:2; 9:9-11; Claims 1-38.<br><br>U.S. Patent No. 6,772,214<br><br>February 9, 2005 Office Action in Application No. 10/376,215<br><br>May 11, 2005 Response to Office Action in Application No. 10/376,215<br><br>May 16, 2016 Decision Denying Institution of IPR<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018)<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 3630000, at *9 (N.D. Cal. June 2, 2015).<br><br>*Finjan, Inc. v. Sonicwall, Inc.*, No. 17-cv-04467-BLF (March 26, 2019)<br><br>Expert testimony that a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be "a memory storing [memory for storing] a collection of digital content previously requested and retrieved for a web client." |
| 968 | "dynamically generating a policy index" | creating or updating a policy index in response to user requests for cached or non-cached content | '968 Patent, Abstract; Figure 1; Figure 2; 1:10-30; 1:37-54; 1:63-2:25; 2:28-67; 3:3-11; 3:21-4:8; 4:14-19; 4:20-32; 4:33-41; 4:42-53; 4:54-5:6; 5:15-30; 5:31-51; 5:52-6:6; 6:7-7:2; 7:11-22; 7:35-8:7; 8:8-16; 8:17-32; 8:33-47; 8:48-9:2; 9:9-11; Claims 1-38.<br><br>U.S. Patent No. 6,772,214 |

| | | | |
|---|---|---|---|
| | | | February 9, 2005 Office Action in Application No. 10/376,215<br><br>May 11, 2005 Response to Office Action in Application No. 10/376,215<br><br>May 16, 2016 Decision Denying Institution of IPR<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018)<br><br>*Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 3630000, at *9 (N.D. Cal. June 2, 2015).<br><br>*Finjan, Inc. v. Sonicwall, Inc.*, No. 17-cv-04467-BLF (March 26, 2019)<br><br>Expert testimony that a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be "creating or updating a policy index in response to user requests for cached or non-cached content." |
| 731 | "incoming files from the Internet" | Internet files requested by an intranet computer | Figs. 1-3; 2:1-3, 2:58-3:20, 5:63-6:16, 9:61-10:47, claim 1, 6, 7;<br><br>Response to office actions 7/23/07, 1/4/08<br><br>Expert testimony that a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the context of this patent to be "Internet files requested by an intranet computer." |
| 154 | "security computer" | a computer that determines whether the content received by the content processor is malicious | Figs. 2, 3, 1:7-9, 4:35-43, 4:46-5:3, 5:4-25, 5:38-52, 6:13-24-26, 7:12-19, 7:25-31, 8:45-47, 8:51-60, 8:63-66, 9:36-37, 9:55-10:4, Table I, Table III, 10:62-66, 11:5-15, 12:11-24, 12:48-13:3, 13:8-20, 13:29-46, 14:4-15:13, Asserted '154 Claims;<br><br>*Palo Alto Networks v. Finjan* (Fed. Cir. 2017)<br>*Juniper II*, 387 F.Supp.3d at 1011-1013<br><br>Expert testimony that a person of ordinary skill in the art as of the priority date of this patent, would understand the plain and ordinary meaning of this term in the |

| | | | |
|---|---|---|---|
| | | | context of this patent to be "a computer that determines whether the content received by the content processor is malicious." |

**CERTIFICATE OF SERVICE**

I, Robin Pezzimenti, am employed in the Palo Alto, California office of Wilson Sonsini Goodrich & Rosati, P.C. I am over the age of 18 and not a party to the within action. My business address is 650 Page Mill Road, Palo Alto, California 94304-1050.

On November 6, 2019, I caused the following document to be served:

- **DEFENDANT QUALYS INC.'S PRELIMINARY DISCLOSURE OF INTRINSIC AND EXTRINSIC EVIDENCE**

via e-mail on the following individuals:

- Paul Andre (pandre@kramerlevin.com );
- Lisa Kobialka (lkobialka@kramerlevin.com ); and
- James Hannah (jhannah@kramerlevin.com).

I declare under penalty of perjury under the laws of the State of California and the United States that each of the above statements is true and correct.

Executed on November 6, 2019, at Palo Alto, California.

By: */s/ Robin Pezzimenti*
Robin Pezzimenti