1  EDWARD G. POPLAWSKI (SBN 113590)
   epoplawski@wsgr.com
2  OLIVIA M. KIM (SBN 228382)
   okim@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  633 West Fifth Street, Suite 1550
   Los Angeles, CA 90071
5  Telephone: (323) 210-2900
   Facsimile:  (866) 974-7329
6

7  RYAN R. SMITH (SBN 229323)
   rsmith@wsgr.com
8  CHRISTOPHER D. MAYS (SBN 266510)
   WILSON SONSINI GOODRICH & ROSATI
9  Professional Corporation
   650 Page Mill Road
10 Palo Alto, CA 94304-1050
   Telephone:  (650) 493-9300
11 Facsimile:   (650) 493-6811
12

13 *Attorneys for Defendant*
   QUALYS INC.
14

15                IN THE UNITED STATES DISTRICT COURT

16             FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                        OAKLAND DIVISION

18
19 FINJAN, INC., a Delaware Corporation,     )  CASE NO.:  4:18-cv-07229-YGR
                                             )
20          Plaintiff,                       )  **DEFENDANT QUALYS INC.'S
                                             )  SECOND AMENDED ANSWER TO
21     v.                                    )  COMPLAINT AND
                                             )  COUNTERCLAIMS**
22 QUALYS INC., a Delaware Corporation,      )
                                             )  **DEMAND FOR JURY TRIAL**
23          Defendant.                       )
                                             )
24                                           )
                                             )
25                                           )
                                             )
26

27

28

Defendant Qualys Inc. ("Qualys"), by and through its undersigned attorneys, hereby files its second amended answer and asserted counterclaims in response to the Complaint filed by Plaintiff Finjan, Inc. ("Finjan") as follows:

**SECOND AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

**THE PARTIES**

1.     Qualys admits that, upon information and belief, Finjan is a Delaware corporation, with its principal place of business at 2000 University Ave., Suite 600, East Palo Alto, California 94303.

2.     Qualys admits that it is a Delaware corporation with its principal place of business at 919 E. Hillsdale Boulevard, 4th Floor, Foster City, California 94404.

**JURISDICTION AND VENUE**

3.     Qualys admits that Finjan's Complaint purports to be an action for patent infringement under the patent laws of the United States of America, Title 35 of the United States Code.  Qualys admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  Qualys denies any and all remaining allegations in paragraph 3 of the Complaint.

4.     Qualys admits that venue is proper in this district pursuant to 28 U.S.C § 1400(b). Qualys denies any and all remaining allegations in paragraph 4 of the Complaint.

5.     Qualys admits that this Court has personal jurisdiction over Qualys.  Qualys denies any and all remaining allegations in paragraph 5 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

6.     Qualys admits that pursuant to Civil L.R. 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

**FINJAN'S ALLEGED INNOVATIONS**

7.     Qualys is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and accordingly denies the same.

8.     Qualys is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and accordingly denies the same.

**FINJAN'S ASSERTED PATENTS**

9.      Qualys admits that Finjan purports that U.S. Patent No. 6,154,844 ("the '844 Patent"), titled "System and Method for Attaching a Downloadable Security Profile to a Downloadable," was issued to Shlomo Touboul and Nachshon Gal on November 28, 2000. Qualys admits that Finjan purports that a true and correct copy of the '844 Patent is attached to the Complaint as Exhibit 1.  Qualys denies any and all remaining allegations in paragraph 9 of the Complaint.

10.      Qualys admits that Finjan purports that Finjan is the owner of the '844 Patent with all rights, title, and interest to that patent and has been the sole owner of the '844 Patent since its issuance.  Qualys denies any and all remaining allegations in paragraph 10 of the Complaint.

11.      Qualys denies the allegations contained in paragraph 11 of the Complaint.

12.      Qualys admits that Finjan purports that U.S. Patent No. 8,677,494 ("the '494 Patent"), titled "Malicious Mobile Code Runtime Monitoring System and Methods," was issued to Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul on March 18, 2014.  Qualys admits that Finjan purports that a true and correct copy of the '494 Patent is attached to the Complaint as Exhibit 2.  Qualys denies any and all remaining allegations in paragraph 12 of the Complaint.

13.      Qualys admits that Finjan purports that Finjan is the owner of the '494 Patent with all rights, title, and interest to that patent and has been the sole owner of the '494 Patent since its issuance.  Qualys denies any and all remaining allegations in paragraph 13 of the Complaint.

14.      Qualys denies the allegations contained in paragraph 14 of the Complaint.

15.      Qualys admits that Finjan purports that U.S. Patent No. 7,975,305 ("the '305 Patent"), titled "Method and System for Adaptive Rule-Based Content Scanners for Desktop Computers," was issued to  Moshe Rubin, Moshe Matitya, Artem Melnick, Shlomo Touboul, Alexander Yermakov, and Amit Shaked on July 5, 2011.  Qualys admits that Finjan purports that a true and correct copy of the '305 Patent is attached to the Complaint as Exhibit 3.  Qualys denies any and all remaining allegations in paragraph 15 of the Complaint.

16.     Qualys admits that Finjan purports that Finjan is the owner of the '305 Patent with all rights, title, and interest to that patent and has been the sole owner of the '305 Patent since its issuance.  Qualys denies any and all remaining allegations in paragraph 16 of the Complaint.

17.     Qualys denies the allegations contained in paragraph 17 of the Complaint.

18.     Qualys admits that Finjan purports that U.S. Patent No. 8,225,408 ("the '408 Patent"), titled "Method and System for Adaptive Rule-Based Content Scanners," was issued to Moshe Rubin, Moshe Matitya, Artem Melnick, Shlomo Touboul, Alexander Yermakov, and Amit Shaked on July 17, 2012.  Qualys admits that Finjan purports that a true and correct copy of the '408 Patent is attached to the Complaint as Exhibit 4.  Qualys denies any and all remaining allegations in paragraph 18 of the Complaint.

19.     Qualys admits that Finjan purports that Finjan is the owner of the '408 Patent with all rights, title, and interest to that patent and has been the sole owner of the '408 Patent since its issuance.  Qualys denies any and all remaining allegations in paragraph 19 of the Complaint.

20.     Qualys denies the allegations contained in paragraph 20 of the Complaint.

21.     Qualys admits that Finjan purports that U.S. Patent No. 6,965,968 ("the '968 Patent"), titled "Policy-Based Caching," was issued to Shlomo Touboul on November 15, 2005. Qualys admits that Finjan purports that a true and correct copy of the '968 Patent is attached to the Complaint as Exhibit 5.  Qualys denies any and all remaining allegations in paragraph 21 of the Complaint.

22.     Qualys admits that Finjan purports that Finjan is the owner of the '968 Patent with all rights, title, and interest to that patent and has been the sole owner of the '968 Patent since its issuance.  Qualys denies any and all remaining allegations in paragraph 22 of the Complaint.

23.     Qualys denies the allegations contained in paragraph 23 of the Complaint.

24.     Qualys admits that Finjan purports that U.S. Patent No. 7,418,731 ("the '731 Patent"), titled "Method and System for Caching at Secure Gateways," was issued to Shlomo Touboul on August 26, 2008.  Qualys admits that Finjan purports that a true and correct copy of the '731 Patent is attached to the Complaint as Exhibit 6.  Qualys denies any and all remaining allegations in paragraph 24 of the Complaint.

25.     Qualys admits that Finjan purports that Finjan is the owner of the '731 Patent with all rights, title, and interest to that patent and has been the sole owner of the '731 Patent since its issuance.  Qualys denies any and all remaining allegations in paragraph 25 of the Complaint.

26.     Qualys denies the allegations contained in paragraph 26 of the Complaint.

27.     Qualys admits that Finjan purports that U.S. Patent No. 8,141,154 ("the '154 Patent"), titled "System and Method for Inspecting Dynamically Generated Executable Code," was issued to David Gruzman and Yuval Ben-Itzhak on March 20, 2012.  Qualys admits that Finjan purports that a true and correct copy of the '154 Patent is attached to the Complaint as Exhibit 7.  Qualys denies any and all remaining allegations in paragraph 27 of the Complaint.

28.     Qualys admits that Finjan purports that Finjan is the owner of the '154 Patent with all rights, title, and interest to that patent and has been the sole owner of the '154 Patent since its issuance.  Qualys denies any and all remaining allegations in paragraph 28 of the Complaint.

29.     Qualys denies the allegations contained in paragraph 29 of the Complaint.

30.     Qualys admits that the patents in paragraphs 9-29 of the Complaint are collectively referred to as the "Asserted Patents" in the Complaint.  Qualys denies any and all remaining allegations in paragraph 30 of the Complaint.

**FINJAN'S ALLEGED NOTICE OF INFRINGEMENT TO DEFENDANT**

31.     Qualys admits only that Finjan sent a letter dated November 12, 2015, attached as Exhibit 23 to the Complaint, to Qualys, which identified the '844, '494, '305, '968, and '154 Patents.  Qualys denies any and all remaining allegations in paragraph 31 of the Complaint.

32.     Qualys admits only that Finjan sent a letter dated December 7, 2017, attached as Exhibit 24 to the Complaint, to Qualys, which identified the '844, '494, '305, and '968 Patents. Qualys denies any and all remaining allegations in paragraph 32 of the Complaint.

33.     Qualys denies the allegations in paragraph 33 of the Complaint.

**QUALYS'S ALLEGEDLY INFRINGING PRODUCTS AND TECHNOLOGIES**

34.     Qualys admits that it sells and offers to sell products and services relating to "Vulnerability Management," "Threat Protection," "Continuous Monitoring," "Indicators of Compromise," "Container Security," "Web App Firewall," "Web App Scanning," and

"Compliance Monitoring," including "Qualys Cloud Platform products." Qualys admits that Finjan's Complaint refers to the foregoing as the "Accused Products." Qualys denies any and all remaining allegations in paragraph 34 of the Complaint.

35.     Qualys denies the allegations contained in paragraph 35 of the Complaint.

**ALLEGED QUALYS INFRINGEMENT OF FINJAN'S PATENTS**

**Vulnerability Management (VM)**

36.     Admitted.

37.     Admitted.

**Threat Protection**

38.     Admitted.

39.     Admitted.

**Continuous Monitoring (CM)**

40.     Qualys admits that CM works in tandem with VM to discover hosts and digital certificates, organize assets by business or technology function, and be alerted as soon as vulnerabilities appear on the global perimeter from a single console. Qualys also admits that CM automates monitoring of the global perimeter, tracking systems in the global network, wherever they are. Qualys denies any and all remaining allegations in paragraph 40 of the Complaint.

41.     Admitted.

**Indicators of Compromise (IOC)**

42.     Admitted.

43.     Admitted.

44.     Admitted.

**Container Security (CS)**

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Admitted.

**Web App Firewall (WAF)**

49.    Qualys admits that WAF can be managed from a centralized portal.  Qualys also admits that with no special hardware to buy nor maintain, Qualys WAF's virtual appliance can be deployed and scaled up quickly on premises using VMware, Hyper-V or Docker, and in public cloud platforms, such as AWS, Azure or Google Cloud Platform. Qualys further admits that WAF continuously communicates with the Qualys Cloud Platform, tracking configuration changes and sending it the latest security events.  Qualys denies any and all remaining allegations in paragraph 49 of the Complaint.

50.    Qualys admits that WAF gives complete visibility into its data for continuous monitoring, risk assessments and remediation plans.  Qualys also admits that a dashboard summarizes website traffic information and security event trends.  Qualys further admits that WAF continuously indexes security events into local Elasticsearch or Splunk clusters, making data instantly discoverable.  Qualys denies any and all remaining allegations in paragraph 50 of the Complaint.

51.    Admitted.

**Web App Scanning (WAS)**

52.    Admitted.

53.    Admitted.

**Compliance Monitoring**

54.    Qualys admits that the Compliance Monitoring Solutions include Policy Compliance, Security Assessment Questionnaire, and PCI.  Qualys also admits that Compliance Monitoring uses a cloud-based solution to automate assessment of security and compliance controls in order to demonstrate a repeatable and trackable process to auditors and stakeholders. Qualys denies any and all remaining allegations in paragraph 54 of the Complaint.

**QUALYS'S ALLEGEDLY WILLFUL INFRINGEMENT OF FINJAN'S PATENTS**

55.    Qualys denies the allegations contained in paragraph 55 of the Complaint.

56.    Qualys denies the allegations contained in paragraph 56 of the Complaint.

**COUNT I**

**(Direct Infringement of the '844 Patent Pursuant to 35 U.S.C. § 271(a))**

57.     Qualys admits that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

58.     Qualys denies the allegations contained in paragraph 58 of the Complaint.

59.     Qualys denies the allegations contained in paragraph 59 of the Complaint.

60.     Qualys denies the allegations contained in paragraph 60 of the Complaint.

61.     Qualys denies the allegations contained in paragraph 61 of the Complaint.

62.     Qualys denies the allegations contained in paragraph 62 of the Complaint.

63.     Qualys denies the allegations contained in paragraph 63 of the Complaint.

64.     Qualys denies the allegations contained in paragraph 64 of the Complaint.

65.     Qualys denies the allegations contained in paragraph 65 of the Complaint.

66.     Qualys denies the allegations contained in paragraph 66 of the Complaint.

67.     Qualys denies the allegations contained in paragraph 67 of the Complaint.

68.     Qualys denies the allegations contained in paragraph 68 of the Complaint.

69.     Qualys denies the allegations contained in paragraph 69 of the Complaint.

70.     Qualys denies the allegations contained in paragraph 70 of the Complaint.

71.     Qualys denies the allegations contained in paragraph 71 of the Complaint.

72.     Qualys denies the allegations contained in paragraph 72 of the Complaint.

73.     Qualys denies the allegations contained in paragraph 73 of the Complaint.

**COUNT II**

**(Indirect Infringement of the '844 Patent pursuant to 35 U.S.C. § 271(b))**

74.     Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

75.     Qualys denies the allegations contained in paragraph 75 of the Complaint.

76.     Qualys denies the allegations contained in paragraph 76 of the Complaint.

**COUNT III**

**(Direct Infringement of the '494 Patent pursuant to 35 U.S.C. § 271(a))**

77.     Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

78.     Qualys denies the allegations contained in paragraph 78 of the Complaint.

79.     Qualys denies the allegations contained in paragraph 79 of the Complaint.

80.     Qualys denies the allegations contained in paragraph 80 of the Complaint.

81.     Qualys denies the allegations contained in paragraph 81 of the Complaint.

82.     Qualys denies the allegations contained in paragraph 82 of the Complaint.

83.     Qualys denies the allegations contained in paragraph 83 of the Complaint.

84.     Qualys denies the allegations contained in paragraph 84 of the Complaint.

85.     Qualys denies the allegations contained in paragraph 85 of the Complaint.

86.     Qualys denies the allegations contained in paragraph 86 of the Complaint.

87.     Qualys denies the allegations contained in paragraph 87 of the Complaint.

88.     Qualys denies the allegations contained in paragraph 88 of the Complaint.

89.     Qualys denies the allegations contained in paragraph 89 of the Complaint.

90.     Qualys denies the allegations contained in paragraph 90 of the Complaint.

91.     Qualys denies the allegations contained in paragraph 91 of the Complaint.

92.     Qualys denies the allegations contained in paragraph 92 of the Complaint.

**COUNT IV**

**(Indirect Infringement of the '494 Patent pursuant to 35 U.S.C. § 271(b))**

93.     Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

94.     Qualys denies the allegations contained in paragraph 94 of the Complaint.

95.     Qualys denies the allegations contained in paragraph 95 of the Complaint.

96.     Qualys denies the allegations contained in paragraph 96 of the Complaint.

**COUNT V**

**(Direct Infringement of the '305 Patent Pursuant to 35 U.S.C. § 271(a))**

97.     Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

98.     Qualys denies the allegations contained in paragraph 98 of the Complaint.

99.     Qualys denies the allegations contained in paragraph 99 of the Complaint.

100.    Qualys denies the allegations contained in paragraph 100 of the Complaint.

101.    Qualys denies the allegations contained in paragraph 101 of the Complaint.

102.    Qualys denies the allegations contained in paragraph 102 of the Complaint.

103.    Qualys denies the allegations contained in paragraph 103 of the Complaint.

104.    Qualys denies the allegations contained in paragraph 104 of the Complaint.

105.    Qualys denies the allegations contained in paragraph 105 of the Complaint.

106.    Qualys denies the allegations contained in paragraph 106 of the Complaint.

107.    Qualys denies the allegations contained in paragraph 107 of the Complaint.

108.    Qualys denies the allegations contained in paragraph 108 of the Complaint.

109.    Qualys denies the allegations contained in paragraph 109 of the Complaint.

110.    Qualys denies the allegations contained in paragraph 110 of the Complaint.

111.    Qualys denies the allegations contained in paragraph 111 of the Complaint.

112.    Qualys denies the allegations contained in paragraph 112 of the Complaint.

113.    Qualys denies the allegations contained in paragraph 113 of the Complaint.

114.    Qualys denies the allegations contained in paragraph 114 of the Complaint.

115.    Qualys denies the allegations contained in paragraph 115 of the Complaint.

116.    Qualys denies the allegations contained in paragraph 116 of the Complaint.

117.    Qualys denies the allegations contained in paragraph 117 of the Complaint.

118.    Qualys denies the allegations contained in paragraph 118 of the Complaint.

**COUNT VI**

**(Indirect Infringement of the '305 Patent Pursuant to 35 U.S.C. § 271(b))**

119.    Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

120.    Qualys denies the allegations contained in paragraph 120 of the Complaint.

121.    Qualys denies the allegations contained in paragraph 121 of the Complaint.

122.    Qualys denies the allegations contained in paragraph 122 of the Complaint.

**COUNT VII**

**(Direct Infringement of the '408 Patent Pursuant to 35 U.S.C. § 271(a))**

123.    Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

124.    Qualys denies the allegations contained in paragraph 124 of the Complaint.

125.    Qualys denies the allegations contained in paragraph 125 of the Complaint.

126.    Qualys denies the allegations contained in paragraph 126 of the Complaint.

127.    Qualys denies the allegations contained in paragraph 127 of the Complaint.

128.    Qualys denies the allegations contained in paragraph 128 of the Complaint.

129.    Qualys denies the allegations contained in paragraph 129 of the Complaint.

130.    Qualys denies the allegations contained in paragraph 130 of the Complaint.

131.    Qualys denies the allegations contained in paragraph 131 of the Complaint.

132.    Qualys denies the allegations contained in paragraph 132 of the Complaint.

133.    Qualys denies the allegations contained in paragraph 133 of the Complaint.

134.    Qualys denies the allegations contained in paragraph 134 of the Complaint.

135.    Qualys denies the allegations contained in paragraph 135 of the Complaint.

136.    Qualys denies the allegations contained in paragraph 136 of the Complaint.

137.    Qualys denies the allegations contained in paragraph 137 of the Complaint.

138.    Qualys denies the allegations contained in paragraph 138 of the Complaint.

139.    Qualys denies the allegations contained in paragraph 139 of the Complaint.

140.    Qualys denies the allegations contained in paragraph 140 of the Complaint.

141.    Qualys denies the allegations contained in paragraph 141 of the Complaint.

142.    Qualys denies the allegations contained in paragraph 142 of the Complaint.

143.    Qualys denies the allegations contained in paragraph 143 of the Complaint.

144.    Qualys denies the allegations contained in paragraph 144 of the Complaint.

145.    Qualys denies the allegations contained in paragraph 145 of the Complaint.

146.    Qualys denies the allegations contained in paragraph 146 of the Complaint.

147.    Qualys denies the allegations contained in paragraph 147 of the Complaint.

148.    Qualys denies the allegations contained in paragraph 148 of the Complaint.

149.    Qualys denies the allegations contained in paragraph 149 of the Complaint.

150.    Qualys denies the allegations contained in paragraph 150 of the Complaint.

### COUNT VIII

### (Indirect Infringement of the '408 Patent Pursuant to 35 U.S.C. § 271(b))

151.    Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

152.    Qualys denies the allegations contained in paragraph 152 of the Complaint.

153.    Qualys denies the allegations contained in paragraph 153 of the Complaint.

154.    Qualys denies the allegations contained in paragraph 154 of the Complaint.

### COUNT IX

### (Direct Infringement of the '968 Patent pursuant to 35 U.S.C. § 271(a))

155.    Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

156.    Qualys denies the allegations contained in paragraph 156 of the Complaint.

157.    Qualys denies the allegations contained in paragraph 157 of the Complaint.

158.    Qualys denies the allegations contained in paragraph 158 of the Complaint.

159.   Qualys denies the allegations contained in paragraph 159 of the Complaint.

160.   Qualys denies the allegations contained in paragraph 160 of the Complaint.

161.   Qualys denies the allegations contained in paragraph 161 of the Complaint.

162.   Qualys denies the allegations contained in paragraph 162 of the Complaint.

163.   Qualys denies the allegations contained in paragraph 163 of the Complaint.

164.   Qualys denies the allegations contained in paragraph 164 of the Complaint.

165.   Qualys denies the allegations contained in paragraph 165 of the Complaint.

166.   Qualys denies the allegations contained in paragraph 166 of the Complaint.

167.   Qualys denies the allegations contained in paragraph 167 of the Complaint.

168.   Qualys denies the allegations contained in paragraph 168 of the Complaint.

169.   Qualys denies the allegations contained in paragraph 169 of the Complaint.

170.   Qualys denies the allegations contained in paragraph 170 of the Complaint.

171.   Qualys denies the allegations contained in paragraph 171 of the Complaint.

172.   Qualys denies the allegations contained in paragraph 172 of the Complaint.

173.   Qualys denies the allegations contained in paragraph 173 of the Complaint.

174.   Qualys denies the allegations contained in paragraph 174 of the Complaint.

175.   Qualys denies the allegations contained in paragraph 175 of the Complaint.

176.   Qualys denies the allegations contained in paragraph 176 of the Complaint.

**COUNT X**

**(Indirect Infringement of the '968 Patent Pursuant to 35 U.S.C. § 271(b))**

177.   Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

178.   Qualys denies the allegations contained in paragraph 178 of the Complaint.

179.   Qualys denies the allegations contained in paragraph 179 of the Complaint.

180.   Qualys denies the allegations contained in paragraph 180 of the Complaint.

1

2

**COUNT XI**

**(Direct Infringement of the '731 Patent Pursuant to 35 U.S.C. § 271(a))**

3       181.    Qualys admits only that Finjan purports to repeat, reallege, and incorporate by

4  reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto

5  as if fully set forth herein.

6       182.    Qualys denies the allegations contained in paragraph 182 of the Complaint.

7       183.    Qualys denies the allegations contained in paragraph 183 of the Complaint.

8       184.    Qualys denies the allegations contained in paragraph 184 of the Complaint.

9       185.    Qualys denies the allegations contained in paragraph 185 of the Complaint.

10      186.    Qualys denies the allegations contained in paragraph 186 of the Complaint.

11      187.    Qualys denies the allegations contained in paragraph 187 of the Complaint.

12      188.    Qualys denies the allegations contained in paragraph 188 of the Complaint.

13      189.    Qualys denies the allegations contained in paragraph 189 of the Complaint.

14      190.    Qualys denies the allegations contained in paragraph 190 of the Complaint.

15      191.    Qualys denies the allegations contained in paragraph 191 of the Complaint.

16      192.    Qualys denies the allegations contained in paragraph 192 of the Complaint.

17      193.    Qualys denies the allegations contained in paragraph 193 of the Complaint.

18      194.    Qualys denies the allegations contained in paragraph 194 of the Complaint.

19      195.    Qualys denies the allegations contained in paragraph 195 of the Complaint.

20      196.    Qualys denies the allegations contained in paragraph 196 of the Complaint.

21      197.    Qualys denies the allegations contained in paragraph 197 of the Complaint.

22      198.    Qualys denies the allegations contained in paragraph 198 of the Complaint.

23      199.    Qualys denies the allegations contained in paragraph 199 of the Complaint.

24      200.    Qualys denies the allegations contained in paragraph 200 of the Complaint.

25      201.    Qualys denies the allegations contained in paragraph 201 of the Complaint.

26      202.    Qualys denies the allegations contained in paragraph 202 of the Complaint.

27      203.    Qualys denies the allegations contained in paragraph 203 of the Complaint.

28      204.    Qualys denies the allegations contained in paragraph 204 of the Complaint.

205.    Qualys denies the allegations contained in paragraph 205 of the Complaint.

206.    Qualys denies the allegations contained in paragraph 206 of the Complaint.

207.    Qualys denies the allegations contained in paragraph 207 of the Complaint.

**COUNT XII**

**(Indirect Infringement of the '731 Patent Pursuant to 35 U.S.C. § 271(b))**

208.    Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

209.    Qualys denies the allegations contained in paragraph 209 of the Complaint.

210.    Qualys denies the allegations contained in paragraph 210 of the Complaint.

211.    Qualys denies the allegations contained in paragraph 211 of the Complaint.

**COUNT XIII**

**(Direct Infringement of the '154 Patent Pursuant to 35 U.S.C. § 271(a))**

212.    Qualys admits only that Finjan purports to repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs and Qualys incorporates its responses thereto as if fully set forth herein.

213.    Qualys denies the allegations contained in paragraph 213 of the Complaint.

214.    Qualys denies the allegations contained in paragraph 214 of the Complaint.

215.    Qualys denies the allegations contained in paragraph 215 of the Complaint.

216.    Qualys denies the allegations contained in paragraph 216 of the Complaint.

217.    Qualys denies the allegations contained in paragraph 217 of the Complaint.

218.    Qualys denies the allegations contained in paragraph 218 of the Complaint.

219.    Qualys denies the allegations contained in paragraph 219 of the Complaint.

220.    Qualys denies the allegations contained in paragraph 220 of the Complaint.

221.    Qualys denies the allegations contained in paragraph 221 of the Complaint.

222.    Qualys denies the allegations contained in paragraph 222 of the Complaint.

223.    Qualys denies the allegations contained in paragraph 223 of the Complaint.

224.    Qualys denies the allegations contained in paragraph 224 of the Complaint.

225. Qualys denies the allegations contained in paragraph 225 of the Complaint.

226. Qualys denies the allegations contained in paragraph 226 of the Complaint.

227. Qualys denies the allegations contained in paragraph 227 of the Complaint.

228. Qualys denies the allegations contained in paragraph 228 of the Complaint.

229. Qualys denies the allegations contained in paragraph 229 of the Complaint.

230. Qualys denies the allegations contained in paragraph 230 of the Complaint.

231. Qualys denies the allegations contained in paragraph 231 of the Complaint.

232. Qualys denies the allegations contained in paragraph 232 of the Complaint.

233. Qualys denies the allegations contained in paragraph 233 of the Complaint.

**PRAYER FOR RELIEF**

A. Qualys denies that Finjan is entitled to the relief requested in paragraph A.

B. Qualys denies that Finjan is entitled to the relief requested in paragraph B.

C. Qualys denies that Finjan is entitled to the relief requested in paragraph C.

D. Qualys denies that Finjan is entitled to the relief requested in paragraph D.

E. Qualys denies that Finjan is entitled to the relief requested in paragraph E.

F. Qualys denies that Finjan is entitled to the relief requested in paragraph F.

G. Qualys denies that Finjan is entitled to the relief requested in paragraph G.

## <u>AFFIRMATIVE DEFENSES</u>

In addition to the affirmative defenses described below, subject to its responses above, Qualys respectfully reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Claim)**

234. Finjan's Complaint fails to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

235.     Qualys is not infringing and has not infringed any valid enforceable claims of the '844, '494, '305, '408, '968, '731, and '154 Patents, whether directly, literally, under the doctrine of equivalents, indirectly, contributorily, by inducement, or in any way.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity)**

236.     One or more asserted claims of the '844, '494, '305, '408, '968, '731, and '154 Patents are invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

237.     Finjan's recovery for alleged infringement of the Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286.

238.     Finjan is barred under 35 U.S.C. § 288 from recovering any costs associated with this action because of Finjan's failure to enter a disclaimer of valid claims with the U.S. Patent and Trademark Office ("USPTO") prior to the filing of this suit (e.g., claims 1, 2, and 6 of the '494 Patent have been found to be unpatentable in other proceedings involving the '494 Patent).

**FIFTH AFFIRMATIVE DEFENSE**

**(28 U.S.C § 1498)**

239.     Finjan's claims for relief are barred by 28 U.S.C. § 1498 to the extent that any products accused of infringement in this action have been used or manufactured by or for the United States.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mark)**

240.     35 U.S.C. § 287 limits and/or precludes recovery of damages, if any, by Finjan.  On information and belief, Finjan has made, offered for sale, sold, or imported articles embodying one

or more of the purported inventions of the Asserted Patents (including but not limited to the SurfinGate and SurfinShield products), but Finjan did not mark such articles as required under Section 287.

241.    On information and belief, Finjan has licensed the patents-in-suit to third parties that have made, offered for sale, sold, or imported articles embodying one or more of the purported inventions of the Asserted Patents (including, but not limited to: Sophos, Inc.; F5 Networks, Inc.; Fireeye, Inc.; Proofpoint, Inc.; Armorize Technologies, Inc.; Symantec, Corp.; Blue Coat Systems, Inc.; Websense, Inc.; AVG technologies CZ, s.r.o. and related entities; Secure Computing Corporation; Cyberguard Corporation; WebSphere AG; Aladdin Knowledge Systems, Inc. and related entities; McAfee, Inc.; and Webroot Software Inc.), but such third parties did not mark such articles as required by Section 287.

## SEVENTH AFFIRMATIVE DEFENSE

### (Ensnarement)

242.    To the extent that Finjan presents theories of infringement under the doctrine of equivalents in this action that are broad enough to encompass the prior art, then Finjan's claims are barred by the doctrine of ensnarement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

243.    One or more asserted claims of the Asserted Patents are and were limited by amendment, the prior art, and/or by the statements made during their prosecution before the USPTO such that Finjan is now estopped and/or otherwise precluded from maintaining that such claims of the Asserted Patents are of sufficient scope to cover the accused products either literally or under the doctrine of equivalents.

244.    For example, during the prosecution of the '844 Patent, the patentee distinguished the '844 Patent from prior art on the ground that the claimed invention generates or links the Downloadable security profile to a Downloadable "before the web server makes the Downloadable security profile available to web clients."

245.    As another example, during the prosecution of the '968 Patent, the patentee distinguished the '968 Patent from prior art on the ground that the claimed invention did not "teach a policy index to cache contents including allowable cache contents for each of a plurality of policies."

246.    As a further example, during the prosecution of the '154 Patent, the patentee distinguished the '154 Patent from prior art on the ground that "the claimed transmitter transmits the input in a call to a first function."

### NINTH AFFIRMATIVE DEFENSE

### (Prosecution Laches and/or Equitable Estoppel)

247.    Finjan's claims of infringement of one or more of the Asserted Patents are barred, in whole or in part, under the doctrine of prosecution history laches and/or equitable estoppel.

248.    For example, Finjan unreasonably delayed prosecuting the claims of the '494 Patent.  The issued '494 Patent claims priority through a series of continuation and continuation-in-part applications to U.S. Provisional Application No. 60/030,639, filed on November 8, 1996. However, U.S. Application No. 13/290,708, which would issue as the '494 Patent, was not filed until November 7, 2011, almost fifteen years after the earliest claimed provisional application.

249.    Similarly, Finjan unreasonably delayed prosecuting the claims of the '305 Patent. The '305 Patent was filed on December 9, 2004, which was more than seven years after the earliest claimed application in its chain of priority to Application No. 08/964,388 ("the '388 Application") (issued as U.S. Patent No. 6,092,194 ("the '194 Patent")), which was filed on November 6, 1997.

250.    On information and belief, Finjan's delay in prosecuting these patents constituted a willful misuse of the patent system because Finjan attempted to improperly expand the scope of its patent claims to encompass developments in the anti-virus security field that Finjan did not invent. Finjan unreasonably and improperly claimed priority to its earlier-filed applications which date back to as early as November 1996 to limit the universe of prior art that the Examiner could use during prosecution of those patents.  On information and belief, Finjan has asserted in other lawsuits involving the '305 Patent that the asserted claims of the '305 Patent is entitled to the

1    priority date of December 9, 2004, which is the actual filing date of the '305 Patent.  *See Finjan,*

2    *Inc. v. ESET, LLC,* Case No. 3:17-cv-0183-CAB-BGS, Dkt. No. 142 at 38:7-10 (S.D. Cal Aug. 14,

3    2017).  Thus, Finjan either willfully deceived the Patent Examiner about the effective filing date

4    of the '305 Patent or unreasonably delayed filing the application for the '305 Patent.

5        251.    Finjan's unreasonable delay in prosecuting the claims of the asserted patents had an

6    adverse effect on Qualys because, during Finjan's long prosecution periods, it failed to actively

7    claim the subject matter of its patents.  Qualys could not determine what subject matter was

8    patented and what was not.  In the interim of Finjan's lengthy prosecution periods, Qualys

9    invested considerable resources on the products and services that Finjan accuses of infringing the

10   '494 and '305 Patents.

11                              **TENTH AFFIRMATIVE DEFENSE**

12                          **(Inequitable Conduct of the '494 Patent)**

13       252.    The '494 Patent is unenforceable for inequitable conduct that occurred during its

14   prosecution, including at least false material statements made to the USPTO regarding the

15   conception and inventorship of the '494 Patent.

16       253.    The application that issued as the '494 Patent, Application No. 13/290,708 (the

17   '708 Application"), was filed on November 6, 2011.  The '708 Application, as on the face of the

18   '494 Patent, listed four inventors: Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll,

19   and Shlomo Touboul.  The '708 Application that was filed on November 6, 2011 claimed priority

20   to a number of continuations, continuations-in-part, and provisional applications, earliest of which

21   was the '388 Application, filed on November 6, 1997, which later issued as the '194 Patent.

22       254.    On November 6, 2011, Finjan submitted to the USPTO with the '708 Application a

23   Declaration signed by all four inventors that stated "I hereby declare that . . . I believe that the

24   inventor(s) named below to be the original and first inventor(s) of the subject matter which is

25   claimed and for which a patent is sought on the Invention entitled Malicious Mobile Code

26   Runtime Monitoring System and Methods."  This Declaration signed by all four inventors was the

27   same Declaration that was submitted to the USPTO on June 23, 2005 during the prosecution of an

28   application that later issued as U.S. Patent No. 7,058,822 (the "'822 Patent"), which was filed on

May 17, 2001.  The '822 Patent contains a specification that is substantially identical to that of the '494 Patent.

255.    During the prosecution of the '708 Application, the USPTO issued a Final Office Action on January 7, 2013 rejecting all pending claims over Ji, U.S. Patent No. 5,983,348 ("the Ji Reference"), which was filed on September 10, 1997.

256.    In response to the Final Office Action, Finjan submitted a Declaration from one named inventor, Shlomo Touboul, on May 7, 2013 ("Touboul Declaration").   In the Touboul Declaration, Mr. Touboul declared under the penalty of perjury that the then pending "claims 1, 3, 4-6, 9, 10, 12-15 and 18" (which later issued as the same claim numbers in the '494 Patent) were his "sole invention" and that "[his] sole invention was in [his] mind and developed by at least November 18, 1996," thus antedating the Ji Reference.

257.    On August 29, 2013, the Examiner allowed the pending claims and specifically stated that "The [Touboul] Declaration filed on May 7, 2013 under 37 CFR 1.131(a) is sufficient to overcome the Ji, U.S. Patent 5,893,348 reference . . . The rejection is hereby withdrawn and the claims are in conditions for allowance."

258.    On information and belief, Finjan's discovery responses in other lawsuits involving the '494 Patent include admissions regarding the conception and inventorship of the '494 Patent that contradict the Touboul Declaration.  For example, on information and belief and based on publicly available documents, in its lawsuit against Symantec Corporation ("Symantec"), Finjan narrowed its asserted claims of the '494 Patent to only claims 10, 14, and 15 on June 26, 2017. *See Finjan, Inc. v. Symantec Corp.,* Case No. 4:14-cv-02998-HSG (N.D. Cal., terminated Mar. 5, 2018), Dkt. No. 242 at 5:25-26.   On information and belief, Finjan served Supplemental Interrogatory Responses on July 26, 2017, in which it stated that "Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul were involved with, and may have knowledge related to the conception and reduction to practice of the '494 Patent." *See Finjan, Inc. v. Symantec Corp.,* Case No. 4:14-cv-02998-HSG, Proposed Amended Answer (Dkt. 242-2) at ¶ 221.  On information and belief, in its June of 2017 response to Symantec's Requests for Admission, "Finjan admit[ted] that Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul collaborated as a group on the

invention set forth in the . . . '494 Patent." *See id.*   On information and belief, in another interrogatory response served in June of 2017, Finjan stated that "Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul collaboratively conceived of the inventions disclosed in the . . . '494 Patent[]." *See id.*   On information and belief, Finjan served a fourth supplemental response to Symantec's Interrogatory No. 1 stating that "[t]he date of conception for the asserted claims of the [the '494 Patent] began October 31, 1996 and continued through May 2000. The date of constructive reduction of practice to the asserted claims of the '494 Patent is no later than November 7, 2011." *See Finjan, Inc. v. Symantec Corp.,* Case No. 4:14-cv-02998-HSG, Dkt. 242-10 at 12:16-18.

259.   On information and belief, none of the named inventors of the '494 Patent, other than Mr. Touboul, were employed by Finjan before 1998.

260.   On information and belief, in other lawsuits involving the '494 Patent, inventors other than Mr. Touboul confirmed that they contributed to the conception of the claimed invention set forth in the independent claims of the '494 Patent.  For example, on information and belief, David R. Kroll has previously testified at trial that he "helped come up with the idea behind claim 10 [of the '494 Patent] during [his] time at Finjan." *Finjan, Inc. v. Blue Coat Sys., Inc.,* Case No. 5:13-cv-03999-BLF, Dkt. 569 at 460:24-461:1 (N.D. Cal. Nov. 28, 2017).

261.   On information and belief, as set forth in Finjan's discovery responses at least in the Symantec lawsuit, Mr. Touboul's statement that he was the sole inventor of claims 1, 3, 4-6, 9, 10, 12-15 and 18 of the '494 Patent, was false.  Notably, "Finjan admit[ted] that Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul collaborated as a group on the invention set forth in the . . . '494 Patent" (*Finjan, Inc. v. Symantec Corp.,* Case No. 4:14-cv-02998-HSG, Proposed Amended Answer (Dkt. 242-2) at ¶ 221), which directly contradicts Mr. Touboul's claim that he was the sole inventor of claims 1, 3, 4-6, 9, 10, 12-15 and 18 of the '494 Patent in the Touboul Declaration.  Moreover, Finjan's fourth supplemental response to Symantec's Interrogatory No. 1 stating that "[t]he date of conception for the asserted claims [10, 14, and 15] of the [the '494 Patent] began October 31, 1996 and continued through May 2000" directly contradicts the Touboul declaration that he was the sole inventor of the same claims by November

18, 1996. *See Finjan, Inc. v. Symantec Corp.,* Case No. 4:14-cv-02998-HSG, Dkt. 242-10 at 12:16-18.

262.    On information and belief, Mr. Touboul's misrepresentation that he was the "sole inventor" of claims 1, 3, 4-6, 9, 10, 12-15 and 18 of the '494 Patent, was intentional so that Mr. Touboul could falsely assert that those claims were entitled to an earlier priority date of November 18, 1996 in order to antedate the Ji Reference, despite the fact that the other named inventors of the '494 Patent were not employed by Finjan until after November 1996.

263.    Mr. Touboul's false representations during the prosecution of the '494 Patent were material to the patentability of the '494 Patent.  The Examiner explicitly stated that the rejection was withdrawn due to the Touboul Declaration.   But the Touboul Declaration falsely misrepresented that Mr. Touboul was the sole inventor of claims 1, 3, 4-6, 9, 10, 12-15 and 18 of the '494 Patent, and that he conceived of those claims before September 10, 1997, the filing date of the Ji Reference.  Indeed, Finjan admitted later in its lawsuits that those claims were conceived collaboratively by all four named inventors.  Thus, if Mr. Touboul had not falsely claimed that he was the sole inventor of claims 1, 3, 4-6, 9, 10, 12-15 and 18 of the '494 Patent, he could not have claimed that he conceived the claimed subject matter of the '494 Patent prior to the September 10, 1997 filing date of the Ji Reference because the other three named inventors of the '494 Patent were not yet employed by Finjan.  In other words, the Examiner would not have withdrawn the rejection over the Ji Reference based on Mr. Touboul's claimed earlier conception date if Mr. Touboul had not made his false representations, thus making the Touboul Declaration material to the patentability of the '494 Patent.

264.    On information and belief, Mr. Touboul made these material false statements with the specific intent to deceive the USPTO, knowing that the Examiner would give credence to his statements because inventors owe a duty of candor to the USPTO and because the USPTO Examiners are unable verify the accuracy of the representations made by inventors.

265.    The foregoing facts constitute inequitable conduct, which renders the '494 Patent unenforceable, as summarized below:

- WHO: Purported inventor of the '494 Patent, Shlomo Touboul and Finjan's patent prosecutor, Dawn-Marie Bey.

- WHAT: Mr. Touboul's material false representation that he was the sole inventor of claims 1, 3, 4-6, 9, 10, 12-15 and 18 of the '494 Patent, as of no later than November 18, 1996.

- WHERE: The Touboul Declaration (Declaration of Prior Invention In The United States To Overcome Cited Patent Or Publication (37 C.F.R. § 131)) submitted to the USPTO on May 7, 2013 during the prosecution of the '494 Patent.

- WHEN:  The Touboul Declaration was signed on April 17, 2013, and submitted to the USPTO on May 7, 2013.

- WHY: The Ji Reference was material prior art.  The USPTO would not have issued the '494 Patent but-for the Touboul Declaration, which backdated the claimed subject matter of the '494 Patent to overcome the Ji Reference's status as prior art.  Mr. Touboul intentionally misrepresented material facts in order to ensure that the '494 Patent would be granted.

- HOW:  Mr. Touboul submitted a false declaration that he was the sole inventor of claims 1, 3, 4-6, 9, 10, 12-15 and 18 of the '494 Patent, as of no later than November 18, 1996.  However, the other named inventors of the '494 Patent were not employed by Finjan until years after Mr. Touboul's claimed date of conception.  Thus, Mr. Touboul materially misrepresented that he was the sole inventor of claims 1, 3, 4-6, 9, 10, 12-15 and 18 of the '494 Patent, in order to antedate the Ji Reference and put the claims of the '494 Patent in a condition for allowance.

266.    Qualys' investigation is ongoing and discovery has yet to commence in this suit. Qualys expressly reserves the right to assert additional facts relating to Finjan's inequitable conduct with respect to the '494 Patent.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Inequitable Conduct of the '154 Patent)**

267.    On June 14, 2010, Finjan filed the non-provisional patent application that matured into the '154 Patent.  The non-provisional patent application did not make any claim of priority in its specification.

268.    On March 20, 2012, the '154 Patent issued without any claim of priority on the face of the patent or in the specification.  On October 16, 2013, Dawn-Marie Bey, on behalf of Finjan filed a "Petition To Accept Unintentionally Delayed Claim of Priority Under 35 U.S.C. § 120 For The Benefit Of A Prior-filed Application Filed Under 37 C.F.R. § 1.78(a)(3)."  In this petition, Ms. Bey attempted to claim priority to U.S. Patent No. 7,757,289, which was filed on December 12, 2005.  Ms. Bey represented that "the entire delay between the date the priority claim was due and the date that this petition with priority claim added to the specification is filed was unintentional."

269.    On information and belief, Ms. Bey misrepresented a material fact to the USPTO and violated her duty of candor to the USPTO when she represented that the delayed claim of priority was "unintentional."

270.    Ms. Bey's petition to the USPTO to accept a significantly delayed claim of priority for the '154 Patent conspicuously coincided with Finjan's new campaign to assert the '154 Patent.  Specifically, the petition was filed just a few of months after Finjan filed new litigation asserting the '154 Patent against Websense, Inc. on September 23, 2013 (Case No. 5:13-cv-04398, N.D. Cal.) and FireEye, Inc. on July 8, 2013 (Case No. 4:13-cv-03113-SBA, N.D. Cal.), and shortly before Finjan asserted the '154 Patent against Proofpoint, Inc. on December 16, 2013 (Case No. 4:13-cv-0508-HSG, N.D. Cal.) and Palo Alto Networks, Inc. on November 4, 2014 (Case No. 4:14-cv-04908-PJH, N.D. Cal.).

271.    Because claims entitled to an earlier priority date expire earlier, Finjan is incentivized to properly claim priority only to the extent that it believes it is necessary to overcome otherwise invalidating prior art.  After a reasonable opportunity for investigation and discovery, evidence will likely show that Finjan and Ms. Bey delayed claiming priority in order to

1    maximize the value of the '154 Patent during pre-suit licensing negotiations and only attempted to

2    correct the claim of priority once it became clear that the '154 Patent would be subject to serious

3    invalidity attacks in litigation.

4         272.    When viewed in light of Finjan's overarching pattern of repeated

5    misrepresentations to the USPTO regarding purportedly "unintentionally" delayed claims of

6    priority, Ms. Bey's statement constitutes affirmative egregious misconduct that is per se material.

7         273.    Finjan has an unusually abundant history of petitioning for allegedly

8    "unintentionally" delayed claims of priority, particularly after one of Finjan's patents is under

9    examination and has been rejected over prior art that predates the filing of the patent but post-dates

10   the belatedly claimed priority document.  In other words, on multiple occasions it appears that

11   Finjan has waited to see if a patent would be granted or validated with a later priority date in order

12   to benefit from a later expiration date, and only when it becomes clear that the patent would not be

13   granted or validated does Finjan seek to "correct" its "unintentionally" delayed priority claim in

14   order to try to moot the asserted prior art.

15        274.    For example, Finjan employed its strategy of submitting false declarations in

16   support of petitions for allegedly "unintentionally" delayed claims of priority with respect to U.S.

17   Patent Nos. 7,647,633, 7,058,822, and 7,613,926.   Qualys incorporates by reference the

18   allegations set forth in its Thirteenth Defense in ¶¶ 285-305.  This overarching pattern of repeated

19   misrepresentations to the USPTO regarding purportedly "unintentionally" delayed claims of

20   priority constitutes affirmative egregious misconduct and is per se material.

21        275.    The foregoing facts constitute inequitable conduct, which renders the '154 Patent

22   unenforceable, as summarized below:

23        •    WHO: Finjan's patent prosecutor, Dawn-Marie Bey.

24        •    WHAT: Ms. Bey's material false representation to the USPTO that there was

25             an "unintentionally" delayed claim of priority.

26        •    WHERE: Finjan's "Petition To Accept Unintentionally Delayed Claim of

27             Priority Under 35 U.S.C. § 120 For The Benefit Of A Prior-filed Application

28             Filed Under 37 C.F.R. § 1.78(a)(3)."

- WHEN:  The "Petition To Accept Unintentionally Delayed Claim of Priority Under 35 U.S.C. § 120 For The Benefit Of A Prior-filed Application Filed Under 37 C.F.R. § 1.78(a)(3)" was  submitted to the USPTO on October 16, 2013.

- WHY:  Because claims that are entitled to an earlier priority date expire earlier, Finjan is incentivized to properly claim priority only to the extent that it believes it is necessary to overcome otherwise invalidating prior art.   On information and belief, Ms. Bey, on behalf of Finjan, delayed claiming priority in order to maximize the value of the '154 Patent during pre-suit licensing negotiations and only attempted to correct the claim of priority once it became clear that the '154 Patent would be subject to serious invalidity attacks in its new wave of litigation asserting the '154 Patent.

- HOW:  Ms. Bey submitted a "Petition To Accept Unintentionally Delayed Claim of Priority Under 35 U.S.C. § 120 For The Benefit Of A Prior-filed Application Filed Under 37 C.F.R. § 1.78(a)(3)," which falsely claims that the delayed claim of priority was "unintentional," in order to give the '154 Patent an earlier priority date.

276.    Qualys' investigation is ongoing and discovery has yet to commence in this suit. Qualys expressly reserves the right to assert additional facts relating to Finjan's inequitable conduct with respect to the '154 Patent.

## TWELFTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct of the '305 Patent)

277.    The '305 Patent is unenforceable for inequitable conduct that occurred during its prosecution, including at least false material statements made to the USPTO regarding the conception and inventorship of the '305 Patent.

278.    U.S. Application No. 11/009,437 ("the '437 Application") was filed on December 9, 2004 and claims priority to the '388 Application, which was filed on November 6, 1997 and issued as the '194 Patent.  The '437 Application issued as the '305 Patent.

279.   On July 5, 2005, on behalf of Finjan, Marc Sockol submitted a "Declaration for Utility or Design Patent Application (37 C.F.R. 1.63)," which was signed by the named inventors of the '305 Patent.  The declaration stated that "I acknowledge the duty to disclose information which is material to patentability as defined in 37 C.F.R. 1.56."

280.   On information and belief, Finjan has asserted in other lawsuits involving the '305 Patent that the asserted claims of the '305 Patent is entitled to the priority date of December 9, 2004, which is the actual filing date of the '305 Patent.  *See Finjan, Inc. v. ESET, LLC,* Case No. 3:17-cv-0183-CAB-BGS, Dkt. No. 142 at 38:7-10 (S.D. Cal Aug. 14, 2017).

281.   A comparison of the text in the specification of the '305 Patent indicates that it does not share a single paragraph in the '194 Patent.  By claiming priority to the '194 Patent, Finjan made a material misrepresentation to the USPTO because Finjan limited the universe of prior art that the USPTO could use during the prosecution of the '305 Patent.  Thus, Finjan willfully deceived the USPTO regarding the effective filing date of the '305 Patent.

282.   On information and belief, Finjan's material misrepresentation was an attempt to improperly expand the scope of its patent claims to encompass developments in the anti-virus security field that Finjan did not invent.  Finjan unreasonably and improperly claimed priority to its earlier-filed applications which date back to as early as November 1997 to limit the universe of prior art that the Examiner could use during prosecution of those patents.  In fact, during the prosecution of the '305 Patent, the Examiner at the USPTO did not challenge the pending claims using any prior art dated after November 1997.

283.   The foregoing facts constitute inequitable conduct, which renders the '305 Patent unenforceable, as summarized below:

- WHO: The named inventors of the '305 Patent and Finjan's patent prosecutor, Marc Sockol.

- WHAT: Mr. Sockol and the named inventor's material false representation that the '305 Patent is entitled to a priority date of November 6, 1997.

- WHERE: The "Declaration for Utility or Design Patent Application (37 C.F.R. 1.63), submitted on July 5, 2005.

- WHEN:  July 5, 2005.
- WHY:  To limit the universe of prior art that the Examiner would search to prosecute the '305 Patent.
- HOW:  Mr. Sockol and the named inventors of the '305 Patent submitted a false declaration that stated that the contents of the patent application were true.  The '437 Application included a false claim of priority to the '197 Patent.  The specification of the issued '305 Patent does not share a single paragraph with the '197 Patent.  Thus, Mr. Sockol and the named inventors of the '305 Patent materially misrepresented that the '305 Patent is entitled to a priority date of November 6, 1997.

284.    Qualys' investigation is ongoing and discovery has yet to commence in this suit. Qualys expressly reserves the right to assert additional facts relating to Finjan's inequitable conduct with respect to the '305 Patent.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

285.    Qualys re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs.

286.    Finjan's claims based on the '494 and '154 Patents are barred because one or more of Finjan, the named inventors on those patents, their attorneys, representatives, predecessors in interest, and/or other persons with a duty of candor to the USPTO has unclean hands on account of violations of the duty of candor to the USPTO and misrepresentations of material fact to the USPTO.

287.    Finjan has a history of petitioning for allegedly "unintentionally" delayed claims of priority, which generally do not arise until after one of Finjan's patents is under examination and has been rejected over prior art that predates the filing of the patent, but post-dates the belatedly claimed priority document.  In other words, on multiple occasions, Finjan has waited to see if a patent would be granted or validated with a later priority date in order to gain the benefit of a later expiration date, and only when it becomes apparent that the patent would not be granted or

validated in view of particular prior art does Finjan seek to correct its delayed priority claim in order to moot the asserted prior art.

288.    For example, Finjan's patent prosecution attorney, Dawn-Marie Bey, filed the '708 Application that issued as the '494 Patent on November 7, 2011.  The '708 Application filed on November 7, 2011 contained a long chain of claimed priority, the earliest of which claims priority to an application that issued as the '194 Patent, which was filed on November 6, 1997.

289.    On July 23, 2012, the USPTO issued a non-final rejection rejecting all pending claims of the '494 Patent as anticipated by the Ji Reference, which was filed on September 10, 1997.

290.    On October 23, 2012, Ms. Bey, on behalf of Finjan, filed a "Petition To Accept Unintentionally Delayed Claim of Priority Under 35 U.S.C. § 119(e) and § 120 For the Benefit Of A Prior-Filed Application Filed Under 37 C.F.R. § 1.78(a)(3)."  This petition sought to extend the chain of the priority to include references to: "prior filed U.S. Application Nos. 09/537,667, filed March 30, 2000, now U.S. Patent No. 6,804,780[;] 08/964,388, filed November 6, 1997, now U.S. Patent No. 6,092,194[;] and 60/030,639, filed November 8, 1996."  In this petition, Ms. Bey, on behalf of Finjan, represented that "the entire delay between the date the claim was due under 37 CFR § 1.78(a)(2)(ii) and the date the claim was filed was unintentional."

291.    On information and belief, Ms. Bey's representation, on behalf of Finjan, that the delayed priority claim was "unintentional" was false and intended to deceive the USPTO.  This is consistent with Finjan's pattern of filing petitions to accept "unintentionally" delayed claims of priority after the claims are challenged or rejected.

292.    On November 27, 2012, the Petition was denied for failure to comply with the formality of including the reference required to claim priority and included an incorrect claim of priority.  The USPTO issued a final rejection of the pending claims as anticipated by prior art Ji on January 7, 2013.

293.    On May 7, 2013, Ms. Bey, on behalf of Finjan, filed an "Amendment And Response to Office Action under 37 C.F.R. § 1.114" and the Touboul Declaration (entitled "Declaration Of Prior Invention In The United States To Overcome Cited Patent Or Publication

(37 C.F.R. § 131)" sworn Shlomo Touboul).  In the Touboul Declaration, Mr. Touboul declared under the penalty of perjury that then pending "claims 1, 3, 4-6, 9, 10, 12-15 and 18" were his "sole invention" and that "[his] sole invention was in [his] mind and developed by at least November 18, 1996," which antedates the filing date of the Ji Reference.

294.   On August 29, 2013, the USPTO issued a Notice of Allowance, which specifically stated that the Ji Reference was no longer prior art because "The Declaration filed on May 7, 2013 under 37 CFR 1.131(a) is sufficient to overcome the Ji, U.S. Patent 5,893,348 reference."

295.   As further example, Finjan filed the patent application that issued as the '154 Patent on June 14, 2010.  That patent application did not make a claim of priority in its specification.

296.   On March 20, 2012, the '154 Patent issued without any claim of priority on the face of the patent or in the specification.

297.   On October 16, 2013, Ms. Bey, on behalf of Finjan, filed a "Petition To Accept Unintentionally Delayed Claim of Priority Under 35 U.S.C. § 120 For the Benefit Of A Prior-filed Application Filed Under 37 C.F.R. § 1.78(a)(3)."  With this petition, Ms. Bey, on behalf of Finjan, sought to claim priority to U.S. Patent No. 7,757,289, which was filed on December 12, 2005.  In this petition, Ms. Bey, on behalf of Finjan, represented that "the entire delay between the date the priority claim was due and the date that this petition with priority claim added to the specification is filed was unintentional."

298.   On information and belief, Ms. Bey, on behalf of Finjan, misrepresented a material fact to the USPTO and thus violated her duty of candor to the USPTO when she represented that the delayed claim of priority for the '154 Patent was "unintentional."

299.   Finjan's petition to the USPTO to accept the delayed claim of priority on October 16, 2013 coincided with Finjan's new campaign to assert the '154 Patent.  This petition was filed just a month after Finjan filed new litigation asserting the '154 Patent against Websense, Inc. on September 23, 2013 (Case No. 5:13-cv-04398-BLF, N.D. Cal.) and three months after litigation asserting the '154 Patent against Fireeye, Inc. on July 8, 2013 (Case No. 4:13-cv-03133-SBA, N.D. Cal.), and shortly before Finjan asserted the '154 Patent against Proofpoint, Inc. on

1    December 16, 2013 (Case No. 4:13-cv-05808-HSG, N.D. Cal.) and Palo Alto Networks, Inc. on

2    November 4, 2014 (Case No. 4:14-cv-04908-PJH, N.D. Cal.).

3        300.    On information and belief, Finjan and Ms. Bey delayed claiming priority to

4    maximize the value of the '154 Patent during pre-suit licensing negotiations and only attempted to

5    correct the claim of priority once it became clear that the '154 Patent would be subject to

6    invalidity attacks during litigation.

7        301.    Other instances of Finjan's history of petitioning for allegedly "unintentionally"

8    delayed claims of priority are evidence in the prosecution history of unasserted U.S. Patent Nos.

9    7,647,633 (the "'633 Patent"), the '822 Patent, and 7,613,926 (the "'926 Patent").

10       302.    With respect to the '633 Patent, Finjan filed a patent application that contained a

11   long chain of claimed priority in its specification, with the earliest claim to priority to Application

12   No. 09/539,667, which was filed on March 30, 2000 and issued as U.S. Patent No. 6,804,780.  On

13   January 12, 2010, the USPTO issued the '633 Patent with the claimed chain of priority extending

14   no earlier than March 30, 2000.  After the '633 Patent issued, an *ex parte* reexamination was filed

15   on October 7, 2013, with Reexamination Control No. 90/013,016.  On November 19, 2013, the

16   USPTO rejected certain claims of the '633 Patent as obvious over the Ji Reference, filed

17   September 10, 1997, in combination with Liu, U.S. Patent No. 6,058,482 ("the Liu Reference"),

18   filed on May 22, 1998, and separately with Golan, U.S. Patent No. 5,974,549 ("the Golan

19   Reference"), filed on March 27, 1997.  On February 19, 2014—more than four years after the

20   issuance of the '633 Patent—Ms. Bey, on behalf of Finjan, filed a "Petition To Accept

21   Unintentionally Delayed Claim of Priority Under 37 C.F.R. § 1.78."  With this petition, Ms. Bey,

22   on behalf of Finjan, sought to claim priority to the '194 Patent, filed on November 6, 1997, and

23   U.S. Patent No. 6,167,520, filed on January 29, 1997, which would have rendered moot the Ji,

24   Liu, and Golan references.  In this petition, Ms. Bey, on behalf of Finjan, represented that "[t]he

25   entire delay between the date a correctly worded benefit claim was due under paragraph (a)(5)(ii)

26   of 37 C.F.R. § 1.78 and the correctly worded benefit claim was filed was unintentional."  On

27   information and belief, Finjan and Ms. Bey intentionally misrepresented the material fact that the

28   delayed claim of priority was "unintentional" to gain the benefit of a later expiration date.

303.    Another instance of Finjan delaying claims of priority to benefit from a later expiration date is evident with the '822 Patent.  The specification of the application for the '822 Patent contained a priority claim to Provisional Application No. 60/205,591, filed May 17, 2000, and a priority claim as a continuation-in-part to Application No. 09/551,302, filed April 18, 2000. On June 6, 2007, the '822 Patent issued with those two claims to priority.  On October 7, 2013, an *ex parte* reexamination was filed against the '822 Patent, which was assigned Reexamination Control No. 90/013,017.  On December 6, 2013, the USPTO rejected certain claims of the '822 Patent over combinations of references over the Ji Reference, filed September 10, 1997, the Liu Reference, filed on May 22, 1998, and the Golan Reference, filed on March 27, 1997.  On March 6, 2014—nearly eight years after the issuance of the '822 Patent and nearly thirteen years after the '822 Patent application was filed—Ms. Bey, on behalf of Finjan, filed a "Petition To Accept Unintentionally Delayed Claim of Priority Under 37 C.F.R. § 1.78."  With this petition, Finjan sought to claim priority to the '194 Patent, filed on November 6, 1997, and U.S. Patent No. 6,167,520, filed on January 29, 1997, which would have rendered moot the Ji, Liu, and Golan References.   In this petition, Ms. Bey represented that "[t]he entire delay between the date a correctly worded benefit claim was due under paragraph (a)(5)(ii) of 37 C.F.R. § 1.78 and date the correctly worded benefit claim was filed was unintentional."  On information and belief, Finjan intentionally misrepresented the material fact that the delayed claim of priority was "unintentional" to gain the benefit of a later expiration date.

304.    The '926 Patent claims priority to the '822 Patent.  Because the '926 Patent expires sooner if their priority is extended farther back in time, on information and belief, Ms. Bey, acting on behalf of Finjan, intentionally delayed claiming priority in the '822 Patent so that the '822 Patent and its progeny, including the '926 Patent, would benefit from a deferred expiration date.

305.    Finjan's repeated misrepresentations to the USPTO regarding its allegedly "unintentionally" delayed claims of priority constitutes egregious misconduct.  Thus, the '494 and '154 Patents are unenforceable due to Finjan's unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Patent Exhaustion)**

306.   Qualys re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs.

307.   Finjan's claims for relief are barred, in whole or in part, as a result of patent exhaustion and/or licenses to the Patents-in-Suit.

308.   On July 2, 2018, Finjan publicly announced that it had entered into a patent license agreement with Trend Micro, Inc ("Trend Micro").   As part of this agreement, Finjan licensed each and every Patent-in-Suit to Trend Micro.   This license covered every Trend Micro product, and permitted Trend Micro to sell licensed products to third parties.   The agreement also permitted Trend Micro's customers to use Trend Micro's products and to incorporate those products into the customers' own respective products.   In exchange for this license, Finjan received $13.4 million and ownership of Trend Micro patents.

309.   In 2011, Qualys and Trend Micro announced a business partnership and product integration.   As part of this partnership, Trend Micro provided antivirus software to Qualys. Qualys incorporated that antivirus software into its products and continues to use that antivirus software in its products today.

310.   In this litigation, Finjan accuses, in part, the Trend Micro antivirus software that is found in Qualys's products.   However, this antivirus software is already licensed under the Patents-in-Suit.   Finjan's patent rights in Trend Micro's antivirus software are exhausted.   It cannot maintain a cause of action for infringement based on that antivirus software.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Implied License)**

311.   Qualys re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs.

312.   On information and belief, as stated in Finjan's public filings with the Security and Exchange Commission, it received valuable consideration for its license to Trend Micro.   This consideration included $13.4 million and ownership of Trend Micro's patents.

313.    By this suit, Finjan now seeks to derogate from that license by accusing of infringement (in part) Trend Micro's licensed antivirus software that was previously it previously gave to Trend Micro.  Finjan's current infringement allegations therefore seek to nullify its earlier conveyance of a license to Trend Micro.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Preclusion)

314.    Qualys re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs.

315.    Finjan's claims are barred by res judicata and/or collateral estoppel based on claims and issues that have already been adjudicated.

316.    For example, on January 29, 2020, the United States Patent and Trademark Office ("USPTO") canceled claims 1, 2, 5, and 13 of U.S. Patent No. 7,975,305 ("the '305 Invalidated Claims"), as invalid.

317.    In this litigation, Finjan continues to assert claims 6-12, 14, and 17-25 of the '305 Patent ("the '305 Asserted Claims).  The '305 Asserted Claims are not materially different in patentability to the '305 Invalidated Claims.  Res judicata and/or collateral estoppel therefore apply, and Finjan is estopped from asserting the '305 Asserted Claims.

318.    As another example, multiple courts have already construed dozens of terms in the Patents-in-Suit.  Having already been heard as to these terms, Finjan is collaterally estopped from arguing that such previous constructions were incorrect.

## QUALYS' COUNTERCLAIMS

### THE PARTIES

319.    Qualys is a corporation organized under the laws of Delaware, having its principal place of business at 919 E. Hillsdale Boulevard, 4th Floor, Foster City, California 94404.

320.    Upon information and belief, Finjan is a Delaware corporation, with its principle place of business at 2000 University Ave., Ste. 600, East Palo Alto, California 94303.

1

**JURISDICTION AND VENUE**

2      321.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

3    1331, 1338(a), 2201, and 2202.

4      322.    Finjan is subject to personal jurisdiction in this judicial district because Finjan

5    availed itself of the jurisdiction of this Court and engaged in acts giving rise to this controversy in

6    this district.

7      323.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b).

8

**FIRST COUNTERCLAIM**

9

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,154,844)**

10      324.    The allegations contained in the foregoing paragraphs are incorporated by reference

11    herein with the same force and effect as if set forth in full below.

12      325.    Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in

13    the '844 patent.

14      326.    Finjan has charged in its Complaint that one or more claims of the '844 Patent have

15    been infringed by Qualys.

16      327.    Qualys denies that Qualys has been or is infringing, directly or indirectly, any of

17    the claims of the '844 Patent or otherwise engaging in any wrongdoing with respect to such patent.

18    Qualys avers that it has not infringed and is not presently infringing, directly or indirectly, any

19    valid or enforceable claims contained in the '844 Patent and it is not liable for damages, injunctive

20    or other relief arising from any such alleged infringement.

21      328.    There exists an actual and justiciable controversy between Qualys and Finjan as to

22    whether Qualys infringes any claim of the '844 Patent.  This controversy is of sufficient

23    immediacy and reality to warrant the issuance of a declaratory judgment.

24      329.    Qualys is entitled to a declaratory judgment that it does not infringe and has not

25    infringed any claim of the '844 Patent.

26

27

28

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,154,844)**

330.     The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

331.     Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '844 Patent.

332.     Each and every claim of the '844 Patent is invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

333.     There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '844 Patent is invalid.   The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

334.     Qualys is entitled to a declaratory judgment that one or more claims of the '844 Patent is invalid.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,677,494)**

335.     The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

336.     Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '494 Patent.

337.     Finjan has charged in its Complaint that one or more claims of the '494 Patent have been infringed by Qualys.

338.     Qualys denies that Qualys has been or is infringing, directly or indirectly, any of the claims of the '494 Patent or otherwise engaging in any wrongdoing with respect to such Patent.  Qualys avers that it has not infringed and is not presently infringing, directly or indirectly, any valid or enforceable claim contained in the '494 Patent and it is not liable for damages, injunctive or other relief arising from any such alleged infringement.

339.    There exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '494 Patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

340.    Qualys is entitled to a declaratory judgment that it does not infringe and has not infringed any claims of the '494 Patent.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,677,494)

341.    The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

342.    Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '494 Patent.

343.    Each and every claim of the '494 Patent is invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

344.    There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '494 Patent is invalid.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

345.    Qualys is entitled to a declaratory judgment that one or more claims of the '494 Patent is invalid.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,975,305)

346.    The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

347.    Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '305 Patent.

348.    Finjan has charged in its Complaint that one or more claims of the '305 Patent have been infringed by Qualys.

349.    Qualys denies that Qualys has been or is infringing, directly or indirectly, any of the claims of the '305 Patent or otherwise engaging in any wrongdoing with respect to such

Patent. Qualys avers that it has not infringed and is not presently infringing, directly or indirectly, any valid or enforceable claim contained in the '305 Patent and it is not liable for damages, injunctive or other relief arising from any such alleged infringement.

350.   There exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '305 Patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

351.   Qualys is entitled to a declaratory judgment that it does not infringe and has not infringed any claim of the '305 Patent.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,975,305)

352.   The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

353.   Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '305 Patent.

354.   Each and every claim of the '305 Patent is invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

355.   There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '305 Patent is invalid.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

356.   Qualys is entitled to a declaratory judgment that one or more claims of the '305 Patent is invalid.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,225,408)

357.   The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

358.   Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '408 Patent.

359.     Finjan has charged in its Complaint that one or more claims of the '408 Patent have been infringed by Qualys.

360.     Qualys denies that Qualys has been or is infringing, directly or indirectly, any of the claims of the '408 Patent or otherwise engaging in any wrongdoing with respect to such Patent.  Qualys avers that it has not infringed and is not presently infringing, directly or indirectly, any valid or enforceable claim contained in the '408 Patent and it is not liable for damages, injunctive or other relief arising from any such alleged infringement.

361.     There exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '408 Patent.   This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

362.     Qualys is entitled to a declaratory judgment that it does not infringe and has not infringed any claim of the '408 Patent.

**EIGHTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,225,408)**

363.     The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

364.     Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '968 Patent.

365.     Each and every claim of the '408 Patent is invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

366.     There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '408 Patent is invalid.   The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

367.     Qualys is entitled to a declaratory judgment that one or more claims of the '408 Patent is invalid.

**NINTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,954,968)**

368.     The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

369.     Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '968 Patent.

370.     Finjan has charged in its Complaint that one or more claims of the '968 Patent have been infringed by Qualys.

371.     Qualys denies that Qualys has been or is infringing, directly or indirectly, any of the claims of the '968 Patent or otherwise engaging in any wrongdoing with respect to such Patent.  Qualys avers that it has not infringed and is not presently infringing, directly or indirectly, any valid or enforceable claim contained in the '968 Patent and it is not liable for damages, injunctive or other relief arising from any such alleged infringement.

372.     There exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '968 Patent.   This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

373.     Qualys is entitled to a declaratory judgment that it does not infringe and has not infringed any claim of the '968 Patent.

**TENTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,954,968)**

374.     The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

375.     Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '968 Patent.

376.     Each and every claim of the '968 Patent is invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

377.     There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '968 Patent is invalid.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

378.     Qualys is entitled to a declaratory judgment that one or more claims of the '968 Patent is invalid.

## ELEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,418,731)

379.     The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

380.     Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '731 Patent.

381.     Finjan has charged in its Complaint that one or more claims of the '731 Patent have been infringed by Qualys.

382.     Qualys denies that Qualys has been or is infringing, directly or indirectly, any of the claims of the '731 Patent or otherwise engaging in any wrongdoing with respect to such Patent.  Qualys avers that it has not infringed and is not presently infringing, directly or indirectly, any valid or enforceable claim contained in the '731 Patent and it is not liable for damages, injunctive or other relief arising from any such alleged infringement.

383.     There exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '731 Patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

384.     Qualys is entitled to a declaratory judgment that it does not infringe and has not infringed any claim of the '731 Patent.

## TWELFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,418,731)

385.     The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

386.    Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '731 Patent.

387.    Each and every claim of the '731 Patent is invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

388.    There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '731 Patent is invalid.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

389.    Qualys is entitled to a declaratory judgment that one or more claims of the '731 Patent is invalid.

## THIRTEENTH COUNTERCLAIM

## (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,141,154)

390.    The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

391.    Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '154 Patent.

392.    Finjan has charged in its Complaint that one or more claims of the '154 Patent have been infringed by Qualys.

393.    Qualys denies that Qualys has been or is infringing, directly, or indirectly, any of the claims of the '154 Patent or otherwise engaging in any wrongdoing with respect to such Patent.  Qualys avers that it has not infringed and is not presently infringing, directly or indirectly, any valid or enforceable claim contained in the '154 Patent and it is not liable for damages, injunctive or other relief arising from any such alleged infringement.

394.    There exists an actual and justiciable controversy between Qualys and Finjan as to whether Qualys infringes any claim of the '154 Patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

395.    Qualys is entitled to a declaratory judgment that it does not infringe and has not infringed any claim of the '154 Patent.

1

2

## FOURTEENTH COUNTERCLAIM

## (Declaratory Judgment of Invalidity of U.S. Patent No. 8,141,154)

3

4

396.    The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

5

6

397.    Finjan alleges in its Complaint that it is the owner of all rights, title, and interest in the '154 Patent.

7

8

398.    Each and every claim of the '154 Patent is invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

9

10

11

399.    There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '154 Patent is invalid.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

12

13

400.    Qualys is entitled to a declaratory judgment that one or more claims of the '154 Patent is invalid.

14

## FIFTEENTH COUNTERCLAIM

15

16

## (Declaratory Judgment of Unenforceability of U.S. Patent No. 8,677,494 Due to Inequitable Conduct)

17

18

401.    The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

19

402.    Finjan alleges in its Complaint that the '494 Patent is enforceable.

20

21

403.    Qualys denies that the '494 Patent is enforceable and contends that this patent is unenforceable on the grounds of inequitable conduct.

22

23

24

404.    Qualys incorporates by reference herein the allegations set forth in ¶¶ 252-266 of its Answer, which set forth the factual and legal basis for the inequitable conduct leading to the unenforceability of the '494 Patent.

25

26

27

405.    There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '494 Patent is enforceable.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28

406.     Qualys is entitled to a declaratory judgment that the '494 Patent is unenforceable due to Finjan's inequitable conduct.

**SIXTEENTH COUNTERCLAIM**

**(Declaratory Judgment of Unenforceability of U.S. Patent No. 8,141,154 Due to Inequitable Conduct)**

407.     The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

408.     Finjan alleges in its Complaint that the '154 Patent is enforceable.

409.     Qualys denies that the '154 Patent is enforceable and contends that this patent is unenforceable on the grounds of inequitable conduct.

410.     Qualys incorporates by reference herein the allegations set forth in ¶¶ 267-276 of its Answer, which set forth the factual and legal basis for the inequitable conduct leading to the unenforceability of the '154 Patent.

411.     There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '154 Patent is enforceable.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

412.     Qualys is entitled to a declaratory judgment that the '154 Patent is unenforceable due to Finjan's inequitable conduct.

**SEVENTEENTH COUNTERCLAIM**

**(Declaratory Judgment of Unenforceability of U.S. Patent No. 7,975,305 Due to Inequitable Conduct)**

413.     The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

414.     Finjan alleges in its Complaint that the '305 Patent is enforceable.

415.     Qualys denies that the '305 Patent is enforceable and contends that this patent is unenforceable on the grounds of inequitable conduct.

416.     Qualys incorporates by reference herein the allegations set forth in ¶¶ 277-284 of its Answer, which set forth the factual and legal basis for the inequitable conduct leading to the unenforceability of the '305 Patent.

417.    There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '305 Patent is enforceable.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

418.    Qualys is entitled to a declaratory judgment that the '305 Patent is unenforceable due to Finjan's inequitable conduct.

## EIGHTEENTH COUNTERCLAIM

### (Declatory Judgment of Unenforceability of U.S. Patent Nos. 8,677,494 and 8,141,154 Due to Unclean Hands)

419.    The allegations contained in the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

420.    Finjan alleges in its Complaint that the '494 and '154 patents are enforceable.

421.    Qualys denies that the '494 and '154 patents are enforceable and contends that these patents are unenforceable on the grounds of unclean hands.

422.    Qualys incorporates by reference herein the allegations set forth in ¶¶ 285-305 of its Answer, which set forth the factual and legal basis for the Finjan's unclean hands leading to the unenforceability of the '494 and '154 Patents.

423.    There exists an actual and justiciable controversy between Qualys and Finjan as to whether one or more claims of the '494 and '154 Patents are enforceable.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

424.    Qualys is entitled to a declaratory judgment that the '494 and '154 Patents are unenforceable due to Finjan's unclean hands.

## JURY DEMAND

425.    Qualys demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Qualys requests that the Court enter judgment in its favor and against Finjan as follows:

A.      A declaration that Qualys does not infringe, directly or indirectly, literally or by the doctrine of equivalents, any valid enforceable claims of the '844, '494, '305, '408, '968, '731, and '154 Patents;

1      B.      A declaration that each and every claim of the '844, '494, '305, '408, '968, '731,

2   and '154 Patents is invalid;

3      C.      Dismissal of all of Finjan's claims in their entirety with prejudice;

4      D.      A judgment that this is an "exceptional case" and an award of Qualys's

5   reasonable attorney's fees, expenses, and costs in this action under 35 U.S.C. § 285; and

6

7      E.      An award of such other relief as the court may deem appropriate and just under

8   the circumstances.

9                                              Respectfully submitted,

10

11   DATED:    April 14, 2020          By:   */s/ Christopher D. Mays*
                                              EDWARD G. POPLAWSKI (SBN 113590)
12                                            epoplawski@wsgr.com
                                              OLIVIA M. KIM (SBN 228382)
13                                            okim@wsgr.com
                                              WILSON SONSINI GOODRICH & ROSATI
14                                            Professional Corporation
                                              633 West Fifth Street, Suite 1550
15                                            Los Angeles, CA 90071
                                              Telephone: (323) 210-2901
16                                            Facsimile:  (866) 974-7329

17
                                              RYAN R. SMITH (SBN 229323)
18                                            rsmith@wsgr.com
                                              CHRISTOPHER D. MAYS (SBN 266510)
19                                            WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
20                                            650 Page Mill Road
                                              Palo Alto, CA 94304-1050
21                                            Telephone:  (650) 493-9300
                                              Facsimile:   (650) 493-6811
22

23                                            *Counsel for Defendant*
                                              QUALYS INC.
24

25

26

27

28