# Exhibit A

PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
AUSTIN MANES (State Bar No. 284065)
amanes@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALYS INC., <br><br> Defendant. | Case No.: 4:18-cv-07229-YGR <br><br> **PLAINTIFF FINJAN, INC.'S [PROPOSED] RESPONSE TO DEFENDANT QUALYS, INC.'S OBJECTION TO EVIDENCE [DKT. 60]** <br><br> Date: May 1, 2020[1] <br> Time: 10:00 AM <br> Place: Courtroom 1, 4th Floor <br> Judge: Hon. Yvonne Gonzalez Rogers |

---

[1] Subject to the Court's March 12, 2020 Order (Dkt. No. 48) suspending in-person appearances.

## I. INTRODUCTION

The Court should overrule Qualys' Objections to Evidence (Dkt. No. 60, "Objections") and accept the declaration of Dr. Goodrich in support of Finjan's reply claim construction brief. Finjan offers Dr. Goodrich's declaration to rebut the invalidity opinions of Qualys' expert. Pursuant to Patent Local Rule ("PLR") 4-2, Finjan timely disclosed that it would rely on Dr. Goodrich's opinions for rebuttal five months ago, which is fatal to Qualys' Objection. PLR 4-5(c) expressly permits Finjan to provide such new evidence on reply to rebut evidence that a defendant submits with its responsive brief, which is exactly what happened here. Qualys submitted Dr. Rubin's declaration with its response brief in support of its invalidity argument, a defense for which Qualys bears the burden of proof and burden of production. Finjan offers Dr. Goodrich's declaration to rebut Dr. Rubin's declaration, as expressly permitted by PLR 4-5(c). Thus, there is no merit to Qualys' Objections.

## II. STATEMENT OF FACTS

The parties exchanged PLR 4-2 disclosures on November 6, 2019, and Finjan served amended disclosures on November 12, 2019. Dkt. 60-1, Declaration of Christopher D. Mays ("Mays Decl."), Exs. E and F. On December 4, 2019, the parties submitted their PLR 4-3 Joint Claim Construction Statement. Dkt. 40. In both its PLR 4-2 disclosures, and again in the JCCS, Finjan expressly disclosed that, to the extent Qualys offered an expert opinion that the terms "transmitter" and "receiver" are indefinite, Finjan would offer a rebuttal opinion from Dr. Goodrich:

> Finjan will rely on expert testimony to rebut Qualys' proposed expert opinion that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term ['receiver.']/['transmitter']"

Mays Decl., Ex. E at 8-9, 17-19, and 25-26; *see also* Dkt. 40 (JCCS) at 7, Ex. A at 4-10, 16-19 and 25.

Qualys' disclosure of proposed expert opinions in the Joint Claim Construction Statement was far more ambivalent than Finjan's disclosure. For example, Qualys disclosed the following for the term "transmitter," which is just the inverse of Finjan's disclosure:

> Dr. Aviel Rubin . . . may opine that a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term "transmitter."

Dkt. 40 (JCCS), Ex. A at 10.

Finjan filed its Opening Claim Construction Brief on February 10, 2020. Dkt. 42. Qualys filed its Responsive Brief on March 16, 2020. Dkt. 52. Qualys submitted a declaration from Dr. Rubin with its Responsive Brief in which Dr. Rubin opined that the terms "receiver" and "transmitter" are indefinite. Dkt. 52-6. Finjan filed its Reply on April 6, 2020, and submitted the Declaration of Dr. Goodrich for the purpose of rebutting Dr. Rubin's invalidity opinions. Dkt. 59; Dkt. 59-1.

### III. ARGUMENT

#### A. Dr. Goodrich's Declaration is Proper Rebuttal Evidence Under the PLR

The PLR permitted Finjan to submit Dr. Goodrich's declaration with its reply claim construction brief. Dr. Goodrich's declaration is a direct rebuttal to Dr. Rubin's declaration on invalidity, which Qualys submitted with its responsive brief. The PLR provide that "the party claiming patent infringement… shall serve and file any reply brief ***and any evidence directly rebutting the supporting evidence contained in an opposing party's response***." PLR 4-5(c) (emphasis added). Because the PLR expressly authorize such submissions, Civil Local Rule 7-3(d), upon which Qualys' Objections are premised, does not apply.

For this reason, Qualys' arguments that Dr. Goodrich's opinions are untimely and were not sufficiently disclosed fail. Finjan could not have submitted Dr. Goodrich's rebuttal evidence in its PLR 4-2 disclosure or its opening brief because it had no way of knowing what evidence to rebut. Qualys' short and ambivalent disclosure under PLR 4-2 simply declared that an expert "may" opine regarding the "transmitter" term. Dkt. 40, Ex. A at 10. Qualys did not provide a definitive declaration that it was, in fact, providing an expert opinion or the substance of that possible disclosure. As such, Finjan learned for the first time the specifics of Dr. Rubin's opinion would when it received Qualys' responsive brief.[2]

Courts in this District recognize that PLR 4-5 permits submission of new rebuttal evidence for the first time on reply. *Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1161, 1169 (N.D. Cal. 2003) ("Patent Local Rule 4–5 expressly permits such rebuttal testimony."). *Competitive Technologies* is instructive because there, as here, the defendant filed Objections to Evidence under the civil local rules

---

[2] Qualys initially disclosed that it may rely on expert opinions for ten terms, and later narrowed those terms to "receiver" and "transmitter," but did not inform Finjan of this narrowing until it filed the responsive brief. Dkt. 40, Ex. A at 4-10, 16-19 and 25.

to seek to exclude an expert declaration filed with the reply claim construction brief. *Id.* In that case, the Court rejected the same argument that Qualys asserts here because "at least part of [the expert]'s declaration constitutes rebuttal," which is permitted under PLR 4-5(c). *Id.* Further, *Competitive Technologies* also rejected the defendant's argument that some evidence in the declaration went beyond rebuttal, since the defendant had an opportunity to address any such evidence at the claim construction hearing. *Id.*; *Genentech, Inc. v. Trustees of the Univ. of Penn.*, No. 10-cv-02037-LHK, 2011 WL 866599, at *2 (N.D. Cal. Mar. 10, 2011)(allowing new evidence on reply to rebut new evidence in the claim construction response, because "[j]ustice is best served when issues are decided on the merits").

This application of the PLR to permit reply declarations in response to invalidity arguments makes sense because Qualys, as the proponent of the indefiniteness defense and of the requisite showing that these are means-plus-function elements despite the absence of the word "means," bears the burden of production on its defense. *Apex Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1372-74 (Fed. Cir. 2003) (party seeking to overcome presumption that an element is not a means-plus-function element if it does not use "means" bears the burdens of production and proof); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1363 (Fed. Cir. 2018) (defendant bears "the initial burden of going forward with evidence to support its invalidity allegation" and the burden of proof by clear and convincing evidence). Therefore, Finjan should have an opportunity to respond after Qualys has attempted to demonstrate indefiniteness.

The only case that Qualys cites does not support its Objections because it dealt with very different facts from those presented here. *See Quantum Corp. v. Crossroads Sys., Inc.*, No. C 14-04293 WHA, 2015 WL 5693734, at *5 (N.D. Cal. Sept. 29, 2015). In *Quantum Corp.*, an expert's opinions were excluded because he refused to answer questions at his deposition regarding the opposing party's claim constructions, claiming he had no opinions, but later asserted those opinions on reply. *Id.* at *3 ("Dr. Hospodor gave opinions rebutting Crossroads' proposed constructions in his declaration, although he claimed he had no such opinions at his deposition"). Here, by contrast, Qualys never sought to depose Dr. Goodrich and, therefore, there is no situation where Dr. Goodrich refused to answer questions or claimed he had no opinion on an issue.

### B. Dr. Goodrich's Opinions Are Consistent with Finjan's Opening Brief and PLR 4-2 Disclosures

Dr. Goodrich's declaration is consistent with Finjan's opening brief because both documents identify the structure for the challenged terms by citing to the patents' specifications. Dr. Goodrich takes this analysis one-step further by using those citations to rebut Dr. Rubin's opinions and evidence, which Qualys did not disclose prior to providing its responsive brief. *Compare* Opening Brief (Dkt. 42) at 6-17 (citing structure in the specifications) *with* Goodrich Decl. (Dkt. 59-1) at 13-25 (same, while comparing those citations to Dr. Rubin's citations). Dr. Goodrich's declaration is also consistent with Finjan's PLR 4-2 disclosures because Finjan disclosed his opinion that a person of ordinary skill would recognize structure for the terms "receiver" and "transmitter." Mays Decl., Ex. E at 8-9, 17-19, 25-26.

Qualys' objection that Dr. Goodrich cited to some evidence not identified in the Joint Claim Construction Statement rings hollow because Dr. Rubin relied on evidence that Qualys did not identify in its own PLR 4-2 disclosures, including citations to the '154 Patent at 14:59-62; the '968 Patent at 2:53-67; and the '494 Patent at 4:5-6. *Compare* Rubin Decl. (Dkt. 52-6) at 8-10 with Mays Decl., Ex. F at 10. Therefore, Dr. Goodrich should be permitted to rely on additional evidence to rebut Dr. Rubin's analysis which, itself, is based on evidence outside of the JCCS. *Genentech, supra*, 2011 WL 866599, at *2 ("Justice is best served when issues are decided on the merits").

Finally, Qualys should not be heard to complain that Finjan's PLR 4-2 disclosure of Dr. Goodrich's potential opinion was insufficiently detailed, especially given that, on indefiniteness, Qualys bears the burdens of proof and production on invalidity and to establish that these are means-plus-function elements even though the claims do not use the word "means," and Finjan is only offering a rebuttal opinion. *Apex*, 325 F.3d at 1372 (defendant has the initial burden of "going forward with evidence"); *Zeroclick, LLC v. Apple Inc.*, 891 F.3d 1003, 1007-08 (Fed. Cir. 2018) (defendant bears the burden to rebut the presumption against the application of § 112, ¶ 6). As shown below, Qualys' disclosure of Dr. Rubin's potential opinion on the same issue contains the same level of details that Finjan's disclosure provides, even though Qualys has the burden of proof for its claims. Therefore, any consideration of Qualys' objection applies even more so to Dr. Rubin's opinion, which is no more supported by Qualys' PLR 4-2 disclosure, making it also the subject of being stricken.

| Finjan's PLR 4-2 Disclosure | Qualys' PLR 4-2 Disclosure |
|---|---|
| Finjan will rely on expert testimony *to rebut Qualys' proposed expert opinion* that "a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term ['receiver.']/['transmitter']" | Expert testimony of Dr. Aviel Rubin, who may opine that a person of ordinary skill in the art as of the priority dates of the respective patents, reading the respective patents' specifications, would not be able to identify corresponding structure for the term ["receiver"]/["transmitter."] |

### C. Qualys' Legal Standards Objection is Without Merit

Qualys' complaint about Dr. Goodrich's reference to the strong presumption against finding terms not using "means" to be mean-plus-function is a red herring. His analysis does not depend on the strength of the presumption, which he references only by way of background in a single paragraph. Goodrich Decl. (Dkt. 59-1) at ¶ 20. Notwithstanding his prefatory reference to a "strong" presumption, Dr. Goodrich correctly states and then applies the controlling Federal Circuit standard that "elements [not using 'means'] are only deemed to be means-plus-function elements if the words in the element, in view of the specification, would not be understood by a POSITA to have a sufficiently definite meaning as the name for structure." *Id.*; *id.* at, *e.g.*, ¶¶ 39, 42, 48, 49, 60, 61 (applying standard to show a person of ordinary skill in the art would understand the structures); *Zeroclick*, 891 F.3d at 1007-08 ("the essential inquiry remains 'whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure'").

Qualys' cases do not support excluding Dr. Goodrich's opinions. For example, the *Apple, Inc. v. Samsung Elecs. Co.* case is inapposite because the Court excluded a damages expert's apportionment where no apportionment was allowed under the applicable statute. No. 11-cv-01846-LHK, 2012 WL 2571332, at *6 (N.D. Cal. June 30, 2012). Here, no statute bars Dr. Goodrich's validity rebuttal opinion and the Federal Circuit continues to recognize the presumption against construing terms that do not use the word "means" as means-plus-function elements. *Zeroclick*, 891 F.3d at 1007-08.

### IV. CONCLUSION

For the reasons above, the Court should overrule Qualys' Objections.

| | | |
|---|---|---|
| | | Respectfully submitted, |
| Dated: April 20, 2019 | | By: */s/ James Hannah* |
| | | Paul J. Andre (State Bar No. 196585) |
| | | Lisa Kobialka (State Bar No. 191404) |
| | | James Hannah (State Bar No. 237978) |
| | | Austin Manes (State Bar No. 284065) |
| | | KRAMER LEVIN NAFTALIS |
| | | & FRANKEL LLP |
| | | 990 Marsh Road |
| | | Menlo Park, CA 94025 |
| | | Telephone: (650) 752-1700 |
| | | Facsimile: (650) 752-1800 |
| | | pandre@kramerlevin.com |
| | | lkobialka@kramerlevin.com |
| | | jhannah@kramerlevin.com |
| | | amanes@kramerlevin.com |

*Attorneys for Plaintiff*
FINJAN, INC.