July 22, 2020

**VIA ELECTRONIC FILING**

Honorable Yvonne Gonzalez Rogers
U.S. District Court, Northern District of California
Oakland Courthouse
Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, CA 94612

Re:   Joint Discovery Statement
     *Finjan, Inc. v. Qualys Inc.*, Case No. 4:18-cv-07229-YGR

Dear Judge Gonzalez Rogers:

  Pursuant to your Standing Order in Civil Cases, the parties submit the following joint statement regarding Plaintiff Finjan, Inc.'s ("Finjan") motion to compel Defendant Qualys Inc. ("Qualys") to provide worldwide damages discovery and supplement various interrogatory responses. The parties attest that they met and conferred on these issues by video teleconference on March 18, 2020, and further conferred by telephone and email on multiple occasions to attempt to narrow and resolve these disputes.[1]

              Respectfully submitted,

              */s/ Kristopher Kastens*
              Kristopher Kastens (State Bar No. 254797)
              KRAMER LEVIN NAFTALIS & FRANKEL LLP

              *Attorneys for Plaintiff*
              Finjan, Inc.

              */s/ Talin Gordnia*
              Talin Gordnia (State Bar No. 274213)
              WILSON SONSINI GOODRICH & ROSATI

              *Attorneys for Defendant*
              Qualys Inc.

---

[1] Due to the circumstances surrounding the COVID-19 pandemic, the parties met and conferred by video conference in order to satisfy the in person meet and confer requirement for discovery dispute resolution under the Court's Standing Order.

**Finjan's Position**
**I.   Discovery of Qualys' Foreign Sales Data and Revenue**

Finjan seeks discovery into worldwide sales of U.S. made accused products, which Qualys refuses to provide. Ex. 1, (Finjan Requests for Production Nos. 23, 24, 30), Ex. 2, (Qualys' Response and Objections to Request for Production Nos. 23, 24, 30); Ex. 3, (Qualys' Response and Objections to Interrogatory Nos. 3, 6); Ex. 4, (improperly limiting damages-related 30(b)(6) testimony to U.S. financials). Worldwide sales are discoverable on multiple grounds and Finjan is entitled to an accurate accounting of infringing sales and revenues.

FRCP 26(b)(1) provides, among things, that parties may obtain non-privileged discovery that is "relevant", "proportional to the needs of the case, considering the … importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Further, FRCP 26(b)(1) provides that the "[i]nformation within this scope need not be admissible in evidence to be discoverable." Finjan's request is proportional under Rule 26(b)(1) because Finjan only seeks discovery for the products accused in this case, and requests that this information be produced in the same manner that Qualys keeps it in the ordinary course of business. Additionally, only Qualys has access to its worldwide sales. Qualys has not identified any burden in providing this information or explained why it is not proportional. *See* Fed. R. Civ. P. 26 advisory committee's note (2015 amendment) (explaining that restoring the proportionality calculation to Rule 26(b)(1) was not intended to permit a party to withhold discovery based on boilerplate objections). As the party opposing relevant discovery, Qualys has the burden of showing why discovery should not be allowed and "clarifying, explaining, and supporting its objections with competent evidence." *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Qualys refuses to produce the requested information and has yet to demonstrate why discovery of worldwide sales of its U.S.-made and globally sold accused products is improper or overly burdensome.

It is undisputed that Qualys is a U.S. company and its headquarters and base of research are in Foster City, California. Ex. 5, (https://www.qualys.com/company/). As Qualys makes and uses its accused software in the U.S., worldwide sales are part of the relevant royalty base because they infringe under the "making" prong of 35 U.S.C. 271(a). However, the Court need not decide if these foreign sales infringe to compel this discovery. Worldwide sales are relevant to the reasonable royalty inquiry even if they are not made in the U.S. *See MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2018 WL 6175982, at *2 (N.D. Cal. Nov. 26, 2018) (compelling discovery of foreign sales as potentially relevant to reasonable royalty analysis and noting trend in other courts confirming its relevance); *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, Case No. CV 16-00300 CJC (RAOx), 2017 WL 3275615, at *5 (C.D. Cal. Feb. 14, 2017) (worldwide sales are relevant to inducement, reasonable royalty calculations, and commercial success); *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. CV 04-1371 LPS, 2018 WL 4804685, at *1-2 (D. Del. Oct. 4, 2018) (applying the Supreme Court's analysis in *WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129, 2137-38 (2018), to claims of direct infringement under section 271(a) and holding that the plaintiff was entitled to seek damages based on worldwide sales). In addition, under *Polaris Innovations Ltd.,* Qualys' foreign sales are relevant to other issues in this case, including Finjan's claims for induced infringement under 35 U.S.C. § 271(b). As such, Finjan is entitled to obtain this information. *See* Fed. R. Civ. P. 26(b)(1) (admissibility irrelevant to discoverability); *see MLC Intellectual Prop.*, 2018 WL 6175982 at *2 (allowing discovery into foreign sales and determining to "reserve for another day" how it supports claim for reasonable

royalties) (emphasis added).  Thus, the Court should compel Qualys to provide this discovery. Qualys' analysis of the cases cited by Finjan is flawed. That the Court in *MLC Intellectual Prop.* excluded evidence of foreign sales at a later stage of the case is irrelevant to its discoverability.

## II.     Qualys Must Respond to Finjan's Interrogatories

When Finjan first provided its half of this discovery letter in June, Qualys unjustifiably refused to respond to Finjan's Interrogatory Nos. 9-11, incorrectly alleging that Finjan had already exceeded the 25 interrogatories limit with its first 8 interrogatories.  Ex. 6, (Qualys Objections to Interrogatories).  After receiving this letter, Qualys tried to moot the issue by saying it would serve supplemental responses to Interrogatory Nos. 9-11. Ex. 7, (Qualys Supp. Resp. Interrogatories). However, these supplements still lack any substantive response, and remain deficient for the same reasons already discussed by the parties at the meet and confer. Additionally, Qualys now refuses to provide responses to Finjan's Interrogatory Nos. 12-19 based on the same objections, thus, necessitating that Finjan raise this issue with the Court.  Ex. 8, (Qualys Responses to Interrogatories).  As such, Qualys has failed to provide any substantive response to half of Finjan's interrogatories.  Qualys' is engaging in pure gamesmanship to shirk its discovery responsibilities, because Finjan has not exceeded the 25 interrogatory limit, as each of Finjan's interrogatories count as a single interrogatory and each relate to a single primary question. *See Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 299 (N.D. Cal. 2016) (granting motion to compel responses to Interrogatory Nos. 6-25 because Interrogatory Nos. 1-5, including their subparts, each counted as a single interrogatory and did not exceed 25).

By way of example, Finjan's Interrogatory No. 1 is a single interrogatory, not four as Qualys contends, because it asks Qualys to describe the circumstances surrounding Qualys' first awareness of the Asserted Patents.  Ex. 3, (Finjan Interrogatories).  This is a single topic in which Finjan simply adds clarity of what it seeks through Interrogatory No. 1, namely, the actions taken by Qualys when it obtained such knowledge, the people involved in those actions, and identification of related documents.  These are not "subparts" of separate interrogatories, because they are aimed at the details of the single issue of Qualys' first awareness of the Asserted Patents.  Finjan's other interrogatories are similarly aimed at a single discrete question, with all requested information being logically and factually subsumed in that topic.  The case cited by Qualys adopted this approach. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 197 (E.D. Tex. 2016) (adopting the "related question" approach, where "subparts that are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories.").

## III.    Expert Reports Related to Infringing Third Party Products are Irrelevant

Expert infringement reports from other Finjan cases are not relevant and overly burdensome to produce because they cite to third party products not at issue in this case. Qualys does not explain how they relate to Qualys's claims or defenses on completely different products. This discovery is also unnecessary, as Qualys already understands how third party products read on the Asserted Patents, as Finjan has already produced numerous infringement contentions from prior litigations.  Finally, these reports include highly confidential information and source code from third parties, including extensive discussions of source code, design specification, and other information that they consider highly confidential.  As this information is confidential to third parties, Finjan cannot waive the claim of confidentiality that was made by these third parties under protective orders in other litigations.

## Qualys's Position
### I. Qualys's Foreign Sales Data Is Irrelevant and Not Discoverable

Finjan has no right to seek discovery of Qualys's foreign sales. "Our patent system makes no claim to extraterritorial effect; these acts of Congress do not, and were not intended to, operate beyond the limits of the United States[.]" *Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 444 (2007) (citation omitted). As the Federal Circuit has stated, "our patent laws allow specifically damages adequate to compensate for the infringement. They do not thereby provide compensation for a defendant's foreign exploitation of a patented invention, which is not infringement at all." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1371 (Fed. Cir. 2013), *cert. denied*, 571 U.S. 1125 (internal citations omitted).

Finjan is wrong that its infringement claims under 35 U.S.C. §§ 271(a) and 271(b) entitle it to discovery of foreign sales. For foreign sales to apply under § 271(a), what must be made and exported is the patented invention ***as a whole,*** not just a component thereof (i.e. Qualys's software). *See Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 518 (1972) ("The word 'makes' as used in § 271(a) does not extend to the manufacture of the constituent parts of a combination machine, and the unassembled export of the elements of an invention does not infringe the patent."); *Microsoft,* 550 U.S. at 442-444. Congress enacted an exception to this rule: a plaintiff may bring an infringement claim under **35 U.S.C. § 271(f)** by alleging that a defendant domestically manufactured a component of a patented invention which it subsequently exported for assembly abroad. *See Microsoft*, 550 U.S. at 442-45. Here, Finjan brought no claims under § 271(f), and its infringement contentions offer no theory under § 271(f). *See generally* D.I. 1; Qualys Ex. E. This is fatal to its argument. *See Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341-YGR(JSC), 2013 WL 588760, at *2 (N.D. Cal. Feb. 13, 2013); *Kelora Sys., LLC v. Target Corp.*, No. C 11-01548-CW(LB), 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011).

Finjan's cited authority does not alter this result. In *WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129, 2133 (2018), the patentee brought a § 271(f) claim not present here. In *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371-LPS, 2018 WL 4804685, at *1-2 (D. Del. Oct. 4, 2018) while the court summarily held that *WesternGeco* could apply to § 271(a) claims, it also immediately certified an interlocutory appeal, stating that "[t]here are substantial grounds on which the Federal Circuit could well disagree with this Court's assessment" (that appeal settled before reaching an appellate opinion). *Id.* at *2. In *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, the court initially permitted discovery into foreign sales, but later revised its position and struck the patentee's foreign sales theory from the case entirely as being legally flawed. *See* No. 14-CV-03657-SI, 2019 WL 2437073, at *3 (N.D. Cal. June 11, 2019). Finally, the magistrate judge's decision in *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. CV 16-00300 CJC (RAOx), 2017 WL 3275615, at *5 (C.D. Cal. Feb. 14, 2017), completely ignored binding precedent from the Supreme Court and Federal Circuit binding jurisprudence. Moreover, the magistrate's decision was not followed by district courts within that district. *See Kajeet, Inc. v. Qustodio, LLC*, Civ. No. SA CV 18-1519-JAK(PLAx), 2019 WL 8060078, at *13 (C.D. Cal. Oct. 22, 2019) (denying motion seeking production of foreign sales).

Finjan finally claims that it needs Qualys's foreign sales data for commercial success purposes. But, Qualys has already produced its SEC filings that identify its worldwide revenue for the accused products. Finjan has failed to show it is entitled to anything more.

### II. Finjan Has Exceeded the Maximum Limit of 25 Interrogatories

Where a question can be "answered fully and completely without answering the second

question" the subparts should each count as separately. *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*, 315 F.R.D. 191, 196 (E.D. Tex. 2016). Finjan has served several interrogatories with discrete sub-parts that, in combination, exceed 25 in number. For several requests, Finjan identifies an overarching issue but proceeds to include multiple sub-parts each covering a distinct factual inquiry. For example, Rog 1 purports to cover "pre-suit awareness" but inquires into design-around attempts, non-infringement, and invalidity analyses. Qualys Ex. F at 5-6. Rog 4 purports to cover "source code," but inquires into location of various documents along with prior art contentions. *Id.* at 6. Rog 6 purports to cover sales, forecasts, locations of documents, and identification of individuals. *See id.* at 7. Rog 11 purports to cover "damages," but inquires into royalty bases and rates, licensing details, apportionment, and technological nexus with patented features. Ex. 6 at 8-9. Rog 11 seeks facts pertaining to the fifteen-factor *Georgia Pacific* test. *Id.*

Qualys tried compromising in good faith by withdrawing its numerosity objections for Rogs 9-11 and serving supplemental responses on July 20. Now, Finjan complains about the substance of those responses and about Qualys's numerosity objections in response to Finjan's latest set of interrogatories (12-19), which continues Finjan's practice of heavy subpart use. Such complaints are premature, as the parties have not met and conferred on these issues.

### III.    Finjan Should Produce All Expert Reports from Prior and Pending Suits

Finjan has filed a total of two dozen patent litigations in district courts throughout the country involving one or more of the patents-in-suit in this case. Yet, it refuses to produce any of its technical expert reports other than those limited to invalidity issues and "tutorials," citing "lack of relevance", "burden", and "third-party confidentiality issues". *See* Qualys Ex. A at 1. Finjan refers to the withheld reports as "infringement reports," but such reports frequently include opinions on a host of issues beyond infringement, such as how the experts interpret the scope of the patents and claims, definitions of a person of ordinary skill in the art, and many other issues not strictly limited to infringement. As such, courts in this district have held that "when other litigation shares a technological nexus with the patents in the case, a presumption of relevance for all documents in that case arises." *Apple, Inc. v. Samsung Elecs., Co.*, No. 12-CV-0630-LHK(PSG), 2013 WL 3246094, at *20 (N.D. Cal. June 26, 2013); *see also Vasudevan Software, Inc. v. MicroStrategy Inc.*, No. 11-CV-06637-RS-PSG, 2013 WL 597655, at *3 (N.D. Cal. Feb. 15, 2013). Here, such technical reports are additionally relevant because both parties have retained experts who rendered technical opinions in previous suits involving these patents. For example, due to protective order restrictions in those cases, Qualys's technical expert Dr. Rubin did not retain copies of his prior reports, although they remain in Finjan's possession. Both parties should have equal access to prior technical expert reports about the patents-in-suit. Indeed, Finjan has been repeatedly ordered by other courts to produce these reports. *See, e.g., Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 5:13-CV-03999-BLF, Dkt. No. 121 at 1 (N.D. Cal. Oct. 29, 2014) (Qualys Ex. C); Dkt. No. 108 at 8 (N.D. Cal. Oct. 9, 2014) (Qualys Ex. D); *Finjan, Inc. v. ESET, LLC*, No. 17-CV-183-CAB(BGS), 2018 WL 5263243, at *5-6 (S.D. Cal. Oct. 23, 2018).

There is also no burden or risk of third-party confidentiality issues. Qualys's request is narrowly tailored to seek only those reports from cases involving one or more of the patents-in-suit or related patents. Moreover, Finjan has never articulated how or why producing such reports would be ***unduly*** burdensome. Critically, despite Finjan's "confidentiality" objections, most third parties have expressly consented to their production and none have yet objected. *See, e.g.,* Qualys Ex. B. In any event, the protective order in this case should be sufficient to satisfy any concerns.

## ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

*/s/ Kristopher Kastens*
Kristopher Kastens
