UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br><br>     Plaintiff, <br><br>   v. <br><br> QUALYS INC., <br><br>     Defendant. | Case No. 18-cv-07229-YGR (TSH) <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. No. 87 |

The Court held a hearing this afternoon concerning the joint discovery letter brief at ECF No. 87 and now issues this order.

**A.     Finjan's Request for Technical Documents**

Qualys says it has produced the requested items following the filing of the letter brief. Finjan says it is reviewing the recent production and has not yet been able to determine if it is adequate. Accordingly, this issue is moot for the time being, but Finjan is free to raise it again if its review discloses any gaps in production.

**B.     Finjan's Request for Damages-Related Discovery**

Here, Finjan requests (1) that Qualys produce certain types of documents and amend certain interrogatory responses, and (2) that Qualys explain a spreadsheet in a 33(d) reference. As to issue #1, the letter brief is stale. Qualys claims that it has produced the requested documents and states that it plans to amend the interrogatory responses. If Finjan thinks the document production or the amended responses are inadequate, it can raise this issue again.

As to the spreadsheet, a 33(d) reference is permissible only when the answer to the interrogatory "may be determined" from the reference, *see* Fed. R. Civ. Proc. 33(d), so the Court orders Qualys to explain the product family and description 2 codes. It's not good enough to

produce a witness who can explain them in a deposition; the explanation must be in the interrogatory response or the 33(d) reference.

### C.   Qualys's Objections to Dr. Cole

The Court overrules Qualys's objections to Dr. Cole being able to review its source code. The stipulated protective order precludes someone who is a past or current *employee* of a party or a party's competitor from being an expert. ECF No. 34 ¶ 2.7. But here, Dr. Cole merely provided consulting services on at least one occasion to a competitor of Qualys's. That's a very thin reed on which to limit his work on this case. Qualys's concern that Dr. Cole might consult again in the future for other competitors of Qualys's is just another way of saying that he is an expert in the field of security, which is why Finjan hired him. Also, Qualys's proposed compromise that Dr. Cole can review all of the source code that Finjan's other experts identify, which presumably is most of the important stuff in the case, simultaneously limits his ability to independently contribute to the case while also seeming to acknowledge that he isn't really a risk.

### D.   Qualys's Request for Documents in Other Litigation Involving the Same Patents

The Court orders Finjan to produce prior expert reports, expert deposition transcripts, and Finjan fact witness deposition transcripts. Those are relevant, and since Qualys wasn't a party to those cases, and documents like these are often not in the public record, the only way Qualys can get them is from Finjan.

However, for public filings (such as summary judgment motions, Daubert motions, in limine motions, pre-trial filings and post-trial filings), those should all be in the public record, except for redactions. They are also less directly relevant than expert reports and deposition transcripts. Therefore, the Court does not order Finjan to produce all of these. However, for any public filings that are redacted and for which Qualys wants the unredacted version, Qualys should identify those specific documents to Finjan and request the unredacted version. If Finjan refuses to produce it, Qualys should file a joint discovery letter brief raising the issue. The Court advises that it will likely rule in Qualys's favor in such a dispute, unless the number of unredacted documents Qualys requests is enormous.

**E.     SonicWall Issue**

During the hearing Qualys stated that it wants the documents referred to in Qualys Exhibit N.  This issue was not teed up in the letter brief.  The Court orders the parties to meet and confer.  If they cannot agree, they shall file a joint discovery letter brief by September 1, 2020.

**IT IS SO ORDERED.**

Dated: August 27, 2020

THOMAS S. HIXSON
United States Magistrate Judge

3