1

2

3

4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7      FINJAN, INC.,                          Case No.  18-cv-07229-YGR   (TSH)

8                       Plaintiff,
                                              **DISCOVERY ORDER**
9              v.
                                              Re: Dkt. No. 100
10     QUALYS INC.,

11                      Defendant.

12

13          Finjan seeks financial information concerning foreign sales of the accused Qualys

14     products.  To determine if this information is relevant, we have to start with the basics.  35 U.S.C.

15     § 271(a) states that "whoever without authority makes, uses, offers to sell, or sells any patented

16     invention, *within the United States* or imports into the United States any patented invention during

17     the term of the patent therefor, infringes the patent."  (emphasis added).  Section 271(a)'s reach is

18     limited to activity within the United States, as "no infringement occurs when a patented product is

19     made and sold in another country."  *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 441 (2007).[1]

20     "Thus, while U.S. patent law allows for 'damages adequate to compensate for the infringement,'

21     there is no compensation for a defendant's foreign exploitation of a patented invention, as such

22     activity is not infringement at all."  *Kajeet, Inc. v. Qustodio, LLC*, 2019 WL 8060078, at *13 (C.D.

23     Cal. Oct. 22, 2019) (quoting *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711

24     F.3d 1348, 1371 (Fed. Cir. 2013) (citing 35 U.S.C. § 284)).

25          Accordingly, the location of the alleged conduct bears directly on the relevance of foreign

26     sales information.  After all, "[t]he royalty base for reasonable royalty damages cannot include

27

28     _____

       [1] There is an exception in section 271(f), which is not at issue here.

United States District Court
Northern District of California

1  activities that do not constitute patent infringement, as patent damages are limited to those

2  'adequate to compensate for the infringement.'" *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324,

3  1343 (Fed. Cir. 2015) (quoting 35 U.S.C. § 284).  If the alleged exploitation of the patented

4  invention occurred overseas, "information regarding defendant's foreign sales is not relevant to

5  the hypothetical negotiation of the reasonable royalty amount because defendant would not be

6  liable for foreign sales that do not violate U.S. patent laws." *Kajeet*, 2019 WL 8060078, *13.  By

7  contrast, foreign sales are relevant for infringing products that are made, used, offered for sale, or

8  sold within the United States.  *See Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1519

9  (Fed. Cir. 1984) ("When it made the 1,671 carsets in this country, it infringed claim 10.  Whether

10  those carsets were sold in the U.S. or elsewhere is therefore irrelevant, and no error occurred in

11  including those carsets among the infringing products on which royalty was due.").  Of course, the

12  whole patented invention – not just part of it – must be made, used, offered for sale, or sold within

13  the United States; otherwise, the conduct does not amount to infringement.  *See Centillion Data*

14  *Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011) ("to 'make' the

15  system under § 271(a), Qwest would need to combine all of the claim elements—this it does not

16  do.").

17       The parties seem to agree on the above general principles.[2]  Where they divide is on

18  whether Finjan is asserting a claim that Qualys's foreign sales are of products that were made,

19  used, offered for sale, or sold in the U.S.  Finjan is correct that a discovery motion is not the right

20  place for the Court to make a factual determination regarding whether Qualys's foreign sales are

21  of products that infringe domestically, so the Court declines to discuss any of the evidence the

22  parties have submitted on that disputed point.  The bigger issue is that Finjan's infringement

23  contentions contend that Qualys's accused products infringe only when they are combined with or

24  connected to other devices and software on a network, so mere development in the U.S. is not

25  enough to show that the foreign sales are of infringing products that were "made" here.  Finjan's

26

27  [2] Finjan previously argued that worldwide sales are relevant to the reasonable royalty even if the products are not made in the U.S., *see* ECF No. 79, but it now "confirms it is not seeking

28  discovery on products with no colorable infringement.  Its request is limited to products with U.S. development, testing, compilation, or assembly, which may be infringement."  ECF No. 100.

1    infringement contentions also do not contend that Qualys "uses," "offers for sale" or "sells" the

2    patented technology in the U.S. for foreign customers.  In other words, Qualys argues that Finjan's

3    theories of relevance for the foreign sales are way outside anything disclosed in its infringement

4    contentions.  For its part, in the discovery letter brief, Finjan does not dispute that characterization

5    of its infringement contentions.[3]  Instead, Finjan argues that "the Court's Patent Rules permit

6    Finjan, upon a timely showing of good cause, to amend contentions, and good cause includes

7    'recent discovery of nonpublic information,' such as information about Qualys's internal

8    activities.  It is to develop exactly that nonpublic information that Finjan seeks this discovery.

9    Denying it on the basis that the contentions have not yet fully developed the case would put Finjan

10   in the impossible situation of being unable to update contentions, because it is unable to receive

11   nonpublic information, because it has not yet updated contentions."  ECF No. 100.

12        There are two problems with Finjan's argument.  First, it does not make any sense.  The

13   foreign sales information that Finjan seeks has nothing to do with the liability evidence that either

14   does or does not show that the products Qualys has sold overseas were infringing when they were

15   made here, or that Qualys used, offered for sale, or sold here products for its foreign customers.

16   That evidence is about primary conduct, not sales information.

17        Second, fact discovery closes on October 1, 2020, ECF No. 78, which is two weeks from

18   now.  Finjan has not moved to amend its infringement contentions to include the infringement

19   theories that would make foreign sales information relevant.  At this point, unless Finjan moved to

20   shorten time, its unfiled motion to amend could not even be heard until after fact discovery is

21   closed.  Of course, it would be up to Judge Gonzalez Rogers to decide whether to allow Finjan to

22

---

23   [3] By contrast, at the hearing Finjan asserted that its infringement contentions do contend that
     Qualys infringes by domestically making the patented invention, which it then sells in foreign
24   sales.  Finjan pointed to its infringement contention for claim 4a of the '154 patent, which refers to
     a storage medium that stores the software.  Finjan asserted that Qualys's domestic development of
25   the software (which of course has to be stored in something) satisfies claim 4a.  However, the
     Court is unpersuaded.  As Qualys correctly pointed out, claim 4a also incorporates by reference
26   the analysis for claim 1a (it says:  "See analysis for Claim 1a above"), which discloses "a system
     for protecting a computer" that comprises certain components and which would not be satisfied
27   merely by software in a storage medium.  Pointing to this infringement contention was Finjan's
     sole attempt to assert that its domestic "making" theory was disclosed in its infringement
28   contentions for foreign sales.  Finjan did not argue at the hearing that its infringement contentions
     disclose its domestic use, offer for sale or sold theories for foreign sales.

United States District Court
Northern District of California

United States District Court
Northern District of California

amend its infringement contentions in a material way after fact discovery has closed.  But as matters stand now, Finjan is trying to obtain discovery based on infringement theories that are way outside its infringement contentions, fact discovery is about to close, and Finjan has not even asked Judge Gonzalez Rogers for permission to amend.  The undersigned is quite skeptical that Finjan's new infringement theories will ever be in this case.

To be clear, the Court is not holding that infringement contentions under the Patent Local Rules define the outer bounds of relevance for discovery purposes.  Finjan is right that such a holding would have a chicken-and-egg quality to it, since Patent Local Rule 3-6(c) expressly contemplates that infringement contentions may be amended based on nonpublic information obtained in discovery.  Rather, the Court's point is that we are almost at the end of fact discovery, and Finjan seems to have done nothing to make its new infringement theories part of its liability case.[4]  Finjan's motion to compel the foreign sales information is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: September 17, 2020

THOMAS S. HIXSON
United States Magistrate Judge

---

[4] Finjan has a few back up arguments, but they are makeweights.  Finjan argues that Qualys's foreign customers benefit from security updates that Qualys develops from information that it gains in part from the infringing domestic use by its U.S. customers of Qualys's products.  That argument is irrelevant, however, because the reasonable royalty compensates for infringement, and Finjan's argument does not demonstrate that the foreign sales are of products that infringe.  Also, Finjan does not even articulate how the value of that "benefit" would be reflected in the foreign sales information it seeks.  Finjan also asserts that Qualys induces its foreign customers to infringe in the U.S. by using Qualys's U.S.-based cloud platform.  Again, however, that argument fails to demonstrate that products in other countries infringe.  Finjan also does not explain how the foreign sales information it seeks would be related to any damages for the alleged induced domestic infringement on the cloud platform.  Finally, Finjan makes a two-sentence assertion that foreign sales are relevant to establishing the commercial success of Finjan's inventions.  However, that argument is too underdeveloped for the Court to meaningfully assess it.  The Court has previously admonished Finjan for making conclusory arguments.  *See* ECF No. 89 ("If Finjan is going to press this point, it must assert a well-developed argument and not just make a conclusory assertion.").  Indeed, the whole reason for the current letter brief is that Finjan's arguments in the previous letter brief were so undeveloped the Court required further briefing.  *See id.*