Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Jason W. Wolff (CA SBN 215819)
wolff@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Robert P. Courtney (CA SBN 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Telephone: (612) 335-5070 / Fax: (612) 288-9696

Proshanto Mukherji (Admitted *pro hac vice*)
mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070 / Fax (617) 542-8906

*Attorneys for Plaintiff*
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>QUALYS INC., a Delaware Corporation,<br><br>Defendant. | Case No. 4:18-cv-07229-YGR (TSH)<br><br>**PLAINTIFF FINJAN LLC'S OPPOSITION TO DEFENDANT QUALYS INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1
II. FACTUAL BACKGROUND ........................................................................................... 1
   A. '305 Patent .............................................................................................................. 1
   B. Proceedings Involving the '305 Patent ................................................................... 2
      1. Reexamination Proceedings ........................................................................ 2
      2. *Inter Partes* Review ("IPR") Proceedings ................................................... 3
      3. District Court Proceedings .......................................................................... 3
III. LEGAL STANDARDS .................................................................................................... 4
   A. Motion for Judgement on the Pleadings under Fed. R. Civ. P. 12(c) ..................... 4
   B. Invalidity Based on Obviousness ............................................................................ 5
   C. Collateral Estoppel .................................................................................................. 6
IV. ARGUMENT .................................................................................................................... 6
   A. Qualys's Motion is an Improper Request for Summary Judgment ........................ 6
   B. Qualys Fails to Satisfy the Requirements for Collateral Estoppel .......................... 8
      1. Claims 14, 17, and 25 ................................................................................ 10
      2. Claims 6-12 and 18-24 .............................................................................. 10
V. CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
  876 F.3d 1350 (Fed. Cir. 2017) ................................................................................................. 9

*Blonder-Tongue Labs., Inc. v. University of Illinois Found.*,
  402 U.S. 313 (1971) .................................................................................................................. 9

*Dunson v. Cordis Corp.*,
  No. 16-cv-03076-SI, 2016 U.S. Dist. LEXIS 94873, 2016 WL 3913666 (N.D. Cal. Jul. 20, 2016) ..................................................................................................................... 5

*Durkin v. Shea & Gould*,
  92 F.3d 1510 (9th Cir. 1996) ..................................................................................................... 9

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*,
  132 F.3d 526 (9th Cir. 1997) ..................................................................................................... 4

*ESET, LLC v. Finjan, Inc.*,
  809 Fed. Appx. 1005 (Fed. Cir. 2020) ...................................................................................... 3

*In re Finjan, Inc.*,
  777 Fed. Appx. 508 (Fed. Cir. 2019) ........................................................................................ 2

*Finjan, Inc. v. ESET, LLC and ESET SPOL. S.R.O.*,
  17-cv-183 ................................................................................................................................... 3

*Graham v. John Deere Co.*,
  383 U.S. 1 (1966) ............................................................................................................. passim

*Hydranautics v. FilmTec Corp.*,
  204 F.3d 880 (9th Cir. 2000) ..................................................................................................... 6

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .................................................................................................. 5, 7

*KSR Int'l Co. v. Teleflex Inc.*,
  550 U.S. 398 (2007) ..................................................................................................... 5, 6, 8, 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ................................................................................................... 4

*Microsoft Corp. v. i4i Ltd. P'ship*,
  564 U.S. 91 (2011) ..................................................................................................................... 5

*Millennium Pharm., Inc. v. Sandoz Inc.*,
　862 F.3d 1356 (Fed. Cir. 2017)................................................................................................6

*Novartis Pharm. Corp. v. W.-Ward Pharm. Int'l Ltd.*,
　923 F.3d 1051 (Fed. Cir. 2019)................................................................................................5

*Polaris Indus. v. Arctic Cat, Inc.*,
　882 F.3d 1056 (Fed. Cir. 2018)................................................................................................9

*Purdue Pharma L.P. v. Iancu*,
　767 Fed. Appx. 918 (Fed. Cir. 2019) ...............................................................................11, 12

*Purdue Pharma L.P. v. Mylan Pharm., Inc.*,
　Civil Action No. 15-1155-RGA-SRF, 2017 U.S. Dist. LEXIS 28460 (Mar. 1,
　2017 D. Del.)..........................................................................................................................13

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
　442 F.3d 741 (9th Cir. 2006)....................................................................................................6

*Sciele Pharma, Inc. v. Lupin Ltd.*,
　684 F.3d 1253 (Fed. Cir. 2012)................................................................................................6

*Sovereign Software LLC v. Victoria's Secret Direct Brand Mgmt. LLC*,
　778 F.3d 1311 (Fed. Cir. 2015).........................................................................................6, 13

*Sprewell v. Golden State Warriors*,
　266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d
　1187 (9th Cir. 2001) .................................................................................................................5

*Thompson v. Illinois Dept. of Professional Regulation*,
　300 F.3d 750 (7th Cir. 2002)....................................................................................................5

*United States v. Ritchie*,
　342 F.3d 903 (9th Cir. 2003)....................................................................................................4

*Walling v. Beverly Enters.*,
　476 F.2d 393 (9th Cir. 1973)....................................................................................................4

*In re Warsaw Orthopedic, Inc.*,
　832 F.3d 1327 (Fed. Cir. 2016)................................................................................................6

**Statutes**

35 U.S.C. § 103(a) ..............................................................................................................5, 6, 10

35 U.S.C. § 282 ..........................................................................................................................5, 9

35 U.S.C. § 315(e)(1)....................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................4

Fed. R. Civ. P. 12(c) .....................................................................................................................4

Fed. R. Civ. P. 12(d) ....................................................................................................................4

Fed. R. Civ. P. 56 .........................................................................................................................4

## I. INTRODUCTION

Qualys Inc.'s ("Qualys") motion for judgment on the pleadings (Dkt. No. 124, "Mot.") is a premature summary judgment motion—relying on voluminous file history and other documents that are not part of the pleadings—while expert discovery is underway. The motion replaces a fulsome obviousness analysis that considers the *Graham* factors relating to obviousness with a legally erroneous hindsight analysis born of a mistaken application of collateral estoppel. There can be no dispute, however, that there is no final judgment finding claims 6-12, 14, and 17-25 of U.S. Patent No. 7,975,305 ("the Asserted Claims") invalid or even addressing their attendant factual issues. Notably, where final adjudications regarding the Asserted Claims were made, the claims were found patentable. Qualys's request that the Court take judicial notice (Dkt. No. 125) on cherry picked and disputed facts from the file history is improper; it seeks to have the Court weigh the record and find disputed facts in its favor. Qualys does this while wholly ignoring the evidence identified in the record that support the non-obviousness of the '305 Patent, including important objective indicia of non-obviousness.

Finjan respectfully requests the Court deny Qualys's motion and that Finjan's evidence supporting the non-obviousness of the Asserted Claims be heard and tested against the expert discovery that is underway at this time. To ignore these issues and this evidence at this time is reversible error and short circuits the discovery process.

## II. FACTUAL BACKGROUND

### A.  '305 Patent

The '305 Patent is generally directed towards network security and, in particular, rule based scanning of web-based content for exploits. Dkt. No. 1 at ¶ 17. One of the ways this is accomplished is by using parser and analyzer rules to describe computer exploits as patterns of types of tokens. *Id*. Additionally, the system provides a way to keep these rules updated. *Id*. The '305 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional network security technology that was available at the time of filing of the '305 Patent and are more than just generic software components performing conventional activities. *Id*.

System claims 6-12 depend from Independent claim 1, but present further limitations with

respect to "the incoming content received from the Internet by said network interface" referenced in the independent claim or with respect to the identification of "the designation Internet application." Method claims 18-24 depend from Independent claim 13, and have limitations similar to claims 6-12. Method claim 14 depends from claim 13 and further limits the invention by "said database parser and analyzer rules stores parser and analyzer rules in the form of pattern-matching engines." Method claim 17 also depends from claim 13 and further limits the invention by "comprising preventing incoming content having a computer exploit that was recognized by said scanning from reaching its intended destination." Unlike the other Asserted Claims, claim 25 is an Independent claim. It is directed to a computer-readable storage medium, the medium including signals, that stores program code for a computer to conduct a series of steps to receive internet content, selectively divert that content, scan that content for malicious behavior using parser and analyzer rules, and updating a database of those rules for future identification.

      **B.**      **Proceedings Involving the '305 Patent**

            **1.**      **Reexamination Proceedings**

On December 11, 2015, Proofpoint, Inc. filed a reexamination request of the '305 Patent ("Proofpoint Reexamination"), challenging the validity of Claims 1, 2, 5, and 13 (the "Reexamination Claims"). Dkt. No. 44-3. In evaluating the Reexamination Claims, the U.S. Patent and Trademark Office ("USPTO") considered the Wells (US 8,140,660) and Sandu (US 2005/0172338 Al) prior art references. The Sandu reference was previously considered by the Examiner during prosecution of the '305 Patent. The USPTO issued a final rejection of the Reexamination Claims (and only the Reexamination Claims) on August 24, 2016, which the Patent Trials and Appeals Board ("PTAB") affirmed on July 2, 2018, six months before Qualys filed its first Answer in this action. Dkt. No. 125-2. The Federal Circuit subsequently affirmed the PTAB's decision on September 6, 2019. *See In re Finjan, Inc.*, 777 Fed. Appx. 508 (Fed. Cir. 2019). With the appeal concluded, on September 6, 2019, the USPTO published the reexamination certificate for the '305 Patent, reflecting the August 24, 2016 invalidation of the Reexamination Claims. *Id*. Asserted Claims 6-12, 14, and 17-25 were not at issue in these activities.

      Two additional reexamination requests were filed earlier this year. The first, filed on

1  March 19, 2020 by third parties SonicWall and Rapid7, requests reexamination of a subset of the
2  Asserted Claims here, specifically claims 6, 9, 11, 12, 17 and 25, based on the Wells (US Patent
3  8,140,660), Sandu (US Pub. No. 2005/0172338 Al), and/or Freund (US Patent 5,987,611) prior art
4  references. (Exh. A (SonicWall Reexamination).) Like the Sandu reference, the Freund reference
5  was previously considered by the Examiner during original prosecution of the '305 Patent. That
6  reexamination, however, is in its infancy and there are no final decisions by the PTAB or Federal
7  Circuit to date. *Id*. The second reexamination request, filed on June 19, 2020 by third party ESET
8  LLC, also requested reexamination of a partially overlapping group of the Asserted Claims here,
9  specifically claims 3, 4, 7, 8, 10, 14, 15, 16, 18, 19, 20, 21, 22, 23, and 24, again based on the Wells,
10 Sandu, and/or Freund prior art references. (Exh. B (ESET Reexamination).) That proceeding was
11 terminated pursuant to 35 U.S.C. § 315(e)(1) because ESET was estopped from challenging the
12 claims again. *Id*.

Thus, there is no reexamination proceeding of record demonstrating the USPTO and Federal Circuit have issued a final judgment on the invalidity of the Asserted Claims.

### 2.   *Inter Partes* Review ("IPR") Proceedings

On July 31, 2018, the PTAB instituted review of claims 1-25 of the '305 Patent, challenging the claims as invalid based on anticipation and/or obviousness, while the Proofpoint Reexamination was on appeal. The PTAB held a full trial in its review of these claims and on January 24, 2019 issued its Final Written Decision determining that the prior art at issue (Chandani and—*again*—Freund) did not anticipate or render obvious any of the '305 Patent claims. The PTAB's decision was subsequently affirmed by the Federal Circuit. *See ESET, LLC v. Finjan, Inc.*, 809 Fed. Appx. 1005 (Fed. Cir. 2020).

### 3.   District Court Proceedings

The '305 Patent is also the subject of ongoing litigation in the United States District Court for the Southern District of California. *Finjan, Inc. v. ESET, LLC and ESET SPOL. S.R.O.*, 17-cv-183 CAB(BGS) (S.D. Cal.). There, Finjan asserts ESET infringes claims 3, 4, 6, 7, 11, 21, 23, and 25 of the '305 Patent. *Id*. at Dkt. No. 1. On May 7, 2018, the Court imposed a stay of proceedings on the '305 Patent until the PTAB rendered a Final Written Decision regarding ESET's IPR for

claims 1-25, which were challenged as anticipated in view of Chandani and/or obvious in view of Freund and Chandani. As noted above, on January 24, 2019, the PTAB issued its Final Written Decision that was later affirmed by the Federal Circuit. In March 2020, the Court proceeded with trial on other patents in dispute aside from the '305 Patent. Due to the COVID-19 pandemic, however, that trial was terminated and the parties await a new trial. *Id*. at Dkt. No. 783. Subsequently, Finjan requested the Court officially lift the stay so that the parties may complete discovery and consolidate the '305 Patent dispute with the other patents at issue in the new trial. *Id*. at Dkt. No. 801. The Court did so on July 23, 2020. *Id*. at Dkt No. 802. The parties, however, await a new trial date and an opportunity to litigate the merits of the '305 Patent claims.

## III.  LEGAL STANDARDS

### A.  Motion for Judgement on the Pleadings under Fed. R. Civ. P. 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 528 (9th Cir. 1997) (citing *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996)). When ruling on a Rule 12(c) motion, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A court, however, may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"The court need not, however, accept as true allegations that contradict matters properly

subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). "[W]hen a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations." *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (citation and quotation omitted, emphasis in original); *see also Dunson v. Cordis Corp.*, No. 16-cv-03076-SI, 2016 U.S. Dist. LEXIS 94873, 2016 WL 3913666, at *2 (N.D. Cal. Jul. 20, 2016). The court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Id*. Moreover, the 9th Circuit has cautioned against the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" as it "can lead to unintended and harmful results." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). It has further warned "the unscrupulous use of extrinsic documents to resolving competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id*.

### B. Invalidity Based on Obviousness

"A patent shall be presumed valid." 35 U.S.C. § 282. Qualys bears the burden of proving by clear and convincing evidence that the Asserted Claims of the '305 Patent are invalid. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).

To establish obviousness under 35 U.S.C. § 103(a), Qualys must prove that "'the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made' to a person of ordinary skill in the art." *Novartis Pharm. Corp. v. W.-Ward Pharm. Int'l Ltd.*, 923 F.3d 1051, 1058 (Fed. Cir. 2019); *see also KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007). The question of obviousness is resolved on the basis of underlying factual determinations, including: (1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the pertinent art; and (4) objective indicia such as commercial success, long felt but unresolved needs, the failure of others, and unexpected results. *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966).

In an obviousness analysis, it is a statutory requirement that the claim be viewed as a whole.

*See* 35 U.S.C. § 103(a) (Pre-AIA). It is impermissible to use hindsight after viewing the claimed invention to determine whether one of ordinary skill in the art at the time of the invention would find the invention obvious. *See Millennium Pharm., Inc. v. Sandoz Inc.*, 862 F.3d 1356, 1367 (Fed. Cir. 2017). Additionally, the obviousness inquiry typically requires an analysis of "whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue." *KSR*, 550 U.S. at 418 (citing *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006) (requiring "articulated reasoning with some rational underpinning to support the legal conclusion of obviousness")); *see In re Warsaw Orthopedic, Inc.*, 832 F.3d 1327, 1333 (Fed. Cir. 2016) (*citing DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*, 464 F.3d 1356, 1360 (Fed. Cir. 2006)). Moreover, "it may be harder to meet the clear and convincing burden when the invalidity contention is based upon the same argument on the same reference that the PTO already considered." *Sciele Pharma, Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012).

### C. Collateral Estoppel

Issue preclusion (sometimes called collateral estoppel) bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). With respect to the identicality element, in a patent case, "[i]f the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Sovereign Software LLC v. Victoria's Secret Direct Brand Mgmt. LLC*, 778 F.3d 1311, 1319 (Fed. Cir. 2015) ("*Sovereign II*"). Regarding the final judgment element, the moving party "bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (quoting *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850 (9th Cir. 1997)).

### IV. ARGUMENT

#### A. Qualys's Motion is an Improper Request for Summary Judgment

1   The Court should deny Qualys's motion for judgment on the pleadings as it substantially
2   diverts from its bare bones pleadings regarding its defense and counterclaim for collateral estoppel
3   (Dkt. No. 62 at ¶¶ 314-318), presenting hundreds of pages of new evidence for the Court's
4   consideration. Qualys's motion should be seen for what it is, a premature and improper request for
5   summary judgment.
6   Qualys's Motion is highly dependent on the Court judicially noticing multiple documents,
7   and Finjan objects to judicial notice here. The 9th Circuit has cautioned against the overuse of
8   judicial noticing recognizing that introducing documents outside of the pleadings where certain
9   causes of action are contested risks premature dismissal of otherwise valid disputes that have not
10  had the benefit of full discovery. *See Khoja*, 899 F.3d at 998 ("Yet the unscrupulous use of extrinsic
11  documents to resolve competing theories against the complaint risks premature dismissals of
12  plausible claims that may turn out to be valid after discovery.") Qualys argues that the Court may
13  judicially notice "a patent's file history at the USPTO; a patent's reexamination proceedings before
14  the USPTO; prior art patents discussed in such file histories and reexaminations; and a party's
15  infringement contentions," noting that such documents are a matter of public record. *See* Mot. at 3,
16  12. While a Court may take judicial notice of matters of public record without converting a motion
17  to dismiss into a summary judgment motion, it cannot take judicial notice of disputed facts contained
18  in such public records. *See Khoja,* 899 F.3d at 999. Here, the factually rigorous comparison of the
19  substance of the Asserted Claims to the prior art will soon be taken up by the parties' experts in this
20  case as expert reports will be served on December 1, 2020. Qualys should not be excused of its
21  burden of demonstrating by clear and convincing evidence the alleged invalidity of the Asserted
22  Claims by merely substituting public records for judicial notice, and particularly with no supporting
23  obviousness analysis at all. This tactic presents the exact risk of premature dismissal cautioned
24  against by the 9th Circuit. *See Khoja*, 899 F.3d at 998. The Court should thus decline Qualys's
25  request for judicial noticing and deny its disguised summary judgment motion at least until the
26  parties have had the benefit of expert reports and discovery on the obviousness challenges and
27  substantial record reflecting the objective indicia of non-obviousness that will be analyzed as part
28  of the expert discovery phase. *See* Exh. C (Finjan Resp. to ROG 11, identifying such evidence); *see*

*also Graham*, 383 U.S. at 17–18.

### B.     Qualys Fails to Satisfy the Requirements for Collateral Estoppel

Collateral estoppel does not apply here because the Asserted Claims have never been held invalid, nor has any judicial or administrative body evaluated their validity and determined they are invalid. In fact, the opposite occurred: the original examination resulted in the issuance of the Asserted Claims and each subsequent examination did not find the Asserted Claims unpatentable. To the extent the Court looks beyond the parties' pleadings in conjunction with Qualys's Motion, a fulsome examination of the record shows that Qualys conveniently glosses over relevant other proceedings involving the '305 Patent claims. First, there can be no dispute that the Proofpoint reexamination that serves as the basis for Qualys's Motion did not include Asserted Claims 6-12, 14, and 17-25. Qualys admits as much in its Motion. *See* Mot. at fn. 6 (11:27-28). No aspect of this reexamination evaluated the validity of these claims. Moreover, nowhere in Qualys's Motion is there any mention of the IPR proceeding filed by ESET relating to the '305 Patent.[1] The reason why is the PTAB found in its Final Written Decision that ESET failed to establish that any of the '305 Patent claims are unpatentable as anticipated or obvious including in view of Freund, a finding subsequently affirmed by the Federal Circuit. *See supra* Section II.B.2.

The exercise of determining whether a claim is invalid for obviousness is a rigorous one requiring evaluation and consideration of the Federal Circuit's *Graham* factors and applicable objective indicia of non-obviousness. *See KSR*, 550 U.S. at 415 (rejecting a rigid approach to applying the *Graham* factors); *see also Graham*, 383 U.S. at 17–18. No such effort is made in Qualys's motion. There is no declaration, no analysis, and not even lip service to the *Graham* factors. This is because Qualys asks the Court to assume what is not in the record, namely that Finjan made no challenge to the findings in the underlying record.

---

[1] *See* Exh. D (IPR2017-01738, Paper No. 57, Final Written Decision). Should the Court take judicial notice of and consider the records set forth in Qualys's Motion (to which Finjan objects), by extension the Court should take judicial notice of and consider the PTAB's finding that ESET failed to establish that the asserted claims of the '305 Patent were unpatentable, including in view of Freund, and such was affirmed by the Federal Circuit. By extension, it should also take judicial notice of Exhibit C, which identifies some of the objective indicia of non-obviousness at issue for the '305 Patent.

This is important. Obviousness must be demonstrated by clear and convincing evidence and often is aided by the presentation of evidence by experts, which has yet to take place in this case. No evidence identified in the pleadings by Finjan, for example the materials identified in its interrogatory responses on non-obviousness, is analyzed or addressed in Qualys's motion. *See* Exh. C (Finjan Resp. to ROG Nos. 10-11). Moreover, each of the Asserted Claims is subject to their own validity analysis. *See* 35 U.S.C. § 282(a) ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim.") Importantly, obviousness is not met simply by demonstrating that individual elements were either known or taught in the prior art. Rather, when known elements are identified in the art, the party arguing invalidity must show that there was some motivation to combine the claimed elements with a reasonable expectation of success to show that the claim as a whole is obvious. *See Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1359-1361 (Fed. Cir. 2017). To find obviousness otherwise would be legal error. Here, Qualys has not set forth any analysis of why there was such a motivation, or any of the *Graham* factors, nor has it explained how an analysis of the *Graham* factors would not differ between the cancelled claims and the Asserted Claims. It is, in a word, forbidden hindsight analysis. *See Polaris Indus. v. Arctic Cat, Inc.*, 882 F.3d 1056, 1068 (Fed. Cir. 2018) ("We have observed that the 'prejudice of hindsight bias' often overlooks that the 'genius of invention is often a combination of known elements which in hindsight seems preordained.'") (internal citation omitted); *see also KSR*, 550 U.S. at 421 ("A factfinder should be aware of course, of the distortion caused by hindsight bias and must be cautious of arguments relying upon *ex post* reasoning.")

The record thus demonstrates that Finjan has not to date had "a full and fair opportunity to litigate" the validity of the Asserted Claims tested against the factual record supporting the non-obviousness of the Asserted Claims. *See Durkin v. Shea & Gould*, 92 F.3d 1510, 1515 (9th Cir. 1996) ("special circumstances-such as reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation-may warrant an exception to the normal rules of preclusion. In short, the parties must have had a full and fair opportunity to litigate."); *see also Blonder-Tongue*

*Labs., Inc. v. University of Illinois Found.*, 402 U.S. 313, 333 (1971) ("Determining whether a patentee has had a full and fair chance to litigate the validity of [the] patent . . . is . . . not a simple matter.") Indeed, finding that a final determination of the Asserted Claims against Qualys is satisfied by the Proofpoint Reexamination proceeding is inconsistent with the facts and premature in light of the ongoing disputes actually involving the Asserted Claims and the expert discovery presently underway.

Because there has been no final judgment on the validity of the Asserted Claims, collateral estoppel does not apply and Qualys's motion for judgment on the pleadings fails.

### 1. Claims 14, 17, and 25

For claims 14, 17, and 25, Qualys instead makes the conclusory assertion that the identicality requirement for collateral estoppel "is easily satisfied for asserted Claims 14, 17, and 25 because those claims are essentially *identical* to previously invalidated Claims 1, 2, 5, and 13" and that they "add nothing new or different that would alter the question of invalidity." Mot. at 6:4-7:5. As an initial matter, Qualys's mix and match comparison of these claims is flawed because it fails to appreciate the basic inherent differences between claims that relate to a security system capable of scanning content within a computer (e.g., claims 1, 2, 25) and those that are directed to actually performing a method (e.g., claims 13, 14, 17). Nor does Qualys's analysis consider the impact of those differences on the validity of the claim, which must be analyzed as a whole. *See Graham,* 383 U.S. at 17-18; 35 U.S.C. § 103(a) (Pre-AIA). Qualys's reliance on Finjan's infringement contentions is also flawed. *See* Mot. at 9:6-10. The question of infringement is indisputably a different inquiry than the question of obviousness. Finjan's internal referencing to claim 1, 2, and 5 for claims 14, 17, and 25 for purposes of evidencing infringement by Qualys's products says nothing about the difference between these claims from a validity perspective and whether the disparate prior art references taught these separate inventions.

### 2. Claims 6-12 and 18-24

For claims 6-12 and 18-24, Qualys misapplies the law and misstates the prosecution history of the '305 Patent. Qualys incorrectly asserts that "Finjan never objected to or contested the examiner's findings about Claims 6-12 and 18-24." Mot. at 10:26-27. Qualys's assertion is incorrect.

Each of the rejections were contested and the independent claims from which these claims depend were amended several times to place the claims in condition for allowance. Exh. E at FINJAN-QUALYS 002214-002225 at 2223 (contesting Freund discloses various limitations of the independent claims, e.g., "Freund does not teach categorization of tokens into types, nor description of computer exploits in terms of patterns of types of tokens."), FINJAN-QUALYS 002281-002292 at 2289 (disputing what Freund allegedly teaches, e.g., "[t]he claim invention, as amended, scans for patterns of types of tokens, which is not disclosed in Freund."), FINJAN-QUALYS 002316-002329 at 2324 (disagreeing with the Examiner's application of the art and explaining how Freund is different, e.g., "Freund concerns monitoring outbound access to the Internet, whereas the claimed invention concerns protection from inbound computer exploits."), FINJAN-QUALYS 002461-002473 (amending the claims and arguing that the prior art fails to disclose several elements of the invention), FINJAN-QUALYS 002523-002545 (contesting that Freund discloses numerous limitations including parser and analyzer rules). Qualys also incorrectly alleges that "Finjan also never modified the language of Claims 6-12 or 18-24 from their rejected state." Mot. at 10:27-28. To the contrary, the dependent claims under dispute were also amended. *See, e.g.*, Exh. E at FINJAN-QUALYS 002316-002329. Moreover, Qualys ignores that the claims of the '305 Patent were twice allowed over the Freund prior art reference, which Qualys alleges discloses the asserted claims. *See id*. at FINJAN-QUALYS 002194; *see also* Exh. D. Qualys ignores these facts to support its improper conclusion that the Examiner's rejections were unrefuted and ignores that the USPTO found the claims to be patentable. *See* Mot. at 10:26-11:5.

Even if Qualys's characterization of the '305 Patent prosecution history was true – which it is not – collateral estoppel would not apply. The Federal Circuit's decision in *Purdue Pharma L.P. v. Iancu* is illustrative. 767 Fed. Appx. 918 (Fed. Cir. 2019). In *Purdue*, defendant Amneal filed an IPR petition based on two grounds, both of which relying on the Joshi prior art reference that Purdue Pharma argued did not qualify as Section 102(e) prior art. *Id*. at 920. Amneal argued that Purdue was collaterally estopped from raising this argument as it did not raise it in relation to a previous district court litigation for a different patent (the '888 patent) stemming from the same provisional application as the patent at issue in the IPR (the '376 patent). *Id*. at 921. The PTAB agreed with

Amneal and found the '376 patent unpatentable for obviousness. *Id*. On appeal, Purdue Pharma argued that the Joshi reference's priority was not actually litigated in the district court litigation. *Id*. at 922. The Federal Circuit agreed and rejected the PTAB's application of collateral estoppel. *Id*. at 923. Notably, the Court reasoned the Director erred in its argument on appeal that Purdue Pharma's failure to distinguish between Joshi provisional and non-provisional applications in the district court litigation amounted to an *implicit admission* supporting collateral estoppel. *Id*. The Court also rejected the Director's argument that "[t]he fact that Purdue did not directly challenge the sub-issue of Joshi's entitlement to its provisional's filing date does not mean that the issue was not actually litigated – it was an essential part of Amneal's case" as that did not change the fact that the issue was not actually litigated. *Id*. Like the Director in *Purdue*, Qualys attempts to argue that Finjan implicitly admitted that the dependent limitations in claims 6-12 and 18-24 are of no patentable weight because it did not explicitly challenge the Examiner's findings regarding these claims during prosecution. Similarly here, the Court should reject Qualys's reasoning as it does not change two crucial facts – (1) after exhaustive prosecution the Examiner found claims 6-12 and 18-24 patentable, and (2) the alleged invalidity of claims 6-12 and 18-24 has not been litigated to final judgment in any previous proceeding.

With respect to the Proofpoint Reexamination proceedings, Qualys argues that the Examiner's description of the prior art during these proceedings also supports its position. Mot. at 6-7. Qualys expressly admits that the asserted claims here were not challenged in the reexamination proceeding. Thus, collateral estoppel does not apply since those claims were not challenged. *See Purdue Pharma L.P.*, 767 Fed. Appx. 918 at 923. Moreover, the patent owner challenged the Examiner's characterization of the references during the reexamination when contesting the rejections. Exh. F at FINJAN-QUALYS 404967-405010 at 404969 ("the Examiner continues to misinterpret both the claim elements and the cited references, Wells and Sandu, from the vantage of one of ordinary skill"); FINJAN-QUALYS 405170-405181. To allege that these statements were unrefuted is simply not true.

Qualys also attempts to equate the instant case to the facts in *Sovereign II*, however, the *Sovereign II* facts are distinguishable. Mot. at 9:15-24. In *Sovereign II*, the Federal Circuit explained

that it previously found claims 34 and 51 of the '314 patent and claims 17, 41, and 61 of the '492 patent invalid based on obviousness. *See Sovereign II*, 778 F.3d at 1312. The Court was tasked with whether issue preclusion should apply to claims 15 of the '492 patent, amongst other claims, as a result of the Court's previous determination. *See id*. at 1314-1315. With respect to claim 15 of the '492 patent, the Court reasoned it was precluded given its dependent claim, claim 41, was previously found invalid. *See id*. at 1315 (citing *Calloway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1344 (Fed. Cir. 2009) ("A broader independent claim cannot be nonobvious where a dependent claim stemming from that independent claim is invalid for obviousness.").) Unlike *Sovereign II*, there is no instance here of a prior dependent claim being held invalid that inherently renders any of the Asserted Claims invalid. The *Sovereign II* Court then evaluated whether claim 39 that depended from newly precluded claim 15 should also be precluded. *Id*. at 1319. The Court found claim 39 was also precluded despite not previously being found obvious because the substance of claim 39 did not materially alter the question of the validity of claim 39. *Id*. Notably, the Court relied upon expert testimony in assessing claim 39, particularly a concession by the patentee's expert that it did not invent the substance of claim 39 and that it was a "routine incorporation of Internet technology." *Id*. at 1319-1320. Here, by contrast, Finjan has not admitted that the dependent limitations of the Asserted Claims against Qualys are not inventive aspects of the claims or that they are routine. Importantly, the procedural posture of *Sovereign II* is different from this case. The Federal Circuit had the benefit of considering a full trial on the merits of the validity of the asserted claims, including the presentation of expert testimony, in its assessment as to whether it could apply collateral estoppel to Claim 39. Conversely, this case is on the eve of expert discovery relating to the validity of the Asserted Claims and the Proofpoint Reexamination proceeding did not address the Asserted Claims. *See Purdue Pharma L.P. v. Mylan Pharm., Inc.*, Civil Action No. 15-1155-RGA-SRF, 2017 U.S. Dist. LEXIS 28460 *12-13 (Mar. 1, 2017 D. Del.) (recommending dismissal of defendants' motion to dismiss based on collateral estoppel where they failed to establish the claims at issue were sufficiently identical to the invalid claims and that the materiality of their limitations not set forth in the invalid claims is a question of fact to be reserved for a later stage of the proceedings.)

Qualys's mischaracterization of the record and misapplication of the law further doom its

disguised summary judgment motion.

## V.     CONCLUSION

In its motion for judgment on the pleadings, Qualys fails (1) to properly move for judgment on the pleadings and (2) to carry its burden of showing that collateral estoppel applies to the issues of obviousness as to the Asserted Claims. By cherry picking evidence from the voluminous record it attempts to incorporate into the pleadings and ignoring that the underlying facts are disputed, Qualys invites reversible legal error through its hindsight-based obviousness challenge to the Asserted Claims. Thus, for these reasons and those discussed above, Finjan respectfully requests the Court deny Qualys's motion for judgment on the pleadings.

Dated: November 5, 2020

/s/ Megan A. Chacon
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Jason W. Wolff (CA SBN 215819)
wolff@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Robert Courtney (CA SBN 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Proshanto Mukherji (Admitted *pro hac vice*)
mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070 / Fax (617) 542-8906

Attorneys for Plaintiff
**FINJAN LLC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 5, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

*/s/ Megan A. Chacon*
Megan Chacon (CA SBN 304912)
chacon@fr.com

**Attorney for Plaintiff**
FINJAN LLC.