EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (SBN 228382)
okim@wsgr.com
TALIN GORDNIA (SBN 274213)
tgordnia@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER D. MAYS (SBN 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for Defendant*
QUALYS INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>QUALYS INC., a Delaware Corporation,<br><br>Defendant. | CASE NO.: 4:18-cv-07229-YGR (TSH)<br><br>**QUALYS INC.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS (FED. R. CIV. PROC. 12(c))**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Date: December 8, 2020<br>Time: 2:00pm<br>Location: Zoom Teleconference[1] |

---

[1] Per the Court's Notice regarding Civil Law and Motion Calendars and its Order at D.I. 48.

## I. INTRODUCTION

This is a far-flung case in which Finjan continues to assert nearly 90 patent claims against Qualys, many of which should never have been litigated in the first place. The '305 Patent is the preeminent example of this. The Patent Office has already determined that four claims of the '305 Patent (1, 2, 5, and 13) are invalid. Each remaining asserted claim of the '305 Patent asserted against Qualys is either a carbon copy of one of those claims or makes trivial changes that do not alter the question of patentability. The Court need not accept Qualys's word for this; the Patent Office's findings are plain, clear, and consistent. No amount of expert opinion can credibly undermine the public record, nor should consideration of that record convert this motion into one for summary judgment. Finjan's Opposition fails to deliver the bottom line: what exactly does Finjan think is materially different about the remaining claims of the '305 Patent? Finjan's inability to answer this question demonstrates why collateral estoppel applies.

## II. THE COURT MAY PROPERLY TAKE JUDICIAL NOTICE OF THE PUBLIC RECORD AND GRANT QUALYS'S MOTION

Finjan argues that the Court should deny Qualys's Request for Judicial Notice and treat this as a premature motion for summary judgment.[2] D.I. 132 ("Opp.") at 7. Finjan incorrectly posits that a Rule 12(c) motion is inappropriate to assess whether collateral estoppel should apply. Multiple courts have addressed invalidity-based collateral estoppel through Rule 12 motions. *See, e.g., Cisco Sys., Inc. v. Capella Photonics, Inc.*, No. 20-CV-01858-EMC, 2020 WL 4923697, at *6-7 (N.D. Cal. Aug. 21, 2020) (granting motion for judgment on the pleadings after determining collateral estoppel of invalidity was "inescapable"); *Blair v. Alstom Transportation, Inc.*, No. 16 CIV. 3391 (PAE), 2020 WL 4504842, at *6 (S.D.N.Y. Aug. 5, 2020) (granting motion to dismiss based on collateral estoppel where "there is no meaningful distinction between this limitation [in

---

[2] Finjan's Opposition includes an excerpt from a second Reexamination for the '305 Patent brought by third party Sonic Wall. *See* D.I. 132-2. Finjan appears to argue that the second reexamination also renders this motion premature. *See* Opp. at 3 (referring to the second reexamination as being in its "infancy."). But this second reexamination has already resulted in a first office action finding that Claims 6, 9, 11, 12, 17, and 25 of the '305 Patent are invalid ***based on the same prior art raised in Qualys's Motion***. *See* D.I. 132-2 at 100 (identifying Sandu, Wells, and Freund). If the Court were to accept Finjan's prematurity argument, then it should instead consider staying this entire case until the second reexamination concludes, as doing so would almost certainly narrow the scope of the remaining issues for this patent.

1  asserted claim 10] and the cancelled limitations in [invalidated] claims 20 and 22."); *Control v.*
2  *Digital Playground, Inc.*, No. 12-CV-6781 (RJS), 2016 WL 5793745, at *5 (S.D.N.Y. Sept. 30,
3  2016) (Granting Rule 12(c) motion and holding "because the Patents are substantially the same,
4  the Court finds that Plaintiff is collaterally estopped from bringing infringement claims on both
5  Patents.").

6  Finjan's argument appears to be premised on its desire to inject expert testimony to attempt
7  to cast a shadow of doubt over what is an otherwise clear public record.  But Finjan gives the Court
8  no reason to believe expert testimony would yield a different result.  The public record of the
9  Patent Office's factual determinations regarding invalidity are clear and reached a final judgment.
10 While an expert may disagree with that result, such a disagreement is no longer legally relevant
11 since the issue has already reached a final judgment in the Patent Office.  Finjan gets it wrong by
12 arguing that Qualys must essentially re-prove invalidity for collateral estoppel to apply.  Also,
13 tellingly, Finjan already offered substantial expert opinion on this issue during the '305 Patent's
14 Reexamination.  *See* D.I. 125-2 at FINJAN-QUALYS 404259-261, 405077-405078.  The Patent
15 Office considered and rejected that testimony.  No amount of additional expert testimony can
16 unwind that clock.  The issue now is whether the remaining claims exhibit any material differences
17 that might mandate a different result.  *See Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333,
18 1342 (Fed. Cir. 2013) ("If the differences between the unadjudicated patent claims and adjudicated
19 patent claims do not materially alter the question of invalidity, collateral estoppel applies.").

20 Finjan further argues that the Court should decline to take judicial notice of disputed facts.
21 Opp. at 7.  The record is what it is, and the Patent Office's determinations are what they are.  The
22 Court can judicially notice this record and those determinations, and Finjan's disagreement about
23 the result does not change anything.  Moreover, Finjan itself does not point to any actual disputed
24 *facts* relevant to this issue.  For example, Finjan's Opposition relies on an interrogatory response
25 seeking Finjan's rebuttal contentions to Qualys's ***invalidity contentions***, not Qualys's collateral
26
27
28

estoppel claims. *Id.* Finjan bulk-cites to the entirety of this 37-page response without identifying a single disputed fact relevant to collateral estoppel. D.I. 132-4 at 10-46. Its arguments lack force.[3]

## III. COLLATERAL ESTOPPEL APPLIES

Turning to the heart of the matter, Finjan's Opposition fails to meaningfully dispute the key elements of collateral estoppel. *Cisco*, 2020 WL 4923697 at *3 ("Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." (*citing Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989)). Instead, Finjan premises its arguments on incorrect legal standards and legally immaterial facts to distract and mislead the Court into believing that it must adjudicate the question of invalidity all over again. This is wrong, as explained below.

### A. Finjan's Opposition Repeatedly Applies Incorrect Legal Standards.

Finjan makes three arguments that fundamentally misunderstand the law of collateral estoppel as it relates to this Motion. First, Finjan argues that "the Asserted Claims have never been held invalid" and that collateral estoppel cannot apply because the asserted claims here "were not challenged" in the '305 Patent's reexamination proceedings. Opp. at 8, 12. Second, Finjan argues that collateral estoppel cannot apply because "the original examination resulted in the issuance of the Asserted Claims and each subsequent examination did not find the Asserted Claims unpatentable." Opp. at 8; *see also id.* at 11. Finally, Finjan argues that collateral estoppel does not apply essentially because Qualys failed to show obviousness through the Federal Circuit's *Graham* factors. Opp. at 8-10. None of these arguments have any merit.

Finjan incorrectly argues that there has been no final determination on the merits because the specific claims asserted against Qualys have not been successfully challenged in any prior proceedings. This is totally irrelevant. Collateral estoppel is assessed on an "issue" basis, meaning "the ultimate determination on patent validity itself" and not on a claim-by-claim basis. *Roche Palo Alto LLC v. Apotex, Inc.*, 526 F. Supp. 2d 985, 994–95 (N.D. Cal. 2007), *aff'd*, 531 F.3d 1372

---

[3] Likewise, Finjan does not address its response to Interrogatory No. 10, also attached to its Opposition, which does seek Finjan's collateral estoppel contentions. But Finjan's response is silent on the question of whether any differences are ***material***. *See* D.I. 132-4 at 6-10.

1  (Fed. Cir. 2008); *see also Ohio Willow*, 735 F.3d at 1342 ("Our precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the issues that were litigated that determines whether collateral estoppel should apply."); *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt.* ("*Soverain II*")*, LLC*, 778 F.3d 1311, 1319 (Fed. Cir. 2015) ("Complete identity of claims is not required to satisfy the identity-of-issues requirement for claim preclusion."); *Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*, 370 F. Supp. 3d 251, 256 (D. Mass. 2019) ("Additionally, for collateral estoppel to apply, the asserted unadjudicated claim need not be identical to the adjudicated claim."). Under controlling Federal Circuit precedent, because there has been a determination (backed by a final judgment in which Finjan participated) of invalidity with respect to Claims 1, 2, 5, and 13 of the '305 Patent, the analysis now turns on whether the asserted claims not at issue in the '305 Reexamination (*i.e.*, 6-12, 14, and 17-25) have any **material differences** from the claims invalidated in the '305 Reexamination (*i.e.*, 1, 2, 5, and 13) that might alter that determination. *See* D.I. 124 at 7; *Ohio Willow*, 735 F.3d at 1342 ("If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies."); *Soverain II*, 778 F.3d at 1319–20 ("The additional limitation here—transmitting a hypertext statement over the Internet, rather than over a generic network—does not materially alter the question of the validity of claim 39 . . . the routine incorporation of Internet technology in claim 39 does not change the invalidity analysis."); *Chrimar Sys. Inc. v. Ruckus Wireless, Inc.*, No. 16-CV-00186-SI, 2020 WL 4431787, at *5 (N.D. Cal. July 31, 2020). Finjan does not answer this critical question.

The fact that other proceedings did not invalidate the claims of the '305 Patent is another totally immaterial fact. *See* Opp. at 3. What matters for collateral estoppel is the proceeding that reached a final judgment of invalidity. Anyway, Finjan admits that those proceedings involved *different* theories of invalidity and *different* prior art combinations. *Id.*[4] Finjan leans heavily on the fact that the IPR involving ESET included the Freund reference cited in Qualys's Motion. But Finjan completely misunderstands how Freund relates in a collateral estoppel analysis. Qualys is

---

[4] The IPR proceedings mentioned in Finjan's Opposition did not involve either the Sandu or Wells references that formed the basis of the invalidation of Claims 1, 2, 5, and 13 in the '305 Reexamination. *See* D.I. 132-5 at FINJAN-QUALYS 318376.

not asking the Court to adjudicate whether Freund renders any claim obvious. The point is that the Patent Office has already made factual findings that the content of Claims 6-12 and 17-24 were ***known in the art***. *See* D.I. 124 at 9-11 (and citations therein). Freund was simply an example the Patent Office cited to support those determinations. Those findings are part of the record no matter what Finjan's *post-hoc* litigation experts may say.

Moreover, the Final Decision in that IPR confirms Qualys's point. There, the Patent Office once again found that the patentability of Claims 6-12 and 17-24 depends entirely on the patentability of Claims 1 and 13. *See* D.I. 132-5 at 47-48 ("Petitioner's analysis of the dependent claims is thus insufficient for the same reasons as its analysis of the independent claims."). As discussed in the Motion (D.I. 124) at 9-11 and below in Section III.B.2., this is ***precisely*** why Claims 6-12 and 17-24 cannot stand now that the Patent Office has invalidated Claims 1 and 13. The IPR's Final Written Decision (yet another final judgment in which Finjan was a party) is consistent with the Patent Office's factual findings made during the '305 application process.[5]

Finjan also incorrectly argues that Qualys's Motion should be denied because Qualys has failed to prove the invalidity of the '305 Patent's remaining claims. This argument again fundamentally misunderstands collateral estoppel. The Patent Office has already entered a judgment of invalidity involving the '305 Patent. Qualys is not asking the Court to undertake another such analysis here, nor does it need to. Collateral estoppel requires only that the Court assure itself that the remaining claims of the '305 Patent would not materially alter the Patent Office's invalidity findings. Finjan fails to point to any material differences preventing estoppel.

**B.     Finjan Fails to Identify Any Material Differences Between Invalidated Claims 1, 2, 5, and 13 and Asserted Claims 6-12, 14, and 17-25.**

Finjan's arguments regarding specific claims (*see* Opp. at 10-11) fail for much the same reasons. Specifically, Finjan fails to address the key inquiry: why, given the public record, any such differences should be considered material. *See Soverain II*, 778 F.3d at 1319 (holding in

---

[5] As another example of why expert testimony is unnecessary on this subject, in the IPR proceedings Finjan relied again on Dr. Medvidovic, the same expert it used in the '305 Reexamination. *See* D.I. 132-5 at 8. Dr. Medvidovic is also an expert for Finjan in this litigation, and Finjan makes no attempt to explain what Dr. Medvidovic will say about the '305 Patent this third time around that he has not said in either prior proceeding.

summary judgment context that "because the patentee failed to explain how the additional limitation would change an invalidity analysis, the patentee had not met its burden"); *Chrimar*, 2020 WL 4431787 at *6 (same).

### 1. Claims 14, 17, and 25

Finjan suggests (in attorney argument only) that it should not be estopped from proceeding with Claims 14, 17, and 25 because Qualys "fails to appreciate the basic inherent differences between claims that relate to a security system capable of scanning content within a computer . . . and those that are directed to actually performing a method." Opp. at 10. This argument is flawed for several reasons. First, Finjan's argument contradicts the public record, which demonstrates that neither it nor the Patent Office ever considered such a distinction to be material. Indeed, the Patent Office invalidated "system" Claims 1, 2, and 5 alongside "method" Claim 13 ***for the exact same reasons***. *See* D.I. 125-2 at FINJAN-QUALYS 404258, 404260, 404262, 405020-037. At the same time, Finjan itself argued to the Patent Office that Claim 13 (method) was patentable "because of the ***same reasoning*** presented with respect to identical claim 1 [system]." *Id.* at 405073, 405077 (emphasis added). As this issue reached a final judgment, Finjan has long since waived this argument. Second, Claim 25 recites a software-implemented method with the exact same steps as Claim 13 (also a method claim). *See* D.I. 124 at 8-9. Finjan does not explain why Claim 25's method should be treated any differently from Claim 13. Third, Finjan dismisses the fact that its own infringement contentions fail to recognize any differences between system or method claims. *See id.* at 9; D.I. 100-11 at 000346, 000347, and 000355-000359; Opp. at 10.[6]

### 2. Claims 6-12 and 18-24

Finjan's arguments regarding Claims 6-12 and 18-24 are similarly meritless. Finjan cites several discussions of the Freund reference made during the original prosecution of the '305

---

[6] Finjan argues that the Court should ignore its infringement contentions because the analyses for infringement and invalidity are different. But this fundamentally misunderstands the point. Determining the scope of a claim—including what differences may exist between two claims in the same patent—is a matter of claim construction that is applied equally to questions of infringement and invalidity. Finjan's failure to treat these claims as containing any material differences in its infringement contentions shows it does not consider such differences to exist.

Patent's application. Opp. at 11. As discussed above, however, the Freund reference is incidental to the collateral estoppel analysis; what matters are the factual determinations the Patent Office rendered, and which now form part of the undeniable public record of this patent. But, in any event, none of the cited discussions address the central question of whether the content of Claims 6-12 and 18-24 were known in the prior art. As such, Finjan's citations are immaterial and do not plausibly call into dispute the Patent Office's multiple factual determinations on this subject. Indeed, Finjan concedes that the Patent Office allowed Claims 6-12 and 18-24 because Finjan amended those claims' respective independent claims (*i.e.*, Claims 1 and 13). Opp. at 11 ("Each of the rejections were contested and the independent claims from which these claims depend were amended several times to place the claims in condition for allowance."). That is the point: the parties apparently agree that the patentability of Claims 6-12 and 18-24 depend on the patentability of Claims 1 and 13. The Patent Office's invalidation of Claims 1 and 13 brings the whole house of cards down through collateral estoppel.

### C. Finjan Misapplies the Case Law.

Finjan also materially misunderstands the relevant authorities. For example, Finjan relies extensively on the non-precedential decision in *Purdue Pharma L.P. v. Iancu*, 767 F. App'x. 918, 922 (Fed. Cir. 2019). But that case is distinguishable. There, the Federal Circuit expressly held that the disputed issue—whether a particular reference qualified as prior art—was never actually litigated. *Id.* ("The issue of Joshi's priority was not actually litigated in the district court proceeding."). Here, there is no dispute that that issue of the validity of Claims 1, 2, 5, and 13 was fully litigated to a final judgment in the reexamination proceedings. *See* D.I. 124 at 4-5; Opp. at 2. Finjan once again misunderstands that collateral estoppel does not require the exact same claims be litigated that were previously invalidated.[7]

Likewise, Finjan attempts to distinguish the *Soverain* cases by arguing they involved an "instance []of a prior dependent claim being held invalid" before the relevant independent claim was held invalid. Opp. at 13. But Finjan offers no reason why this minor distinction matters. Indeed, the Federal Circuit focused on the same core facts present here, namely that: (1) there was

---

[7] *Purdue* does not cite or discuss the controlling precedents in *Soverain* or *Ohio Willow*.

a final judgment invalidating a patent's independent claim; and (2) in subsequent litigation, the same patentee asserted that independent claim's dependent claim (not previously challenged or found invalid).  *See Soverain II*, 778 F.3d at 1319; *Soverain Software LLC v. Newegg Inc.*, ("*Soverain I*"), 705 F.3d 1333, 1344 (Fed. Cir. 2013).  Finjan also attempts to distinguish the *Soverain* cases by noting those cases included an expert's concession, but this argument fails for the reasons discussed above; namely, that Finjan and its expert have already been heard on the issue of the '305 Patent's validity during the '305 Reexamination, and the Patent Office rejected that expert's testimony already.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Qualys's motion for judgment on the pleadings.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Dated: November 12, 2020

By: *Christopher D. Mays*
Christopher D. Mays

*Counsel for Defendant*
QUALYS INC.