EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (SBN 228382)
okim@wsgr.com
TALIN GORDNIA (SBN 274213)
tgordnia@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER D. MAYS (SBN 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for Defendant*
QUALYS INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>             Plaintiff,<br><br>      v.<br><br>QUALYS INC., a Delaware Corporation,<br><br>             Defendant. | CASE NO.: 4:18-cv-07229-YGR (TSH)<br><br>**QUALYS INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE FINJAN LLC'S INFRINGEMENT CONTENTIONS**<br><br>**Judge: Hon. Yvonne Gonzalez Rogers**<br><br>**Date: December 8, 2020**<br>**Time: 2:00pm**<br>**Location: Zoom Teleconference[1]** |

---

[1] Per the Court's Notice regarding Civil Law and Motion Calendars and its Order at D.I. 48.

## I. INTRODUCTION

Qualys's Motion (Dkt. 126, "Mot.") asks the Court to strike select infringement contentions—those that violate the Court's claim construction order by either: (1) failing to identify hardware in the accused software products for the "receiver" and "transmitter" claim limitations; or (2) failing to identify where or how the accused products process "modified content".

As to the first category, Finjan agrees, at least for the '154, '968, and '494 patents, that the Court determined the claimed "receiver" and "transmitter" limitations require *hardware*. Finjan also agrees that thirteen of the fourteen accused products are *software* products. Finjan's contentions, which do not identify any hardware in the accused software products for the "receiver" and "transmitter" limitations in the contentions *at issue in this Motion*, violate Patent L.R. 3-1(c) and should be stricken. Nothing in Finjan's opposition refutes this. Instead, Finjan attempts to confuse and mislead the Court by citing to *other* contentions not at issue here and that Qualys does not ask the Court to strike.

As to the second category, Finjan argues that its infringement contentions were not required to identify "modified" content because Finjan was not collaterally estopped from advancing a proposed construction that contained no such limitation. Again, Finjan's strawman argument misses the point. During claim construction, this Court deferred addressing whether the "content processor" of the '154 patent must process "modified" content, explaining that the Federal Circuit's decision would be binding. Finjan elected to not amend its infringement contentions despite knowing that the "modified" content requirement may be applicable. Now, in light of the Federal Circuit's affirmance, Finjan's infringement contentions are deficient and should be stricken.

## II. FINJAN HAS NOT IDENTIFIED HARDWARE COMPONENTS IN THE ACCUSED SOFTWARE PRODUCTS FOR THE RECEIVER AND TRANSMITTER CLAIM LIMITATIONS

Finjan does not dispute the two key issues underlying Qualys's motion with respect to the "receiver" and "transmitter" limitations. First, Qualys has argued that the Court determined the claimed "receiver" and "transmitter" limitations require *hardware*. Mot. 6-7. Finjan agrees with

Qualys on this point. *See* Opp. at 4 (alleging Finjan's contentions for the '408, '494, and '968 patents "explicitly identify physical scanning appliances as the receivers and/or transmitters of the accused products"); *id.* at 7 (alleging Finjan's contentions for the '154 patent "identify accused hardware for the transmitter and receiver limitations"). Second, Qualys has argued that with the sole exception of the Scanner Appliance product, the thirteen other accused products are ***all software products***. Mot. at 2-3. Finjan also does not dispute this.

As explained for each individual patent below, Finjan erects strawman arguments by pointing to contentions that Qualys has not asked the Court to strike. In each instance, Qualys neglects to address the contentions Qualys is actually moving on.

### '408 patent

For the '408 patent, Qualys asks to strike the entirety of Contention 1 for '408 patent claim 1b. Dkt. 126-12 at 409. Finjan's opposition is silent as to this contention, instead focusing on alternative infringement theories not at issue in this motion. Qualys also seeks to strike only a portion of Contention 2 for '408 patent claim 1b—the phrase "includes a receiver component"— because Finjan has not identified a ***hardware receiver*** for "[e]ach of the Accused [software] Products." *Id.* at 410. Finjan provides no reason why this portion of Contention 2 should not be stricken. Instead, Finjan's Opposition reproduces an excerpt from Contention 2 and highlights portions of that Contention that Qualys is ***not*** moving on. *See* Opp. at 5 (citing Dkt. 126-12 at p. 410). Finjan also misleadingly crops out the heading above the excerpt, which states "1b. Contention 2" and clearly shows this excerpt is ***not*** from Contention 1. Dkt. 126-12 at 410.

### '494 patent

Finjan's response regarding the '494 patent is likewise misleading and incorrect. Qualys asks to strike the entirety of Contention 1 for '494 patent claim 10b. Dkt. 126-12 at 472. Finjan's opposition is silent as to this contention. Qualys also seeks to strike only a portion of Contention 2 for '494 patent claim 10b—the word "virtual" describing the "Qualys scanner"—because Finjan has not identified how a ***virtual*** (i.e. software) scanner is a ***hardware receiver*** in "[e]ach of the Qualys Accused [software] Products." *Id.* at 473. Finjan provides no reason why this portion should not be stricken. Instead, Finjan's Opposition reproduces an excerpt from Contention 2 and

1  highlights portions of that Contention that Qualys is **not** moving on.  *See* Opp. at 5 (citing Dkt.
2  126-12 at p. 473).  Once again, Finjan strategically crops out the heading above the excerpt, which
3  states "10b. Contention No. 2" and clearly shows this excerpt is **not** from Contention 1.  Dkt. 126-
4  12 at 473.

### '968 patent

6  Finjan takes a similar misleading approach for the '968 patent.  Qualys asks to strike the
7  entirety of Contention 1 for '968 patent claims 6 and 7.  Dkt. 126-12 at 132 (claim 6), 134 (claim
8  7).  Finjan's opposition is silent as to these contentions.  Qualys also seeks to strike only a portion
9  from Contention 2 for '968 patent claim 6—the word "virtual" describing the "Scanners"—
10  because Finjan has not identified how a *virtual* (i.e., software) scanner is a **hardware transmitter**
11  in "[e]ach of the Accused [software] Products." *Id.* at 133.  Finjan provides no reason why this
12  portion should not be stricken.  Instead, Finjan's Opposition reproduces an excerpt from
13  Contention 2 and highlights portions of that Contention that Qualys does **not** seek to strike here.
14  *See* Opp. at 6 (citing Dkt. 126-12 at p. 133).  Once again, Finjan strategically crops out the heading
15  above the excerpt, which states "6. Contention No. 2" and clearly shows this excerpt is **not** from
16  Contention 1.  Dkt. 126-12 at 133.

### '154 patent

18  Finjan's response for the '154 patent is perhaps the most misleading of all.  Here, Qualys
19  seeks to strike Contentions 2 through 8 for '154 patent claims 1c, 1d, 2, 4c, and 4d.  Dkt. 126-12
20  at 386-392 (claim 1c), 394-400 (claim 1d), 401 (claim 2), 404 (claim 4c), 405 (claim 4d).[2]  Finjan,
21  however, does not address these specific contentions.  Finjan only repeats the same conclusory
22  statement from its contentions alleging that the accused software products have transmitters
23  because they have "network interfaces."  Opp. at 7.  But Finjan does not explain how any of the
24  accused *software* products could have **hardware** network interfaces or transmitters.  Instead,
25  Finjan hinges its argument on an excerpt from Contention 1 for claim 1's transmitter element.

---

[2] Qualys does not ask the Court to strike the contentions for '154 patent claim 1b or 4b based on the hardware receiver and transmitter limitations argument.  *See* Dkt. 126-12 at 362-363, 375-381, 384 (claim 1b), 403 (claim 4b).  Qualys's dispute for these claim limitations concerns the "content processor" limitation, which is addressed below in the next Section of this Reply. *See* Section III, *infra*.

Opp. at 7 ("1c. Contention 1 – The Internet Gateway is the transmitter."). But this is not a contention Qualys is moving on. Finjan does not provide a citation to the record for this excerpt and, in fact, Contention 1 for claim 1c is not even part of the exhibit (Dkt. 126-12) to Qualys's Motion that identifies (with highlighting) the specific portions of the contentions Qualys is asking the Court to strike. Whether an "Internet Gateway is a transmitter" for the purpose of Contention 1 is not relevant to whether Contentions 2-8 violate Patent L.R. 3-1(c).

Finjan also argues that the Qualys Cloud Platform provides the necessary hardware receiver and transmitter limitations. Opp. at 7-8.[3] The issue with this is that Finjan relies on both "physical" appliances, which Qualys does not dispute can be hardware, as well as "virtual appliances, or lightweight agents," which are ***not*** hardware. Finjan has not disclaimed its theory that software appliances are hardware, and this is the improper contention that Qualys is asking the Court to strike. To be clear, Qualys is not asking to strike the entirety of Finjan's infringement contentions, only those contentions that violate Patent L.R. 3-1(c).

Finally, the remainder of Finjan's arguments for the '154 patent are legally incorrect. Finjan argues that the gaps in its infringement theories can be filled by the knowledge of a person of ordinary skill in the art. Opp. at 7-9. But Finjan points to no authority permitting it to rely on a person of ordinary skill in the art to plug gaps in its contentions. To the contrary, the Patent Local Rules require "a chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c); *see also Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-CV-05236-YGR, 2012 WL 6000798, at *2 (N.D. Cal. Nov. 30, 2012) (citing *Bender v. Maxim Integrated Prods., Inc.*, No. C 09–01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010)) ("The rule is also intended to require the party claiming infringement to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed.") (internal quotations omitted). While Finjan's argument lacks legal merit and should be rejected, it does serve as a helpful admission by Finjan that there are in fact deficiencies in the contentions and the contentions thus violate Patent L.R. 3-1(c).

---

[3] Qualys's Cloud Platform is also a software program and provides a website interface through which customers can access Qualys's other software products.

### III. FINJAN HAS NOT IDENTIFIED ANYTHING IN THE ACCUSED PRODUCTS THAT PROCESSES MODIFIED CONTENT AS REQUIRED BY THE '154 PATENT

During claim construction, the Court stated that the outcome of the appeal in the *Juniper* case would determine whether the content processor must process "modified" content in the '154 patent and declined to decide this particular claim construction issue at the Markman stage. Dkt. 74 at 22 (the Federal Circuit's "decision will be binding" and "govern at trial"). The appeal has concluded and the Federal Circuit did not disturb Judge Alsup's claim construction from the *Juniper* case. Mot. at 3-4, 5-6. Accordingly, there is no reason why this Court should now suddenly reject that construction in favor of some other construction. Unable to provide any reason why this Court should adopt a construction that is inconsistent with the construction of another court in the same District, Finjan once again creates a strawman argument, this time about collateral estoppel. But Qualys's Motion does not turn on the application of collateral estoppel. This issue is simply whether the Court should adopt the construction from the *Juniper* case as it had indicated and anticipated it would when it issued the Markman order.

Finjan's collateral estoppel argument, while unnecessary, is also incorrect. Finjan posits that the Federal Circuit affirmed summary judgment of no infringement ***not*** because it agreed with the district court's decision regarding claim construction and the application of that construction for infringement but rather because Finjan's counsel had argued that a reversal of the non-infringement decision without a reversal of the District Court's exclusion of Finjan's damages expert would leave Finjan unable to receive a remedy even if it ultimately won on infringement. Opp. at 3, 11. Finjan provides absolutely no support that the Federal Circuit followed this line of reasoning rather than addressing the only issue that was actually raised on appeal for the '154 patent—"[d]id the district court err by importing from the description a requirement that the claimed 'content processor' process only 'modified content,' which was the basis for summary judgment of no infringement?" *Finjan, Inc. v. Juniper Networks, Inc.,* No. 19-2405, Dkt. 18 at 2 (Fed. Cir. Dec. 18, 2019).

Assuming that Judge Alsup's construction applies here, Finjan has not shown where in its contentions it identifies features of the accused products that process modified content. Finjan

merely makes a circular argument that modified content is processed because the content processor processes modified content. Opp. at 9. This does not move the needle at all. Finjan had the opportunity in its Opposition to make some substantive argument about why it believes its contentions adequately disclose this limitation and instead it elected to waive its hands. In short, Judge Alsup's claim interpretation from the *Juniper* case is proper and should apply here, and under that claim interpretation, Finjan's infringement contentions violate Patent L.R. 3-1(c) and thus should be stricken.

### IV.   FINJAN SHOULD NOT BE GRANTED LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS

Finjan has had more than a reasonable amount of time to address the deficiencies in its contentions. Finjan served its infringement contentions on April 19, 2019, over a year before the Court issued the Claim Construction Order on June 11, 2020 (Dkt. 74). Finjan's contentions, thus, did not address the Court's constructions and Finjan elected not to revisit its contentions after it had those constructions. It was only after Qualys's July 23, 2020 letter identifying the many deficiencies in the contentions in view of the Court's constructions that "Finjan agree[d] to supplement its [Infringement Contentions] in response to Qualys's letter." Mot. at 4. Finjan, however, never sought leave to supplement its contentions, thus necessitating this motion. *Id*. Nor has Finjan made any effort to show good cause for making amendments so late in the case.

### V.   CONCLUSION

For the foregoing reasons and the reasons provided in Qualys's Motion, the Court should grant Qualys's Motion to strike portions of Finjan's Infringement Contentions

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Dated: November 20, 2020     By: /s/ *Talin Gordnia*
　　　　　　　　　　　　　　　　　*Talin Gordnia*

*Counsel for Defendant*
QUALYS INC.