1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FINJAN, INC.,** | CASE NO. 4:18-cv-07229-YGR |
| Plaintiff**,** | |
| vs. | **ORDER DENYING RELIEF FROM MAGISTRATE JUDGE ORDER** |
| **QUALYS INC.,** | Re: Dkt. No. 114 |
| Defendant**.** | |

Now before the Court is Finjan, Inc's motion for relief from the Magistrate Judge Order dated September 17, 2020. (Dkt. No. 114.) Under Federal Rule of Civil Procedure 72(a), the court must "modify or set aside any part of the [magistrate judge] order that is clearly erroneous or is contrary to law." Under Civil Local Rule 72-2, the motion may be denied at any time, including when the court does not deny or set a briefing schedule within 14 days of the filing. In light of the time elapsed, Finjan presumably knows that the motion has been denied. The Court writes to confirm as much.

Finjan argues that Magistrate Judge Hixson erred in denying discovery of overseas sales because some of the claims are for a "computer-readable medium." As Judge Hixson found and the parties agree, overseas sales are only relevant if they are tied to a domestic act of infringement. (*See* Dkt. No. 105 at 1.) In other words, Finjan cannot recover damages for overseas sales of products that infringe entirely abroad. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1371 (Fed. Cir. 2013). Judge Hixson found, and the parties agree, that Finjan's infringement contentions describe a system that only infringes after assembly. (Dkt. No. 105 at 2.) Since the parties agree that any assembly takes place outside the United States, those products do not infringe, and their overseas sales are not relevant. (*See id.* at 3.)

Finjan now argues that this reasoning does not apply to computer storage medium claims, as

opposed to system claims.  Judge Hixson expressly rejected this argument because Finjan's infringement contentions cross-reference identical analysis for both types of claims.  (*See id.* at 3 n.1.)  The Court sees no error in this reasoning, which is based on Finjan's own statements.  In any case, Finjan's contention that the two claim types should be treated differently fails.  Computer medium claims are not infringed by computer code that is written in the United States—they are infringed by *media* that stores infringing code.  Finjan's contentions acknowledge as much by referencing media such as "RAM," "floppy disks," "CDs," and "similar media for storing the software."  The problem of assembly thus remains exactly the same:  infringement does not occur until a party stores all relevant code in a single medium.  Otherwise, a party could infringe by storing computer code on entirely different media (such as two different devices) that would infringe if someone cobbled it together.[1]  Finjan has not shown the law supports such broad infringement theories, which means that Judge Hixson's order is not clearly erroneous or contrary to the law.[2]

Accordingly, the Court **DENIES** Finjan's motion.  Finjan's motion to seal is **DENIED** for failure to file a supporting declaration supporting confidentiality.  *See* Civ. L. R. 79-5(d)(e); *see also* Civ. L. R. 79-5(d)(1)(A).

**IT IS SO ORDERED.**

Dated:  December 4, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Finjan's evidence confirms the problem—the deposition transcripts Finjan attaches to its motion suggest that Qualys stores code on multiple "platforms" and databases.  The transcripts also suggest that non-U.S. clients (presumably, the customers who purchase Qualys' products abroad) would download any relevant code from databases outside of the United States.

[2] Finjan's citation to *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1205 (Fed. Cir. 2010) is particularly unpersuasive because the case used identical analysis for both system and computer readable storage claims.

United States District Court
Northern District of California