Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Jason W. Wolff (CA SBN 215819)
wolff@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Phone: (858) 678-5070 /Fax: (858) 678-5099

Robert P. Courtney (CA SBN 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Phone: (612) 335-5070 /Fax: (612) 288-9696

Robert P. Courtney (CA SBN 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Phone: (612) 335-5070 /Fax: (612) 288-9696

Proshanto Mukherji (*pro hac vice*)
mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax (617) 542-8906

Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Lawrence R. Jarvis (*pro hac vice)*
jarvis@fr.com
Fish and Richardson P.C.
1180 Peachtree Street Ne 21st Floor
Atlanta, GA 30309
Phone: (404) 879-7238/ Fax: 404-892-5002

**Attorneys for Plaintiff**
**FINJAN, LLC**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>QUALYS INC., a Delaware Corporation,<br><br>Defendant. | Case No. 4:18-cv-07229-YGR (TSH)<br><br>**FINJAN, LLC'S LETTER BRIEF REQUESTING PRE-FILING CONFERENCE FOR PROPOSED MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:   March 26, 2021<br>TIME:    2:00 pm<br>PLACE:  Courtroom 1, 4th Floor<br><br>**The Hon. Yvonne Gonzalez Rogers** |

Your Honor:

Pursuant to the Court's Standing Order for Civil Cases, Plaintiff Finjan, LLC submits this letter brief requesting a pre-filing conference on March 26, 2021 at 2:00 pm or another date and time convenient for the Court.[1]  Finjan seeks leave to file a motion for summary judgment regarding the prior art status of four references relied upon by defendant Qualys Inc. for invalidity.  The grounds for this motion are described below.

Four patents remain in the case: U.S. Patent Nos. 6,154,844 ('844 Patent, priority date Nov. 8, 1996), 7,418,731 ('731 Patent, priority date Nov. 8, 1996), 8,677,494 ('494 Patent, priority date Nov. 8, 1996) and 8,225,408 ('408 Patent, priority date Aug. 30, 2004).  Qualys contends these four patents are invalid on various grounds.  For the '844, '731 and '494 Patents, Qualys contends the following prior art references render the claims invalid:

- "DSAVT," purporting to be a user manual for a version of *Dr. Solomon's Anti-Virus Toolkit for Windows and DOS*.  DSAVT is used against the '494 and '731 Patents.
- "Mounji," purporting to be a technical report titled *Preliminary report on Distributed ASAX*.  Mounji is used against the '494 Patent.
- "Thomson," purporting to be a publication of a research paper, is used against the '731 Patent.
- "SurfinGate Fax," a document alleged to be a fax describing Finjan technology.  The SurfinGate Fax is used against the '844 and '731 Patents.

Whether a reference qualifies as a "printed publication" under 35 U.S.C. § 102 and is thus prior art is "a legal conclusion based on underlying factual determinations."  The key for determining whether a reference constitutes a printed publication is whether the reference was "publicly accessible" "prior to the date of the application for patent."  *CNET Networks, Inc. v. Etilize, Inc.*, 584 F. Supp. 2nd 1260, 1273 (N.D. Cal. Oct. 22, 2008), 35 U.S.C. § 102(b); *see also SRI Int'l v. Internet Sec. Sys.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008).

Qualys took no discovery to establish the above four references are what Qualys purports them to be and whether they were publicly accessible on the dates required for the references to qualify as prior art.  The authors were not deposed.  The publishers were not deposed.  The custodians from whom the references or any related evidence were obtained were not deposed.  Instead, for three of the four references Qualys offers an opinion declaration of its expert.

The issue with Qualys's opinion testimony is that it does not establish any of the references are what they purport to be or were publicly accessible "prior to date of the application for patent."  Qualys's expert, Dr. Sylvia Hall-Ellis, has no personal knowledge of the references and all of the uncorroborated non-party sources she relies upon for her opinions did not exist before the priority date for each patent.  As for the fourth reference—the so-called SurfinGate Fax—Dr. Hall-Ellis does not touch it and Qualys offers no evidence to establish it qualifies as prior art.

---

[1] The pre-filing conference was set for March 26, 2021, though no time is specified.  Doc. 160.  The Court's Standing Order suggests the time is 2:00 pm.  *Id*. at 9.a.

| | |
|---|---|
| CASE NO. 4:18-CV-07229-YGR (TSH) | **FINJAN'S LETTER RE PRE-FILING CONFERENCE** |

    Finjan contends that Qualys cannot meet its burden to establish that each of these four references qualify as prior art and respectfully requests leave to move for summary judgment accordingly. The proposed motion will focus on public accessibility issues and will not focus on the substance of the references vis-à-vis the claim limitations.

March 17, 2021          Respectfully submitted,

                              FISH & RICHARDSON P.C.

                              */s/ Jason W. Wolff*
                              Jason W. Wolff

                              *Attorneys for Plaintiff*
                              Finjan, LLC