EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (SBN 228382)
okim@wsgr.com
TALIN GORDNIA (SBN 274213)
tgordnia@wsgr.com
STEPHANIE CHENG (SBN 319856)
stephanie.cheng@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER D. MAYS (SBN 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for Defendant*
QUALYS INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FINJAN LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QUALYS INC.,<br><br>　　　　Defendant. | CASE NO.: 4:18-cv-07229-YGR (TSH)<br><br>**QUALYS INC.'S RESPONSE TO FINJAN LLC'S LETTER BRIEF REQUESTING PRE-FILING CONFERENCE FOR PROPOSED MOTION FOR SUMMARY JUDGMENT**<br><br>**Hon. Yvonne Gonzalez Rogers**<br><br>**Date: March 26, 2021**<br>**Time: 2:00 PM**<br>**Location: Zoom Teleconference**[1] |

---

[1] Per the Court's Notice regarding Civil Law and Motion Calendars and its Order at D.I. 48.

Dear Judge Gonzalez Rogers:

Finjan's request to file a motion for summary judgment regarding the prior art status for the listed four references in Finjan's letter[2] should be denied as there are genuine issues of material fact to be resolved.

With respect to the first three references – DSAVT, Mounji, and Thomson – Finjan acknowledges that Qualys's librarian expert, Dr. Sylvia Hall-Ellis, is an experienced librarian who timely rendered an opinion that the references were publicly accessible as of the applicable dates. Such expert testimony creates a genuine issue of material fact as to the public accessibility of these references. If anything, Finjan appears to take issue with Dr. Hall-Ellis's methodology for rendering her opinion. Although Qualys believes her methodology to be sound, Finjan's request to file a motion for summary judgment on the issue should be denied as its arguments are more appropriate for a *Daubert* motion.

With respect to the SurfinGate Fax, Qualys does not contend that it is a printed publication for prior art purposes. Rather, Qualys contends that the SurfinGate Fax is one (of many) pieces of evidence showing an on-sale bar as to three asserted patents. Other evidence includes a contemporaneously filed third-party patent referencing the product, deposition testimony, and other Finjan documents. Finjan has not sought leave to file summary judgment that the SurfinGate product is not prior art. As such, Finjan's proposed motion does resolve any actual defense at issue in this case and should be denied.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Dated:  March 22, 2021        By:   /s/ Ryan Smith
                                    Ryan Smith

                                    *Counsel for*
                                    QUALYS INC.

---

[2] The four invalidity references are as follows:  (1) "DSAVT," a user manual titled *Dr. Solomon's Anti-Virus Toolkit for Windows and DOS*; (2) "Mounji," a published technical report; (3) "Thomson," a published research paper; and (4) "SurfinGate Fax," a fax that describes Finjan technology.