1  Juanita R. Brooks (CA SBN 75934)           Proshanto Mukherji (*pro hac vice*)
   brooks@fr.com                               mukherji@fr.com
2  Roger A. Denning (CA SBN 228998)            FISH & RICHARDSON P.C.
   denning@fr.com                              One Marina Park Drive
3  Jason W. Wolff (CA SBN 215819)              Boston, MA 02210
4  wolff@fr.com                                Phone: (617) 542-5070/ Fax (617) 542-8906
   Megan A. Chacon (CA SBN 304912)
5  chacon@fr.com                               Aamir A. Kazi (*Pro hac vice*)
   K. Nicole Williams (CA SBN 291900)          kazi@fr.com
6  nwilliams@fr.com                            Lawrence R. Jarvis (*Pro hac vice*)
7  FISH & RICHARDSON P.C.                      jarvis@fr.com
   12860 El Camino Real, Suite 400             Fish and Richardson P.C.
8  San Diego, CA 92130                         1180 Peachtree Street Ne 21st Floor
   Phone: (858) 678-5070 /Fax: (858) 678-5099  Atlanta, GA 30309
9                                              Phone: (404) 879-7238/ Fax: 404-892-5002
10 Robert P. Courtney (CA SBN 248392)
   courtney@fr.com
11 FISH & RICHARDSON P.C.
   3200 RBC Plaza
12 60 South 6th Street
   Minneapolis, MN 55402
13 Phone: (612) 335-5070 /Fax: (612) 288-9696

**Attorneys for Plaintiff
FINJAN, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br>v.<br>QUALYS INC., a Delaware Corporation,<br><br>Defendant. | Case No. 4:18-cv-07229-YGR (TSH)<br><br>**LETTER TO THE HONORABLE YVONNE GONZALEZ ROGERS FROM FINJAN LLC REGARDING QUALYS INC.'S LETTER REQUESTING A PRE-FILING CONFERENCE FOR ITS SUMMARY JUDGMENT MOTION**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]** |

**FISH.**
FISH & RICHARDSON

| | |
|---|---|
| March 22, 2021 | Fish & Richardson P.C.<br>12860 El Camino Real, Suite 400<br>San Diego, CA 92130<br><br>858 678 5070 main<br>858 678 5099 fax |
| **VIA CM/ECF** | |
| The Honorable Yvonne Gonzalez Rogers<br>United States District Court<br>for the Northern District of California<br>1301 Clay Street<br>Oakland, CA 94612 | **Jason W. Wolff**<br>Principal<br>wolff@fr.com<br>858 678 4719  direct |

Re:    *Finjan LLC v. Qualys Inc.*,
       CAND Case No. 4:18-cv-07229-YGR

Dear Judge Gonzalez Rogers:

Plaintiff Finjan LLC ("Finjan") respectfully submits this letter brief in response to Qualys Inc.'s Letter Requesting a Pre-Filing Conference for its Summary Judgment Motion as filed with the court on March 17, 2021 (Dkt. 172).

**Liability—'408 Patent.** The relevant limitations of the '408 Patent describe how a system scans content (such as a website), builds a "parse tree" based on that scan (including, for example, the content that has been scanned), and then detects issues in what it has scanned (such as potential malware). Qualys asks the Court to resolve factual disputes relating to these limitations.

For the "dynamically building" a parse tree "while said receiving receives the incoming stream" limitation, Finjan's expert (Dr. Medvidovic) analyzed source code, Qualys documentation, and deposition testimony to identify a parse tree structure (█████████████████████████████████████████████████████████████) that is built *during* a scan.[1] E.g., Med. Rep. ¶¶ 276-283; 296-299. Qualys's expert disagrees, stating that the data structure is █████████████████████████████████████. Qualys's expert (Dr. Rubin) cites no evidence to support his conclusion, but even if he did, this is a classic dispute of fact—and not appropriate for summary judgment. Rubin Tr. 211:2-24 (█████████████████████████████████████████████████████████████████████████████████████████████)

Qualys's argument for the "dynamically detecting" limitation is similarly flawed. Although Qualys now says that the accused products do not perform "detection" *while* "building" a data structure from the scan results, the evidence shows otherwise. Med. Rep. ¶ 303 (████████████████████████████████████████). In fact, Qualys's documentation states ███████

---

[1] Qualys incorrectly states that Finjan did not timely disclose its infringement theory. Finjan disclosed all of its infringement theories. *See generaly* Finjan Opp. re Qualys Mtn to Strike (ECF No. 163-3). Undercutting Qualys's argument is the fact that its own expert analyzed Finjan's contentions and expert report and identified only two places where he contended that Finjan's expert opined on theories not disclosed in Finjan's contentions—neither of which is at issue for this limitation. Rubin Tr. 200:14-205:19 (as an example: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████).

1



The Honorable Yvonne Gonzalez Rogers
March 22, 2021

1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Med. Rep. ¶ 319 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ [QUALYS00534616].). On this record, there is at least a dispute of material fact and Qualys's argument and motion is futile.

Finally, Qualys's last argument for the '408 Patent appears to be the following: (1) those of skill in the art make a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ a code quality problem and a vulnerability to a malicious virus is the intent of the person who creates or exploits the problem." Decl. of Dr. Rubin, Ex. 1002 to IPR2016-0967 ¶¶ 103-104. Additionally, both sides' experts cited actions that the Qualys products take to identify potential exploits. *See* Med. Rep. ¶ 237 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; *e.g.*, Rubin Reb. at 1072 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). Qualys now appears to disagree with these facts, but the Court cannot resolve this disagreement at summary judgment.

**Liability—'844 and '494 Patents.** Qualys ignores ample evidence of "Downloadables" and a "destination computer" in the accused product. To the extent Qualys is arguing that what Finjan's expert has identified with respect to each limitation is insufficient, that is squarely a dispute of fact. Dr. Cole gives a clear example of a Downloadable: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Cole Tr. at 67:18-24. And Dr. Cole identifies numerous types of files in his report that qualify as Downloadables in the Qualys system. *See, e.g.*, Cole Rep. at ¶ 421 (▓▓▓▓▓▓▓▓▓▓▓▓▓), ¶ 433 (▓▓▓▓▓▓▓▓▓▓▓▓▓), ¶ 652 (▓▓▓▓▓▓▓▓▓▓▓), and ¶ 405 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). That Qualys's expert disagrees that these are Downloadables is insufficient for summary judgment. Qualys's argument that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ misses the mark, because there is no requirement in the claims that this occurs: "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." Cole Tr. at 128:9-18. As to the destination computer, Finjan's expert opines that it "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." *Id*. at 68:9-18. Again, that Qualys's expert disagrees (*see, e.g.*, Stubblebine Reb. at ¶ 159) is insufficient for summary judgment.

**Damages—Foreign Sales.** The portion of Qualys' letter regarding overseas sales is a redux of its motion to strike (D.I. 158), and the Court should reject it for the reasons in Finjan's opposition brief (D.I. 164). Qualys also fails to recognize that there is, at the least, a material fact question about the manner in which Qualys' *domestic* infringement—particularly in view of expert



The Honorable Yvonne Gonzalez Rogers
March 22, 2021

opinions from Drs. Cole and Medvidovic that domestic infringements which ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are necessary for Qualys' products to have value anywhere in the world, including overseas. The Federal Circuit has held that where domestic infringement is the cause of overseas sales, as it is here, it is "irrelevant" that some of the sales are to foreign customers. *R.R. Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1519 (Fed. Cir. 1984) (holding that where domestic infringement made the overseas sales possible, "[w]hether the [goods] were sold in the U.S. or elsewehere is . . . irrelevant, and no error occurred in including [overseas sales]" in the royalty base). Qualys' statement that there is "not any factual dispute that all of these predicate domestic acts are missing" is incorrect, at least because both Dr. Cole and Dr. Medvidovic expressly identified the predicate domestic acts, and showed how they lead to overseas sales. The Court should not permit Qualys' to seek summary judgment where such fact issues exist.

**Damages—'844 and '494 Patents.**  Qualys' attack on pre-expiration notice of infringement contravenes the record and the law. Finjan wrote to Qualys on November 12, 2015, claiming infringement and inviting Qualys to take a license. Finjan wrote, "[W]e believe one or more of Finjan's patents reads on Qualys' Cloud Platform. We believe[,] however, a licensing arrangement can be reached."  (D.I. 1-23)  It attached a table identifying which Finjan patents read on which Qualys products, which identified Qualys' "Vulnerability Management" product as infringing both the '844 and '494 Patents.  (*Id.* at 9.) The Federal Circuit has held this is all § 287 requires. "To serve as actual notice, a letter must be sufficiently specific to support an objective understanding that the recipient may be an infringer. The letter must ***communicate a charge of infringement of specific patents by a specific product or group of products.***" *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010) (emphasis added). Indeed, the infringement notice in *Funai*—the only controlling authority in Qualys' letter brief—read simply "We confirmed Your [specific products] that was infringed [*sic*] at least our patents as follows: [list of six U.S. patent numbers]." *Id.* at 1372–73. The law requires no more; Qualys is unable to argue otherwise. *See also Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (actual notice requires only "affirmative communication of a specific charge of infringement by a specific accused product"); 7 Chisum on Patents § 20.03[7][c][iv] (2020 ed.) ("[T]he notice need not contain a detailed statement or an explication of the patent owner's theory concerning infringement."). Because pre-suit notice for the '844 and '494 Patents amply satisfied the requirements of § 287, including under the sole controlling authority Qualys cites, the Court should not permit Qualys to move for summary judgment.

**Willfulness—'731 and '408 Patents.** Qualys errs when it states that there was no pre-suit notice to Qualys pertaining to these patents. On September 12, 2018 (i.e., before the complaint) , Finjan had a virtual meeting with Qualys to discuss Qualys' infringement, attended by Qualys General Counsel Bruce Posey. At that meeting, Qualys presented a slide deck identifying Qualys' infringement of both the '408 Patent and the '731 Patent. Because Qualys' sole basis for seeking leave to move for summary judgment is its assertion that it is "undisputed that Finjan provided no pre-suit notice letter or other notice to Qualys pertaining to the '731 and '408 patents," Ltr. 3, and because that assertion is demonstrably incorrect, the Court should not permit Qualys to move for summary judgment on this issue.



The Honorable Yvonne Gonzalez Rogers
March 22, 2021

Respectfully Submitted,

*/s/ Jason W. Wolff*

Jason W. Wolff

cc:  All Counsel of Record (via email)



The Honorable Yvonne Gonzalez Rogers
March 22, 2021

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 22, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

*/s/ Jason W. Wolff*
Jason W. Wolff