Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Jason W. Wolff (CA SBN 215819)
wolff@fr.com
Megan A. Chacon (CA SBN 304912)
chacon@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Phone: (858) 678-5070 /Fax: (858) 678-5099

Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Lawrence R. Jarvis (*pro hac vice*)
jarvis@fr.com
Fish and Richardson P.C.
1180 Peachtree Street Ne 21st Floor
Atlanta, GA 30309
Phone: (404) 879-7238/ Fax: 404-892-5002

Philip W. Goter (*pro hac vice*)
goter@fr.com
Robert P. Courtney (CA SBN 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Phone: (612) 335-5070 /Fax: (612) 288-9696

Proshanto Mukherji (*pro hac vice*)
mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax (617) 542-8906

**Attorneys for Plaintiff
FINJAN LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>QUALYS INC., a Delaware Corporation,<br><br>Defendant. | Case No. 4:18-cv-07229-YGR (TSH)<br><br>**FINJAN LLC'S MOTION FOR SUMMARY JUDGMENT THAT CERTAIN REFERENCES ARE NOT ADMISSIBLE AS PRIOR ART**<br><br>DATE:  July 6, 2021<br>TIME:  2:00 P.M.<br>JUDGE:  Hon. Yvonne Gonzalez Rogers<br>PLACE:  Courtroom 1, 4th Floor |

# <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. STATEMENT OF ISSUES ....................................................................................... 1

III. LEGAL STANDARDS ............................................................................................. 1

IV. FACTUAL BACKGROUND .................................................................................... 3

  A. Dr. Solomon's Anti-Virus Toolkit for Windows and DOS (DSAVT) Manual ................... 4

  B. Mounji and Thomson ........................................................................................ 6

V. ARGUMENT ............................................................................................................ 8

  A. Qualys cannot show DSAVT is admissible prior art. .......................................... 8

  B. Qualys cannot show Mounji and Thomson are admissible prior art. ..................... 9

VI. CONCLUSION ........................................................................................................10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)...................................................................................2

*Celotext Corp. v. Catrett*,
   477 U.S. 317 (1986)................................................................................1, 2

*CNET Networks, Inc. v. Etilize, Inc.*,
   584 F. Supp. 2d 1260 (N.D. Cal. 2008)...................................................9

*CNET Networks, Inc. v. Etilize, Inc.*,
   584 F. Supp. 2nd 1260 (N.D. Cal. Oct. 22, 2008).................................2

*Heishman v. Ayers*,
   621 F.3d 1030 (9th Cir. 2010)..................................................................3

*House v. Bell*,
   547 U.S. 518 (2006)...................................................................................2

*Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)...................................................................................2

*Microsoft Corp. v. I4I Limited Partnership et al.*,
   564 U.S. 91 (2011).....................................................................................2

*Nobel Biocare Servs. AG v. Instradent USA, Inc.*,
   903 F.3d 1365 (Fed. Cir. 2018) ...........................................................9, 10

*Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc.*,
   32 F. Supp. 3d 1155 (D. Nev. 2014) .......................................................3

*SRI Int'l v. Internet Sec. Sys.*,
   511 F.3d 1186 (Fed. Cir. 2008) ............................................................3, 8

*TypeRight Keyboard Corp. v. Microsoft Corp.*,
   374 F.3d 1151 (Fed. Cir. 2004) ...............................................................8

*Wi-LAN Inc. v. Sharp Elecs. Corp.*,
   No. 2020-1041, 2021 WL 1257074 (Fed. Cir. Apr. 6, 2021)...............3

**Statutes**

35 U.S.C. § 102 ................................................................................................................2, 3, 9

35 U.S.C. § 282 ...................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 56(a) .......................................................................................................1, 2

Fed. R. Evid. 104 ................................................................................................................3

Fed. R. Evid. 703 ................................................................................................................3

Fed. R. Evid. 801, 803 and 902 .........................................................................................3

Fed. R. Evid. 803(6)(D) .....................................................................................................3

FINJAN LLC'S MOT. FOR SUMM. J.
Case No. 4:18-cv-07229-YGR (TSH)

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on July 6, 2021, at 2:00 P.M., or at another such date as determined by Judge Gonzalez Rogers of the United States District Court for the Northern District of California, the Court will hear this motion via Zoom video conference and/or in Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, California. Finjan LLC respectfully requests the Court find that Qualys Inc. has not satisfied its burden to establish that certain references, relied upon by Qualys Inc. to support its invalidity allegations against U.S. Patent Nos. 7,418,731 ('731 Patent), and 8,677,494 ('494 Patent), are admissible as prior art.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Finjan LLC ("Finjan") moves for summary judgment concerning the admissibility and public accessibility of three references Defendant Qualys Inc. ("Qualys") asserts as prior art against the '731 and '494 Patents. Qualys failed to present sufficient evidence to establish these references qualify as prior art. First, Qualys made no effort to pursue discovery from the authors, custodians or publishers of three of the references and thus Qualys relies solely on the opinion testimony of its expert, Dr. Hall-Ellis, to establish the authenticity and dates of public accessibility. Second, the evidence used by Dr. Hall-Ellis cannot support her conclusions—it either does not match the references or does not establish public accessibility. Because Qualys bears the burden of proof to establish both the admissibility and the prior art status of the references and has failed to do carry its burden, Finjan seeks summary judgment that the specific references at issue are not admissible and do not qualify as prior art.

## II.   STATEMENT OF ISSUES

Whether Finjan is entitled to summary judgment that certain references relied upon by Qualys for invalidity are admissible and qualify as prior art.

## III.   LEGAL STANDARDS

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotext Corp.*

*v. Catrett*, 477 U.S. 317, 322-23 (1986).  At the summary judgment stage, the Court "does not assess the credibility or weigh the evidence, but simply determines whether there is a genuine issue of fact for trial."  *House v. Bell*, 547 U.S. 518, 559-60 (2006).  A fact is material if it "might alter the outcome of the suit under the governing law," and a dispute as to a material fact is genuine if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id*. at 249-50 (internal citations omitted).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotext*, 477 U.S. at 323.  Once the moving party meets its burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250 (internal quotations omitted).  To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 247-248.  The "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment: the must be "evidence on which the jury could reasonably find" for the nonmoving party.  *Id*. at 252.

A patent is presumed to be valid, and the burden of establishing invalidity of a patent rests on the party asserting invalidity, which must establish invalidity by clear and convincing evidence. 35 U.S.C. § 282; *Microsoft Corp. v. I4I Limited Partnership et al*., 564 U.S. 91, 95 (2011).  Whether a reference qualifies as prior art as a "printed publication" under 35 U.S.C. § 102 is a legal conclusion based on underlying factual determinations.  The key for determining whether a reference constitutes a printed publication is whether the reference was "publicly accessible" "prior to the date for patent."  *CNET Networks, Inc. v. Etilize, Inc*., 584 F. Supp. 2nd 1260, 1273 (N.D.

Cal. Oct. 22, 2008), 35 U.S.C. § 102(b); *SRI Int'l v. Internet Sec. Sys*., 511 F.3d 1186, 1194 (Fed. Cir. 2008).  "A given reference is 'publicly accessible' upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *Id*. at 1194 (citing *Bruckelmyer v. Ground Heaters, Inc*., 445 F.3d 1374, 1378 (Fed. Cir. 2006)).

For a document to be admitted at trial, it must be admissible evidence.  Fed. R. Evid. 104. Prior art documents are hearsay, unless they fall into some hearsay exception or they are otherwise self-authenticating.  *See* Fed. R. Evid. 801, 803 and 902; *see also Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1171 (D. Nev. 2014) (finding that a press release alleged to be prior art was "unauthenticated hearsay, which cannot support a summary judgment motion.") (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773, 776 (9th Cir. 2002)).

While a testifying expert may be considered a "qualified witness," to establish certain information about a document, the expert cannot be a vehicle with which to publish hearsay.  Fed. R. Evid. 803(6)(D); *Wi-LAN Inc. v. Sharp Elecs. Corp.*, No. 2020-1041, 2021 WL 1257074, at *7 (Fed. Cir. Apr. 6, 2021) (finding Fed. R. Evid. 703 does not permit a party to use "its expert as a substitute for a fact witness to circumvent the rules of evidence to admit otherwise inadmissible evidence."); *see also Heishman v. Ayers*, 621 F.3d 1030, 1042–43 (9th Cir. 2010) (finding Fed. R. Evid. 703 "does not convert the underlying inadmissible hearsay into admissible testimony–it only makes the opinion admissible.").

## IV.   FACTUAL BACKGROUND

Four patents remain at issue in this case: U.S. Patent Nos. 6,154,844 ('844 Patent), 7,418,731 ('731 Patent), 8,677,494 ('494 Patent), and 8,225,408 ('408 Patent).  To establish whether the three references at issue in this motion are prior art, Qualys took no discovery on the authors, custodians or publishers of the three references.  *See* FSS Supporting Motion for Summary Judgment ("FSS") at Facts 1, 4, 7; *see also* Exh.[1] 1 (Hall-Ellis Dep. Tr.) at 72:14-18.  Instead, Qualys offers the opinion testimony of Dr. Sylvia Hall-Ellis to establish the authenticity and public availability of the following references it contends are prior art to three of the Asserted Patents:

---

[1] "Exh." citations are to the Declaration of Jason W. Wolff filed in support herewith.

- "DSAVT," purported to be a user manual for a version of *Dr. Solomon's Anti-Virus Toolkit for Windows and DOS*, and used against the '494 and '731 Patents;

- "Mounji," purported to be a technical report titled *Preliminary report on Distributed ASAX*, and used against the '494 Patent; and

- "Thomson," purported to be a publication of a research paper and used against the '731 Patent.

Qualys disputes the priority dates Finjan asserts for the '494 and '731 Patents and says the priority date is November 6, 1997 for both patents.  In analyzing the references for this motion, the Court may assume the priority dates alleged by Qualys.

Dr. Hall-Ellis admits that her opinions are not based on personal knowledge that any of the references are authentic or were in fact published before these dates.  *See, e.g.*, FSS at Facts 1, 4, 7; *see also* Exh. 1 (Hall-Ellis Dep. Tr.) at 56:4-57:1, 60:16-17, 61:5-18, 63:24-25, 65:20-23, 67:6-9, and 73:10-19.  Instead, Dr. Hall-Ellis uses so-called "content analysis" to determine the alleged dates of public dissemination.  Exh. 1 (Hall-Ellis Dep. Tr.) at 14:7-15:9.  According to Dr. Hall-Ellis, content analysis is the act of examining the contents of a document, or the documents surrogate records such as its corresponding library catalog record, to determine the date it was disseminated. Exh. 1 (Hall-Ellis Dep. Tr.) at 14:19-15:21.

First, Dr. Hall-Ellis admits her opinion regarding the public availability of DSAVT is based on a library catalog record for a different reference.  FSS at Fact 2; *see, e.g.*, Exh. 1 (Hall-Ellis Dep. Tr.) at 51:15-19.  And second, to prove Mounji and Thomson were publicly accessible before November 6, 1997, Qualys offered no evidence that the references were indexed and published by the dates it alleges.  Instead, Dr. Hall-Ellis relies on her ability to find these references on websites that did not exist until after the public accessibility date she ascribes to the references.  FSS at Facts 5, 6, 8, 9; *see also e.g.*, Exh. 1 (Hall-Ellis Dep. Tr.) at 64:25-65:12, 76:16-18, 77:25-78:2.

### A.    Dr. Solomon's Anti-Virus Toolkit for Windows and DOS (DSAVT) Manual

Qualys asserts that DSAVT is prior art to the '494 and '731 Patents.  Qualys specifically relies on a document that is purportedly a third edition manual describing Version 7.5 of Dr. Solomon's Anti-Virus Toolkit for Windows and DOS.  *See e.g.*, Exh. 2 (QUALYS00002805)

at. 2807. Qualys offers no testimony from the authors, custodians or publishers of the DSAVT reference to establish its authenticity or date. Instead, it offers opinion testimony from Dr. Hall-Ellis, who opines the DSAVT reference is an authentic document that was publicly accessible no later than April 3, 1996 based on a library machine-readable cataloging ("MARC") record, which bears a title similar to the DSAVT reference. Exh. 3 (Hall-Ellis Exp. Rep.) at ¶¶ 59-60, Attachment 2a; *see also* Exh. 1 (Hall-Ellis Dep. Tr.) at 40:11-18, and 41:12-22.

The relied-upon MARC record, which is the sole alleged corroborating basis of Dr. Hall Ellis' opinion regarding the DSAVT reference, is admittedly "rather scant" and incomplete according to Qualys's expert. Exh. 1 (Hall-Ellis Dep. Tr.) at 44:11-14. More importantly, there is no dispute that the MARC record is for a different manual. Exh. 1 (Hall-Ellis Dep. Tr.) at 50:5-9; 51:15-19. First, according to Dr. Hall-Ellis, "[e]ditions are noted [in the MARC record] if they appear on the resource itself." Exh. 1 (Hall-Ellis Dep. Tr.) at 44:21-45:3. Here, Dr. Hall-Ellis relies on a MARC record that includes no version or edition information, while Qualys relies on a version of DSAVT that includes edition information on the resource. Exh. 3 (Hall-Ellis Exp. Rep.) at Attachment 2a; *see also* Exh. 2 (QUALYS00002805) at 2807. Furthermore, the MARC record indicates that the corresponding reference has a 20 page preface and 222 pages of text, and the cover of the book bears the words "Complete Virus Protection: Prevention, Detection, and Repair." Exh. 3 (Hall-Ellis Exp. Rep.) at Attachment 2a; *see also* Exh. 1 (Hall-Ellis Dep. Tr.) at 36:3-16, 47:13-24. However, the DSAVT reference itself, which the MARC recorded is supposed to match, has a 32-page preface, 208 pages of text, and nowhere mentions the words "Complete Virus Protection" on its cover. Exh. 2 (QUALYS00002807); *see also* Exh. 1 (Hall-Ellis Dep. Tr.) at 43:13-15, 47:25-48:5, 48:9-49:4.

Moreover, Dr. Hall-Ellis admits the MARC record she relies on is for a different version of DSAVT, she had never seen or inspected the contents of the book that actually corresponds to the MARC record, and she did not know whether the versions are substantively similar. Exh. 1 (Hall-Ellis Dep. Tr.) at 50:5-16, 51:15-19. In sum, Dr. Hall-Ellis received a scanned version of DSAVT from Qualys' counsel and made no effort to independently obtain a version of the book that accurately matches the MARC record or vice-versa. Exh. 1 (Hall-Ellis Dep. Tr.) at 40:20-41:7.

### B.   Mounji and Thomson

Qualys asserts that Mounji is prior art to the '494 Patent and Thomson is prior art to the '731 Patent.  According to Qualys, the prior date for the '494 and '731 Patents is November 6, 1997. Qualys provides no declaration or testimony from the authors, custodians or publishers of Mounji or Thomson to establish their authenticity or dates of publication.  *See* FSS at Facts 4 and 7.  Rather, Qualys again relies upon Dr. Hall-Ellis, who admits she has no personal knowledge of these matters.

For the Mounji reference, Dr. Hall-Ellis offers her opinions about authenticity and the date of public availability based upon the document itself and where she claims to have located Mounji. Exh. 3 (Hall-Ellis Exp. Rep.) at ¶¶ 104-05.  Dr. Hall-Ellis admits to having no knowledge of where the Mounji reference was originally submitted, when or where it was first published, or when or where it was publicly accessible before November 6, 1997.  Exh. 1 (Hall-Ellis Dep. Tr.) at 56:4-57:1, 60:16-17, 61:5-18.

Nevertheless, Dr. Hall-Ellis opines that Mounji was publicly accessible no later than May 27, 1994 because this date is found on the document itself.  Exh. 4 (QUALSYS00024282); Exh. 1 (Hall-Ellis Dep. Tr.) at 55:8-18, 56:4-57:1.  However, the cover of the document provides no indication that this is a publication date, it provides no indication of where it was published or to whom it might have been provided.  *Id.*  Inasmuch, Dr. Hall Ellis admits she has "no idea" if or where the document was published on May 27, 1994, and she could only offer her personal opinion of what the date means.  Exh. 1 (Hall-Ellis Dep. Tr.) at 55:8-18, 57:10-12, 60:16-61:18.

As for any corroborating evidence of a publication by before November 6, 1997, there is none.  Dr. Hall Ellis claims to have downloaded Mounji from the CiteSeer[X] and ResearchGate websites.  Exh. 3 (Hall-Ellis Exp. Rep.) at ¶¶ 104-05.  However, Qualys offers no evidence that the reference was published on these websites on May 27, 1994, much less that it was otherwise indexed and discoverable (and where) by May 27, 1994.  In particular, CiteSeer[X] and ResearchGate are digital repositories and information exchange sites that do not implement or rely on traditional library cataloging procedures.  Exh. 1 (Hall-Ellis Dep. Tr.) at 14:5-7, 17:17-25, 18:9-10, 60:16-17, 61:5-18.  Dr. Hall-Ellis instead assumed Mounji has been available on CiteSeer[X] for 25 years merely because it is available on the website now and there is no reason "why [the authors would not have]

put it there" before.  Exh. 1 (Hall-Ellis Dep. Tr.) at 58:1-20.  Dr. Hall-Ellis' opinion ignores the fact that CiteSeer[X] and ResearchGate did not exist in 1994 and that Qualys offers no evidence to the contrary.  Exh. 5 (Hall-Ellis Dep. – Ex. 8), Exh. 6 (Hall-Ellis Dep. – Ex. 9).

Similarly, for the Thomson reference, Dr. Hall-Ellis offers her opinions about authenticity and the date of public availability based on websites where she recently located the reference. Dr. Hall Ellis' downloaded Thomson from the ResearchGate and Semantic Scholar websites, and she asserts the reference was publicly accessible no later than May 31, 1997 or "shortly thereafter." Exh. 3 (Hall-Ellis Exp. Rep.) at ¶¶ 116-17.  Again, Qualys offers no evidence that the reference was published on these websites or that these websites were indexed and discoverable by persons of ordinary skill in the art by May 31, 1997.

First, with regard to the Semantic Scholar website, Dr. Hall-Ellis admits it was released in November 2015—nearly 20 years after the alleged publication.  Exh. 3 (Hall-Ellis Exp. Rep.) at ¶ 23; *see also* Exh. 1 (Hall-Ellis Dep. Tr.) at 27:1-7.  Thus, once again, the source Dr. Hall-Ellis relies upon did not exist until after the prior art date alleged, in this case November 6, 1997.  *Id.*

Second, as to the ResearchGate website, Dr. Hall-Ellis alleges Thomson was publicly accessible by at least May 31, 1997 because this date is located on the ResearchGate opening page for the reference.  Exh. 1 (Hall-Ellis Dep. Tr.) at 64:25-65:12.  Dr. Hall-Ellis offers this opinion despite testifying she does not know how to determine when an article from ResearchGate was publicly accessible.  Exh. 1 (Hall-Ellis Dep. Tr.) at 24:5-13.  The existing opening page at the hyperlink cited in her report provides no publication date or information.  Exh. 3 (Hall-Ellis Exp. Rep.) at n. 21.  More importantly, neither the first page of Thomson itself, much less the remainder of the reference, bear a May 1997 date.  Exh. 7 (QUALYSS00112670).

Lastly, Dr. Hall-Ellis also admits to having no personal knowledge of when or where Thomson was published, or when and how ResearchGate or Semantic Scholar acquired Thomson. Exh. 1 (Hall-Ellis Dep. Tr.) at 63:24-25, 65:20-23, 67:6-9, 73:10-19.

1    **V.     ARGUMENT**

2           Qualys cannot show that three references upon which it relies, namely DSAVT, Mounji and

3    Thomson, are admissible evidence and qualify as prior art to patents they to the '494 and '731

4    Patents.

5           **A.     Qualys cannot show DSAVT is admissible prior art.**

6           Qualys cannot show that DSAVT is admissible evidence that was publicly accessible.  In

7    order to establish DSAVT is authentic and is what it purports to be, Qualys needs a witness with

8    personal knowledge or an otherwise qualified witness to establish these facts. It has neither.  Qualys

9    relies solely on the uncorroborated testimony of its expert, Dr. Hall-Ellis, who has no personal

10   knowledge of the DSAVT reference to establish its authenticity or date.  *See* FSS at Fact 1.  Dr. Hall-

11   Ellis, asserting it is authentic, without more, is insufficient.  *See TypeRight Keyboard Corp. v.*

12   *Microsoft Corp.*, 374 F.3d 1151, 1159 (Fed. Cir. 2004) ("[C]orroboration is required of any witness

13   whose testimony alone is asserted to invalidate a patent." (citation omitted)).

14          Further, even if Qualys could establish the authenticity of the DSAVT reference, it offers no

15   evidence DSAVT was publicly accessible.  In order to establish the reference was publicly

16   accessible, Qualys needed some proof such as an admissible card catalog or MARC record for the

17   DSAVT reference it wishes to introduce into evidence.  *SRI Int'l*, 511 F.3d at 1194 ("A given

18   reference is 'publicly accessible' upon a satisfactory showing that such document has been

19   disseminated or otherwise made available to the extent that persons interested and ordinarily skilled

20   in the subject matter or art exercising reasonable diligence, can locate it.").  It has no such evidence.

21   So instead, Qualys offers the MARC record for a reference Dr. Hall-Ellis admits is a different

22   reference.  *See* FSS at Fact 2; *see also* Exh. 1 (Hall-Ellis Dep. Tr.) at 50:5-9, 51:15-19.  The MARC

23   record establishes nothing because it is not a record of public accessibility of the DSAVT reference

24   upon which Qualys's invalidity expert relies.  Because it offers no evidence to establish both its

25   authenticity and a date of public availability, as a matter of law, DSAVT is not admissible and it

26   cannot meet the public accessibility requirement to qualify as prior art.

27

28

1

    **B.  Qualys cannot show Mounji and Thomson are admissible prior art.**

2

    Qualys also cannot show that Mounji and Thomson are admissible and were publicly

3 accessible before the priority dates of the '494 and '731 Patents.  Qualys relies on the uncorroborated

4 testimony of its expert, Dr. Hall-Ellis, who has no personal knowledge of the Mounji and Thomson

5 references to establish their authenticity or dates of public accessibility.  *See* FSS at Facts 4 and 7.

6 Instead, Dr. Hall-Ellis recites her ability to retrieve Mounji and Thomson from online websites *today*

7 as evidence that the references are authentic and were publicly accessible *over two decades ago*.

8 *See* FSS at Facts 5, 6, 8, and 9; *see also e.g.,* Exh. 1 (Hall-Ellis Dep. Tr.) at 65:3-8.

9

    While an article obtained from an online website can qualify as a printed publication under

10 § 102(b) after it is made publicly accessible via the website, Qualys offers no evidence that the

11 references were publicly accessible from their respective sources as of the dates required to be prior

12 art.  *CNET Networks, Inc. v. Etilize, Inc.*, 584 F. Supp. 2d 1260, 1273 (N.D. Cal. 2008) (noting that

13 the purported prior art reference must be publicly accessible more the one year before the earliest

14 priority date).  Qualys offered no proof about when the references were first indexed and publicly

15 accessible on the respective websites.  *See* FSS at Facts 4 and 7.  The reason Qualys can offer no

16 proof is the sources upon which Qualys relies (CiteSeer[X], ResearchGate and SemanticScholar) did

17 not exist before the alleged dates of publication.  *See* FSS at Facts 5, 6, 8, and 9; *see also* Exh. 1

18 (Hall-Ellis Dep. Tr.) at 76:19-22; Exh. 5 (Hall-Ellis Dep. Ex. 8); Exh. 6 (Hall-Ellis Dep. Ex. 9); Exh.

19 3 (Hall-Ellis Exp. Rep.) at ¶ 23.

20

    Dr. Hall-Ellis also relies on a date found on the cover of Mounji as evidence that Mounji is

21 authentic and was publicly accessible before the priority date of the '494 Patents.  *See* FSS at Fact

22 4.  She similarly relies on a date on a ResearchGate's page for Thomson as evidence that Thomson

23 is authentic and was publicly accessible before the priority dates of the '731 Patent.  *See* FSS at Fact

24 7; *see also, e.g.*, Exh. 1 (Hall-Ellis Dep. Tr.) at 65:2-8.  The date alone, on a reference, or recently

25 located on some unauthenticated third party website, is not dispositive of the reference's date of

26 public accessibility.  *Nobel Biocare Servs. AG v. Instradent USA, Inc.*, 903 F.3d 1365, 1376 (Fed.

27 Cir. 2018) (finding that the date on the cover of a product catalog, alone, was not dispositive of the

28 date of public accessibility); *see also CNET Network.*, 584 F. Supp. 2d at 1273 (finding that the

1    copyright date of the purported prior art reference did not prove the reference was publicly

2    accessible more the one year before the patent's earliest priority date).  Instead, to support a finding

3    of public accessibility, the party asserting the reference must also provide evidence to corroborate

4    the date, such as testimony from an individual with personal knowledge about the reference's public

5    availability.  *Id.* at 1379-80.  Thus, the fact that Mounji bears the date May 27, 1994 is insufficient

6    as a matter of law to support a finding that Mounji was publicly accessible as of this date.  *Id.*  And

7    Thomson is not dated at all.  "'[T]he mere existence' of an 'undated reference' standing alone is not

8    'prima facie evidence that it was available prior to the applicant's critical date.'"  *Id.* at 1379 (citation

9    omitted).

10        Lastly, Qualys offered no other timely evidence that Mounji and Thomson were publicly

11   accessible before the November 6, 1997 priority date Qualys alleges.  Qualys made no effort to find

12   and obtain any declarations or testimony from the authors, custodians or publishers of the references

13   to support its contentions that the references are authentic and were publicly accessible as of the

14   date alleged by Qualys.  Accordingly, Qualys cannot satisfy its burden to establish that Mounji and

15   Thomson are admissible as prior art against the '494 and '731 Patents.

16   **VI.    CONCLUSION**

17        For the above reasons, Finjan respectfully requests that the Court find that Qualys has not

18   met its burden to show that DSAVT, Mounji, Thomson are admissible and were publicly

19   accessible in a manner to qualify as prior art to the '494 and '731 Patents.

20
     Dated: April 19, 2021              /s/ Jason W. Wolff
21                                      Juanita R. Brooks (CA SBN 75934)
                                        brooks@fr.com
22                                      Roger A. Denning (CA SBN 228998)
                                        denning@fr.com
23                                      Jason W. Wolff (CA SBN 215819)
                                        wolff@fr.com
24                                      Megan A. Chacon (CA SBN 304912)
                                        chacon@fr.com
25                                      K. Nicole Williams (CA SBN 291900)
                                        nwilliams@fr.com
26                                      FISH & RICHARDSON P.C.
                                        12860 El Camino Real, Suite 400
27                                      San Diego, CA 92130
                                        Phone: (858) 678-5070 /Fax: (858) 678-5099
28
                                        Aamir A. Kazi (*pro hac vice*)

1   kazi@fr.com
    Lawrence R. Jarvis (*pro hac vice*)
2   jarvis@fr.com
    Fish and Richardson P.C.
3   1180 Peachtree Street Ne 21st Floor
    Atlanta, GA 30309
4   Phone: (404) 879-7238/ Fax: 404-892-5002

5   Proshanto Mukherji (*pro hac vice*)
    mukherji@fr.com
6   FISH & RICHARDSON P.C.
    One Marina Park Drive
7   Boston, MA 02210
    Phone: (617) 542-5070/ Fax (617) 542-8906
8
    Philip W. Goter (*pro hac vice*)
9   goter@fr.com
    Robert P. Courtney (CA SBN 248392)
10  courtney@fr.com
    FISH & RICHARDSON P.C.
11  3200 RBC Plaza
    60 South 6th Street
12  Minneapolis, MN 55402
    Phone: (612) 335-5070 /Fax: (612) 288-9696
13

14  Attorneys for Plaintiff
    **FINJAN LLC**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINJAN LLC'S MOT. FOR SUMM. J.
                                                          Case No. 4:18-cv-07229-YGR (TSH)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 19, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

*/s/ Jason W. Wolff*
Jason W. Wolff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28