EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (SBN 228382)
okim@wsgr.com
TALIN GORDNIA (SBN 274213)
tgordnia@wsgr.com
STEPHANIE C. CHENG (SBN 319856)
stephanie.cheng@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile:  (866) 974-7329

RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER D. MAYS (SBN 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811

*Attorneys for Defendant*
QUALYS INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINJAN LLC<br><br>Plaintiff,<br><br>v.<br><br>QUALYS INC.,<br><br>Defendant. | CASE NO.:  4:18-cv-07229-YGR (TSH)<br><br>**REPLY IN SUPPORT OF DEFENDANT QUALYS INC.'S RENEWED MOTION TO STRIKE PORTIONS OF PLAINTIFF FINJAN LLC'S INFRINGEMENT EXPERT REPORTS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Date: Tuesday, June 8, 2021<br>Time: 2:00pm<br>Location: Zoom Teleconference[1] |

---

[1] Per the Court's Notice regarding Civil Law and Motion Calendars and its Order at D.I. 48.

## I. INTRODUCTION

Finjan's Opposition says very little about Medvidovic's Report and the actual opinions contained therein. Finjan certainly fails to show how Medvidovic's opinions disclose a theory of infringement involving vulnerability scanning based on client devices' computer requests. Instead, Finjan attempts to distract from Medvidovic's failure to remain consistent with Finjan's infringement contentions by discussing Qualys's experts and citing technical documents (none of which, of course, appear anywhere in Medvidovic's Report or Finjan's infringement contentions).

Setting these distractions aside, the question for the Court is clear: Do Medvidovic's opinions about the '408 Patent's "receiving" limitation exceed the scope of Finjan's infringement contentions? The answer is **yes**. Finjan's contentions conditioned infringement upon a claimed computer receiving content based on a client device's request for that content. But even Finjan concedes (Opposition at 5) that Medvidovic's report offers no opinion conditioning infringement on a client device requesting content. Rather, what Medvidovic calls the claimed "computer" is nowhere shown to perform vulnerability scans "based on" a client device's request for content but instead simply based on customer-configurations directing an automatic process that is independent of any end-user devices. For these reasons, discussed more fully below, Qualys's motion should be granted.

## II. ARGUMENT

As an initial point, Finjan nowhere disputes Qualys's discussion of what a "client device" is in the pertinent field, particularly in the context of the Court's Claim Construction Order in this case. *Compare* Motion at 2-3 *with* Opposition at 5, fn. 2. Finjan merely argues that because the term "client device" does not appear in the claims, the Court should ignore Qualys's arguments. But, of course, it was Finjan who placed the meaning of "client device" at issue by conditioning infringement of the '408 Patent on a client device requesting content. *See* Exhibit 5, D.I. 158-6, at 2-4. In any event, Finjan does not dispute that a client device refers to an end-user's device that requests content.

### A. This Motion Seeks to Strike Only Those Paragraphs of the Medvidovic Report Pertaining to His New Theory for the "Receiving" Limitation.

Finjan takes issue with the fact that the instant motion identifies additional paragraphs of Medvidovic's report from Qualys's previous motion. But Qualys seeks to strike those paragraphs—and *only* those paragraphs—that pertain to Medvidovic's "receiving" limitation for the Vulnerability Management line of products. *See* Exhibit 13, D.I. 194-2, at ¶¶184-196. Qualys has correctly identified, based on the Court's Order, those paragraphs where Medvidovic renders opinions about infringement of the "receiving" limitation that are not based on a client device's request for content (and therefore exceed the scope of Finjan's infringement contentions). *See* D.I. 188 at 7. Therefore, these paragraphs each fall within the scope of the Court's Order and are properly the subject of this Renewed Motion.

### B. Finjan's Infringement Contentions Do Not Disclose Medvidovic's Theory for the "Receiving" Limitation.

The parties agree that Medvidovic's theory of infringement is that Qualys scanners receive content. Where the parties disagree is that Medvidovic's opinions do not premise the receipt of that content on a *client device's* request. Finjan argues that both its infringement contentions and Medvidovic's report identify Qualys's scanners as being part of the claimed "computer." But that straw man argument fails to address the core issue: Finjan's infringement contentions specifically state that the claimed computer receives content "based on a client device requesting the content from a source computer." Exhibit 5, D.I. 158-6, at 2-3. Meanwhile, Finjan concedes that Medvidovic "did not expressly opine that a client device must request content for there to be infringement." Opposition at 5. Medvidovic's opinions no longer require any client device whatsoever, and thus jettison a foundational condition for infringement disclosed in Finjan's infringement contentions. Medvidovic's opinions are thus necessarily broader than the scope of the contentions and should be struck.

### C. Finjan and Medvidovic Fail to Show that Vulnerability Scanning is Based on Client Device's Requests for Content.

Finjan argues that Qualys's motion should be denied because Qualys cannot prove that Vulnerability Scanning is not based on Requests from a client device. This argument is incorrect: as discussed in its opening brief, Medvidovic's report shows that vulnerability scanning occurs

based on customer configurations as to when and where scans will occur. *See* Motion at 3-5. Any content requests come from Qualys's scanners, not an end-user device. *See id.* at 4. Finjan does not dispute these facts. Moreover, Finjan improperly shifts the burden of infringement and the local rules – Finjan bears the burden of disclosing its infringement theories and ensuring that its experts' opinions on infringement are consistent with those disclosures, not Qualys. And, of course, it is Finjan that bears the ultimate burden of proving infringement. Finjan's argument that Qualys cannot prove a negative—*i.e.,* that vulnerability scanning is not based on requests from a client device—merely obfuscates the fact that Finjan cannot point to a portion of Medvidovic's report opining that vulnerability scans are based on a client device's request for content.

Finjan also argues that the claims do not require vulnerability scans to be based on a client device requesting content. But that argument is legally immaterial, because this motion pertains to Finjan's disclosed infringement theory and whether Medvidovic's opinions are consistent with that theory. Specifically, what matters here is that (a) **_Finjan's_** infringement theory required a computer to receive content based on a client device's content request, and (b) Medvidovic's opinions are inconsistent with the original theory because his infringement opinions no longer involve client devices requesting content, let alone such a request being the basis of a vulnerability scan. *See* Exhibit 5, D.I. 158-6, at 2-3; Opposition at 5 (conceding point). Put another way, because Medvidovic opines that infringement can occur even if no client device requests content, his opinions go beyond the scope of Finjan's contentions and should be struck.

Finjan next argues that Qualys's products necessarily include a "client device," citing portions of **_Qualys's_** expert's report as well as several technical documents. There are two problems with this argument. First, Finjan makes no attempt to show that these materials (or the information disclosed therein) appear anywhere in either its infringement contentions or were ever considered or discussed in Medvidovic's report. The issue here is the scope of Medvidovic's opinions, not how Finjan's attorneys may interpret documents appearing nowhere in Medvidovic's report. Such extrinsic materials are not probative of whether Medvidovic's opinions are consistent with Finjan's infringement contentions.

<u>Second</u>, Finjan now suggests that devices like the Qualys Cloud Platform and the Qualys scanners are "client devices" that request content. To be clear, there is no dispute that Qualys's scanners can make content requests. *See* Motion at 4-5 (*citing* Exhibit 13, D.I. 194-2 at ¶¶ 186, 188, and 190). But Medvidovic did not opine that these scanners or the Cloud Platform are the "client devices." Rather, Medvidovic specifically opined that these components ***were the claimed "computer" that receives content***. *See* Motion at 4-5; Exhibit 13, D.I. 194-2 at ¶¶ 185 ("At a high level, the Qualys Cloud Platform relies on different techniques for scanning content that results in the receipt, by a computer (the scanner engine of Qualys Cloud Platform used by the Vulnerability Features, the WAS scanner of the Qualys Cloud Platform, or the Qualys Cloud Platform working with a Cloud Agent)") and 196 ("Thus, in this example of the Vulnerability Features, the Qualys Cloud Platform includes a 'computer,' such as the scanner engine, and the collected data by that scanner engine…"). Thus, Finjan's argument is not probative because it is unconnected to the scope of Medvidovic's opinions. Indeed, given Medvidovic's opinion that the scanners and Cloud Platform are the "computer" of the '408 Patent's claims, the materials Finjan cites actually support ***Qualys's*** point that Medvidovic opined that the claimed computer—not a client device—requests content.

### D. Finjan's Cloud Agent Arguments Miss the Point

Finjan finally argues that some of the challenged paragraphs contain opinions about the "Cloud Agent" and should therefore be excluded. This, again, misses the point. Although the Court determined that Finjan sufficiently disclosed Cloud Agents as an accused product in its infringement contentions for the '408 Patent, the Court did not find that Medvidovic opined about the Cloud Agents in a manner consistent with Finjan's infringement contentions. Similar to Medvidovic's opinions involving scanners, Medvidovic's Cloud Agent opinions do not discuss or involve any vulnerability scans being based on a client device requesting content. *See* Motion at 4-5.

Finjan's argument that "Qualys does not dispute the client devices request content, which is the relevant inquiry" is also flawed. Opposition at 8. Both parties agree that Cloud Agents are software installed on end-user computers. *See* D.I 194 at 4-5. Medvidovic nowhere opines that

such an end-user computer ever requests content, and certainly never opines that a Cloud Agent is involved in the process even if such a content request occurs (which is *precisely* the problem). Finjan injects pure attorney speculation that "new data" is "received at the client device" "in response to a request for that data," but this is problematic for two reasons.  Opposition at 8.  First, attorney speculation is not evidence, and Finjan offers no evidence that Medvidovic ever opined about such end-user devices ever making content requests.  Second, even if a hypothetical end-user device did request content at some point, Finjan presents no evidence that Medvidovic ever opined that such content requests are at all involved in a *vulnerability scan* using a Cloud Agent. Tellingly, Finjan fails to point to a single passage in Medvidovic's report supporting its argument.[2]

### III.  CONCLUSION

For the foregoing reasons, the Court should grant Qualys's motion to strike the opinions of Dr. Nenad Medvidovic regarding the Receiving limitation for vulnerability scans (Paragraphs 184-185 (to the extent discussing vulnerability scans) and 186-196) as being a different theory from the one disclosed in Finjan's infringement contentions.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Dated:  May 25, 2021     By:     */s/ Christopher D. Mays*
                                 CHRISTOPHER D. MAYS

                                 *Counsel for*
                                 QUALYS INC.

---

[2] Finjan quotes a passage of Medvidovic's report discussing the Qualys Cloud Platform receiving data sent by a Cloud Agent.  This, of course, says nothing about any client device ever making a content request or whether any information sent to the Cloud Platform occurs "based on" such a request.