| | |
|---|---|
| Juanita R. Brooks (CA SBN 75934) | Philip W. Goter (*pro hac vice*) |
| brooks@fr.com | goter@fr.com |
| Roger A. Denning (CA SBN 228998) | Robert P. Courtney (CA SBN 248392) |
| denning@fr.com | courtney@fr.com |
| Jason W. Wolff (CA SBN 215819) | FISH & RICHARDSON P.C. |
| wolff@fr.com | 3200 RBC Plaza |
| Megan A. Chacon (CA SBN 304912) | 60 South 6th Street |
| chacon@fr.com | Minneapolis, MN 55402 |
| K. Nicole Williams (CA SBN 291900) | Phone: (612) 335-5070 /Fax: (612) 288-9696 |
| nwilliams@fr.com | |
| FISH & RICHARDSON P.C. | Proshanto Mukherji (*pro hac vice*) |
| 12860 El Camino Real, Suite 400 | mukherji@fr.com |
| San Diego, CA 92130 | FISH & RICHARDSON P.C. |
| Phone: (858) 678-5070 /Fax: (858) 678-5099 | One Marina Park Drive |
| | Boston, MA 02210 |
| Aamir A. Kazi (*pro hac vice*) | Phone: (617) 542-5070/ Fax (617) 542-8906 |
| kazi@fr.com | |
| Lawrence R. Jarvis (*pro hac vice*) | |
| jarvis@fr.com | |
| Fish and Richardson P.C. | |
| 1180 Peachtree Street Ne 21st Floor | |
| Atlanta, GA 30309 | |
| Phone: (404) 879-7238/ Fax: 404-892-5002 | |

**Attorneys for Plaintiff**
**FINJAN LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company, | Case No. 4:18-cv-07229-YGR (TSH) |
| Plaintiff, | **FINJAN LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A COMBINED REPLY AND OPPOSITION TO QUALYS'S MOTION FOR SUMMARY JUDGMENT OF NO MORE THAN 25 PAGES** |
| v. | |
| QUALYS INC., a Delaware Corporation, | |
| Defendant. | |

Finjan LLC files this administrative motion seeking leave to file a combined reply and opposition brief of no more than 25 pages in response to Qualys's combined opposition and motions for summary judgment. A stipulation under Civil Local Rule 7-12 could not be reached, so a declaration that explains why is filed in support of this motion.

\* \* \*

The Court's Standing Order permits *each side* to file a single motion for summary judgment of 25 pages or less. April 28, 2021 Order at ¶ 9.b. Such a motion must otherwise conform to Civil Local Rule 7-2. The Standing Order has a different procedure where cross-motions on an issue are filed. April 28, 2021 Order at ¶ 9.e.

Finjan filed a 10 page motion for summary judgment regarding the prior art status of three references. Qualys filed a single brief both opposing Finjan's motion for summary judgment, and filing its own motions for summary judgment on at least two different issues (non-infringement pertaining to the '408, '844 and '494 patents and no damages pertaining to the '844 and '494 patents). Qualys combined its opposition to Finjan's motion and its own motion into a single 25 page filing, with 20 pages devoted to its motions and five pages opposing Finjan's motion. Qualys called its motion a "cross-motion," though it does not counter the same legal issue as Finjan's motion. Respectfully, Finjan disagrees Qualys's motion is a cross-motion—it does not address the same legal issue as Finjan's motion, which concerns the prior art status for Qualys's invalidity counterclaims.[1]

The manner of Qualys's filing creates a procedural question, which is whether two briefs are required (one for the reply, one for the opposition) or one, and whether Qualys's motion is in fact a "cross-motion," which also impacts the number of pages for Finjan's response. Under Civil Local Rule 7-3, Finjan would be allowed 25 pages for its opposition to Qualys's motion, had it been filed a standalone summary judgment motion. Further, as Qualys's summary judgment

---

[1] This Court has used the term "cross-motion" in the context indicated by Finjan. *See, e.g., Angioscore, Inc. v. Trireme Med., Inc.*, 50 F. Supp. 3d 1276 at fn 15 (N.D. Cal. 2014) (noting in a motion for summary judgment of non-infringement that the patentee did not filed a "cross-motion" for summary judgment of infringement). Similarly, Meriam Webster defines a "cross-motion" as "a motion that attempts to counter a similar motion filed by an opposing party." *See, e.g.*, https://www.merriam-webster.com/legal/cross-motion.

motion is 20 pages, it is unfair to limit Finjan to a total of 15 pages for both its reply *and* opposition.  There are too many factual and technical issues raised in Qualys's motion to essentially cut Finjan's opposition to less than half the number of pages Qualys used for each issue.  If Qualys had filed its motion pursuant the Standing Order and Civil Local Rule 7-2, Finjan would have had at least an equal number of pages for opposition.

Qualys disputes that its motion is not a "cross-motion" and claims that each side would get an equal number of pages under the cross-motion rules in the Standing Order.  This misses the mark where two sides move on asymmetric legal issues and file at different times, which allows the second filing party to game the system.  Had Finjan not filed a motion for summary judgment, it would have had 25 pages for its opposition alone under Local Rule 7-3 as opposed to 15 pages for a combined reply and opposition on totally different legal issues.  And if this administrative motion is granted, Finjan will use no more than 35 pages of briefing on all legal issues, whereas Qualys would get 40 on all legal issues.  Thus, there is no harm to Qualys.

Accordingly, Finjan respectfully requests to file a combined responsive brief of no more than 25 pages for its reply in support of its motion and opposition to Qualys's motions for summary judgment.

Respectfully Submitted

Dated: June 1, 2021          FISH & RICHARDSON P.C.

By:  */s/ Jason W. Wolff*
      Jason W. Wolff

Attorneys for FINJAN LLC