# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FINJAN LLC,**<br>　　　　Plaintiff**,**<br>　vs.<br>**QUALYS INC.,**<br>　　　　Defendant**.** | CASE NO. 4:18-cv-07229-YGR<br><br>**ORDER GRANTING DEFENDANT'S RENEWED MOTION TO STRIKE**<br><br>Re: Dkt. No. 194, 197 |

Before the Court is Defendant Qualys Inc. renewed motion to strike portions of Dr. Nenad Medvidovic's expert report proffered on behalf of Plaintiff Finjan LLC. (Dkt. No. 194 ("Mot.").)[1] Qualys seeks to strike Dr. Medvidovic's theory that the accused products "receiv[e] an incoming stream of program code," as required by the asserted U.S. Patent No. 8,225,408 ("'408 Patent"), because the theory was not disclosed in Finjan's infringement contentions. The Court previously denied the motion on this ground, without prejudice to renewal, for lack of clear explanation. (*See* Dkt. No. 188 ("Order") at 7 & n.5.) Qualys now clarifies as follows:

Finjan accuses vulnerability management features in Qualys' Cloud Platform. (Dkt. No. 194-2 ("Medvidovic Report") ¶¶ 87-90.) In its infringement contentions, Finjan stated that the accused products "receiv[e] . . . an incoming stream of program code" when a node in the cloud computing environment "receives content based on a client device requesting the content from a source computer, such as the Internet." (Dkt. No. 158-6 ("Contentions") at 2.) In his report, Dr. Medvidovic states that the accused products do the same when "collect[ing] data from various endpoints in the network" by "initiating a network transaction, and receiving a response to that

---

[1] The Court finds the motion appropriate for resolution without oral argument and the matter is deemed submitted. *See* Civ. L. R. 7-1(b). The hearing scheduled for Jun 8, 2021 is **VACATED**.

transaction." (Medvidovic Report ¶¶ 184-96.) In other words, Finjan shifted its theory from a middleman scanner that passively monitors ongoing traffic to a proactive scanner that initiates transactions to detect vulnerabilities.

This is a new theory, and the Court **GRANTS** the renewed motion to strike. *See Looksmart Group, Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1227 (N.D. Cal. 2019). Although all data on a network is presumably involved in some client-server interactions, Qualys was entitled to know Finjan's precise theory for how the products receive code.[2] Finjan's main argument in response—that the claims do not require client requests—misses the mark: the claims may not require them, but the contentions suggest that's how the products perform the limitation. As such, paragraphs 184-96 of the Medvidovic report, which advance this new theory, are struck.[3]

This Order terminates docket numbers 194 and 197.

**IT IS SO ORDERED.**

Dated: June 3, 2021

YVONNE GONZALEZ ROGERS
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Both parties submit extrinsic evidence about the accused products' operation. The Court does not consider it here and makes no factual determination on that issue. This Order is based solely on a fair reading of the contentions compared to the expert report.

[3] The related motion to seal (Dkt. No. 197) is **DENIED** as the party designating the material as confidential does not seek to seal. (*See* Dkt. No. 199.)